ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:  (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:  (312) 641-9751


GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
ALISON G. WHEELER (180748)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:  (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,*
*Edward Mlakar, Mick Cleary,*
*Eugene Alvis, and Jennifer Nelson*

## UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, EDWARD MLAKAR, MICK CLEARY, EUGENE ALVIS, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:  Nov. 12, 2020<br>First Amended Compl Filed: Dec. 13, 2021<br>Courtroom:  2<br>Judge:  Hon. Virginia K. DeMarchi<br><br>Re:  Dkt. No. 102<br><br>MODIFIED BY THE COURT |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The parties further acknowledge that this Protective Order does not apply to discovery produced in *Csupo*.

2.     <u>DEFINITIONS</u>

2.1.     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.     <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

2.4.     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5.     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee of a Party or a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8.    "HIGHLY CONFIDENTIAL – SOURCE CODE" or "Source Code" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17.   Source Code Documents: a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts or these documents, that contains limited excerpts of Source Code.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

1        6.3.   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

2  intervention, they shall comply with the discovery dispute procedures set forth in Judge

3  DeMarchi's Standing Order for Civil Cases. Failure by the designating party to seek court

4  intervention within the period set out in the Standing Order for Civil Cases shall automatically

5  waive the confidentiality designation for each challenged designation. In addition, the

6  Challenging Party may seek relief with respect to confidentiality designation at any time if there

7  is good cause for doing so, including a challenge to the designation of a deposition transcript or

8  any portions thereof. In any discovery letter brief brought pursuant to this provision, the parties

9  shall attest that they have complied with the meet and confer requirements imposed by the

10  preceding paragraph<s>.</s> and the Standing Order for Civil Cases.

11        The burden of persuasion in any such challenge proceeding shall be on the Designating

12  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

13  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

14  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

15  seek court intervention as described above, all parties shall continue to afford the material in

16  question the level of protection to which it is entitled under the Producing Party's designation

17  until the court rules on the challenge.

18  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

19        7.1.   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

20  or produced by another Party or by a Non-Party in connection with this case only for

21  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

22  disclosed only to the categories of persons and under the conditions described in this Order.

23  When the litigation has been terminated, a Receiving Party must comply with the provisions of

24  Section 15 below ("Final Disposition").

25        Protected Material must be stored and maintained by a Receiving Party at a location and

26  in a secure manner, including through the use of password-protected formats, that ensures that

27  access is limited to the persons authorized under this Order.

28

7.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)   the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, including non-attorney employees with technical expertise in the area of the litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4.    <u>Disclosure of "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — SOURCE CODE" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      Experts and supporting staff of the Receiving Party, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 9, below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items, have been followed. The Parties will meet and confer regarding the number and identity of Experts and their staff that will be allowed to review Source Code in this matter;

(c)      the Court and its personnel;

(d)      stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain 0r be given copies of any portions of the Source Code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers; and

(e)      while testifying at deposition or trial in this action only: any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL — SOURCE CODE" Information or Items except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5. <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"</u>

<u>Information or Items to Experts.</u>

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 9 first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1          (c)     A Party that receives a timely written objection must meet and confer with

2     the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

3     agreement within seven days of the written objection. If no agreement is reached, <del>the Party</del> the parties shall

4     comply with the discovery dispute procedure set out in the Standing Order for Civil Cases. <del>seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7</del> Any discovery letter brief brought pursuant to this provision

5     <del>(and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court</del>

6     <del>to do so. Any such motion</del> must describe the circumstances with specificity, set forth in detail the

7     reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

8     disclosure would entail, and suggest any additional means that could be used to reduce that risk.

9     In addition, any such <del>motion must be accompanied by a competent declaration describing</del> letter brief must describe the

10    parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

11    confer discussions) and set<del>ting</del> forth the reasons advanced by the Designating Party for its refusal

12    to approve the disclosure.

13         (d)     In any such proceeding concerning any information or item that has been

14    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Party opposing

15    disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure

16    would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

17    the Protected Material to its Expert.

18         (e)     In any such proceeding concerning any information or item that has been

19    designated "HIGHLY CONFIDENTIAL – SOURCE CODE", the party opposing disclosure

20    shall have the burden of showing to the Court "good cause" for preventing the disclosure of its

21    Source Code to the Expert or consultant. This "good cause" shall include a particularized

22    showing that: (1) the Source Code is Confidential Information or Items, (2) disclosure of the

23    Source Code likely would result in a clearly defined and serious injury to the objecting party's

24    business, (3) the proposed Expert or consultant is in a position to allow the Source Code to be

25    disclosed to or become known by the objecting party's competitors, and (4) that the Expert's or

26    consultant's access to Source Code may create other confidentiality or legal risks in connection

27    with other patent-related activities or interests tied to the Expert or consultant.

28

(f)     A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.     <u>PROSECUTION AND ACQUISITION BAR</u>

(a)     Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to (1) the code, scripts, and queries used to collect logs data from Google's databases in this matter; (2) the structure and format of the Google databases housing logs data that were collected from in this matter; (3) the coding and methods for storing, querying or processing the logs data that are shown by the scripts and queries produced in this matter, or (4) the technologies, configuration, processes, and designs the code made available for review constitutes or enables. ("Subject Matter Categories"). The Parties agree that these Subject Matter Categories may need to be supplemented if additional Source Code is requested after entry of this Order. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications, or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

1   (b)      Absent written consent from Google LLC, any individual Who receives

2   access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

3   or "HIGHLY CONFIDENTIAL — SOURCE CODE" information designated by Google LLC

4   shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for

5   any person or entity) relating to the Subject Matter Categories; or (ii) advising or counseling

6   clients regarding the same. This Acquisition Bar shall begin when access to "CONFIDENTIAL,"

7   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY

8   CONFIDENTIAL —SOURCE CODE" information is first received by the affected individual

9   and shall end two (2) years after final disposition of this action as provided herein.

10  9.      SOURCE CODE

11          (a)      To the extent production of Source Code becomes necessary in this case, a

12  Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE

13  CODE" if it comprises or includes confidential, proprietary or trade secret source code.

14          (b)      Protected Material designated as "HIGHLY CONFIDENTIAL –

15  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar

17  and the Acquisition Bar set forth in Section 8, and may be disclosed only to the individuals to

18  whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

19  disclosed, as set forth in Sections 7.3 and 7.4.

20          (c)      Any Source Code produced in discovery shall be made available for

21  inspection, in a format sufficient to allow it to be reasonably reviewed and searched, during

22  normal business hours or at other mutually agreeable times, at (1) an office of the Producing

23  Party or the Producing Party's primary outside counsel of Record or (2) another mutually agreed

24  upon location. Any location under (1) or (2) shall be within the United States. The Source Code

25  produced will not be obfuscated. The Source Code shall be made available for inspection on

26  secured computers (the "Source Code Computers"). The Source Code Computers shall remain in

27  a secured, locked room. The secured, locked room will have no Internet access or network access

28  to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any

1   portion of the source code onto any recordable media or recordable device. The Source Code

2   Computer shall have disk encryption and be password protected. The Source Code Computers

3   shall have the following software: Notepad++, baregrep, Cygwin, and any other software that the

4   Receiving Party can demonstrate is reasonably necessary to conduct the review and analysis with

5   the Court ultimately resolving any dispute of this type pursuant to the procedure set forth in the

6   STANDING ORDER FOR CIVIL CASES MAGISTRATE JUDGE VIRGINIA K. DEMARCHI

7   Effective April 10, 2024. Use or possession of any input/output device (e.g., USB memory stick,

8   mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard

9   drive, laptop, or any device that can access the Internet or any other network or external system,

10  etc.) is prohibited while accessing the Source Code Computer. All persons entering the locked

11  room containing the Source Code or Source Code Computer must agree to submit to reasonable

12  security measures to ensure they are not carrying any prohibited items before they will be given

13  access to the locked room. The Source Code Computer will be made available for inspection

14  during regular business hours, upon reasonable notice to the Producing Party, which shall not be

15  less than 3 business days in advance of the requested inspection. The Producing Party may

16  visually monitor the activities of the Receiving Party's representatives during any Source Code

17  review, but only to ensure that there is no unauthorized recording, copying, or transmission of

18  the Source Code.

19          (d)     No person shall copy, e-mail, transmit, upload, download, print,

20  photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL –

21  SOURCE CODE" material, expect that the Receiving Party may request paper copies of limited

22  portions of Source Code, but only if and to the extent reasonably necessary for the preparation of

23  court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may

24  the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than

25  1,000 pages (in total across both this case and *Csupo v. Google*), of Source Code during the

26  duration of the case without prior written approval by the Producing Party, which shall not be

27  unreasonably withheld. The Parties may negotiate reasonable exceptions to these page

28  limitations. The Source Code may only be transported by the Receiving Party via hand carry,

Federal Express or other similarly reliable courier. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth herein in the first instance. Within five business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked paper bearing bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. The paper copies must use a font color, size, and weight and paper color that is easily readable. At the Receiving Party's request, up to two additional sets (or subsets) of printed Source Code may be requested and will be provided by the Producing Party in a timely fashion. Even if within the limits described, the Producing Party may challenge the amount of Source Code requested in hard copy form or whether the Source Code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Section 6 of this Protective Order whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all printed portions of the Source Code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials or under the direct control of such counsel's Experts or consultants who have been approved to access Source Code. Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided herein, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of Source Code, and any other documents or things

reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to View the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log.

(g)     The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the Source Code.

(h)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the Source Code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents (i.e., Source Code Documents). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for

which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion 0f the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(i)     To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(j)     The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

(k)     The parties shall resolve any disputes regarding the timing or duration of source code reviews, or the form and appearance of printed source code, or the number of pages of source code that may be printed, or the number of persons who may review source code, via the procedure set forth in the STANDING ORDER FOR CIVIL CASES MAGISTRATE JUDGE VIRGINIA K. DEMARCHI Effective April 10, 2024.

10.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

(a)     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

(b) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, and a copy of the relevant discovery request(s).

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production and the basis of the privilege being asserted. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies or summaries it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim in camera.

Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    <u>MISCELLANEOUS</u>

14.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.    <u>Export Control</u>.

(a)    Disclosure of Protected Material other than Source Code shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in

1  the United States or elsewhere. The Producing Party shall be responsible for identifying any such

2  controlled technical data, and the Receiving Party shall take measures necessary to ensure

3  compliance.

4           (b)      Disclosure of Source Code shall be subject to all applicable laws and

5  regulations relating to the export of technical data contained in such Source Code, including the

6  release of such technical data to foreign persons or nationals in the United States or elsewhere.

7  The Producing Party shall be responsible for identifying any such controlled technical data, and

8  the Receiving Party shall take measures necessary to ensure compliance. Without the Receiving

9  Parties agreeing that any laws or regulations relating to the export of technical data apply to any

10 Source Code in this matter, Receiving Parties and their experts or consultants shall not remove

11 any Source Code from the United States without providing Producing Party prior notification

12 and giving Producing Party five calendar days to object. Such objections will be subject to the

13 procedure set forth in Section ~~IV2(a)(2)(b) (d)~~ 7.5(a)-(e). For the avoidance of doubt, the restrictions set

14 forth in this paragraph shall not apply to notes as described in Section ~~III, paragraph 6~~ 9, paragraph (f).

15 Notwithstanding this prohibition, Protected Information, exclusive of material designated

16 RESTRICTED CONFIDENTIAL — SOURCE CODE, and to the extent otherwise permitted by

17 law, may be taken outside the territorial limits of the United States if it is reasonably necessary

18 for a deposition taken in a foreign country. The restrictions contained within this paragraph may

19 be amended through the consent of the Producing Party to the extent that such agreed-to

20 procedures conform with applicable export control laws and regulations.

21         14.4.    Filing Protected Material. Without written permission from the Designating Party

22 or a court order secured after appropriate notice to all interested persons, a Party may not file in

23 the public record in this action any Protected Material. A Party that seeks to file under seal any

24 Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be

25 filed under seal pursuant to a court order authorizing the sealing of the specific Protected

26 Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

27 request establishing that the Protected Material at issue is privileged, protectable as a trade

28 secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file

Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the effect of the Court's ruling on the motion is as set forth in Civil Local Rule 79-5(g).

14.5.    <u>Reproduction</u>. Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

14.6.    <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.7.    <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order ~~shall~~ may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court.

14.8.    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated:  August 2, 2024                    Dated:  August 2, 2024

4    COOLEY LLP                               KOREIN TILLERY LLC

5    */s/ Whitty Somvichian*                   */s/ Marc A. Wallenstein*

6    Whitty Somvichian (194463)                Marc A. Wallenstein (*pro hac vice*)
     Max A. Bernstein (305722)                 George A. Zelcs (*pro hac vice*)

7    Kelsey R. Spector (321488)                Ryan Z. Cortazar (*pro hac vice*)
     Elizabeth Sanchez Santiago (333789)       Chad E. Bell (*pro hac vice*)

8    COOLEY LLP                               KOREIN TILLERY LLC
     3 Embarcadero Center, 20th Floor          205 North Michigan Avenue, Suite 1950

9    San Francisco, CA 94111                   Chicago, IL 60601
     Telephone: (415) 693-2000                 Telephone: (312) 641-9750

10   Facsimile:  (415) 693-2222                Facsimile:  (312) 641-9751

11

12   *Attorneys for Defendant*                  Carol L. O'Keefe (*pro hac vice*)
     *Google LLC*                               Michael E. Klenov (277028)
                                               KOREIN TILLERY LLC

13                                             505 North Seventh Street, Suite 3600
                                               St. Louis, MO 63101

14                                             Telephone: (314) 241-4844
                                               Facsimile:  (314) 241-3525

15

16                                             Glen E. Summers (176402)
                                               Alison G. Wheeler (180748)

17                                             Karma M. Giulianelli (184175)
                                               BARTLIT BECK LLP

18                                             1801 Wewatta Street, Suite 1200
                                               Denver, CO 80202

19                                             Telephone: (303) 592-3100

20
                                               Elizabeth M. Pipkin (243611)
21                                             Ann M. Ravel (62139)
                                               McMANIS FAULKNER
22                                             50 West San Fernando Street, 10th Floor
                                               San Jose, CA 95113
23                                             Telephone: (408) 279-8700
                                               Facsimile:  (408) 279-3244
24

25                                             *Attorneys for Plaintiffs*
                                               *Joseph Taylor, Edward Mlakar, Mick Cleary,*
26                                             *Eugene Alvis, and Jennifer Nelson*

27

28

AS MODIFIED BY THE COURT,
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
^

Dated: _____August 6, 2024_____          _Virginia K. DeMarchi_____

VIRGINIA K. DEMARCHI
United States Magistrate Judge

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on [date] in the

case of *Taylor et al. v. Google LLC*, Case No. 5:20-cv-07956-VKD**]**. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full

address and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
                        [printed name]

Signature: _____
                    [signature]