UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-07956-VKD<br><br>**ORDER RE OCTOBER 10, 2024 DISCOVERY DISPUTE RE PLAINTIFFS' DOCUMENT REQUESTS**<br><br>Re: Dkt. No. 113 |

The parties ask the Court to resolve their dispute concerning plaintiffs' recent requests for production of documents by defendant Google LLC ("Google"). Dkt. No. 113. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

On September 16 and 20, 2024, plaintiffs served 48 document requests on Google. Dkt. No. 113, Exs. A, B. Two weeks later, plaintiffs asked Google to apply a set of search terms to documents in the possession of 17 Google custodians. *Id.* at 3, Ex. C. The parties disagree about the precise number of documents plaintiffs now ask Google to review; plaintiffs estimate the number is 300,000-400,000, while Google estimates the number is well over 500,000. *Id.* at 3, 8. Although Google objects that many of plaintiffs' document requests are "overbroad, tangential, or unrelated" to the case,[1] it advises that notwithstanding these objections it has begun review of the documents hit by plaintiffs' search terms for these custodians. *Id.* However, Google says that it cannot complete this review before the close of fact discovery. *Id.* at 8.

As Google points out, the Ninth Circuit mandate in this case issued on April 22, 2024, and

---

[1] At the time the parties filed their discovery dispute letter, Google's objections to plaintiffs' document requests were not yet due. *See* Dkt. No. 113 at 6.

the parties agreed to a deadline to complete fact discovery by October 29, 2024. Nothing prevented plaintiffs from serving some or all of these document requests earlier in the discovery period. While the requests are not technically untimely under Rule 34 or Civil Local Rule 37-3, plaintiffs cannot reasonably expect Google to review hundreds of thousands of documents in response to 48 document requests (some of which are indeed quite broad) within a few weeks of the fact discovery deadline. The Court will not order Google to do this. The Court also will not micromanage the parties' document review.

If plaintiffs wish Google to review these custodians' files for responsive documents for production by the close of fact discovery, the Court suggests that plaintiffs work with Google to narrow the scope of the document review and/or prioritize which document categories are reviewed first.

**IT IS SO ORDERED.**

Dated: October 18, 2024

Virginia K. DeMarchi
United States Magistrate Judge