UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH TAYLOR, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-07956-VKD

**ORDER RE NOVEMBER 14, 2024 DISCOVERY DISPUTE RE BOYER EXPERIMENT DOCUMENTS**

Re: Dkt. No. 135

On November 19, 2024, the Court held a hearing on the parties' November 14, 2024 discovery dispute letter. The letter concerns Google production document, GOOG-CSUPO-00055460, which was used in the deposition of Google employee Garry Boyer as Exhibit 12.

The November 14, 2024 letter addresses two issues: (1) whether an "experiment" that is hyperlinked in Boyer Exhibit 12 is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine, as Google contends; and (2) whether Google should be required to produce the "underlying data" for certain charts excerpted in Boyer Exhibit 12.[1]

For the reasons explained at the hearing, the Court cannot resolve the privilege/work product dispute on the record presented, and thus plaintiffs' request for order requiring Google to produce the experiment is denied without prejudice. Plaintiffs may file a motion to compel production of the experiment as a regularly noticed motion pursuant to Civil Local Rule 7-2.

With respect to the underlying data for the charts shown in Boyer Exhibit 12, plaintiffs have not shown that they are entitled to production of this data (or to have Google search now for

---

[1] The parties clarified during the hearing that the "underlying data" is unrelated to the "experiment."

this data), in view of the production of data that Google has already made in response to plaintiffs' document requests, as described at pages 8-9 in Google's portion of the November 14, 2024 letter. Plaintiffs do not acknowledge or address these arguments in their portion of the letter. When pressed on this point at the hearing, plaintiffs referred vaguely to a concern that Google's prior production of data was "selective" or otherwise incomplete. However, plaintiffs do not make any such argument in the November 14, 2024 letter, and the Court will not entertain this undeveloped argument made for the first time at the hearing. Accordingly, plaintiffs' request for production of the "underlying data" for the charts shown in Boyer Exhibit 12 is denied.

**IT IS SO ORDERED.**

Dated: November 22, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge