ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:  (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:  (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:  (314) 241-3525

*Attorneys for Plaintiffs*

# UNITED STATE DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, EDWARD MLAKAR, MICK CLEARY, EUGENE ALVIS, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant | Case No. 5:20-CV-07956-VKD<br><br>**DECLARATION OF CHRIS THOMPSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S MOTION TO EXCLUDE TECHNICAL ANALYSES**<br><br>Judge: Hon. Virginia K. DeMarchi |

I, Chris Thompson, declare as follows:

1. I am a Partner at 233 Analytics, LLC. I provide litigation consulting services regarding computer engineering and software development. My professional focus is analyzing and explaining the operation of computer source code. I also regularly provide software development and project management services to clients in a number of industries, including development of mobile applications, backend services, data processing, web-based platforms, and ERP-type systems. I make this declaration in support of Plaintiffs' Opposition to Google LLC's Motion to Exclude Technical Analyses. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify thereto.

2. I have served as a consulting expert in 114 litigation matters and testified in eight of them. To my knowledge, no court has ever granted a motion to exclude my expert testimony.

3. I have extensive experience analyzing source code, network usage and network resources, and the other matters contained in my expert reports. For example, for the past 15 years, some of the largest and most technologically advanced companies have relied my analysis to inform key business decisions, including Apple, C3.ai, Uber, Intel, IBM, T-Mobile, Hewlett Packard, The Walt Disney Company, and many others. I have spent many thousands of hours for these and other clients analyzing network protocols, cellular communication technology (including 3GPP standards and implementation), and source code at all layers of the network and application stack. Measuring network usage is a core part of the analysis I regularly perform for these clients, and many others. My analysis of network usage helps my clients to evaluate the effects of their business decisions, because network resource consumption and network usage are often the only way to qualitatively measure the impact of software changes. I also have experience calculating network overhead, and have built numerous network-connected applications. In addition, I have published research on measuring network consumption, among other resources, in Android devices specifically.

4. Attached hereto as **Exhibit 1** is my Curriculum Vitae listing my relevant experience in more detail.

5. I provided updated network usage calculations to Plaintiffs' counsel on December 22, 2024, which I understand were served to Google and provided to Dr. Stec.

6. After I provided my updated analysis, Dr. Stec requested, through Plaintiffs' counsel, for me to provide the results of my analysis in different files and formats. I reformatted the data and provided these files to save Dr. Stec's staff time and to better enable his analysis and damages calculation. I also corrected a typo that resulted in a missing column in one of the files I originally provided. The new data format did not change any of the substance of my analysis or, other than the correction of the typo resulting in a missing column, the data. It derived from the same scripts. Neither my methodology nor my end results changed.

7. I have reviewed the data that Dr. Stec produced as part of his updated analysis. It is the data I provided and explained above.

8. I have reviewed Google's source code, including for CheckIn, and compared the CheckIn source code to the Android.Info dataset that Google produced in this litigation. The many values in the Android.Info dataset align with the values set by the CheckIn source code. The seenDates field in Android.Info is also consistent with Google's practice of using CheckIn and the databases it populates to track which devices are active on which dates. It is my opinion that the "attributes.seenDate" field reflects the date that a device sends a CheckIn Transfer to Google's server over a network. This is consistent with how Google treats all logs and records that I have reviewed in this litigation: Google generates a log or record at the time that an event occurs, and it marks the log or record with the date and time of the event that generated it.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: May 7, 2025

_____
Chris Thompson