ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:  (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Edward Mlakar, Mick Cleary,
Eugene Alvis, and Jennifer Nelson*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO WITHDRAW CLASS REPRESENTATIVES EDWARD MLAKAR AND EUGENE ALVIS AND [PROPOSED] ORDER**<br><br>Date:   August 19, 2025<br>Time:  10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 19, 2025 at 10:00 a.m., or as soon thereafter as the motion may be heard, in the United States District Court for the Northern District of California, Plaintiffs will move for leave to withdraw class representatives Edward Mlakar and Eugene Alvis from this case. Plaintiffs' Unopposed Motion ("Motion") is made pursuant to Federal Rules of Civil Procedure 21 and 41(a)(2) and is based on this Notice of Motion and Motion, the attached Declarations of George Zelcs and Alison Wheeler, and all pleadings and papers on file in this matter, and upon such matters as may be presented to the Court at the time of the hearing or otherwise.

## STATEMENT OF RELIEF SOUGHT AND ISSUE TO BE DECIDED

Plaintiffs request that the Court grant them leave to withdraw class representatives Edward Mlakar and Eugene Alvis from this case pursuant to Fed. R. Civ. P. 21 and 41(a)(2), and allow this putative class action to proceed with Joseph Taylor, Mick Cleary, and Jennifer Nelson as class representatives. Google does not object to this motion, but reserves all rights.

## STATEMENT OF FACTS

Plaintiffs filed their complaint in this class action on November 12, 2020, naming Joseph Taylor, Mick Cleary, Edward Mlakar, and Eugene Alvis as proposed class representatives. (ECF 1.) Following briefing by the parties on Google's motion to dismiss in February and March of 2021 (ECF 33, 39, 42), the Court granted Google's motion to dismiss without prejudice on October 1, 2021 (ECF 51).

Counsel communicated the dismissal without prejudice to the named plaintiffs. (Declaration of Alison Wheeler ("Wheeler Decl.") at ¶¶ 5-7.) Plaintiffs filed their First Amended Class Action Complaint (which added Jennifer Taylor as an additional proposed class representative) on December 13, 2021. (ECF 60.)

Unbeknown to Plaintiffs' counsel, Mr. Mlakar passed away on December 29, 2021. (Declaration of George Zelcs ("Zelcs Decl.") at ¶ 6.) Subsequent briefing by the parties on

Google's motion to dismiss the First Amended Complaint occurred in January-March 2022 (ECF 65, 67, 68), which the Court ultimately granted on September 30, 2022. (ECF 74.) Plaintiffs filed a notice of appeal to the Ninth Circuit on October 25, 2022. (ECF 76.) Plaintiffs' counsel communicated to all class representatives the dismissal of the First Amended Complaint and the intent to appeal; in the case of the deceased Mr. Mlakar, counsel left a voicemail and emailed Mr. Mlakar. (Wheeler Decl. at ¶¶ 5-7.)

Briefing on Plaintiffs' appeal of the dismissal of the First Amended Complaint occurred before the Ninth Circuit in March-July 2023. (9th Cir. 22-16654 Dkts. 8, 13, 24.) An oral argument was held on February 14, 2024. (9th Cir. 22-16654 Dkt. 34.) The Ninth Circuit's decision reversing the Court's dismissal of Plaintiffs' conversion claim against Google was filed on February 28, 2024, and the Court's mandate was subsequently issued April 22, 2024. (9th Cir. 2216654 Dkts. 38, 43.)

Subsequently, Plaintiffs' counsel reached out to all plaintiffs to schedule discovery related tasks and depositions, and learned of the passing of Mr. Mlakar and of serious health issues impacted the ability of Mr. Alvis to serve as a class representative. (Zelcs Decl. at ¶¶ 11-12.) Plaintiffs' counsel conveyed this information and the intent to remove Mr. Mlakar and Mr. Alvis as named plaintiffs to Google's counsel on September 19, 2024; counsel for Google acknowledged this on September 20, 2024, indicating that they would not seek further discovery from Mr. Mlakar or Mr. Alvis and that the parties "discuss any declaration and the paperwork regarding withdrawal" of their claims at a later date. (Zelcs and Wheeler Declarations at Exs. A, B.) Due to discovery obligations in this case and trial preparation in the related *Csupo* matter, the parties did not have this discussion until recently.

Plaintiffs' counsel conferred with Google prior to filing this motion. Google's counsel indicated that it did not object to dismissing Mr. Mlakar and Mr. Alvis as named plaintiffs, but reserved all rights.

# ARGUMENT

Federal Rule of Civil Procedure 21 governs the withdrawal of parties, providing that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Courts consider requests to withdraw a party pursuant to Rule 21 under the same standard that applies to requests to amend a complaint under Rule 15. *See Heilman v. Cook*, 2017 WL 727672, at *1-2 (S.D. Cal. Feb. 24, 2017).

Thus, generally, the "test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether it will serve to avoid multiplicity of suits." *Id*. at *2; *see also Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, 1987 WL 8997, at *1 (N.D. Ill. Apr. 2, 1987) ("Absent a good reason ... a plaintiff should not be compelled to litigate if it doesn't wish to."). Absent a good reason, a plaintiff should not be compelled to litigate and courts should liberally permit named class representatives to withdraw. *Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013). Federal courts uniformly allow plaintiffs to withdraw as class representatives when, as here, the voluntary withdrawal sought is in good faith and "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage." *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *1 (S.D.N.Y. 2004) (granting plaintiffs" motion to withdraw as class representative and denying defendants" motion to depose withdrawing plaintiffs); *Arney v. Finney*, 766 F. Supp. 934, 941 (D. Kan. 1991) (granting motion for leave to withdraw as class representative); *In re Ins. Mgmt Solutions Group, Inc. Sec. Litig*., 206 F.R.D. 514, 515 (M.D. Fla. 2002) (permitting withdrawal of named plaintiff and class representative six days before class certification).

Here, Plaintiffs should be granted leave to withdraw Mr. Mlakar and Mr. Alvis as named plaintiffs. First, Google does not object to this motion, and it is therefore unopposed. Second, good cause exists to permit their withdrawal because of Mr. Mlakar's death and Mr. Alvis' health problems. Third, the purported class in this case continues to be represented by three adequate, named plaintiffs in Mr. Taylor, Mr. Cleary, and Ms. Nelson. And finally, no prejudice

4

Plaintiffs' Unopposed Motion for Leave to Withdraw Class Representatives Edward Mlakar and Eugene Alvis; Case No. 5:20-CV-07956-VKD

has accrued or will accrue to defendant Google from this withdrawal, as Google has no objection to this motion, and Google has been aware of Mr. Mlakar's death and Mr. Alvis's health concerns since September 2024, and accordingly was not required to expend resources conducting discovery of them or prepare defenses/arguments focused on Mr. Mlakar or Mr. Alvis.

## CONCLUSION

Because the motion is unopposed, good cause exists, and there is no prejudice to the purported class or Google, Plaintiffs' Motion for Leave to Withdraw Edward Mlakar and Eugene Alvis as named plaintiffs pursuant to Fed. R. Civ. P. 21 and 41(a)(2) should be granted.

Dated: July 29, 2025

Respectfully submitted,

KOREIN TILLERY LLC

*/s/ Chad E. Bell*

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice)*
Chad E. Bell (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone:  (303) 592-3100

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:  (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and Jennifer Nelson*

## PROPOSED ORDER

Because the motion is unopposed, good cause exists, and there is no prejudice to the purported class or Google, Plaintiffs' Unopposed Motion for Leave to Withdraw Edward Mlakar and Eugene Alvis as named plaintiffs pursuant to Fed. R. Civ. P. 21 and 41(a)(2) is GRANTED.

Dated:  _____                           _____

                                                Virginia K. DeMarchi

                                                United States Magistrate Judge