1   COOLEY LLP
    WHITTY SOMVICHIAN (194463)
2   (wsomvichian@cooley.com)
    MAX A. BERNSTEIN (305722)
3   (mbernstein@cooley.com)
    ANUPAM DHILLON (324746)
4   (adhillon@cooley.com)
    EMILY J. BORN (360427)
5   (eborn@cooley.com)
    CAROLINE A. LEBEL (340067)
6   (clebel@cooley.com)
    3 Embarcadero Center, 20th floor
7   San Francisco, CA 94111-4004
    Telephone:    +1 415 693 2000
8   Facsimile:    +1 415 693 2222

9   COOLEY LLP
    ARIANA E. BUSTOS (345918)
10  (ABustos@cooley.com)
    355 South Grand Avenue, Suite 900
11  Los Angeles, California 90071
    Telephone:    (213) 561-3250
12  Facsimile:    (213) 561-3244

13  Attorneys for Defendant
    GOOGLE LLC

14

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                      SAN JOSE DIVISION

18

19  JOSEPH TAYLOR, EDWARD MLAKAR,          Case No. 5:20-cv-07956-VKD
    MICK CLEARY, EUGENE ALVIS, and
20  JENNIFER NELSON, individually and on   **GOOGLE LLC'S ADMINISTRATIVE**
    behalf of all others similarly situated, **MOTION FOR LEAVE TO FILE A**
21                                          **SUPPLEMENTAL BRIEF RE: *CSUPO V.***
                    Plaintiffs,             ***GOOGLE LLC* TRIAL, IN OPPOSITION TO**
22                                          **PLAINTIFFS' CLASS CERTIFICATION**
            v.                              **MOTION DKT. 181**
23
    GOOGLE LLC,
24
                    Defendant.
25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMIN. MTN FOR LEAVE TO FILE SUPPL.
BRIEF RE: *CSUPO V. GOOGLE LLC* TRIAL
CASE NO. 5:20-CV-07956-VKD

Pursuant to Civil Local Rule 7-11, Defendant Google LLC ("Google") respectfully seeks leave to file a supplemental brief in connection with Plaintiffs' Motion for Class Certification (Dkt. 181, "Class Cert. Motion") so that Google can update this Court on highly relevant aspects of the trial in the *Csupo v Google LLC* matter in Santa Clara Superior Court, which commenced June 2, 2025 (*after* Google opposed the Class Cert. Motion) and concluded July 1, 2025. The Court should consider Google's supplemental brief in opposition to the Class Cert. Motion (attached as Exhibit A hereto; the "Supplemental Brief") because (1) developments in the trial in *Csupo*—a case involving the same conversion theory and same counsel as this case—directly undermine key aspects of Plaintiffs' Class Cert. Motion, and (2) Google could not have raised these issues before and would be severely prejudiced without an opportunity to present them to the Court, including to rebut assertions Plaintiffs are now making about the *Csupo* trial in their reply brief in support of the Class Cert. Motion (Dkt. 214, "Reply").[1]

## I.    LEGAL STANDARD

District courts have the inherent discretion to permit sur-replies and other additional briefing. *See, e.g.*, *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015). Leave to file additional briefing may be granted "when new and previously unavailable evidence becomes available to the parties subsequent to the filing of a brief." *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Schmidt v. City of Pasadena*, 2024 WL 3915097, at *5 (C.D. Cal. Aug. 6, 2024) (parties may use sur-replies to "provide the Court with relevant new facts"); *Branch Banking & Tr. Co. v. Frank*, 2013 WL 6669100, at *7 (D. Nev. Dec. 17, 2013) ("When a new issue or piece of evidence arises after briefing on a motion has been completed, a party has the ability to request leave to file a sur-reply or a supplement which would bring the matter to the attention of the court."). Further, courts may grant leave to file an additional brief where additional evidence or arguments would "help[ ] to

---

[1] Google conferred with Plaintiffs' counsel before filing this motion, in accordance with Civil Local Rule 7-11(a). Plaintiffs indicated they oppose Google's motion, thus necessitating this Motion. (Declaration of Whitty Somvichian ISO Motion for Leave to File a Supplemental Brief Re: *Csupo v. Google LLC* Trial, In Opposition to Plaintiffs' Class Certification Motion Dkt. 181 ("Somvichian Decl.") ¶ 7).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ADMIN. MTN FOR LEAVE TO FILE A SUPPL.
BRIEF RE: *CSUPO V. GOOGLE LLC* TRIAL
CASE NO. 5:20-CV-07956-VKD

1    crystalize the disputed issues," *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, at *2 (N.D.

2    Cal. Feb. 2, 2016), or would further the "interests of completeness and judicial efficiency," *In re:*

3    *Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18,

4    2014). *See also 10Tales, Inc. v. TikTok Inc*., No. 21-CV-03868-VKD (N.D. Cal. Aug. 22, 2022),

5    Dkt. 196 (DeMarchi, J.) (granting in part defendants' motion for leave to file sur-reply to address

6    new disputes); *Hadsell v. United States, Dep't of Treasury by Internal Revenue Serv*., No. 20-CV-

7    03512-VKD (N.D. Cal. Aug. 23, 2021), Dkt. 52 (DeMarchi, J.) (granting defendant's motion to file

8    supplemental briefing "regarding the legal questions that bear on [defendant's] pending motion for

9    summary judgment").

10    **II.    ARGUMENT**

11    The Court should grant leave for Google's proposed Supplemental Brief in light of the

12    unusual circumstances here. As context, Plaintiffs repeatedly assured the Court in their Class Cert.

13    Motion that their conversion claim can be proven using common evidence and so class certification

14    is warranted. Google filed its opposition brief (Dkt. 191, "Opposition") on May 7, 2025. The *Csupo*

15    trial then commenced nearly two months later on June 2, 2025. (Somvichian Decl. ¶ 6.) In the Reply

16    recently filed on July 29, 2025, Plaintiffs tell the Court that "[t]he *Csupo* trial record abundantly

17    confirms that Plaintiffs' claims and Google's defenses will be tried with common evidence," and

18    they cite to the *Csupo* trial transcript no fewer than thirty times. Dkt. 212-5.

19    These assertions are incomplete and misleading, and Google would be unfairly prejudiced

20    if it cannot provide its own update to the Court on the *Csupo* trial, including responding to

21    Plaintiffs' characterizations in their Reply. Contrary to Plaintiffs' assertions, from the beginning of

22    trial through their closing statements, Plaintiffs' counsel continually relied on individualized

23    evidence and arguments that did ***not*** apply commonly to the *Csupo* class as a whole and applied

24    only to unidentified subsets of individual users. As just one example, on the element of non-consent,

25    Plaintiffs' counsel relied heavily on a theory that there was a "material misrepresentation" in the

26    text accompanying a particular toggle accessible on Android phones. (*See* Bernstein Decl.[2], Ex. A

27

28    _____

[2] Bernstein Decl. refers to the Declaration of Max Bernstein ISO of [Proposed] Supplemental Brief Re: *Csupo v. Google LLC* Trial filed with this motion.

**ADMIN. MTN FOR LEAVE TO FILE A SUPPL.
BRIEF RE:** ***CSUPO V. GOOGLE LLC*** **TRIAL
CASE NO. 5:20-CV-07956-VKD**

("*Csupo* Trial Tr.") at 1402:27-1404:7 (Plaintiffs' counsel arguing that the toggle "is a material misrepresentation which voids any consent.").) But *fewer than 1%* of users a year ever clicked on that toggle, and there was no evidence that any substantial portion of the class was aware of the toggle, much less read the text accompanying it. (*See* Supp. Br. at 2.) It should go without saying that there is no way to determine if someone was harmed by the alleged "material misrepresentation" without an individualized inquiry into whether they accessed the toggle, saw the alleged misleading text, and relied on it to their detriment. Other examples of individualized issues presented by Plaintiffs' counsel abound. This reliance on individualized theories and evidence at the *Csupo* trial is highly relevant to evaluating whether class treatment is appropriate in this case.

Google has had no opportunity to address these issues, since its Opposition was filed well before the *Csupo* trial commenced. In contrast, Plaintiffs were able to present extensive arguments and characterizations about the trial in their Reply. Google would be deeply prejudiced if the Court is presented with only this one-sided view of the *Csupo* trial. Indeed, the highly unusual posture of this case—with the Court poised to consider class certification after Plaintiffs' counsel tried to verdict a conversion claim using evidence that directly undermines their class certification theories here—makes it critical that the Court consider Google's Supplemental Brief so that it can resolve class certification based on a complete and balanced record. Under these circumstances, there can be no reasonable dispute that additional briefing will "help[ ] to crystalize the disputed issues," *Radware*, 2016 WL 393227, at *2, while furthering the "interests of completeness and judicial efficiency," *In re: Cathode Ray Tube*, 2014 WL 7206620, at *1 n.2.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Google's Administrative Motion and consider Google's Supplemental Brief.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ADMIN. MTN FOR LEAVE TO FILE A SUPPL.
BRIEF RE: *CSUPO V. GOOGLE LLC* TRIAL
CASE NO. 5:20-CV-07956-VKD

1    Dated: August 6, 2025                          COOLEY LLP

2

3                                                   By: */s/Whitty Somvichian*
                                                        Whitty Somvichian
4
                                                    Attorneys for Defendant
5                                                   GOOGLE LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMIN. MTN FOR LEAVE TO FILE A SUPPL.
BRIEF RE: *CSUPO V. GOOGLE LLC* TRIAL
CASE NO. 5:20-CV-07956-VKD