COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
EMILY J. BORN (360427)
(eborn@cooley.com)
ANUPAM DHILLON (324746)
(adhillon@cooley.com)
CAROLINE A. LEBEL (340067)
(clebel@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, California 94111-4004
Telephone:    (415) 693 2000
Facsimile:    (415) 693 2222

COOLEY LLP
ARIANA E. BUSTOS (345918)
(ABustos@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:    (213) 561-3250
Facsimile:    (213) 561-3244

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, EDWARD MLAKAR, MICK CLEARY, and EUGENE ALVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-07956-VKD<br><br>**GOOGLE LLC'S STATEMENT OF RECENT DECISIONS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:    Hon. Virginia K. DeMarchi |

- i -

GOOGLE'S STATEMENT OF RECENT
DECISIONS ISO OPP. TO CLASS CERT.
CASE NO. 5:20-CV-07956-VKD

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Pursuant to Local Rule 7-3(d)(2), Defendant Google LLC ("Google") respectfully submits this Statement of Recent Decisions. The following two decisions, both of which issued after Google's opposition to Plaintiffs' Motion for Class Certification (ECF No. 175) regarding class certification, are relevant to the Court's consideration of that motion.

The first is a decision from the Honorable Yvonne Gonzalez Rogers denying class certification in *Calhoun et al. v. Google LLC*, No. 4:20-CV-05146-YGR, 2025 WL 1637574 (June 9, 2025), attached hereto as **Exhibit 1**. The Court held that the proposed class contained millions of Chrome users who were exposed to, and may have explicitly or implicitly consented to, varying disclosures potentially providing notice that their use of Chrome meant that their data would be collected. (*Id.* at *6.) The Court explained: "with such a wide variation in sources of information to which millions of class members were exposed," it is "hard to envision how this issue could be tried globally." (*Id.*) The Court also denied certification on a Rule 23(b)(2) injunctive class for several reasons, including variations in implied consent. (*Id.* at *7.)

The second is a decision from the Honorable Edward J. Davila denying class certification in *Turner et al. v. Apple, Inc.*, No. 5:20-CV-07495-EJD, 2025 WL 1953697 (July 16, 2025), attached hereto as **Exhibit 2**. There, the Court held consent to the use of cellular data was based on individual users' toggle settings, which, amongst other things, could only be determined through individualized inquiry. (*Id.* at *4.)

For these reasons, Google respectfully submits the *Calhoun* and *Turner* decisions as additional support for denying Plaintiffs' Motion for Class Certification.

Dated:   August 8, 2025                                    COOLEY LLP


                                                           By: /s/ *Whitty Somvichian*
                                                               Whitty Somvichian

                                                           Attorneys for Defendant
                                                           GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

GOOGLE'S STATEMENT OF RECENT
DECISIONS ISO OPP. TO CLASS CERT.
CASE NO. 5:20-CV-07956-VKD