1   ELIZABETH M. PIPKIN (243611)
    ANN M. RAVEL (62139)
2   McMANIS FAULKNER
    50 West San Fernando Street, 10th Floor
3   San Jose, CA 95113
    Telephone: (408) 279-8700
4   Facsimile: (408) 279-3244
    epipkin@mcmanislaw.com
5   aravel@mcmanislaw.com

6

7   GLEN E. SUMMERS (176402)
    KARMA M. GIULIANELLI (184175)
8   LINDLEY J. BRENZA (*pro hac vice*)
    JONATHAN JACOB MARSH (*pro hac vice*)
9   BARTLIT BECK LLP
    1801 Wewatta Street, Suite 1200
10  Denver, CO 80202
    Telephone: (303) 592-3100

11  *Attorneys for Plaintiffs Joseph Taylor,*
    *Mick Cleary, and Jennifer Nelson*

    MARC A. WALLENSTEIN (*pro hac vice*)
    GEORGE A. ZELCS (*pro hac vice*)
    RYAN Z. CORTAZAR (*pro hac vice*)
    CHAD E. BELL (*pro hac vice*)
    PAMELA I. YAACOUB (*pro hac vice*)
    KOREIN TILLERY LLC
    205 North Michigan Avenue, Suite 1950
    Chicago, IL 60601
    Telephone: (312) 641-9750
    Facsimile: (312) 641-9751

    CAROL L. O'KEEFE (*pro hac vice*)
    MICHAEL E. KLENOV (277028)
    KOREIN TILLERY LLC
    505 North Seventh Street, Suite 3600
    St. Louis, MO 63101
    Telephone: (314) 241-4844
    Facsimile:  (314) 241-3525

12

13              **UNITED STATES DISTRICT COURT**
14              **NORTHERN DISTRICT OF CALIFORNIA**
                **SAN JOSE DIVISION**

15  JOSEPH TAYLOR, MICK CLEARY, and          Case No. 5:20-CV-07956-VKD
16  JENNIFER NELSON, individually and on
    behalf of all others similarly situated,     **PLAINTIFFS' OPPOSITION TO**
17                                                **GOOGLE'S ADMINISTRATIVE**
                        Plaintiffs,               **MOTION FOR LEAVE TO FILE A**
18                                                **SUPPLEMENTAL BRIEF RE:** ***CSUPO V.***
            v.                                    ***GOOGLE LLC*** **TRIAL, IN OPPOSITION**
19                                                **TO PLAINTIFFS' CLASS**
    GOOGLE LLC,                                   **CERTIFICATION MOTION DKT. 181**
20
                        Defendant.
21                                                Date:  August 12, 2025
                                                  Time: 10:00 a.m.
22                                                Judge: Hon. Virginia K. DeMarchi

23

24

25

26

27

28

# INTRODUCTION

Google's Administrative Motion is improper and should be denied. Google's proposed supplemental brief is an overlength 15-page sur-reply that does not comply with the Court's local rules because it omits mandatory sections. Furthermore, Google's brief merely repeats the same arguments Google made in its opposition under the guise of additional evidence from the recent *Csupo* trial.

If Google's motion is granted, Plaintiffs respectfully request leave to file a responsive brief of equal length, to allow fair opportunity to refute Google's misrepresentations, and a continuance of the August 19, 2025 class certification hearing to allow time to draft it.

# LEGAL STANDARD

Courts within the Ninth Circuit "generally view[] motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citing *Hill v. England*, No. CVF05869, 2005 WL 3031136, at *1 (E.D. Cal. 2005)). Neither the federal rules nor the local rules permit a surreply as a matter of course, and L.R. 7-3(d) provides: "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . ."

"Although the Court may in its discretion allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009) (citing *Hill*, 2005 WL 3031136, at *1). "Valid reason" may exist to permit a sur-reply "when new and previously unavailable evidence becomes available to the parties subsequent to the filing of a brief." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-88, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020). But motions for leave to file a sur-reply are denied when there was no new evidence or arguments in the reply, and the "request for leave to file a sur-reply [was] merely an attempt to have the last word on [the] issue." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 17-cv-1118, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018).

**ARGUMENT**

**I.     Google Should Be Held To the Briefing Schedule It Negotiated And Agreed To**

Google's Motion inappropriately seeks to alter a heavily negotiated briefing schedule that Google agreed to follow. Google argues (at 4) that it would be "prejudiced" if it could not submit its sur-reply to address issues from the *Csupo* trial because it "has had no opportunity to address these issues." But this outcome was known to both parties when they set the briefing schedule.

The *Csupo* court set the June 2, 2025 trial date on December 2, 2024. Ex. A. Google stipulated to both the initial class certification briefing schedule almost a month later, on January 24, 2025 (Dkt. 163), and the amended class certification briefing schedule four months later on April 9, 2025 (Dkt. 188), as well as two subsequent changes to the schedule (Dkt. 202, 206), with full knowledge of the June 2, 2025 *Csupo* trial date. That was, in fact, the negotiated purpose of the amended briefing schedule: to set the deadlines for both sides' reply briefs (Plaintiffs' class certification reply brief and Google's *Daubert* reply briefs) **<u>after</u>** the *Csupo* trial. *See* Dkt. 188 at 4 ("the Parties have negotiated extensively regarding the issues driving this request . . . [and] the requested extensions are . . . critical to the Parties' ability to present the most helpful briefing and presentations to this Court"); *see also* Dkt. 163 at 3 ("the stipulated changes to the case schedule will allow the parties to complete the *Csupo* trial and account for the trial results in subsequent hearings and briefing in this matter").

There is no prejudice to Google from the foreseeable result of a negotiated briefing schedule that Google willingly agreed to. Had Google wanted to prohibit the parties from discussing the *Csupo* trial in their reply briefs, it could have simply not agreed to the amended briefing schedule. Had Google wanted a sur-reply, it could have been negotiated in advance. Instead, Google agreed to the current schedule, perhaps hoping that the outcome of the *Csupo* trial would have been different. Google took a gamble and should be held to its bargain.

**II.     Google's Proposed 15-page Sur-Reply Violates Local Rule 7-4(a)**

Google's 15-page proposed sur-reply fails to comply with L.R. 7-4(a), which requires: "(1) . . . the noticed hearing date and time; (2) If in excess of 10 pages, a table of contents and a table of authorities; (3) A statement of the issues to be decided; [and] (4) a succinct statement of the

3

1  relevant facts . . . ." Google's sur-reply lacks all these requirements. Leave to file should therefore

2  be denied.

3  **III.    Google Has Failed to Identify New Evidence, Argument, or Law Justifying a Sur-Reply**

4          Google has failed to identify any new, previously-unavailable evidence, new arguments in

5  Plaintiffs' Reply (Dkt. 212-5), or new case law issued after it filed its May 7, 2025 Opposition

6  (Dkt. 194-1) warranting a sur-reply. Courts in this Circuit routinely deny leaves to file a sur-reply

7  under such circumstances. *See, e.g.*, *Baxter Bailey & Assocs. v. Ready Pac Foods, Inc.*, No. 18-

8  cv-8246, 2020 WL 3107889, at *1 (C.D. Cal. Feb. 14, 2020) ("When a 'reply does not present new

9  arguments nor new evidence,' a surreply is improper and a court should not grant leave to file

10 one." (quoting *Jordan v. Terhune*, No. 03-cv-1820, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5,

11 2009))); *Afifeh v. Ahmadabadi*, No. 22-cv-928, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022)

12 ("A surreply is improper—and a court should not grant leave to file one—when a reply neither

13 presents new arguments nor new evidence.").

14          Google argues (at 2) that "developments in the trial in *Csupo* . . . directly undermine key

15 aspects of Plaintiffs' Class Cert. Motion." But Google does not identify any new *evidence*

16 presented in the *Csupo* trial. The evidence presented in *Csupo*—including all the documentary

17 evidence and all the expert reports and opinions—were fully disclosed long before the briefing in

18 this case. Google's proposed sur-reply merely repeats the same arguments it has already made:

19 that whether toggles work, whether class members suffer throttling and overcharges, and whether

20 class members were able to limit the volume of data wrongfully converted creates individualized

21 issues. These arguments—and the evidence underlying them—are not new. *See Branch Banking*

22 *& Tr. Co. v. Frank*, 2013 WL 6669100, at *7-8 (D. Nev. Dec. 17, 2013) (cited by Google at 2)

23 (holding that evidence is only "new" if it is not "in the moving party's possession" or would not

24 have been discoverable if "the moving party [had] exercised reasonable diligence . . . to discover

25 the evidence." (quoting *Albuquerque v. Arizona Indoor Soccer, Inc.*, 880 F.2d 416, *1 (9th Cir.

26 1989))). Google had in its possession (or could have developed with reasonable diligence) all of

27 the evidence from *Csupo* that Google now wrongly complains justify its sur-reply.

28

---

4

**IV.    Alternatively, Plaintiffs Should Be Afforded an Opportunity to Respond**

In the alternative, the Court should continue the August 19, 2025 class certification hearing and afford Plaintiffs a fair opportunity to respond with a brief of equal length. Among other things, Plaintiffs should have a full opportunity to correct the many mischaracterizations and misleading arguments in Google's improper sur-reply, a handful of which are below:

**Background mobile data toggle**: This case is not, like the recent *Turner v. Apple, Inc.* case, about malfunctioning code that caused toggles that purported to give users a choice about cellular data usage not to work. No. 20-cv-7495, 2025 WL 1953697 (N.D. Cal. July 16, 2025). This is a case of conversion where *none* of the setup screens or toggles disclosed the transfers at issue here – or that they would use cellular data. The "background mobile data" toggle uses the term "background data," but it does *not* control the transfers at issue because Google considers that data to be happening in the *foreground.* "GMSCore is treated as a foreground service most of the times even when user is not actively looking at their screen with screen open." Ex. B, Trial Transcript ("Tr.") 1109:20-22, *Csupo v. Google, LLC*, No. 19CV352557 (June 2 – July 1, 2025) (6/17 Sancheti Cross Exam by Google). As such, it is classwide evidence of Google's wrongful knowledge and bad faith, because it shows that even Google knows that the transfers at issue in this case cannot be turned off. While "[a]bsence of bad faith can never excuse" a tort, "the existence of bad faith may sometimes aggravate it." *Poggi v. Scott*, 167 Cal. 372, 375 (1914) (citation omitted); *see G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 899-900 (9th Cir. 1992) (defendant "declined" plaintiff's "offer[] to license" before it "decided to pirate" it (citation omitted)). The *Csupo* plaintiffs used this toggle to show Google's wrongful knowledge and intent on a classwide basis at both opening ("When a vice president knows that something isn't working and they don't fix it for seven years, it's not a mistake. It's intentional." Tr. 306:18-21) and closing ("They know that they can fix it. They haven't." Tr. 2529:21-22). And the trial judge admitted key evidence about the toggle over a heated hearsay objection "only to show the state of mind of Google," not for any other purpose. Tr. 458:16-17.

**Setup Assistance:** Regardless of who sets up a device, all Android users are subject to the Google Privacy Policy and the same setup flow language. These agreements set the scope of

PLAINTIFFS' OPP. TO GOOGLE'S ADMIN. MOTION FOR LEAVE TO FILE A SUPPL. BRIEF RE: *CSUPO v. GOOGLE LLC* TRIAL, IN OPP. TO PLFS.' CLASS CERT. MOT. DKT. 181; CASE NO. 5:20-CV-07956-VKD

Android users' consent, regardless of whether they actually read them. Tr. 2109:13-21, 2162:5-10. The issue of consent turns only on whether the plain text discloses the conduct at issue to a reasonable Android user – and here, it does not. *E.g.*, Tr. 510:18-511:1. *That* is the evidence of nonconsent.

**__Throttling and Overages:__** Nearly all cellular data plans are subject to throttling or overage charges. This classwide evidence goes to the nature of the property interest—that cellular is finite and limited: "Plaintiffs have purchased the right to transmit bytes of information over their carriers' networks up to the amounts provided by the terms of the plans." *Taylor v. Google, LLC*, No. 22-16654, Slip Op. at 4 (9th Cir. Feb. 28, 2024), Dkt. No. 38-1. This evidence is part of the proof that every class member has a plan that is limited in some manner. *E.g.*, Tr. 1146:25-1147:5.

**CONCLUSION**

Google's Motion should be denied. Alternatively, Plaintiffs should be afforded a fair opportunity to respond with a brief of equal length, to be heard on a date or time on September 3-5, 2025 or later.

Dated:  August 11, 2025

Respectfully submitted,

KOREIN TILLERY LLC

*/s/ Chad E. Bell*

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Chad E. Bell (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:  (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:  (314) 241-3525

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone:  (303) 592-3100

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:  (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and*
*Jennifer Nelson*

PLAINTIFFS' OPP. TO GOOGLE'S ADMIN. MOTION FOR LEAVE TO FILE A SUPPL. BRIEF RE: *CSUPO v. GOOGLE LLC* TRIAL, IN OPP. TO PLFS.' CLASS CERT. MOT. DKT. 181; CASE NO. 5:20-CV-07956-VKD