COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
ANUPAM DHILLON (324746)
(adhillon@cooley.com)
EMILY J. BORN (360427)
(eborn@cooley.com)
CAROLINE A. LEBEL (340067)
(clebel@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

COOLEY LLP
ARIANA E. BUSTOS (345918)
(ABustos@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:     (213) 561-3250
Facsimile:     (213) 561-3244

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, EDWARD MLAKAR, MICK CLEARY, and EUGENE ALVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-07956-VKD<br><br>**GOOGLE LLC'S OMNIBUS MOTION TO SEAL MATERIALS FILED BETWEEN MARCH 11, 2025, AND JULY 29, 2025; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT**<br><br>Judge:    Hon. Virginia K. DeMarchi |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................................ 1

II.  LEGAL STANDARD .......................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 3

     A.   Google's Overriding Interest in Preventing Disclosure of Proprietary and Sensitive Business Information Supports Sealing. ................................................. 4

     B.   Google Has Narrowly Tailored Its Proposed Redactions in Accordance with Local Rule 79-5................................................................................................ 12

IV. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Adtrader, Inc. v. Google LLC*,
  No. 17-CV-07082-BLF, 2020 WL 6391210 ........................................................................ 3, 4

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
  No. 16-cv-00923-BLF, 2018 WL 2010622 (N.D. Cal. Apr. 30, 2018) ..................................... 3

*Brown v. Google LLC*,
  No. 20-cv-03664-YGR (N.D. Cal. Mar. 20, 2023), ECF No. 901 ............................................ 5

*Calhoun v. Google LLC*,
  No. 20-cv-05146 (N.D. Cal. Apr. 4, 2023), ECF No. 1007 ...................................................... 5

*Csupo v. Google LLC*,
  No. 19CV352557 (Super. Ct. Santa Clara Cnty August 8, 2025) ........................................ 5, 6

*Csupo v. Google LLC*,
  No. 21CV386962 (Super Ct. Santa Clara Cnty. Apr. 5, 2024) ......................................... *passim*

*In re Google Inc. Gmail Litig.*,
  No. 13-MD-02430-LHK, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) ............................ 2, 5

*In re Google RTB Consumer Priv. Litig.*,
  No. 21-cv-02155-YGR (VKD), 2022 U.S. Dist. LEXIS 227834 (N.D. Cal.
  Dec. 19, 2022) .................................................................................................................. 2, 4, 5

*IntegrityMessageBoards.com v. Facebook, Inc.*,
  No. 18-CV-05286, 2021 WL 3771785 (N.D. Cal. Aug. 24, 2021) ........................................... 2

*Kamakana v. City & Cnty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .................................................................................................. 2

*MasterObjects, Inc. v. Amazon.com, Inc.*,
  No. C 20-08103 WHA, 2022 WL 4074653 (N.D. Cal. Sept. 5, 2022) ................................. 3, 4

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ................................................................................................................. 2

*Opperman v. Path*,
  No. 13-CV-00453, 2017 WL 1036652 (N.D. Cal. Mar. 17, 2017) ........................................... 2

*Uzair v. Google LLC*,
  No. 18CV328915 (Super. Ct. Santa Clara Cnty. Aug. 5, 2021) ............................................... 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*In re Xyrem (Sodium Oxybate) Antitrust Litig.*,
   No. 20-MD-02966-RS, 2023 WL 3874024 (N.D. Cal. June 6, 2023) ...................................... 3

*Yan Mei Zheng v. Toyota Motor Corp.*,
   No. 17-CV-06591-BLF, 2019 WL 6841324 (N.D. Cal. Dec. 16, 2019) ................................ 2

**Other Authorities**

Civil L.R. 7-11 ................................................................................................................................ 1

Civil L.R. 79-5 ................................................................................................................. 1, 12, 13

Civil L.R. 79-5(d) ........................................................................................................................... 3

- iii -

GOOGLE'S OMNIBUS MOT. TO SEAL
CASE NO. 5:20-CV-07956-VKD

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order (ECF No. 107), Plaintiffs in the above-captioned action and Defendant Google LLC (collectively, the "Parties"), submit this omnibus motion to seal certain portions of the Parties' class certification briefing, expert challenge motions, and supporting documents filed between March 11, 2025, and July 29, 2025.

## I.  INTRODUCTION

On March 11, 2025, Plaintiffs Joseph Taylor, Edward Mlakar, Mick Cleary, Eugene Alvis, and Jennifer Nelson, individually and on behalf of others similarly situated ("Plaintiffs"), filed a Motion for Class Certification ("Motion") seeking to certify a class of nationwide Android users (excluding California) who have experienced so-called "passive data transfers" over cellular networks. In support of the Motion, Plaintiffs have filed and cited various Google internal documents, expert reports, and testimony containing or discussing Google's highly confidential and proprietary information. In connection, both Parties have also filed motions to exclude the certain of the expert opinions supporting each's position, which also cite highly confidential and proprietary Google materials. As such, Google respectfully moves to seal various portions of the record in connection with these filings (four redacted briefs, one redacted declaration in support, and sixty exhibits to declarations). The evidence submitted by the parties in connection with the Motion includes Google's proprietary and sensitive business information, such as information about Google's business practices, internal data logs, data systems, and infrastructure. This information is not otherwise publicly disclosed as it would reveal sensitive business information to competitors.

Moreover, disclosure of this information poses security risks. Many of the systems discussed are used to detect malicious software and prevent threat actors from abusing Android devices. Disclosure of this information would not merely prejudice Google. It will also harm Android users by providing threat actors with critical, nonpublic information they may be able to use to gain an advantage in their cat-and-mouse game with Google engineers.

Google seeks to seal three categories of non-public, proprietary, and sensitive business

information: (1) highly sensitive details pertaining to internal systems, specifically proprietary functionalities, data infrastructure, logs, and metrics related to Google's GMS Core generally, Network Statistics ("Netstats") data, Google's Clearcut pipeline, Google's DroidGuard and ad attestation security systems, and Google's Android Device Configuration Service ("CheckIn"); (2) Google's business practices related to data collection and reference to internal documentation; and (3) and materials containing or discussing information about Android devices' data and metrics collected by Google. This type of information is routinely sealed by courts. The requests are narrowly tailored to prevent Google from suffering competitive harm and to protect against cybersecurity risks. Therefore, Google respectfully requests the Court grant this Omnibus Motion and seal the information identified further below.

## II.   LEGAL STANDARD

The public's "general right to inspect and copy public records and documents" is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978) (citations omitted). A party may seek to avoid disclosure of confidential, private, or otherwise protected documents by moving to file those documents under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In a motion for class certification, the party seeking to seal documents must satisfy the "compelling reasons" standard rather than the more lenient "good cause" standard used for non-dispositive motions. *See, e.g.*, *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286, 2021 WL 3771785, at *21 (N.D. Cal. Aug. 24, 2021); *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-CV-06591-BLF, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019). Under the "compelling reasons" standard, materials at issue may be sealed so long as the designating party can "articulate compelling reasons supported by specific factual findings" for the need to seal a document. *Opperman v. Path*, No. 13-CV-00453, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017) (citing *Kamakana*, 447 F.3d at 1178–79).

Confidential information about internal data systems, data logs, and data infrastructure is routinely sealed under the "compelling reasons" standard. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems*); In*

*re Google RTB Consumer Priv. Litig.*, No. 21-cv-02155-YGR (VKD), 2022 U.S. Dist. LEXIS 227834, at *3-4 (N.D. Cal. Dec. 19, 2022) (sealing technical details and identifiers related to Google's highly sensitive data logs and data systems). Additionally, Courts routinely seal materials that contain "proprietary and highly confidential software architecture and source code." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2022 WL 4074653, at *1 (N.D. Cal. Sept. 5, 2022).

Similarly, materials discussing or analyzing proprietary and confidential information also warrant sealing. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS, 2023 WL 3874024, at *5 (N.D. Cal. June 6, 2023) (sealing portions of expert reports because those portions "utilize [defendant's] highly confidential sales and financial information."); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-00923-BLF, 2018 WL 2010622, at *8 (N.D. Cal. Apr. 30, 2018) (sealing portions of expert reports that discussed defendants' highly confidential and sensitive information regarding the parties' internal development strategies, financial information and portions of briefing discussing the parties' manufacturing capacity and capabilities); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24, 2020

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *1 (N.D. Cal. Mar. 24, 2020).

### III. ARGUMENT

The Court should grant Google's requests to seal various parts of the record in connection with the parties' various briefings between March 11, 2025 and July 29, 2025 for four primary reasons: (1) Google has a compelling interest in protecting its proprietary and sensitive business information; (2) public disclosure of the information Google seeks to seal will competitively harm Google; (3) public disclosure of some of the material poses a risk to third parties as well as Google because it implicates cybersecurity; and (4) the Court in the parallel California state court case ("*Csupo*") has already found that the materials warrant sealing. This includes sealing of descriptions of confidential materials, the confidential materials themselves, and internal Google documents. These reasons are laid out in seven Google employee declarations (collectively, "Employee

Declarations") filed in connection with this Motion. The proposed sealing complies with the Court's local rules because it is narrowly tailored only to serve these interests.

### A. Google's Overriding Interest in Preventing Disclosure of Proprietary and Sensitive Business Information Supports Sealing.

***First***, Google requests to seal highly sensitive information pertaining to proprietary internal systems. Specifically, information that includes technical details and analyses regarding proprietary functionalities, data infrastructure, logs, and metrics related to GMS Core, Google's Clearcut pipeline, Google's Westworld and NetStats data, Google's CheckIn data, Google's DroidGuard anti-abuse systems, Google's ad abuse malware detection systems, and Google's system for updating and configuring software on Android devices. (*See* Declaration of Sundeep Sancheti (GMS Core); Declaration of Grant Baillie (Clearcut pipeline); Declaration of Christof Klausecker (NetStats and Westworld systems); Declaration of Nhan Do (Checkin); Declaration of Borbala Benko (DroidGuard); Declaration of Eric Gustafson (ad abuse); Declaration of Aaron Stacy (updating and configuring software).)

***Second***, this information, which Google maintains as confidential in the ordinary course of business, is highly valuable as it reveals how Google designs and operates these cutting-edge systems. (*See generally* Employee Declarations (explaining for each individual sealing proposal the nature of the technology sealed).) Google's competitors could use this information to understand how Google designs and implements these systems, providing Google's competitors with an unfair advantage. (*Id.*) This is particularly so, given Google's competitors may combine this information with other information they have regarding these systems to develop insights that would allow them to emulate Google's proprietary approaches. This renders sealing proper, as courts recognize that protecting a party's competitive advantage is sufficient to overcome the right of public access and warrant sealing. *See In re Google RTB Consumer Priv. Litig.*, 2022 U.S. Dist. LEXIS 227834, at *3-4 (sealing technical details and identifiers related to Google's highly sensitive data logs and data systems); *MasterObjects, Inc.*, 2022 WL 4074653, at *1.

In *Csupo*, Judge Adams agreed, holding on several occasions that the same or substantially similar materials are "confidential and proprietary information regarding internal systems,

technologies, practices, and metrics related to NetStats and GMS Core, the disclosure of which would unfairly advantage its competitors or pose security risks." Apr. 5, 2024 Order at 3, *Csupo v. Google*, No. 19CV352557 (Super Ct. Santa Clara Cnty. Apr. 5, 2024); *see also* May 2, 2025 *Csupo* Order at 22 ("[T]here exists an overriding interest that overcomes the right of public access to the record; the overriding interest supports sealing the record; a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; the proposed sealing is narrowly tailored; and no less-restrictive means exist to achieve the overriding interest."); August 8, 2025 Order Granting Defendant's Motions to Seal, *Csupo v. Google LLC*, No. 19CV352557, (Super. Ct. Santa Clara Cnty August 8, 2025) (granting motions to seal in full in conjunction with class certification/decertification briefing substantially similar to briefing here). In fact, over half of all exhibits subject to this motion have already been sealed in the California court. And those not subject to previous orders are substantially overlapping in material, for example, as expert reports that have been adapted to the *Taylor* class action but written by the same experts and includes substantially the same material.

**Third**, public disclosure of this highly confidential information would pose cybersecurity risk from bad actors seeking to compromise Android devices, Google's systems, and the confidentiality of data collected through those systems. This type of information is routinely sealed by courts. *See id.* at 22; Apr. 5, 2024 *Csupo* Order at 3 (disclosure of Google substantially similar materials in *Csupo* "would . . . pose security risks."); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing material that "if made public Google contends could lead to a breach in the security" of Google's systems); Order at 26, *Uzair v. Google LLC*, No. 18CV328915 (Super. Ct. Santa Clara Cnty. Aug. 5, 2021) (granting motion to seal information related to financial statistics and proprietary systems); *In re Google RTB Consumer Priv. Litig.*, 2022 U.S. Dist. LEXIS 227834, at *3–4 (sealing sensitive information regarding internal logs and data sources); Order at 2, *Calhoun v. Google LLC*, No. 20-cv-05146 (N.D. Cal. Apr. 4, 2023), ECF No. 1007 (same); Order at 2-3, *Brown v. Google LLC*, No. 20-cv-03664-YGR (N.D. Cal. Mar. 20, 2023), ECF No. 901 (same). This concern and basis for sealing is particularly elevated here, where many of the systems at issue are dedicated to rooting out abusive threat actors and malware on Android devices. (*See* Declaration

of Borbala Benko ¶¶ 4-5; Declaration of Eric Gustafson ¶¶ 4-5.) That is, disclosing the design of these systems would severely prejudice Google and Android users, given that it might enable threat actors to better avoid detection.

***Fourth***, in *Csupo*, in similar filings surrounding class certification, Google's decertification motion, related filings, and motions to exclude expert opinion, Judge Adams issued an order sealing these same or substantially similar materials. *See* August 8, 2025 Order Granting Defendant's Motions to Seal, *Csupo v. Google LLC*, No. 19CV352557, (Super. Ct. Santa Clara Cnty August 8, 2025). The Court granted the motion in full. (*Id.* at 3.) And Google has further narrowed the requests by stipulation and voluntary disclosure. For example, Google no longer seeks sealing of Exhibits 1 and 2 to the Declaration of Christopher Thompsen. And, as previously stated, many of the same materials have also been sealed in conjunction with other motions filed in the *Csupo* matter. (*See supra* page 4; May 2, 2025 Order at 22, *Csupo v. Google*, No. 19CV352557 (Super Ct. Santa Clara Cnty May 2, 2025); Apr. 5, 2024 *Csupo* Order at 3.) Google notes in the table below which documents have been previously sealed in various *Csupo* orders, both where it is the same document or content is substantially similar to that already ordered sealed in *Csupo*.

Through the instant motion, Google seeks sealing of these materials that (1) the *Csupo* Court has either previously ordered sealed or (2) that are substantially overlapping and similar with such material. The same rationale for sealing applies with equal force now.

For all these reasons, Google seeks to seal the following materials from the record[1]:

| Attorney Exhibit [2] | Document | Sealed Portion | Sealing Supported By |
|---|---|---|---|
| Plaintiffs' Motion to Certify Class (3/11/2025) | | | |
| 1† | Memorandum of Points and Authorities iso Plaintiffs' Motion to Certify Class | Highlighted portions at Pg. 4-9 | Klausecker Decl. (Pg. 4); Stacy Decl. (Pg. 5); Baillie Decl. (Pg. 6, 7, 8); Gustafson Decl. (Pg. 9) |
| Declaration of Karma M. Giulianelli ISO Motion to Certify Class (3/11/2025) | | | |

---

[1] * – indicates this material was previously ordered sealed in *Csupo*.
† – indicates substantially similar material was previously ordered sealed in *Csupo*.
[2] All Attorney Exhibits are attached to the Declaration of Ariana E. Bustos ISO Google LLC's Omnibus Motion to Seal Materials Documents Filed Between March 11, 2025, And July 29, 2025.

| | | | |
|---|---|---|---|
| 2† | Exhibit 5 Expert Report of Dr. Jeffrey A. Stec (11/12/24) | Highlighted portions at Pg. i, 4-7, 12-18, 20, 25-28, 35-38, 40, 42-56 | Sancheti Decl. |
| 3† | Exhibit 7 Expert Report of Dr. Christopher Jules White (11/12/24) | Highlighted portions at Pg. 10, 11, 14-25, 30, 33, 56-62, 64-70, 73-84, 86-88 | Sancheti Decl. (Pg. 10-11, 14-20); Baillie (Pg. 21); Klausecker (Pg. 22-25, 56-62, 64-70); Stacy Decl. (Pg. 33, 74-84, 86-88); Benko Decl. (Pg. 73-74) |
| 4* | Exhibit 8 GOOG-CSUPO-00011375 | Fully Under Seal | Stacy Decl. |
| 5† | Exhibit 9 Expert Report of Christopher Thompson | Highlighted portions at Pg. 10-46, 49-56, 60-69, 73, 75, 80, 88-90, 92-93 | Baillie Decl. (Pg. 10-30, 60); Do Decl. (Pg. 31-44); Sancheti Decl. (Pg. 45-46); Gustafson Decl. (Pg. 49-50, 54-56); Benko Decl. (Pg. 51-53); Klausecker (Pg. 61-69, 73, 75, 80); Sancheti Decl. (Pg. 88-90, 92-93) |
| 6* | Exhibit 10 GOOG-CSUPO-00039092 | Fully Under Seal | Klausecker Decl.; Sancheti Decl. |
| 7* | Exhibit 11 GOOG-CSUPO-00024260 | Fully Under Seal | Klausecker Decl. |
| 8† | Exhibit 12 GOOG-CSUPO-00026178 | Fully Under Seal | Klausecker Decl. |
| 9* | Exhibit 13 GOOG-CSUPO-00040081 | Fully Under Seal | Klausecker Decl. |
| 10 | Exhibit 14 Expert Report of Dr. Douglas Schmidt (1/9/23) | Highlighted portions at Pg. ii, iii, 7, 11, 17-35, 38-62, 64-74, 79-80, 82-84, 90-92, 101-108 | Sancheti Decl. (ii, iii, 7, 11, 17-18, 38-62, 64-65, 79-80, 90-92); Baillie Decl. (Pg. 19-28, 82-84, 101-108); Do Decl. (Pg. 28-35); Klausecker Decl. (Pg. 65-75) |
| 11* | Exhibit 16 GOOG-CSUPO-00008253 | Fully Under Seal | Baillie Decl. |
| 12* | Exhibit 17 GOOG-CSUPO-00026970 | Fully Under Seal | Klausecker Decl. |
| 13* | Exhibit 18 GOOG-CSUPO-00006929 | Fully Under Seal | Baillie Decl. |
| 14* | Exhibit 19 GOOG-CSUPO-00010614 | Fully Under Seal | Baillie Decl. |
| 15* | Exhibit 20 GOOG-CSUPO-00008277 | Fully Under Seal | Klausecker Decl.; Do Decl. |

| | | | | |
|---|---|---|---|---|
| 16† | Exhibit 21 Source Code Review Appendix of Christopher Thompson | Fully Under Seal | Sancheti Decl. |
| 17* | Exhibit 22 GOOG-CSUPO-00020323 | Fully Under Seal | Sancheti Decl. |
| 18* | Exhibit 23 GOOG-CSUPO-00043314 | Fully Under Seal | Sancheti Decl. |
| 19* | Exhibit 25 GOOG-CSUPO-00017131 | Fully Under Seal | Sancheti Decl. |
| 20* | Exhibit 26 GOOG-CSUPO-00062727 | Fully Under Seal | Sancheti Decl. |
| **Google's Opposition to Plaintiffs' Motion for Class Cert (5/7/2025)** ||||
| 21† | Memorandum of Points and Authorities iso Google's Opposition to Plaintiffs' Motion for Class Cert | Highlighted portions at Pg. 3-5, 21 | Benko Decl. (Pg. 3,4,21); Do Decl. (Pg. 4); Gustafson Decl. (Pg. 5) |
| 22† | Declaration of Borbala Benko ISO Google's Opp. to Class Cert | Highlighted portions at Pg. 3-6 | Benko Decl. |
| **Declaration of Whitty Somvichian ISO Google's Opp. to Class Cert** ||||
| 23† | Exhibit 1 Expert Report of Dr. Kevin Jeffay (3/10/25) | Highlighted portions at Pg. 21-27, 34-38, 40, 42-45, 54-57, 61-65, 68, 70-71 | Benko Decl. (Pg. 21-27); Baillie Decl. (Pg. 34-38, 40, 61-65); Klausecker Decl. (Pg. 42-44); Sancheti Decl. (Pg. 45, 54-57, 70-71); Do Decl. (Pg. 68) |
| 24† | Exhibit 4 Expert Report of Dr. Kevin Jeffay (3/10/23) | Highlighted portions at Pg. 7-9, 11-13, 21-22, 24, 27-28, 76-41, 45-46, 53-56 | Klausecker Decl. (Pg. 7-9, 21-22, 37-41); Sancheti Decl. (Pg. 9, 11-13, 27-28); Baillie Decl. (Pg. 24, 45-46, 53-56) |
| 25† | Exhibit 5 Jeffay's Supplemental Analysis of Network Usage Data (3/10/25) | Highlighted portions at Pg. 8, 19, 21-22 | Baillie Decl. (Pg. 8); Klausecker Decl. (Pg. 19, 21-22) |
| 26† | Exhibit 6 Expert Report of Dr. Sandeep Chatterjee (1/15/25) | Highlighted portions at Pg. 43 | Gustafson Decl. |
| 10* | Exhibit 7 *Csupo* Expert Report of Dr. Douglas Schmidt (1/9/23) | Highlighted portions at Pg. ii, iii, 7, 11, 17-35, 38-62, 64-74, 80, 82-84, 90-92, 101-108 | Sancheti Decl. (ii, iii, 7, 11, 17-18, 38-62, 64-65, 79-80, 90-92); Baillie Decl. (Pg. 19-28, 82-84, 101-108); Do Decl. (Pg. 28-35); Klausecker Decl. (Pg. 65-75) |

| | | | |
|---|---|---|---|
| 2† | Exhibit 8 Expert Report of Dr. Jeffrey A. Stec (11/12/24) | Highlighted portions at Pg. i, 4-7, 12-18, 20, 25-28, 30, 35-38, 40, 42-56 | Sancheti Decl. |
| 27* | Exhibit 16 GOOG-CSUPO-00007429 | Fully Under Seal | Sancheti Decl. |
| 28* | Exhibit 17 GOOG-CSUPO-00039998 | Fully Under Seal | Sancheti Decl. |
| Google's Motion to Exclude Unreliable Technical Analyses (3/11/2025) | | | |
| 29† | Memorandum of Points and Authorities iso Google's Motion to Exclude Unreliable Technical Analyses | Highlighted portions at Pg. 13-14, 16-17, 19-20, 21-23, 25 | Baillie Decl. (Pg. 19-20, 21-23, 25); Klausecker Decl. (Pg. 13-14, 16-17) |
| Declaration of Max Bernstein ISO Motions to Exclude (3/11/2025) | | | |
| 5† | Exhibit 1 Expert Report of Christopher Thompson (11/12/24) | Highlighted portions at Pg. 10-46, 49-56, 60-69, 73, 75, 80, 88-90, 92-93 | Baillie Decl. (Pg. 10-30, 60); Do Decl. (Pg. 31-44); Sancheti Decl. (Pg. 45-46); Gustafson Decl. (Pg. 49-50, 54-56); Benko Decl. (Pg. 51-53); Klausecker (Pg. 61-69, 73, 75, 80); Sancheti Decl. (Pg. 88-90, 92-93) |
| 10* | Exhibit 2 *Csupo* Expert Report of Dr. Douglas Schmidt (1/9/23) | Highlighted portions at Pg. ii, iii, 7, 11, 17-35, 38-62, 64-74, 80, 82-84, 90-92, 101-108 | Sancheti Decl. (ii, iii, 7, 11, 17-18, 38-62, 64-65, 79-80, 90-92); Baillie Decl. (Pg. 19-28, 82-84, 101-108); Do Decl. (Pg. 28-35); Klausecker Decl. (Pg. 65-75) |
| 2† | Exhibit 3 Expert Report of Dr. Jeffrey Stec (11/12/24) | Highlighted portions at Pg. i, 4-7, 12-18, 20, 25-28, 30, 35-38, 40, 42-56 | Sancheti Decl. |
| 30† | Exhibit 7 Supplemental Analysis of Network Usage Data of Dr. Kevin Jeffay (1/15/25) | Highlighted portions at Pg. 7-11, 15, 21-23, 26-27 | Do Decl. (7-11); Sancheti Decl. (Pg. 15); Klausecker Decl. (Pg. 21-22, 26-17); Baillie Decl. (Pg. 22-23); |
| 31† | Exhibit 8 Supplemental Expert Report of Dr. Jeffrey Stec (10/21/24) | Highlighted portions at Pg. i, 4, 9-14, 16, 21-24, 26-27, 29, 31-49 | Sancheti Decl. |
| 32† | Exhibit 10 Excerpts from deposition of Christopher Thompson (1/6/25) | Highlighted portions at Pg. 264:1-6; 269:5-9; 440:24-25 | Baillie Decl. |

| | | | |
|---|---|---|---|
| 23† | Exhibit 11 Expert Report of Dr. Kevin Jeffay (3/10/25) | Highlighted portions at Pg. 21-27, 34-38, 40, 42-45, 54-57, 61-65, 68, 70-71 | Benko Decl. (Pg. 21-27); Baillie Decl. (Pg. 34-38, 40, 61-65); Klausecker Decl. (Pg. 42-44); Sancheti Decl. (Pg. 45, 54-57, 70-71); Do Decl. (Pg. 68) |
| 25† | Exhibit 13 Supplemental Analysis of Network Usage Data of Dr. Kevin Jeffay (3/10/25) (Updated version of exhibit 7) | Highlighted portions at Pg. 8, 19, 21-22 | Baillie Decl. (Pg. 8); Klausecker Decl. (Pg. 19, 21-22) |
| 33* | Exhibit 14 GOOG-CSUPO-00023499 | Fully Under Seal | Klausecker Decl. |
| 34 | Exhibit 16 Updated Scripts and Data of Christopher Thompson (12/22/24) | Fully Under Seal | Sancheti Decl. |
| 35* | Exhibit 17 *Csupo* - Declaration of Borbala Benko ISO Google's Opp. to Second Class Cert (2/4/25) | Highlighted portions at Pg. 3-6 | Benko Decl. |
| 26† | Exhibit 18 Expert Report of Dr. Sandeep Chatterjee (1/15/25) | Highlighted portions at Pg. 43 | Gustafson Decl. |
| 3† | Exhibit 20 Expert Report of Dr. Christopher Jules White (11/12/24) | Highlighted portions at Pg. Pg. 10, 11, 14-25, 30, 33, 42, 56-62, 64-71, 73-84, 86-88 | Sancheti Decl. (Pg. 10-11, 14-20); Baillie (Pg. 21); Klausecker (Pg. 22-25, 56-62, 64-70); Stacy Decl. (Pg. 33, 74-84, 86-88); Benko Decl. (Pg. 73-74) |
| 36† | Exhibit 21 Excerpts from deposition of Noha Elarief (12/11/24) | Highlighted portions at Pg. 101:1-6 | Sancheti Decl. |
| **Declaration of Marc A. Wallenstein ISO Motion to Exclude Expert Testimony (3/11/25)** | | | |
| 37† | Exhibit B Expert Report of Dr. Kevin Jeffay (1/15/25) | Highlighted portions at Pg. 20-26, 33-37, 39, 41-44, 53-56, 60-64, 67, 69-70 | Benko Decl. (Pg. 20-26; Baillie Decl. (Pg. 33-37, 39, 60-64); Klausecker Decl. (Pg. 41-43); Sancheti Decl. (Pg. 44, 53-56, 69-70); Do Decl. (Pg. 67) |
| **Declaration of Chad E. Bell ISO Opp. to Motion to Exclude re Damages (5/7/25)** | | | |
| 2† | Exhibit 2 Expert Report of Dr. Jeffrey Stec (11/12/24) | Highlighted portions at Pg. i, 4-7, 12-18, 20, 25-28, 30, 35-38, 40, 42-56 | Sancheti Decl. |

| | | | | |
|---|---|---|---|---|
| 38* | Exhibit 10 GOOG-CSUPO-00024114 | Fully Under Seal | Sancheti Decl. |
| 39* | Exhibit 11 GOOG-CSUPO-00027624 | Fully Under Seal | Sancheti Decl. |
| 40* | Exhibit 17 GOOG-CSUPO-00017089 | Fully Under Seal | Sancheti Decl. |
| 41* | Exhibit 18 GOOG-CSUPO-00039167 | Fully Under Seal | Sancheti Decl. |
| **Plaintiffs' Opposition to Motion to Exclude re Technical Analyses (5/7/25)** | | | |
| 42† | Memorandum of Points and Authorities iso Plaintiffs' Opposition to Motion to Exclude re Technical Analyses | Highlighted portions at Pg. 9-10, 21-24 | Sancheti Decl. |
| **Declaration of Karma Guilianelli ISO Plaintiffs' Opposition to Motion to Exclude re Technical Analyses (5/7/25)** | | | |
| 2† | Exhibit 1 Expert Report of Dr. Jeffrey Stec (11/12/24) | Highlighted portions at Pg. i, 4-7, 12-18, 20, 25-28, 30, 35-38, 40, 42-56 | Sancheti Decl. |
| 43† | Exhibit 2 GOOG-CSUPO-00010605 | Fully Under Seal | Sancheti Decl. |
| 34† | Exhibit 4 Updated Scripts and Data of Christopher Thompson (12/22/24) | Fully Under Seal | Sancheti Decl. |
| 44† | Exhibit 6 Excerpts from deposition of Christopher Thompson | Highlighted portions at Pg. 354:17-18; 356:6-20; 450:12-14; 456:14-457:3; 461:6-9; 461:17-20 | Sancheti Decl. |
| 45† | Exhibit 9 Updated Calculations of Dr. Jeffrey Stec (1/20/25) | Fully Under Seal | Sancheti Decl. |
| 46† | Exhibit 11 Expert Report of Christopher Thompson (10/16/24) | Highlighted portions at Pg. 7-8, 10-35, 37-52, 56 | Baillie Decl. (Pg. 7-8, 16-31); Do Decl. (Pg. 10-15); Sancheti Decl. (Pg. 32-35, 56); Gustafson Decl. (Pg. 37-39, 43-47); Benko Decl. (Pg. 39-42); Klausecker (Pg. 48-52); Sancheti Decl. (Pg. 88-90, 92-93) |
| 47* | Exhibit 12 GOOG-CSUPO-00010453 | Fully Under Seal | Klausecker Decl. |
| 48* | Exhibit 13 GOOG-CSUPO-00010448 | Fully Under Seal | Klausecker Decl. |
| 49† | Exhibit 15 Data Appendix of Dr. Douglas Schmidt (1/19/23) | Fully Under Seal | Sancheti Decl. |

| | | | | |
|---|---|---|---|---|
| 50* | Exhibit 17 GOOG-CSUPO-00023499 | Fully Under Seal | Klausecker Decl. |
| 51* | Exhibit 18 GOOG-CSUPO-00008092 | Fully Under Seal | Baillie Decl. |
| 52† | Exhibit 19 Supplemental Expert Report of Dr. Kevin Jeffay (2/19/2025) | Highlighted portions at Pg. 8, 19, 21-22 | Baillie Decl. (Pg. 8); Klausecker Decl. (Pg. 19, 21-22) |
| 53* | Exhibit 20 GOOG-CSUPO-00008277 | Fully Under Seal | Do Decl. |
| 54* | Exhibit 24 GOOG-CSUPO-00013065 | Fully Under Seal | Sancheti Decl. |
| 55* | Exhibit 25 GOOG-CSUPO-00049286 | Fully Under Seal | Gustafson Decl. |
| 56* | Exhibit 26 GOOG-CSUPO-00026635 | Fully Under Seal | Gustafson Decl. |
| 57* | Exhibit 27 GOOG-CSUPO-00043524 | Fully Under Seal | Gustafson Decl. |
| 58* | Exhibit 28 GOOG-CSUPO-00026725 | Fully Under Seal | Baillie Decl. |
| 59† | Exhibit 29 GOOG-CSUPO-00024861 | Fully Under Seal | Baillie Decl. |
| 60† | Exhibit 30 GOOG-CSUPO-00049352 | Fully Under Seal | Gustafson Decl. |
| 61* | Exhibit 31 GOOG-CSUPO-00030368 | Fully Under Seal | Sancheti Decl. |
| 62† | Exhibit 32 GOOG-CSUPO-00024815 | Fully Under Seal | Klausecker Decl. |
| 63† | Exhibit 33 Expert Report of Dr. Kevin Jeffay (2/19/2025) | Highlighted portions at Pg. 20-26, 33-37, 39, 41-44, 53-56, 60-64, 67, 69-70 | Benko Decl. (Pg. 20-26; Baillie Decl. (Pg. 33-37, 39, 60-64); Klausecker Decl. (Pg. 41-43); Sancheti Decl. (Pg. 44, 53-56, 69-70); Do Decl. (Pg. 67) |
| 64† | Exhibit 35 GOOG-CSUPO-00029286 | Fully Under Seal | Sancheti Decl. |
| 65† | Exhibit 36 Excerpts from deposition of Noha Elarief (12/11/24) | Highlighted portions at Pg. 101:1-4 | Sancheti Decl. |

**B.  Google Has Narrowly Tailored Its Proposed Redactions in Accordance with Local Rule 79-5.**

The information Google proposes to seal is narrowly tailored to the information identified above. Google has sought to strike a reasonable balance between protecting its (and worldwide

Android users') interests in maintaining the confidentiality of its proprietary and sensitive business information while preserving the public's right to access judicial records. This is reflected in the materials noted above which Google is not proposing to seal. In other instances, Google has carefully proposed limited redactions of documents to avoid sealing non-sensitive information from the public record. This approach is consistent with Local Rule 79-5, which commands parties to "minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Google has considered in selecting the documents it would use to support its briefs to use documents that do not require sealing as a "reasonable alternativ[e] to filing documents under seal." *Id.* Given Google's narrowly tailored approach, no less restrictive means exist to protect Google's compelling interest in protecting this information. Google seeks to seal its highly confidential and proprietary information only, and nothing more.

### IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its Motion to Seal as to the specific information identified above.

Dated:   August 13, 2025                                COOLEY LLP

                                                        By: */s/ Whitty Somvichian*
                                                            Whitty Somvichian

                                                        Attorneys for Defendant
                                                        GOOGLE LLC