ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:   (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:   (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:   (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor, Mick Cleary, and Jennifer Nelson*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**PLAINTIFFS' NOTICE OF MOTION FOR STAY, MOTION FOR STAY, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   October 7, 2025<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on October 7, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before Magistrate Judge Virginia K. DeMarchi, Plaintiffs will, and hereby do, move for an order staying this matter until such time as appeals in the *Csupo v. Google LLC*, No. 19CV352557 (Cal. Super. Ct., Santa Clara Cnty.) (Adams, J.) matter are exhausted.

This Motion is based on (i) Plaintiffs' Notice of Motion and Motion for Stay, (ii) the accompanying Memorandum of Points and Authorities, (iii) the Declaration of Chad E. Bell in Support of Plaintiffs' Motion for Stay and the exhibits thereto, and (iv) all other materials or arguments as may be submitted.

## SUMMARY OF RELIEF SOUGHT

Plaintiffs hereby move for an order staying proceedings in this case pending Google's appeal of the jury verdict in *Csupo v. Google LLC*, No. 19CV352557 (Cal. Super. Ct., Santa Clara Cnty.) (Adams, J.) ("*Csupo*").

## ISSUE TO BE DECIDED

Whether a limited stay of proceedings in this action is warranted under the standard set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936), because awaiting resolution of Google's appeal of the jury verdict in *Csupo* will: (1) avoid duplicative litigation; (2) promote judicial economy; (3) simplify issues, proof, and questions of law; and (4) avoid inconsistent outcomes.

## INTRODUCTION

A court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). In particular, the "orderly course of justice weighs in favor of a stay" when "state [court] proceedings will likely simplify many of the issues before" a federal court "due to the overlapping nature of the claims." *Sanchez v. Green Messengers, Inc.*, 666 F. Supp. 3d 1047, 1054 (N.D. Cal. 2023).

A stay is warranted on such grounds here. In the present case, the Court sits in diversity to determine a conversion claim against Google on behalf of a putative class of U.S. users of Android phones outside California. This same conversion claim was recently resolved in *Csupo*, where a jury in the Superior Court of Santa Clara Country returned a verdict in favor of a class of California Android users and awarded them $314,626,932 in damages from Google. This case and *Csupo* involve identical alleged misconduct, the identical defendant, the identical legal claim, identical legal issues, identical facts, identical evidence, identical experts, and identical witnesses.

Staying this litigation for resolution of the appeal in *Csupo* will afford the California Court of Appeal (and California Supreme Court, if necessary) the opportunity to determine issues of controlling California law applicable to the conversion claim in both cases. It may result in issue preclusion on some or all of the factual disputes in this case. And regardless of how those proceedings are resolved, this Court will then have the benefit of controlling determinations of any pivotal legal questions that would likely have a material impact on class certification, *Daubert* motions, summary judgment, and the relevant evidence and jury instructions at trial. A stay of this case for the *Csupo* appeal will at least narrow—if not conclusively resolve—many or all of the issues in dispute in this case, and result in efficiency for both the parties and this Court.

## FACTUAL BACKGROUND

The *Csupo* case on behalf of California Android smartphone users was filed on August 9, 2019 in the Superior Court of Santa Clara County. (Ex. 1.)[1] This case on behalf of non-Californian U.S. Android smartphone users was subsequently filed on November 12, 2020. (ECF 1.) Both cases pursue the same claim of conversion under California law, contending that Google's GMS Core software on Android smartphones triggers uploads and downloads (the "Challenged Transfers") that consume the cellular data of Android users without their permission. Both cases also seek damages for their respective putative classes based on the fair market value of the total amount of cellular data that Google converted by virtue of the Challenged Transfers. By agreement of the parties, discovery was coordinated between the *Csupo* case and this case. (ECF 105, 106.) As a result, the records in the two cases are substantially identical. The parties have also used the same experts, and generally rely on the same expert reports, in both cases.

In this case, the Court granted Google's initial motion to dismiss without prejudice on October 1, 2021 (ECF 51) and granted Google's motion to dismiss Plaintiffs' First Amended Complaint with prejudice on September 30, 2022 (ECF 74). An appeal to the Ninth Circuit Court of Appeals ensued, in which the Ninth Circuit reversed the dismissal of Plaintiffs' conversion claims on February 28, 2024, with its mandate effective April 22, 2024. (ECF 76, 83.) The parties

---

[1] All "Ex." citations are to exhibits to the Declaration of Chad E. Bell in Support of Plaintiffs' Motion for Stay, filed concurrently with this motion.

1    have since briefed class certification (ECF 175-6, 194-1, 212-5) and *Daubert* motions (ECF 171,
2    172, 193-03, 195-23, 208, 209; ECF 175-3, 190, 212-3). Summary judgment motion briefing is
3    currently scheduled to be concluded by November 21, 2025, with a summary judgment hearing on
4    December 16, 2025, and trial is scheduled to commence in this action on April 1, 2026. (ECF 164,
5    207.)

6    The case in *Csupo* advanced more quickly. In *Csupo*, the court denied Google's demurrer
7    on August 21, 2020 (Ex. 2); a class of California Android users was certified on October 26, 2023
8    (Ex. 3); Google's motion for summary judgment was denied on May 2, 2025 (Ex. 4);
9    decertification of the class was denied and the class was certified covering additional Challenged
10   Transfers on May 12, 2025 (Ex. 5); and the parties' respective motions to exclude experts were
11   denied on May 27, 2025 (Ex. 6). A nearly month-long jury trial commenced on June 2, 2025 before
12   Hon. Charles F. Adams. On July 1, 2025, the jury returned a verdict in plaintiffs' favor on
13   conversion claims against Google, awarding a class of California Android users $314,626,932 in
14   damages, representing plaintiffs' full damages claim using the industry average price as
15   determined by their industry expert, Dr. Roger Entner. (Ex. 7.)

16   On August 7, 2025, Google filed a Motion for Judgment Notwithstanding the Verdict or a
17   New Trial, which is being briefed by the parties and is scheduled to be heard by Judge Adams on
18   October 2, 2025. (Ex. 8.) In its motion, Google argues that the jury's verdict should be overturned
19   and/or a new trial ordered because plaintiffs failed to prove the necessary elements of conversion
20   under California law—specifically a property interest, harm, substantial interference, lack of
21   consent, and damages—on a classwide basis. (*Id*. at 3–12.) The *Csupo* plaintiffs filed their
22   opposition to Google's Motion on August 27, 2025. (Ex. 9.) Should Google's post-trial motions
23   be denied, Google has both privately and publicly announced its intent to appeal the case to the
24   California Court of Appeal, and potentially to the California Supreme Court.

25                                **LEGAL STANDARD**
26   A district court has discretionary power to stay proceedings in its own court under *Landis*,
27   299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the
28   fairest course for the parties to enter a stay of an action before it, pending resolution of independent

proceedings which bear upon the case." *Levya*, 593 F.2d at 863–64. In considering whether to stay proceedings under *Landis*, Ninth Circuit courts review competing interests, including: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

## ARGUMENT

The *Csupo* appeal will conclusively resolve important questions of California law regarding conversion that will control here. This case and *Csupo* turn on numerous identical questions, including: (1) whether cellular data is property capable of conversion; (2) whether users consented to the Challenged Transfers; (3) whether Google's Challenged Transfers substantially interfered with Android users' property interest in their cellular data; (4) whether Android users were harmed by Google's conversion of cellular data via the Challenged Transfers; and (5) how the fair market value of cellular data may be determined for purposes of calculating conversion damages.

In *Csupo*, the court (at demurrer, class certification, and summary judgment) and jury (via its verdict) found in favor of plaintiffs on all of these issues—holdings that Google is now challenging through their post-trial motions and has indicated it will appeal further should those post-trial motions fail. This Court is on the cusp of venturing into these same issues. Because California courts determining these issues of California law in *Csupo* will provide controlling guidance to this Court and promote judicial efficiency, without causing damage or inequity to the parties in this case, a stay under *Landis* is warranted.

### I. The Outcome of the *Csupo* Case Will Substantially Streamline this Case

The resolution of the *Csupo* appeal will substantially simplify this case by conclusively resolving numerous common questions at the heart of this matter. This Court must consider "the

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at 268). This factor specifically focuses on neither the moving nor the opposing party, and instead counsels in favor of a stay where a state court proceeding provides "a means of developing comprehensive evidence bearing upon . . . questions which are likely to arise in the district court case." *Id.* (quoting *CMAX*, 300 F.2d at 269). Indeed, a district court may stay a case "pending resolution of independent proceedings which bear upon the case," even where the issues in the independent proceeding are not "necessarily controlling of the action before the [district] court." *Leyva*, 593 F.2d at 863–64.

The Ninth Circuit has repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings. *See, e.g.*, *Lockyer*, 398 F.3d at 1110–12 (discussing cases upholding stays). For example, in *CMAX*, a mandamus proceeding challenging a stay order, the Ninth Circuit upheld a stay pending resolution of related administrative proceedings because "at the very least, the [administrative] proceeding [would] provide a means of developing comprehensive evidence bearing upon . . . questions which [were] likely to arise in the district court case." 300 F.2d at 269. And in *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983), the Ninth Circuit sustained a district court's stay of an entire federal action pending resolution of arbitration proceedings, even though only some of the plaintiff's claims were subject to arbitration, because both the federal action and arbitration involved identical questions.

Here, the outcome of the *Csupo* post-trial briefing and/or appeal will directly inform this Court on questions which will bear not only on Plaintiffs' pending class certification motion and Google's pending *Daubert* motions, but also on upcoming summary judgment briefing and potential motions *in limine* before trial. For instance, in its opposition to class certification (ECF 194-1), Google has argued that Plaintiffs: (1) cannot disprove consent classwide (at 7–13); (2) cannot prove the interference and harm elements classwide (at 13–17); and (3) cannot prove the fair market value of the cellular data converted in order to calculate damages on a classwide basis (at 22–24). But the *Csupo* verdict directly refutes these arguments, as the jury's special verdict

found by a preponderance of the evidence that plaintiffs in that case—involving the same claims and same evidence against the same defendant—established each and every one of those elements on a classwide basis. (Ex. 7.) And all of these arguments have been raised in Google's post-trial motion in *Csupo* and will be resolved there and/or in the upcoming *Csupo* appeal. Allowing California courts to resolve these issues on a full trial record first will conserve this Court's judicial resources.

A stay would not only conserve judicial resources and promote efficiency, it would also respect important principles of comity and federalism. Regardless of the outcome of Google's post-trial motion and any subsequent appeals, these issues will be resolved by California courts applying California law. That law not only will "bear upon" this case, *Leyva*, 593 F.2d at 863, but will conclusively bind this Court sitting in diversity. *Yamashita v. LG Chem, Ltd.*, 48 F.4th 993, 997 (9th Cir. 2022), *certified question answered*, 152 Haw. 19, 518 P.3d 1169 (2022), *opinion after certified question answered*, 62 F.4th 496 (9th Cir. 2023). Because state courts exercise the "sovereign power of a state," "only state courts may issue authoritative interpretations of state law." *Id.* at 1002. Regardless of whether the *Csupo* verdict is upheld or reversed, once it reaches finality this Court will have the benefit of the California state court's pronouncements on the same issues it currently faces and/or will face in the future in this very litigation. The "spirit of comity and federalism" thus counsels for allowing the California state courts to answer these state-law questions in the first instance. *Id.* at 1003 (citation omitted). And the efficiency to be gained from a stay in this case in terms of narrowing of disputed issues is not merely possible, but almost certain.

Affirmance of the *Csupo* verdict will result in issue preclusion as to many, if not all, issues in this case. Ninth Circuit courts determine whether a state decision is preclusive by applying that state's preclusion principles. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014). In California, issue preclusion applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015). Here, those issue preclusion standards are clearly met.

Google was a party to the *Csupo* case, the *Csupo* case involved the identical claim and identical issues litigated and necessarily decided to those present here, and Google vigorously defended itself in *Csupo* through (and now beyond) trial. A limited stay to allow the *Csupo* post-trial and appeal process to play out and the case to reach finality, whatever the outcome, would avoid inconsistent rulings and promote judicial efficiency through such preclusive effects.

Under similar circumstances, this Court has stayed proceedings under *Landis* and found the third *Landis* element was met. In *Ramachandran v. City of Los Altos*, No. 18-cv-1223, 2022 WL 2479652 (N.D. Cal. July 6, 2022) (DeMarchi, J.), this Court stayed proceedings in a § 1983 case alleging retaliation in violation of the First Amendment against city officials, where a related state court proceeding by the plaintiff was challenging the city's imposition of municipal code violations against him. In granting the defendants' request for a stay pursuant to *Landis*, this Court held that where a "state court matter has substantially progressed towards completion," and "[a]t the very least, resolution of the state court proceeding will inform the Court's determination of the parties' dispute," the third *Landis* factor "favors granting the requested stay." *Id.* at *4–5. And while this Court held that it "need not resolve at this time whether or to what extent resolution of the state court proceeding will have a preclusive effect on matters that will be tried to the jury in this action," it did recognize that a stay to allow the state court proceeding to reach finality "will undoubtedly simplify the presentation of evidence in this case." *Id.* at *5. Given that *Csupo* has already reached a jury verdict and is in the post-trial motion and appeal phase, the case for granting a stay is even stronger here than it was in *Ramachandran*, where the state court proceeding had not advanced as far procedurally. *Id.* at *2 (finding that Mr. Ramachandran had been "allowed to amend his pleadings" in the state court proceeding "and that case remains pending").

II.  **Neither Side Will Be Harmed by a Stay**

"The first *Landis* factor requires a court to consider the possible damage which may result from granting the requested stay." *Ramachandran*, 2022 WL 2479652, at *3. Here, no conceivable harm can come from a stay.

A stay will prevent potential future motions for reconsideration, or appellate reversal, regarding the currently pending motions. Although the parties' briefing on class certification and

9

PLAINTIFFS' MOTION FOR STAY (CASE NO. 5:20-CV-07956)

1  *Daubert* motions are already completed, there are numerous overlapping issues in *Csupo* that may result in motions for reconsideration of this Court's rulings, or even argument on appeal for reversal based on guidance from the California Court of Appeal. It is a better use of judicial resources to await final resolution of *Csupo*, rather than to invite potential motions for reconsideration and/or appellate review in the event of inconsistent rulings or rulings that are contrary to issues of controlling California law.

A stay will also prevent inconsistent rulings on summary judgment or motions *in limine*. Briefing on summary judgment has not yet begun in this case, and trial is not currently scheduled to commence until April 1, 2026. The final resolution of *Csupo* will inform this Court's summary judgment and evidentiary rulings, and prevent rulings inconsistent with the binding guidance of the California Court of Appeal.

Google, as the defendant, will benefit from a stay. Google cannot be subject to any adverse judgment, monetary damages, or injunctive relief from this Court—much less inconsistent rulings between this Court and the *Csupo* court on any of these issues—so long as a stay is in place. From a resource standpoint, a stay is also beneficial to Google, who will be free to focus their litigation efforts and resources on *Csupo* post-trial and appellate litigation, without concurrent deadlines and obligations in this matter, and without continuing to repeatedly seek extensions of deadlines in this Court.

As for Plaintiffs and the putative class, Plaintiffs likewise see a stay as ensuring a clear and consistent answer to issues common to both this case and the *Csupo* case. A stay of this action to reach finality in the *Csupo* case could allow both sides to avoid the costs of trial, which based on the month-long *Csupo* trial are likely to be considerable. At minimum, resolution of *Csupo* may increase the likelihood of a successful settlement or alternative dispute resolution of the case on the parties' own initiative or on the Court's initiative pursuant to Local Rule 16-8.

### III. The Parties Will Be Harmed by Requiring the Case to Proceed

"The second *Landis* factor requires a court to consider the hardship or inequity a party may suffer if a stay is not granted and the party is required to proceed." *Ramachandran*, 2022 WL 2479652, at *4. Under *Landis*, Plaintiffs need not show clear hardship or inequity should the stay

be denied unless there is a fair possibility that the stay would harm someone else. *Sabbag v. Cinnamon*, No. 10-cv-2735, 2010 WL 8470477, at *8 (N.D. Cal. Dec. 10, 2010) (quoting *Landis*, 299 U.S. at 255).

As noted above, both parties will suffer harm if this case is not stayed, as both parties will be required to relitigate issues already decided in the *Csupo* case again here at great expense, while the appellate process simultaneously proceeds in *Csupo*. There is no reason to force the parties to incur substantial cost to litigate numerous issues in this case, or for the Court to expend judicial resources to decide them, when the same issues will be necessarily resolved in *Csupo*. This is especially acute for Plaintiffs, who do not have the virtually unlimited resources that Google has at its disposal. A jury has already found that Google is liable and awarded fair market value damages at Dr. Entner's industry-average value in the amount of $314,626,932 for California Android users in *Csupo*. This nationwide Plaintiff class of Android users outside of California should not have to prove anew and once again the same claim, the same fair market value of damages, with the same core facts, evidence, and witnesses, against the same defendant in a second proceeding. While this factor is of less importance than the others under *Landis*, it further militates in favor of a stay. *See Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-3445, 2020 WL 6873645, at *3 (N.D. Cal. Oct. 13, 2020) (where party makes out a fair possibility of harm if forced to litigate, and no evidence adduced that the other party will be harmed by a stay, continued litigation is a harm that favors granting stay); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-cv-923, 2016 WL 4440245, at *2 (N.D. Cal. Aug. 23, 2016) (holding that both parties being forced to devote resources to the present action if a stay were denied weighed in favor of granting a stay).

## IV. The Stay Is Reasonable in Terms of Time Span

Plaintiffs anticipate a speedy resolution of the post-trial motions and appeal in *Csupo*. Google's Motion for Judgment Notwithstanding the Verdict or New Trial is already briefed and it is scheduled to be heard on October 2, 2025, with a ruling to be issued by October 8, 2025 when the Court will otherwise lose jurisdiction to grant the motions and they will be automatically deemed to be denied. *See* Cal. Code Civ. P. § 660. (*See also* Ex. 10.) As soon as the post-trial motions are resolved, the parties expect Google to commence its appeal.

1 | Plaintiffs further propose that the parties file periodic Joint Status Reports every quarter to
2 | update the Court on the status of the *Csupo* litigation so the Court may be satisfied that the stay is
3 | in place no longer than necessary or appropriate. *See Ramachandran,* 2022 WL 2479652, at *5
4 | (requiring similar status reports).

## CONCLUSION

Plaintiffs respectfully submit that this Court should exercise its discretion under *Landis* to stay this case pending resolution of the post-trial motions and appeal in *Csupo*. This Court should further require periodic Joint Status Reports every quarter following entry of the stay to update the Court on developments in *Csupo*.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 29, 2025 | Respectfully submitted, |

KOREIN TILLERY LLC

*/s/ Chad E. Bell*
Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Chad E. Bell (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:   (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:   (314) 241-3525

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile:   (408) 279-3244

*Attorneys for Plaintiffs Joseph Taylor, Mick Cleary, and Jennifer Nelson*