UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 20-cv-07956-VKD<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION TO STAY AND (2) DENYING PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. Nos. 234, 235 |

Plaintiffs move for an order staying the present action pending the completion of state court appellate proceedings in *Csupo v. Google LLC*, No. 19CV352557 ("*Csupo*"). Google LLC ("Google") opposes the motion. Upon consideration of the moving and responding papers,[1] the Court denies plaintiffs' motion for a stay.[2]

---

[1] At the parties' request, the motion hearing originally set for October 7, 2025 was continued to November 12, 2025 while the parties discussed a potential settlement. After receipt of the parties' November 10, 2025 status report, the Court vacated the hearing. *See* Dkt. Nos. 241-248. The parties' November 17, 2025 report stated that the parties would file a further report on November 21, 2025. Dkt. No. 249. The parties' November 21, 2025 report states that a further status report will be filed by November 26, 2025. Dkt. No. 250. The Court appreciates the parties' continued efforts to resolve this matter and will consider their next status report. However, at this time, the Court is not persuaded that its ruling on plaintiffs' pending motion to stay these proceedings should be deferred any further.

[2] Plaintiffs moved to seal Exhibit Nos. 5, 6 and 9 to the Declaration of Chad E. Bell. Dkt. No. 235. The documents in question are two orders of the Superior Court and a brief filed by the plaintiffs in the *Csupo* matter. Plaintiffs' sealing motion is based on the ground that Google designated the documents (or portions of them) as "Confidential" or "Highly Confidential" under the parties' stipulated protective order (Dkt. No. 107). Google has not filed a response, as required by Civil Local Rule 79-5(f), stating the reasons for sealing the documents in question. Accordingly, plaintiffs' motion to seal is denied. Exhibit Nos. 5, 6, and 9 to Mr. Bell's declaration are hereby unsealed. By **December 2, 2025**, plaintiffs shall file those exhibits on the ECF public docket.

The parties principally dispute the legal standard that applies to plaintiffs' motion to stay. Plaintiffs argue that the Court properly may determine whether a stay is warranted, under its inherent authority to control its docket, as recognized in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Google argues that the Court must apply the more restrictive standard under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

In *Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023), *cert. denied* — U.S. —, 144 S. Ct. 554 (2024), the Ninth Circuit expressly considered whether *Landis* or *Colorado River* provides the proper standard for determining whether a stay is warranted in cases involving parallel federal and state actions. Observing that "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *id.* at 835 (quotations and citation omitted), the Ninth Circuit held that "the *Colorado River* factors control whether a stay can issue in favor of parallel state proceedings," *id.* at 843. In so holding, the Ninth Circuit reaffirmed the principle that "'[a] district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings' in only two circumstances: '(1) when an action seeks only declaratory relief, or (2) when exceptional circumstances exist [under *Colorado River*].'" *Id.* at 842 (quoting *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012)). The Ninth Circuit further noted that "expand[ing] the scope of permissible stays beyond these contexts would 'undermin[e] the *Colorado River* doctrine.'" *Id*.

In the present action, plaintiffs ask the Court to stay this federal litigation in favor of a parallel state court action that involves the same claims, legal issues, and evidence. *See* Dkt. No. 234 at 3, 8. The present action is not one in which plaintiffs seek only declaratory relief. *See* Dkt. No. 60 at ECF 31. Accordingly, under *Ernest Bock*, a stay of this litigation is appropriate only if exceptional circumstances exist under *Colorado River*. Although plaintiffs urge the Court to follow post-*Ernest Bock* decisions in which courts have applied *Landis* in assessing the propriety of a stay, plaintiffs' cited cases are inapposite or not persuasive, as they concern litigation

involving concurrent *federal* proceedings,[3] cases in which the plaintiffs sought only declaratory relief,[4] or matters in which pending state and federal appeals in other proceedings that potentially could impact the litigation were already fully briefed.[5]

Nevertheless, plaintiffs maintain that *Colorado River* does not apply, arguing that the present action and *Csupo* are not parallel proceedings. They contend that "a suit is only truly 'parallel' when it involves the same parties litigating the same claims in another forum." *See* Dkt. No. 240 at ECF 12. While Google is the defendant in both actions, plaintiffs note that there is no overlap between the *Csupo* class of California residents and the *Taylor* putative class of non-California residents. *See id*. However, "exact parallelism . . . is not required." *Ernest Bock*, 76 F.4th at 841 n.20 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). "The issues and parties in parallel state proceedings need not be identical so long as they are 'substantially similar.'" *Id*.; *see also Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145, 1153 (9th Cir. 2025) (same).

Plaintiffs' arguments are inconsistent with the Supreme Court's direction that the *Colorado River* factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). The plaintiffs in the present action and the plaintiffs in *Csupo* are members of nearly identically defined classes. *See* Dkt. No. 60 ¶¶ 84, 85; Dkt. No. 234-2 ¶¶ 49, 50. The sole difference between the two classes is the geographic location of the putative class members' residences (*see* Dkt. No. 240 at ECF 12), which is immaterial to any issue in this case. *See Cottrell v. Duke*, 737 F.3d 1238, 1242 (8th Cir. 2013) (*Colorado River* applied in case involving different sets of plaintiffs, where "Wal-Mart is the true plaintiff in interest in both proceedings."); *see also Rajabian*, 154

---

[3] *See In re PG&E Secs. Litig.*, 100 F.4th 1076 (9th Cir. 2024).

[4] *See Travelers Prop. Cas. Co. of Am. v. Lineage Logistics, LLC*, No. 2:24-cv-00835-MEMF, 2024 WL 5220880 (C.D. Cal. Dec. 23, 2024); *Ohio Cas. Ins. Co. v. California-Pacific Annual Conference of the United Methodist Church*, No. 2:23-cv-02850-SB-MAR, 2023 WL 9004987 (C.D. Cal. Nov. 17, 2023).

[5] *See Blain v. Liberty Mut. Fire Ins. Co*., No. 22-cv-00970-AJB-MMP, 2025 WL 886966 (S.D. Cal. Mar. 21, 2025).

F.4th at 1149, 1152-53 (*Colorado River* stay permissible in case where parties were overlapping, but not identical). Plaintiffs' cited cases do not compel a contrary conclusion. *See Ambrosia Coal and Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1329-30 (11th Cir. 2004) (rejecting argument that *Colorado River* applies only when parties, issues, and requested relief are "identical," as contrary to "the Supreme Court's clear efforts to fashion a flexible and holistic test for applying the *Colorado River* abstention principle."); *Nakash*, 882 F.2d at 1416-17 (cases "substantially similar" where actions concerned same relevant conduct and involved same parties, albeit in different litigating positions). *Cf. Nat'l Pub. Radio, Inc. v. U.S. Central Command*, 570 F. Supp. 3d 866, 870 (S.D. Cal. 2021) (parties not substantially similar in view of different FOIA components for Department of Defense, where "FOIA's language makes clear that the distinction between the receiving components is important.").

In any event, plaintiffs' arguments regarding the parallelism requirement concerns the propriety of a *Colorado River* stay, and not whether *Colorado River* or *Landis* applies in the first instance. *See Ernest Bock*, 76 F.4th at 838 ("Parallelism is a threshold requirement for a *Colorado River* stay."). Having determined that *Colorado River* provides the proper standard for analysis, the Court denies plaintiffs' motion for a stay. Plaintiffs have not argued the proper standard for a stay, much less established that a *Colorado River* stay is warranted.

Even if plaintiffs were correct that the Court could consider a docket-management stay under the *Landis* standard here, plaintiff have not shown that a stay is appropriate under *Landis*. In deciding whether to stay a case pursuant to their inherent docket-management authority, courts weigh three non-exclusive factors: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock*, 76 F.4th at 842 (cleaned up; citation omitted). The Court agrees that there is some prejudice to Google in prolonging the resolution of the present action. *See* Dkt. No. 238 at 20-22. Having chosen to pursue this litigation in this Court on behalf of a putative class of non-California Android users in parallel with their state court litigation in *Csupo*, plaintiffs have not demonstrated that they will suffer hardship or inequity if this action

proceeds accordingly. While plaintiffs maintain that a stay will avoid duplicate litigation, the Court is not persuaded that a stay would accomplish that result. For example, plaintiffs have not adequately explained how or why this Court would be bound by a state court's evidentiary or class certification rulings. Further, with respect to the legal issue of whether plaintiffs have a viable claim for conversion under state law, the Ninth Circuit has already resolved at least some aspects of that legal question. *See Taylor v. Google, LLC*, No. 22-16654, 2024 WL 837044 (9th Cir. Feb. 28, 2024). Finally, as plaintiffs observe, the parties have already coordinated discovery between this action and the *Csupo* action, and as Google notes, motions regarding class certification and *Daubert* challenges have already been briefed and argued. *See* Dkt. No. 234 at 4; Dkt. No. 238 at 23-24. Thus, as much of the parties' work has already been done, it is not clear that staying the present action now will simplify the proceedings that remain.

On balance, plaintiffs have not shown that a stay of this litigation in favor of the state court action would be warranted even if the Court applied the *Landis* factors.

Based on the foregoing, the Court denies. plaintiffs' motion to stay this litigation pending the completion of state court proceeding in *Csupo*.

**IT IS SO ORDERED.**

Dated: November 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge

5