# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARLY, and JENNIFER NELSON, individually and on behalf of all others similarly situated, | Case No. 5:20-CV-07956-VKD |
| Plaintiffs, | Judge: Hon. Virginia K. DeMarchi |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

## OFFICIAL COURT NOTICE OF SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY

### IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS AS A CLASS MEMBER.

**If You Used an Android Mobile Device to Access the Internet Through a Cellular Network at Any Time from November 12, 2017 to the Present, and Are Not a Class member in the case *Csupo v. Google LLC*, You Could Get Money from a $135 Million Settlement.**

*The United States District Court for the Northern District of California authorized this Notice.*
*This is not a solicitation from a lawyer.*

- There has been a Settlement in a class action lawsuit called *Taylor v. Google LLC*, Case No. 5:20-cv-07956-VKD (N.D. Cal.), and you may be a class member. The lawsuit alleges that Google caused Android mobile devices to transfer a variety of information to Google without users' permission, consuming users' cellular data. Google denies that it did anything wrong.

- You are a class member who is part of this settlement if you are: (1) a natural person in the United States who (2) has used a mobile device running the Android operating system with a cellular data plan, (3) at any time from November 12, 2017 to the present, and (4) you are not a class member in *Csupo v. Google LLC*, Santa Clara County Superior Court, No. 19CV352557, which is a similar lawsuit involving residents of California. If this describes you, you may be able to receive money from this Settlement.

- A $135 million Settlement Fund will (1) pay money to eligible Settlement Class Members. It also will pay for (2) notice and administration costs; (3) attorneys' fees, costs, and expenses; (4) service awards to the class representatives, and (5) taxes incurred by the Settlement Fund.

- **Your legal rights are affected even if you do nothing. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SELECT A PAYMENT METHOD:** | If you want to be paid as part of this Settlement, please select your preferred method of payment at [hyperlink]. |
| **EXCLUDE YOURSELF DEADLINE: DATE** | If you do not want to be part of the Settlement, you can exclude yourself. This means you will get no benefits from the Settlement and will not be paid. |
| **OBJECT DEADLINE: DATE** | Write to the Court if you don't like the Settlement. |
| **GO TO A HEARING: DATE/TIME** | Ask to speak in Court about the Settlement. The date and time of the hearing may change, so visit **www.FederalCellularClassAction.com** for updates. |
| **DO NOTHING** | If you do nothing, then you will still be bound by the Court's decisions, and you will give up your right to separately sue Google for the claims in this lawsuit. You will still be issued a payment from the Settlement, but if you do not select a payment method, you may not receive it. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.
- Payments will only be made if the Court approves the Settlement and after appeals, if any, are resolved. This process can take time. Please be patient.

This notice is only a summary. More details are provided in the Settlement Agreement and other case documents, available at **www.FederalCellularClassAction.com.**

# Basic Information

## 1.   Why was this notice issued?

The Court authorized this Notice because you have a right to know about the proposed Settlement, and your rights and options, before the Court decides whether to approve the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. Your legal rights are affected whether you act or not.

Magistrate Judge Virginia K. DeMarchi of the United States District Court for the Northern District of California, San Jose Division, is overseeing this case. This lawsuit is currently known as *Taylor v. Google LLC*, Case No. 5:20-cv-07956-VKD (N.D. Cal.). The people who brought the lawsuit are called the "Plaintiffs." Google is the "Defendant."

## 2.   What is this lawsuit about?

The Plaintiffs allege that Google's Android operating system causes Android mobile devices to transfer a variety of information to Google without users' permission, consuming users' cellular data. Plaintiffs allege that certain transfers occur in the background, without any notice to the user, including when the devices are in a completely idle state, meaning they are not in use or being touched, with all apps closed. Plaintiffs allege that even though Google could make it so that these transfers happen only when the devices are connected to Wi-Fi, Google instead causes these transfers to sometimes take place over a cellular network. Plaintiffs allege that Google's unauthorized use of their cellular data violates the law and requires Google to compensate Plaintiffs for the value of the cellular data that Google used for its own benefit without their permission.

Google denies the claims in this lawsuit and that it did anything wrong. The Court has not made a determination regarding Plaintiffs' allegations.

## 3.   Why is this a class action?

In a class action, one or more people called the "named plaintiffs" or "class representatives" sue on behalf of themselves and other people who have similar claims. Together, all of these people are a "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the class.

In this case, the class representatives are Joseph Taylor, Mick Cleary, and Jennifer Nelson.

## 4.   Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or Google. Instead, both sides have agreed to a Settlement. By agreeing to the Settlement, both sides avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that Google did anything wrong. Settlement Class Counsel believes that the Settlement is best for all Settlement Class Members.

# Who Is in the Settlement?

## 5.   Who is included in the Settlement?

The Settlement Class includes all natural persons in the United States, who have used mobile devices running the Android operating system to access the internet through cellular data networks operated by mobile carriers at any time from November 12, 2017 through the date this settlement receives final approval, excluding persons who are class members in *Csupo v. Google LLC*, Santa Clara County Superior Court, No. 19CV352557, a similar lawsuit involving

residents of California.

## 6.  Who is not included?

The Settlement Class does **not** include:
- Google and Google's subsidiaries and affiliates, officers, and directors;
- The judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family;
- Settlement Class Counsel;
- Anyone that excludes themselves from the Settlement Class (*see* Question 15); and
- Class Members in the lawsuit *Csupo v. Google LLC*, Santa Clara County Superior Court, No. 19CV352557.

## 7.  What if I'm still not sure if I'm included?

If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement, visit the Settlement Website, **www.FederalCellularClassAction.com**, or call the toll-free number, **1-844-655-4255**. You may also send questions to the Settlement Administrator via email at **Info@FederalCellularClassAction.com** or by mail to:

Federal Cellular Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# The Settlement Benefits

## 8.  What does the Settlement provide?

The Settlement has the following key terms:

- Google will pay $135 million.

- Google will be required to update the Google Play Terms of Service, a page in Google's Help Center website, and the setup screens that are shown to Android users during device setup. These updates will disclose the conduct at issue in the Lawsuit to Android users and ask them to consent to it.  Google will also disable a related setting on Android devices.

- The Plaintiffs and Class will release all claims against Google that were asserted or could have been asserted in this Lawsuit, as specified in the Settlement Agreement.

If the Settlement is approved by the Court, the Settlement Fund will be used to pay money to eligible Settlement Class Members (*i.e.,* Settlement Class Members who do not opt out of the Settlement); notice and administration costs; attorneys' fees, costs, and expenses; service awards to the Class Representatives; and any taxes incurred by the Settlement Fund.

The full text of the Settlement Agreement, as well as the proposed updates to the Google Play Terms of Service, Help Center website, and Android setup screens are available on the Lawsuit's website, **www.FederalCellularClassAction.com**.

## 9.  How much will my payment be?

At this time, it is unknown exactly how much each Settlement Class Member will receive, because it depends in part on how many Settlement Class Members are successfully paid.

There are approximately 100 million Settlement Class Members. The Settlement Administrator will try to pay each Settlement Class Member the same amount from the $135 million Settlement Fund, after payment of the notice and

administration costs, taxes, and any Court-approved attorneys' fees, costs, and expenses and service awards.

For more information about how payments will be calculated, please visit **www.FederalCellularClassAction.com**.

### 10. What happens if there are funds remaining after distribution?

If there are any funds remaining after all Settlement payments are sent, and it is economically feasible to do so, the remaining funds will be redistributed to eligible Settlement Class Members who were previously paid successfully on a *pro rata* basis up to a per-Class Member $100 cap. If it is not economically feasible to redistribute them, those funds will be distributed to an organization approved by the Court. No remaining funds will be returned to Google.

### 11. When will I get my payment?

Settlement Class Members who are eligible will receive their payments after the Court grants final approval to the Settlement and any appeals are resolved. If there are appeals, resolving them can take time. Please be patient.

### 12. What am I giving up to stay in the Settlement?

Unless you exclude yourself, you will give up your right to separately sue Google about the claims alleged in this lawsuit. All of the Court's decisions will bind you. The Settlement Agreement describes the specific claims you will give up (or "release"), so read it carefully. The Settlement Agreement is available at **www.FederalCellularClassAction.com**.

## How to Get a Payment

### 13. How can I get a payment?

All Settlement Class Members who do not opt out of this Settlement will receive a payment from the Settlement. In order to ensure that your payment is sent to the correct digital account, please select your preferred method of payment online at **www.FederalCellularClassAction.com**.

If you do not select a payment method, the Settlement Administrator will still attempt to send you your payment automatically, but you run the risk of not receiving a payment from this Settlement if those attempts are unsuccessful.

### 14. What if I have questions about selecting a payment method?

If you have questions about selecting a payment method or need assistance, please contact the Settlement Administrator by email at **Info@FederalCellularClassAction.com** or by mail:

Federal Cellular Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

## Excluding Yourself from the Settlement

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Google on your own about the claims in this lawsuit, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or it is sometimes referred to as "opting out."

## 15. How can I get out of the Settlement?

If you want to exclude yourself from the Class, **you must send a personally signed letter asking to be excluded** to the Settlement Administrator. The letter must be signed by you in ink and may not be signed electronically.

Your personally signed letter requesting exclusion **must** include all of the following: (a) your full name; (b) your current address and telephone number; (c) a clear statement communicating that you want to be excluded from the Settlement, do not wish to be a class member, and choose to be excluded from any judgment entered pursuant to this Settlement; (d) your personal signature; and (e) the case name and number of this action, *Taylor v. Google LLC,* Case No. 5:20-cv-07956-VKD (N.D. Cal.).

**BY MAIL:** Your written exclusion request must be **postmarked no later than DATE**, and sent to:

Federal Cellular Class Action
ATTN: OPT OUTS
P.O. Box 58220
Philadelphia, PA 19102

## 16. If I exclude myself, can I still get a payment?

No. You will not get a payment if you exclude yourself.

## 17. If I don't exclude myself, can I sue Google for the same thing later?

No. If you do not exclude yourself, you give up the right to sue Google for the claims in this Lawsuit.

# The Lawyers Representing You

## 18. Do I have a lawyer in the case?

Yes. The Court has appointed lawyers at the firms **Korein Tillery LLC** and **Bartlit Beck LLP** to represent you and the other Settlement Class Members. These lawyers are called "Settlement Class Counsel." They are:

| | |
|---|---|
| Marc A. Wallenstein<br>**KOREIN TILLERY LLC**<br>205 North Michigan Ave., Suite 1950<br>Chicago, IL 60601 | Glen E. Summers<br>**BARTLIT BECK LLP**<br>1801 Wewatta Street, Suite 1200<br>Denver, CO 80202 |

You will not have to pay anything out of your own pocket for the services of lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19. How will the lawyers be paid?

Settlement Class Counsel have not been paid anything to date for their work on this case over the past six years. Settlement Class Counsel will ask the Court for attorneys' fees up to 29.5% of the Settlement Fund, plus reimbursement of expenses in an amount up to $_____. Settlement Class Counsel will also ask the Court for service awards for each of the Class Representatives for their work on behalf of the Settlement Class. Any attorneys' fees, expenses, and costs, and service awards approved by the Court will be paid out of the Settlement Fund.

## Objecting to the Settlement

| **20.  How can I tell the Court if I do not like the Settlement?** |
| --- |

You can ask the Court to deny approval of the Settlement and / or the request for attorney's fees, costs, expenses, and service awards by filing an objection. You cannot ask the Court to order a different Settlement; the Court can only approve or reject this Settlement. If the Court denies approval, no settlement payments will be sent, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed Settlement must be in writing. You do not need to appear at the Final Approval Hearing in order to object—you can object in writing. If you file a timely written objection, you are allowed to appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

To object, you (or an attorney retained by you at your own expense) must file your objections with the Court by mail or electronically through the Court's ECF system, on or before **DATE**.

Your objections **must** include: (a) your full name; (b) your current address and telephone number; (c) a written statement of your objection(s) and the reasons for each objection; (d) a statement of whether you do or do not intend to appear at the Final Approval Fairness Hearing (with or without counsel); (e) your signature; and (f) the case name and number, *Taylor v. Google LLC,* Case No. 5:20-cv-07956-VKD (N.D. Cal.).

You may submit your objections by mail to the Clerk of Court, or electronically through the Court's ECF system.

**BY MAIL:** You must mail your objection to the following address, **postmarked no later than DATE**.

| **Court** |
| --- |
| Office of the Clerk |
| United States District Court Northern District of California |
| 280 South 1st Street, Room 2112 |
| San Jose, CA 95113 |

**ELECTRONICALLY:** Objections submitted through the Court's ECF filing system must be filed by 11:59 p.m. Pacific Time on **DATE**.

| **21.  If I object to the Settlement, can I still get a payment?** |
| --- |

Yes. Even if you object to, or comment on, the Settlement, you will still be issued a payment from the Settlement, if it is approved.

| **22.  What is the difference between objecting and asking to be excluded?** |
| --- |

Objecting is simply telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be a part of the Settlement. If you exclude yourself, you cannot receive a payment from the Settlement, and you cannot object to the Settlement or appear at the Final Approval Hearing, because the case will no longer affect you.

## The Final Approval Hearing

The Court will hold a hearing (called a Final Approval Hearing) to decide whether to approve the Settlement. You **do not** have to attend the hearing in order to get paid, although you may attend and ask to speak if you wish.

| **23.  When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Approval Hearing on **MONTH DAY**, **2026**, at **TIME**. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check **www.FederalCellularClassAction.com** for updates.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing. The Court may also decide whether to award attorneys' fees, costs, and expenses, and service awards to the Settlement Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## 24. Do I have to come to the hearing?

No, you do not have to come to the hearing, but you are welcome to come if you wish, at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection is mailed on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

## 25. May I speak at the Final Approval Hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you (or your attorney) must send a letter (or file a court document) stating that it is your "Notice of Intention to Appear in *Taylor v. Google LLC,* Case No. 5:20-cv-07956-VKD (N.D. Cal.)". Be sure to include your full name, address, telephone number, and email address. You (and your attorney if you have one) must sign the Notice of Intention to Appear.

Your Notice of Intention to Appear must be **postmarked no later than DATE**, and must be sent to the Court's address listed in Question 20 or submitted through the Court's electronic filing system by 11:59 p.m. Pacific Time on **DATE**.

# If You Do Nothing

## 26. What happens if I do nothing?

If you do nothing, you will be part of this Settlement, and you will be bound by the Settlement Agreement and the Court's decisions. The Settlement Administrator will still attempt to send you your payment even if you do nothing, but you run the risk of not receiving a payment if those attempts are unsuccessful. To ensure you receive a payment from the Settlement, please select a payment method at [hyperlink] (*see* Question 13).

# Getting More Information

## 27. How do I get more information?

This Notice is only a summary of the proposed Settlement. For the precise terms of the Settlement, please see the Settlement Agreement available at **www.FederalCellularClassAction.com**. If you have questions, you also may contact the Settlement Administrator by writing to: Federal Cellular Class Action, 1650 Arch Street, Suite 2210, Philadelphia, PA, 19103, by emailing **Info@FederalCellularClassAction.com,** or by calling the toll-free number **1-844-655-4255** and leaving a message for the Settlement Administrator.

You may also be able to access the Settlement Agreement and other Court documents by (a) accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by (b) visiting the Office of the Clerk, United States District Court, Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

### PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.