ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

## UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**DECLARATION OF JEFFERY A. STEC IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   February 17, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

1

I, Dr. Jeffery A. Stec, declare as follows:

1.    I am a Managing Director of Berkeley Research Group ("BRG") and am the leader of BRG's Intellectual Property Practice and co-leader of its Economics, Disputes, and Investigations  community.  I have worked for the past 25 years as a consulting and testifying expert in areas of antitrust, finance, intellectual property, and survey research.

2.    I received Ph.D. and Master's degrees in Economics from the Ohio State University. I received Bachelor of Arts degrees in Philosophy and Psychology from Cornell University and in Economics with a Math Minor from the University of Illinois-Chicago.

3.    I have served as a consultant to a wide variety of clients on matters involving economic, financial, and statistical analysis and modeling for the purpose of interpreting and projecting data and evaluating the impact of business decisions, transactions, and economic events. I have also served as an expert witness or consultant in a wide range of litigation matters, including patent, copyright, and trademark infringement and trade secret misappropriation litigation. While the issues have varied from case to case, most included an analysis and evaluation of company-specific as well as industry-wide data for the purpose of determining the extent of economic damages.

4.    I have been recognized as an expert and thought leader by various independent organizations. For example, I have been recognized by *Who's Who Legal – Litigation*, *Who's Who Legal – Thought Leader*, *Who's Who Legal – IP*, *IAM Patent 1000*, and *Chambers and Partners, Litigation Support: Economic Analysts*.

5.    I make this declaration in support of Plaintiffs' Motion for Preliminary Approval. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify thereto.

6.    I was retained as an expert in this case by counsel for Plaintiffs. I was asked by counsel for Plaintiffs to assess, among other things, the monetary damages suffered by Plaintiffs from Google's alleged conduct. I provided my expert opinions in a report dated November 12, 2024, and in further supplements to and summaries of that report provided in January 2025.

DECLARATION OF JEFFERY A. STEC IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Case No. 5:20-CV-07956)

7.    In my expert report, I opined that Plaintiffs' damages can be calculated by multiplying the amount of data consumed by Google by the fair market value of cellular data. I performed that calculation using market values provided by Dr. Roger Entner, including the "blended average" value of cellular data.

8.    I testified in the *Csupo v. Google* case in California state court. I presented to the jury a damages figure based on Dr. Entner's "blended average" value of cellular data. I understand that the jury adopted that damages figure and awarded it to the *Csupo* class.

9.    Based on Dr. Entner's "blended average" value of cellular data, and the most current data available to me, the current yearly value of the cellular data Google consumes by its conduct in this case is approximately $299.7 million.

10.    Assuming that the amount of cellular data consumed and the value of cellular data remain constant, an injunction stopping the alleged conversion in this case would be worth approximately $299.7 million per year.

11.    A two-year injunction in this case that stopped the alleged conversion in this case would be worth approximately $599.4 million in total.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2026.

/s/ _____
Dr. Jeffery A. Stec

DECLARATION OF JEFFERY A. STEC IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Case No. 5:20-CV-07956)