# EXHIBIT A

**EFS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO.:<br>NAME: Elizabeth Pipkin (243611)<br>FIRM NAME: McMANIS FAULKNER<br>STREET ADDRESS: 50 W. San Fernando St., 10th Floor<br>CITY: San Jose          STATE: CA  ZIP CODE: 95113<br>TELEPHONE NO.: (408) 279-8700   FAX NO.: (408) 279-3244<br>E-MAIL ADDRESS: epipkin@mcmanislaw.com<br>ATTORNEY FOR *(name)*:  Plaintiffs | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara<br>  STREET ADDRESS: 191 N. First Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: San Jose, CA 95113<br>  BRANCH NAME: Downtown Courthouse | |
| PLAINTIFF/PETITIONER:  Attila Csupo, Andrew Burke, Kerry Hecht<br>DEFENDANT/RESPONDENT: Google LLC<br><br>                OTHER: | CASE NUMBER:<br>19CV352557 |
| | JUDICIAL OFFICER:<br>The Hon. Charles F. Adams |
| **PROPOSED ORDER (COVER SHEET)** | DEPT.:<br>7 |

**NOTE:** This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

1. Name of the party submitting the proposed order:
   Plaintiffs ATTILA CSUPO, ANDREW BURKE, KERRY HECHT

2. Title of the proposed order:
   Stipulated [Proposed] Final Order and Judgment Granting Final Approval of Class Action Settlement, Ordering Injunctive Relief, and Conditionally Vacating Verdict and Judgment on the Verdict

3. The proceeding to which the proposed order relates is:

   a.  Description of proceeding:  Motion for Final Approval of Class Action Settlement

   b.  Date and time: February 24, 2026          1:30 p.m.

   c.  Place: Department 7, Santa Clara County Superior Court

4. The proposed order was served on the other parties in the case.

Elizabeth Pipkin
_____
(TYPE OR PRINT NAME)

▶ /s/ Elizabeth Pipkin
_____
(SIGNATURE OF PARTY OR ATTORNEY)

**Page 1 of 2**

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
EFS-020 [Rev. February 1, 2017]

**PROPOSED ORDER (COVER SHEET)**<br>
**(Electronic Filing)**

Cal. Rules of Court,<br>
rules 2.252, 3.1312<br>
*www.courts.ca.gov*


CEB | Essential Forms
ceb.com

**EFS-020**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Csupo, et al. v. Google LLC | 19CV352557 |

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

    a. My residence or business address is *(specify):*

    b. My electronic service address is *(specify):*

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

    a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*

    b. To *(electronic service address of person served):*

    c. On *(date):*

    ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**



Filed
February 24, 2026
Clerk of the Court
Superior Court of CA
County of Santa Clara
19CV352557
By: afloresca

2/24/2026 4:23:59 PM

WILLIAM W. FAULKNER (83385)
ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
wfaulkner@mcmanislaw.com
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

HAMILTON H. HILL (*pro hac vice*)
BENJAMIN R. MONTAGUE (*pro hac vice*)
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400

*Attorneys for Plaintiffs ATTILA CSUPO,
ANDREW BURKE & KERRY HECHT*

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA
## UNLIMITED JURISDICTION – COMPLEX CIVIL LITIGATION

| | |
|---|---|
| ATTILA CSUPO, ANDREW BURKE & KERRY HECHT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 19CV352557 <br><br> **STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT** <br><br> Dept.: 7 <br> Judge: Hon. Charles F. Adams <br><br> Complaint Filed: August 9, 2019 <br> 4th Am Compl. Filed: February 1, 2022 <br> Trial Date: June 2, 2025 |

1

STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND
CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT
(Case No. 19CV352557)

The matter having come before the Court at a Final Approval Hearing on February 24, 2026, and the Court having considered all the evidence and argument presented at that hearing, the arguments presented and evidence cited in Plaintiffs' Motion for Final Approval and all supporting declarations, all objections received by the Court, and all other evidence and information the Court has reviewed throughout the course of this case, the Court hereby GRANTS final approval of the Parties' Settlement Agreement and Release (the "Settlement Agreement" or "Settlement") and enters this stipulated Final Order and Judgment, pursuant to California Code of Civil Procedure § 664.6 and California Rule of Court 3.769(h).[1]

## I.    Final Approval of Settlement

As the facts and the procedural history of this case are known to the parties, the Court does not repeat them here except as noted below.

This Court "has broad discretion to determine whether the settlement is fair," based on "an amalgam of delicate balancing, gross approximations and rough justice." *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1801 (1996) (citation omitted), *as modified* (Sept. 30, 1996); *see 7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1145 (2000) ("The trial judge is exposed to the litigants, and their strategies, positions and proofs," and "is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly." (citation modified)). The purpose of court approval of a class action settlement is "to prevent fraud, collusion or unfairness to the class." *Dunk*, 48 Cal. App. 4th at 1800 (citation modified). Accordingly, a settlement must be approved if it is "fair, adequate, and reasonable," considering the factors relevant to each case, and giving "[d]ue regard" to "what is otherwise a private consensual agreement between the parties." *Id.* at 1801. A "settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits." *See 7-Eleven Owners*, 85 Cal. App. 4th at 1145 (citation omitted).

---

[1] Capitalized terms used herein have the meaning given in the Settlement Agreement, if not otherwise defined.

**STIPULATED [P̶R̶O̶P̶O̶S̶E̶D̶] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
**(Case No. 19CV352557)**

The factors for evaluating the fairness of a settlement "should be tailored to each case," but may include "a mix of relevant considerations." *7-Eleven Owners*, 85 Cal. App. 4th at 1146 (citing *Dunk*, 48 Cal. App. 4th at 1801-02). A trial court should apply a "presumption of fairness" where "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, 48 Cal. App. 4th at 1802. Other considerations may include "the extent of discovery completed and the stage of the proceedings," "the experience and views of counsel," and "the reaction of the class members to the proposed settlement," "the strength of plaintiffs' case," "the risk, expense, complexity and likely duration of further litigation," "the risk of maintaining class action status" in further stages of litigation, and "the amount offered in settlement." *7-Eleven Owners*, 85 Cal. App. 4th at 1146 (citing *Dunk*, 48 Cal. App. 4th at 1801-02).

Considering each of these factors to the extent relevant and appropriate in this case, the Court finds that the proposed Settlement is fair, reasonable, and adequate.

The Court finds that the Settlement meets the four factors identified in *Dunk*. *7-Eleven Owners*, 85 Cal. App. 4th at 1146 (citing *Dunk*, 48 Cal. App. 4th at 1801-02).

First, the Court finds that the Settlement was the product of arm's-length bargaining. The Parties engaged in protracted negotiations through mediators.

Second, the Court finds that investigation and discovery have been sufficient to allow counsel and the Court to act intelligently. *See 7-Eleven Owners*, 85 Cal. App. 4th at 1152. The Parties settled the case only after more than six years of litigation, extensive discovery, considerable motions practice, a jury trial to verdict, and post-trial motions. The parties and the Court are intimately familiar with the evidence, the strengths and weaknesses of Plaintiffs' case, and the ability of counsel for all the Parties.

Third, the Court finds that Counsel is experienced in similar litigation. *See 7-Eleven Owners*, 85 Cal. App. 4th at 1152. Class Counsel filed their resumes on the record in connection

3

**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
(Case No. 19CV352557)

with their fee application. Class Counsel are highly experienced litigators, including many years of experience with complex cases and class actions in California.

Fourth, the Court finds that the percentage of objectors is small. *See 7-Eleven Owners*, 85 Cal. App. 4th at 1152-53. The Court received no objections to date out of a class of more than 13 million Android users in California.

The Court therefore finds and concludes that the Settlement meets the four factors identified by the Court in *Dunk. See 7-Eleven Owners*, 85 Cal. App. 4th at 1146 (citing *Dunk*, 48 Cal. App. 4th at 1801-02). Under *Dunk*, there is a presumption that the Settlement is fair. *Id.* The Court has considered all the evidence, argument, and objections in this case and finds that none overcome the presumption of fairness.

In addition, the other factors that the Court finds relevant all weigh in favor of the Settlement. *See 7-Eleven Owners*, 85 Cal. App. 4th at 1151-53. The Court finds that Plaintiffs are uncertain to recover monetary or injunctive relief in excess of that secured through the Settlement through continued litigation. In addition, the Court notes that Plaintiffs face a risk of their trial victory being disturbed on appeal, and that with appeals this litigation likely would not be final for years. The Court finds that the amount offered in the Settlement represents a reasonable percentage of Plaintiffs' maximum potential recovery, which fairly reflects the risk of sustaining this litigation through further motions practice in this Court and on appeal. The Court also finds that it is in the Class's best interest to obtain that certain recovery now, rather than to wait years for uncertain potential recovery after appeal. In addition, the Court finds that the injunctive relief included in the Settlement fairly balances the strength of Plaintiffs' claims for injunctive relief and appears to fully redress the alleged misconduct by Google asserted in this litigation.

The Court also approves of the Release specified in, and subject to the terms and conditions of, Section 11 of the Settlement Agreement, and finds that it complies with California law. As required by California law, the release "do[es] not extend to claims that are beyond the scope of the allegations in the complaint." *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 538 (2021). The release extends to those claims "that reasonably relate to or arise from the same

4

**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
(Case No. 19CV352557)

predicate facts alleged" in the complaint. Settlement Agreement § 1.32.[2] This language has been expressly approved by the California Court of Appeal. *Amaro*, 69 Cal. App. 5th at 538. A release of claims "reasonably arising out of" or "'reasonably related' to the allegations in the complaint" is permissible, because "[r]equiring a reasonable connection prevents the release from extending to claims that are only remotely related to the allegations in the complaint." *Id.* (citations omitted). The release in the Settlement Agreement complies with this precedent.

Finally, the Court has considered all objections submitted in this Case. Because there have been no objections to date, the Court finds that the Class overwhelmingly approves of the settlement.

Accordingly, the Court GRANTS final approval of the proposed Settlement and each of its terms. The Court ORDERS that the Parties, Settlement Administrator, and Escrow Agent are to implement the Settlement Agreement, and that the Settlement Fund be distributed in accordance with the terms of the parties' Settlement Agreement, and as described in the Plan of Allocation, promptly upon the Escrow Release Date, as defined in Paragraph 1.14 of the Settlement Agreement. *See* Exhibit C to the Declaration of Steven Weisbrot of Angeion Group Re: Notice of

---

[2] Specifically, Paragraph 1.32 of the Settlement Agreement defines "Released Claims" as any and all claims, liabilities, rights, demands, arbitrations, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description against the Releasees—whether known or unknown, existing or potential or that hereafter may exist or might have existed, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that were asserted in the Action, could have been asserted in the Action, and/or that reasonably relate to or arise from the same predicate facts alleged in the Class Action Complaint(s), to the maximum extent allowed by law, regardless of whether such claims arise under federal, state, and/or local law, statute, ordinance, regulation, common law, or other source of law. For the avoidance of doubt, the Released Claims include all claims reasonably related to any alleged use or consumption of cellular data by Defendant "in the background" or when a user is not directly engaging with their Android mobile device(s) or apps, products, or software thereon, and/or in connection with "passive" transfers of any kind between Android mobile devices and Defendant and/or its servers. Released Claims do not include any claims relating to the enforcement of the Settlement. Released Claims also do not include any claims already specifically alleged in any operative complaint in a pending action that was served on Google as of November 26, 2025, other than this Action.

5

**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
(Case No. 19CV352557)

Implementation of Notice Plan & Settlement Administration, filed concurrently with Plaintiffs' Motion dated February 10, 2026.

For the avoidance of doubt, the Settlement Agreement allows the Parties to terminate the Settlement under certain defined conditions and nothing in this Order is intended to or does abridge those rights. Also for the avoidance of doubt, the Settlement Agreement includes conditions that would prevent the Settlement from becoming effective (and the Escrow Release Date from occurring) and nothing in this Order is intended to or does modify those conditions, which are instead incorporated herein.

## II.    Stipulated Injunctive Relief

In connection with the Motion for Final Approval of the Settlement, and as a material term of the Settlement Agreement approved by this Court, the Parties also stipulated to this Court ordering Google to remedy certain conduct alleged in this Case. Accordingly, as of the Escrow Release Date, and only if such date occurs, the Court ORDERS Google as follows:

1. Google will perform the following actions no later than 45 days after the Escrow Release Date, as that date is defined in the parties' Settlement Agreement (*see* Settlement Agreement at 1.14):

    a. Revise the relevant portions of the Google Play Terms of Service as shown in Section 1 of Exhibit A to the Settlement Agreement.

    b. Revise the "Learn about Google Play services" Help Center webpage as shown in Section 2 of Exhibit A to the Settlement Agreement.

2. Google will perform the following actions by the date of the release of the first major version (other than a pre-release or beta version) of Android that is released six (6) months or more after the Escrow Release Date:

    a. Take the steps technically feasible by Google to (i) deactivate the Google Play services mobile background data toggle so that users cannot "turn off" the use of mobile data in the background by Google Play services, and

6

**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
(Case No. 19CV352557)

(ii) state on the screen bearing the deactivated toggle that users are not able to disable the use of mobile data by Google Play services in the background.

b. Take the steps technically feasible by Google to revise the relevant sections of the Android device setup flow on new Google-certified Android devices as shown in Section 3 of Exhibit A to the Settlement Agreement, which may be subject to intervening changes to the setup flow in the ordinary course of business that do not remove the agreed-upon changes contemplated in Exhibit A to the Settlement Agreement.

3. When Google complies with each of the above terms of Section II of this Order, Google shall file with the Court and serve on Plaintiffs' counsel a notice of compliance informing the Court and Plaintiffs of the date upon which it fully complied with each of the foregoing non-monetary terms of this Order.

4. Google shall maintain the changes described above for a period of at least 2 years from when the changes are implemented in full, but (i) Google may modify the precise language contemplated in Paragraph 5.1 above and Exhibit A if changes in Google's practices or technologies render the agreed-upon language no longer accurate, and (ii) Google may make other modifications to the language of the Google Play Terms of Service, "Learn about Google Play services" Help Center webpage, and the relevant sections of the setup flow in the ordinary course of business, so long as such modifications do not remove the agreed-upon changes contemplated above and in Exhibit A to the Settlement Agreement.

5. The geographic scope of the injunction is the State of California.

6. The Parties may jointly request a modification of this stipulated order for good cause.

7. The violation of this injunction shall be punishable by any remedies or sanctions available under California law or principles of equity for violation of a Court order.

STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND
CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT
(Case No. 19CV352557)

### III.    Conditional Vacatur of Jury Verdict and Judgment on the Verdict

In connection with their motion for final approval of the Settlement, the parties also request that the Court vacate the July 1, 2025 jury verdict and July 23, 2025 judgment on the verdict.[3] Specifically, the parties' Settlement Agreement provides: "The Parties agree to jointly seek vacatur of the verdict and judgment in this matter . . . to be made conditional on approval of the Settlement and satisfaction of all other contingencies set forth in [Paragraph 14.1 of the agreement], such that [the] Settlement is fully consummated." For the reasons set forth below, the parties' request for vacatur is GRANTED subject to the contingencies and conditions set forth below.

California Code of Civil Procedure, section 128(a)(8) affords trial courts broad discretion to vacate a judgment and jury verdict "so as to make [it] conform to law and justice." (*Redwood Coast Watersheds Alliance v. State Bd. of Forestry and Fire Protection* (1999) 70 Cal. App. 4th 962, 969.; *see Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters* (9th Cir. 1982) 686 F.2d 720, 722 [in deciding whether to grant vacatur after a settlement, the trial court weighs "the competing values of finality of judgment and right to relitigation of unreviewed disputes"].)

The Court finds that vacatur is in the public interest. The public policy in favor of settlement weighs in favor of vacatur here, particularly given the novel issues of state law raised by the parties, which would require extensive litigation to resolve in the appellate courts. (*See Redwood Coast Watersheds*, 70 Cal. App. 4th at p. 969 [describing "law and justice" standard]; *see also In re Apollo Grp. Inc. Sec. Litig.* (D. Ariz. Apr. 20, 2012) 2012 WL 1378677, at *10 [examining equitable factors and upholding vacatur of judgment following jury verdict]; *Hebrew Univ. of Jerusalem v. Gen. Motors LLC* (C.D. Cal. 2015) 2015 WL 9653154, at *2-3 [upholding vacatur of judgment following settlement in part due to uncertainty of outcome on appeal].) Indeed, "vacatur would spare the parties and the judicial system the burden of further litigation,

---

[3] The judgment on the jury's verdict was not a final judgment because it left outstanding Plaintiffs' request for injunctive relief and other issues, and would not become certain and final until appellate proceedings conclude.

**STIPULATED [~~PROPOSED~~] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
**(Case No. 19CV352557)**

including resolution of [an] appeal and any remand proceedings that may result therefrom." (*Cisco Sys., Inc. v. Arista Networks LLC* (N.D. Cal. Oct. 1, 2018) 2018 WL 11370984, at \*2); *see Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal. App. 4th 1324, 1329 ["The public interest is advanced because disputes resulting in two appeals . . . will be resolved without further expense. . . ."].)

Vacatur is also in the public interest because the parties' settlement agreement will permit resolution of a separate putative class action in the Northern District of California alleging conversion under California law. (*See Taylor v. Google LLC* (N.D. Cal. 2021) No. 5:20-cv-07956-VKD.) Resolving both the state and federal litigation through settlement will promote judicial efficiency and avoid the risk of inconsistent results in state and federal court. (*See Union Bank of Cal.*, 92 Cal. App. 4th at p. 1329 [emphasizing efficiency of avoiding two appeals and a related proceeding]; *Cisco Sys., Inc.*, 2018 WL 11370984, at \*2 [describing efficiency of avoiding appeal].) It will also benefit the class members in this case, who gain the certainty of payment through the Settlement without risking reversal or remittitur of the jury's damages award on appeal, and who will gain the benefit of the stipulated injunction provided in the Settlement.

Vacatur would also serve the value of finality. The parties' Settlement "provides a mechanism to address the . . . claims underlying this action," thus finally resolving the issues in this case, including Plaintiffs' outstanding request for injunctive relief. (*Cisco Sys., Inc.*, 2018 WL 11370984, at \*2; *cf. Nguyen v. Calhoun* (2003) 105 Cal. App. 4th 428, 436 [judgment not final if it "fails to complete the disposition of all the causes of action between the parties"].)

Along with the settlement in *Taylor*, the Settlement resolves state and federal actions involving consumers in all 50 states, so vacating the jury verdict and judgment will have no impact on the resolution of disputes in future cases, which are resolved through the nationwide scope of the Settlement. For the same reasons, vacatur in this case is unlikely to disincentivize pretrial settlement negotiations in other cases or otherwise affect public perception of the utility of litigation. (*See Union Bank*, 92 Cal. App. 4th at p. 1331 ["When lawyers responsibly settle litigation, public trust in the courts is advanced."].) The fact that no final judgment has been entered

9

and no appeal has been resolved further weighs in favor of vacating the jury verdict and judgment. The parties jointly request this disposition as part of a settlement negotiated by all parties in good faith, mitigating any concern that vacatur would benefit only one party. (*See Cisco Sys., Inc.*, 2018 WL 11370984, at *2.) Further, the parties agree that no hardship to either side will result from vacating the verdict and judgment in connection with the parties' Settlement.

After taking into account the full circumstances of this case and the parties' comprehensive Settlement—including all applicable legal and equitable factors, the novel issues of state law that have not been finally resolved on appeal, the case-specific evidence that Plaintiffs submitted at trial, and the fact that no final judgment has been entered in this case—the Court concludes that the judgment and jury verdict should be vacated in accordance with the parties' Settlement, such that they will have no preclusive effect. (*See Bates v. Union Oil Co. of Cal.* (9th Cir. 1991) 944 F.2d 647, 650 [court may determine preclusive effect of judgment] [*citing Ringsby*, 686 F.2d at p. 723].)

For the reasons stated above, this Court GRANTS the parties' motion and ORDERS that the jury verdict and judgment on the verdict entered on July 23, 2025, shall be VACATED either (1) upon satisfaction of all other contingencies set forth in Paragraph 14.1 of the parties' Settlement Agreement or (2) if one or more contingencies in Paragraph 14.1 are not satisfied, but all termination rights that arise under Paragraph 14.1 are waived by the party holding the termination right. In either event, neither the jury verdict nor judgment shall have any preclusive effect. Notwithstanding anything provided elsewhere in this Order, in the event the Settlement is not finally approved by this Court, is reversed or vacated on appeal (and not reinstated), or is terminated by any party for any reason, then: (1) this Order itself shall be automatically be vacated and be void ab initio; (2) the jury verdict and judgment shall be reinstated; and (3) the litigation shall resume as if this order never existed.

**IV.    Future Status Report(s)**

As noted above, the Settlement is subject to certain contingencies which afford the Parties certain termination rights. The Parties shall submit periodic status reports by email to Department

**STIPULATED [~~PROPOSED~~] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
**(Case No. 19CV352557)**

7 informing the Court of the status of the Settlement. At such time as all contingencies have been satisfied such that that the "Escrow Release Date" has come to pass (or, alternatively, either Party has terminated the Settlement), the Parties shall file a formal joint status report informing the Court.

## V.       Class Release

As of the Escrow Release Date, and only if such date occurs, the Releasing Parties, including Plaintiffs and all Class Members, are deemed to have released and discharged the Releasees from all Released Claims. The full terms of the release referred to in this paragraph are described further in the Settlement Agreement, which terms are incorporated herein.

## VI.       Other Issues

The Settlement Agreement is not an admission by Defendant or by any other Releasee, nor is this order a finding of the validity of any allegations or of any wrongdoing by Defendant or any Releasees. This order, the Settlement Agreement, and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of an admission of liability.

## VII.       Retention of Jurisdiction

Pursuant to California Rule of Court 3.769(h), the Court hereby retains jurisdiction over the Parties to enforce, interpret, and implement the Settlement Agreement and this Judgment and Order, including any dispute, action, suit, or proceeding arising out of or related to the Settlement Agreement and this Judgment and Order.

IT IS SO ORDERED.

Dated: _____2/24/2026 4:16:46 PM_____, 2026

_____
Honorable Charles F. Adams

---

11

**STIPULATED [PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ORDERING INJUNCTIVE RELIEF, AND CONDITIONALLY VACATING VERDICT AND JUDGMENT ON THE VERDICT**
(Case No. 19CV352557)