**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN JOSE**

**FILED**

APR 2 0 2026 ꝗᴅ

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jospeh Taylor, et al.,

v.

case no. 5:20-cv-07956-VKD

Google LLC.,

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**COMES NOW** Taylor Ross Jacobs before this Honorable Court appearing *pro se,* and respectfully submits this objection to the proposed settlement from the above-styled case. In support thereof, I would state unto the Court as follows:

## I. INTRODUCTION

I am a member of the Settlement Class. Since at least 2017, I have owned and used multiple Android devices, including a Motorola Stylus, Samsung Galaxy Note, Samsung Galaxy A16, and Moto G devices.

These devices were associated with the following Google accounts:

- taylorjacobs042@gmail.com

- tacomacarthur3773@gmail.com

1

- taylor.ross.jacobs@gmail.com

I used these devices on metered cellular data plans and experienced depletion of my monthly data allotments, reducing the value of the data I purchased and limiting normal device usage.

I object because the settlement is not "fair, reasonable, and adequate" under **Federal Rule of Civil Procedure 23**.

---

## II. GROUNDS FOR OBJECTION

### A. Inadequate Relief to the Class

Rule 23(e)(2)(C) requires the Court to evaluate whether the relief provided is adequate in light of the risks, potential recovery, and strength of the claims.

The Ninth Circuit has emphasized that settlements must provide meaningful relief relative to the value of the claims being released. See Hanlon v. Chrysler Corp..

Here, the settlement provides capped and uncertain compensation while requiring class members to release broad claims. This raises several concerns:

- Recovery is limited and subject to dilution through a claims-made, pro rata distribution;

- Compensation does not scale with the duration or extent of harm;

- Administrative barriers reduce the likelihood of full participation and recovery.

The Amended Complaint alleges that Google engaged in systematic conduct affecting **millions of Android users** over a multi-year period.

It further alleges that Android devices transmitted approximately **350 MB of cellular data per month** to Google servers through passive transfers, often without user knowledge or consent.

Plaintiffs' damages theory is based on the **market value of that data**, calculated using the per unit price paid by users for cellular data.

Using these allegations, even a conservative estimate suggests meaningful per-user losses over time. When aggregated across millions of users over multiple years, this framework implies **potential exposure reaching into the hundreds of millions of dollars or more**, even before considering additional remedies.

**Comparable litigation outcomes further underscore the potential value of these claims.**

In a related case, **Csupo v. Google**, a jury awarded approximately $314.6 million for a California-only class involving similar allegations of unauthorized cellular data usage. While that case involves a different procedural posture and is not controlling here, it provides useful context for evaluating the range of potential outcomes at trial.

The existence of such a verdict for a single-state class raises questions as to whether a $135 million nationwide settlement adequately reflects the potential value of the claims being released.

**Additionally, the settlement does not adequately account for potential punitive damages.** To the extent the alleged conduct could be proven to involve fraud, oppression, or malice, punitive damages may be available under **California Civil Code § 3294.**

While punitive damages are inherently uncertain, they are a critical component of the litigation value analysis. Allegations of:

- sustained conduct over multiple years;

- widespread impact across millions of users; and

- knowing or deceptive practices  could support a significant punitive award in

addition to compensatory damages.

The settlement appears to discount both the scale of alleged compensatory damages and the potential for punitive exposure without sufficient justification.

Taken together, these factors weigh against a finding that the relief is adequate under Rule 23(e)(2)(C).

---

## B. Disproportionate Attorneys' Fees Relative to Class Benefit

The Ninth Circuit has identified disproportionate attorneys' fees as a key indicator of potential unfairness. See In re Bluetooth Headset Products Liability Litigation.

This concern is heightened where:

- class recovery is uncertain and participation-dependent;

- attorneys' fees are calculated based on the gross settlement fund;

- the structure increases the likelihood that counsel receives a substantial recovery regardless of actual payouts to the class.

This disparity weighs against approval.

---

## C. Claims-Made Structure Depresses Actual Recovery

Claims-made settlements require heightened scrutiny because the stated settlement value may not reflect actual payouts. See In re Bluetooth Headset Products Liability Litigation.

Here:

- recovery depends on participation rates;

- administrative steps may deter claims;

- no automatic distribution is provided despite the defendant's apparent ability to identify users.

This structure reduces the real economic benefit to the class.

---

## D. The Settlement Improperly Insulates Attorneys' Fees from Appellate Review The

Settlement Agreement provides:

"Any order or proceeding relating to the amount of any award of attorneys' fees… or any appeal… shall not operate to… affect or delay… the occurrence of the Escrow Release Date."

And:

Attorneys' fees are paid "after the occurrence of the Escrow Release Date."

The Escrow Release Date is tied to finality of the settlement itself, but not to appeals concerning attorneys' fees.

This creates a structural asymmetry:

- Appeals challenging the settlement delay payment;

- Appeals challenging attorneys' fees do not.

Under In re Bluetooth Headset Products Liability Litigation and Briseño v. Henderson, courts must scrutinize such features.

This structure:

- insulates class counsel from appellate risk;

- decouples compensation from ultimate fee validity;

- increases the likelihood that counsel receives a certain recovery while class recovery remains uncertain.

When combined with a claims-made structure and capped relief, this weighs against approval.

---

## E. Overbroad Release of Claims

The settlement requires a release of all claims, including unknown claims under **California Civil Code § 1542**.

Under Hanlon v. Chrysler Corp., the breadth of a release must be justified by the value of the settlement.

Here, class members relinquish broad rights in exchange for limited and uncertain compensation.

---

## F. Lack of Equitable Treatment

Rule 23(e)(2)(D) requires equitable treatment of class members.

The settlement provides largely uniform compensation without accounting for:

- duration of device use;

- number of devices;

- extent of alleged data usage.

This may result in materially different harms being treated the same.

---

## III. CONCLUSION

**WHEREFORE,** based on the foregoing, the settlement does not satisfy **Federal Rule of Civil Procedure 23**.

7

I respectfully request that the Court deny final approval or require modifications.

_____

## IV. APPEARANCE

[ ] I do not intend to appear

[✗] I intend to appear

_____

Respectfully submitted,

Taylor Jacobs, *pro se*
3803 W Hamilton Street
Nashville, TN 37218
513-638-5532
taylor.ross.jacobs@gmail.com

8

## Certificate of Service

The undersigned hereby certifies under penalty of perjury that a true and correct copy of the foregoing document—namely, an objection to the proposed settlement in Taylor et al., v. Google LLC., was sent via United States Postal Service to the following:

Cooley Law Firm
Attn: Ariana E Bustos
350 S Grand Ave., Suite 200
Los Angeles, CA 90071

McManis Faulkner Law Firm
Attn: Ann Ravel
50 West Fernando Street, 10th Floor
San Jose, CA 95113

United States District Court
Northern District of California
Attn: Clerk of the Court
280 South 1st St., Room 2112
San Jose, CA 95113

On April 14, 2026

x _____

Taylor Jacobs, *pro se*