COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
MAX A. BERNSTEIN (305722)
(mbernstein@cooley.com)
EMILY J. BORN (360427)
(eborn@cooley.com)
CAROLINE A. LEBEL (340067)
(clebel@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ARIANA E. BUSTOS (345918)
(abustos@cooley.com)
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:    (213) 561-3250
Facsimile:    (213) 561-3244

Attorneys for Defendant
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 5:20-cv-07956-VKD <br><br> **DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' COUNSEL'S MOTION FOR FEES, COSTS, AND INCENTIVE AWARDS** <br><br> Date:     June 23, 2026 <br> Time:     10:00 a.m. <br> Dept:     Courtroom 2 – 5th Floor <br> Judge:    Hon. Virginia K. DeMarchi <br> Trial:     April 1, 2026 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

## I.    INTRODUCTION

Google LLC ("Google") respectfully submits this brief to raise legal and factual considerations that counsel in favor of reducing Plaintiffs' Counsel's request for an award of 29.5% of the $135 million settlement fund but defers to this Court's discretion in determining the appropriate amount by which to reduce the fee award. *First*, Plaintiffs' Counsel ("Counsel") ask the Court to ignore Ninth Circuit law on fee awards and instead apply California standards that they claim are more permissive, but this overlooks district courts' inherent discretion to apply federal law in awarding fees under Rule 23, as well as recent Supreme Court precedent reinforcing the applicability of federal law in like circumstances. *Second*, even if this Court applies state law, the general benchmark for fee awards under California law is *25%* of the settlement fund, not 33%, as Counsel claim. *Third*, both state and federal courts are particularly reluctant to award significant percentages of a settlement fund in "megafund" cases like this one, where even a 25% award could provide an unearned windfall; Counsel ignore this prevailing law entirely in their motion ("Motion"). *Fourth*, because the state court presiding over the related *Csupo v. Google* litigation already credited Counsel's efforts in discovery and in fashioning injunctive relief in awarding fees in that case, this Court should not consider those overlapping matters in determining a reasonable fee award here.

## II.    RELEVANT BACKGROUND

The parties in this action and the related *Csupo v. Google* litigation in Santa Clara Superior Court ("*Csupo*") executed separate settlement agreements for the two actions on December 23, 2025. (*See* Mot. at 12.) In *Csupo*, the settlement was reached after Counsel had successfully certified a class, opposed a summary judgment motion, opposed a decertification motion, prevailed at trial, and successfully opposed post-trial motions. (*See* Declaration of Whitty Somvichian ("Somvichian Decl.") Ex. A at 6-7 (Mot. for Att'y's Fees, Expenses, & Incentive Awards, *Csupo v. Google LLC*, No. 19CV352557 (Cal. Super. Ct. Santa Clara Cnty. Sept. 15, 2025)).) Here, the case settled in a much different posture, before any class was certified and with substantial issues casting doubt on whether any damages class, in particular, could be certified. With respect to injunctive relief, Google agreed to apply the "identical injunctive relief" from *Csupo*, which applied

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

to a California class, more broadly to the settlement class here, given the need for "nationwide uniformity in the relevant [Google] business practices." (Dkt. No. 260-11 (*Taylor* Settlement Agreement) at 21.) The state court granted final approval of the *Csupo* settlement on February 24, 2026 (Somvichian Decl. ¶ 6), and this Court granted preliminary approval on March 5, 2026 (Dkt. No. 270).

In *Csupo*, Counsel sought an award of 33% of the fund. (Somvichian Decl. Ex. A at 7.) In that motion, Counsel cited the "extensive discovery" they undertook in the *Csupo* action, including "lodg[ing] 376 discovery demands" and taking or defending over 40 depositions. (*Id.* at 6.) In February 2026, the *Csupo* court granted Counsel's fee motion in full, awarding them $115.5 million. (Somvichian Decl. Ex. B at 4-5 (Order Granting Pls.' Mot. for Approval of Att'y's Fees, Expenses, & Incentive Awards, *Csupo* (Cal. Super. Ct. Santa Clara Cnty. Feb. 18, 2026)) (crediting Counsel's discovery efforts in awarding fees in *Csupo*).)

III. **ARGUMENT**

A. **The Court Should Apply Ninth Circuit Law on Reasonable Attorney's Fees in Resolving This Motion.**

Counsel urge the Court to consider only California law in evaluating their Motion, but they ignore that district courts have inherent equitable power to award fees based on federal law, including in diversity actions. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 2022 WL 1669038, at *8 (S.D. Fla. Apr. 4, 2022) (explaining that because "[t]he common fund doctrine is rooted in the Court's equitable power, . . . several decisions in this District have expressly rejected the objectors' position in diversity cases and have applied the federal common-fund doctrine to award attorneys' fees from class action settlements"); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1200 (S.D. Fla. 2006) (explaining that a "district court presiding over a diversity-based class action pursuant to [Rule 23] has equitable power to apply federal common law in determining fee awards irrespective of state[] law"); *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 522 n.5 (1st Cir. 1991) (given the district court's "equity powers," applying federal common law was "supportable" even though the "original causes of action [] in the class complaints were state-law

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

claims premised on diversity jurisdiction"); *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1362 n.32 (S.D. Fla. 2011) (similar).[1]

While current Ninth Circuit authority focuses on applying state law to resolve fee applications in diversity actions, the Supreme Court's recent decision in *Berk v. Choy* calls this authority into question in the class action context. In *Berk v. Choy*, 146 S. Ct. 546, 552 (2026), the Supreme Court explained that "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether" and "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." Here, Federal Rule of Civil Procedure 23(h) is on point and requires that attorney's fees awarded in "a certified class action" be "reasonable." Fed. R. Civ. P. 23(h). Thus, state law on the reasonableness of fee awards is likely displaced where it is contrary to federal law on fee awards, including the Ninth Circuit's 25% benchmark. For these reasons, this Court should at least consider Ninth Circuit standards in tandem with state authority in reviewing Counsel's fee request here.

> **B.    Regardless of Whether California or Federal Law Applies, a 29.5% Recovery Exceeds the Applicable Benchmark.**

Counsel claim their proposed 29.5% fee award is conservative because California applies a 33% benchmark for fees in common fund cases. Not so. In *Consumer Privacy Cases*, the California Court of Appeal explained that "[a] fee award of **25 percent** 'is the benchmark award that should be given in common fund cases.'" 175 Cal. App. 4th 545, 557 n.13 (2009) (citation omitted; emphasis added).[2] Since that decision, multiple California district courts have cited *Consumer Privacy Cases* in rejecting the very same argument Counsel advance here—*i.e.*, that 33%, not 25%,

---

[1] The application of federal law is particularly appropriate in nationwide class actions because a contrary rule requiring a district court to apply each applicable state law on attorney's fees awards could create an unworkable 50-state quagmire. *See Senne v. Kansas City Royals Baseball Corp.*, 2023 WL 2699972, at *18 n.12 (N.D. Cal. Mar. 29, 2023) ("Here, Plaintiffs' fee request is made pursuant to a settlement agreement that settles claims asserted under federal law (the FLSA) and the laws of California, Arizona and Florida, *raising a question of what law applies to the Court's evaluation of Plaintiffs' fee request*. The Court concludes that under these circumstances, it may apply federal common law to evaluate whether the fees requested by Plaintiffs are reasonable." (emphasis added)).

[2] To the extent some district courts have stated that no benchmark exists under California law, Google respectfully submits that such decisions erred in ignoring *Consumer Privacy Cases*.

Cooley LLP
Attorneys at Law
San Francisco

4

Google's Resp. to Mtn. for Fees, Costs,
and Incentive Awards
Case No. 5:20-cv-07956-VKD

is the benchmark under California law. *See, e.g.*, *Norton v. Strategic Staffing Sols.*, 2025 WL 1666143, at *8 (N.D. Cal. June 12, 2025) ("Contrary to Plaintiff's contention, under California law '[a] fee award of 25 percent [i]s the benchmark award that should be given in common fund cases.'") (citation omitted); *Ponce v. CH2M Hill Engineers, Inc.*, 2025 WL 2553337, at *1, *3 (C.D. Cal. Aug. 19, 2025) (similar); *see also Van Lith v. iHeartMedia + Ent., Inc.*, 2017 WL 4340337, at *16 (E.D. Cal. Sept. 29, 2017) (explaining the requested 30% award "exceeds the benchmark rate in California of 25%"). This Court should do the same.

Counsel rely heavily on *Laffitte v. Robert Half International Inc.* to argue that a one-third award is standard under California law, but that case is easily distinguished. *See* 1 Cal. 5th 480, 506 (2016). As an initial matter, in *Laffitte*, the action settled after ***three motions for summary judgment, a class certification motion that was granted, a motion to reconsider, and a decertification motion***. *See id.* at 487 (describing case's procedural history).[3] Counsel achieved none of those milestones here. Further, although the California Supreme Court recognized that a "one-third" award was "in the range set by other class action lawsuits," *Laffitte*, 1 Cal. 5th at 488, it never held one third is the standard award under California law. Moreover, *Laffitte* involved a gross settlement amount of $19 million, a mere fraction of the settlement fund here. *Id.* at 486. As discussed below, the California Supreme Court recognized that "[w]here the class settlement is for a very large amount, a percentage fee may be criticized as providing counsel a windfall in relation to the amount of work performed." *Id.* at 486, 490. *Laffitte* thus provides little support for Counsel's position that 33% is standard under California law, much less that they are entitled to a similar award here.

Counsel also cite *Chavez v. Netflix, Inc.*, but there, the California Court of Appeal affirmed an award of 21.8% of the total settlement value, a percentage significantly lower than what Counsel request here. *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 50 (2008). Although the *Chavez* court acknowledged that the initial fee award—totaling 30.3% of the benefits offered to claimants—was "not out of line with class action fee awards calculated using the percentage-of-

---

[3] *Laffitte* also involved nearly 70 depositions, *id.*, nearly double the number of depositions in this action and *Csupo* combined. Moreover, the bulk of the discovery efforts described in the Motion appear to have already been accounted for in the *Csupo* fee award. (*See* Section III.D, *infra*.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

the-benefit method," it cited only a ***Texas district court*** opinion for this proposition. *See id.* at 66 n.11 (citing *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000)). The Eastern District of Texas in turn cited "[e]mpirical studies" of class actions generally, not those under California law specifically. *Shaw*, 91 F. Supp. 2d at 972. And the court recognized that "awards of ***fifteen percent (15%)*** of the recovery or more are frequently awarded in cases" involving megafunds, which would include the settlement here, as discussed further below. *Id.* (emphasis added).

Counsel otherwise rely on district court cases that purport to describe California law, but these cases simply cite other federal courts or the California authorities discussed and distinguished above. *See Oliveira v. Language Line Servs., Inc.*, 767 F. Supp. 3d 984, 1001 (N.D. Cal. 2025); *Beaver v. Tarsadia Hotels*, 2017 WL 4310707, at *9 (S.D. Cal. Sept. 28, 2017). In short, the Court should reject Counsel's suggestion that 33% is a widely accepted benchmark for fee awards under California law.

**C.    Under Both Federal Common Law and California Law, Attorney's Fees Awards Are Subject to Greater Scrutiny in Megafund Cases.**

Indeed, under both Ninth Circuit and California law, even a 25% award is disfavored given the size of the settlement here. The Ninth Circuit has "cautioned that the ***twenty-five percent benchmark referred to in other cases . . . is of little assistance in megafund cases***." *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 933 (9th Cir. 2020) (emphasis added); *see also In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617, 632 (N.D. Cal. 2021) ("[T]he large size of the recovery has more to do with the large size of the class . . . The results here were excellent, particularly in light of how hard fought this case was and the substantial factual disputes that remained for trial, but they were not a total home run bar none for attorney's fees purposes.").[4] California appellate courts have recognized similar concerns. *See Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 49 n.16 (2000) (cautioning that "[p]ercentage ***fees generally decrease as the amount of the recovery increases***, on the theory that many large recoveries are due merely to the

---

[4] The Ninth Circuit articulated the same concerns in one of Counsel's authorities. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1297 (9th Cir. 1994).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

size of the class" and not additional efforts of class counsel) (emphasis added); *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1060 (2003) (citing *Lealao*, and urging the trial court to review plaintiffs' counsel's fee request with scrutiny, including because "the size of the consumer award is clearly due to the enormous size of the class"); *see also Laffitte*, 1 Cal. 5th at 490 (recognizing the risk of a windfall to counsel where percentage fees are awarded in a "very large" settlement).

Because this is a megafund case,[5] the 25% benchmark applied by the California Court of Appeal and the Ninth Circuit for fee awards in smaller settlements is not an appropriate starting point for the Court's analysis here. *See In re Facebook Biometric Info.*, 522 F. Supp. 3d at 631("[T]he starting point of the analysis should not be the equivalent of a Willy Wonka golden ticket."). Many of Counsel's authorities involved funds that were **less than half** of the $135 million fund here. *See Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1006 (E.D. Cal. 2019) (awarding 33% of $40 million); *In re Google Location Hist. Litig.*, 2024 WL 1975462, at *14 (N.D. Cal. May 3, 2024) (awarding 30% of $62 million); *Beaver*, 2017 WL 4310707, at *9-10 (awarding one third of $51.15 million). In fact, multiple of Counsel's authorities involved settlement funds that were **less than a quarter** of the fund established here. *See Quiruz v. Specialty Commodities, Inc.*, 2020 WL 6562334, at *10 (N.D. Cal. Nov. 9, 2020) (awarding 31% of roughly $1.5 million); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042, 1049 (N.D. Cal. 2008) (awarding 28% of $13.75 million); *Oliveira*, 767 F. Supp. 3d at 1006 (awarding 30% of $3.725 million fund); *In re Telescopes Antitrust Litig.*, 2025 WL 1093248, at *10 (N.D. Cal. Apr. 11, 2025) (awarding roughly 33.33% of $32 million); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005) (awarding one third of roughly $27.8 million); *Laffitte*, 1 Cal. 5th at 486, 506 (affirming award of one third of $19 million gross settlement amount).[6] And although the Motion cites two

---

[5] *See In re Optical Disk Drive Prods.*, 959 F.3d at 932 (explaining there is "no question that a common fund" of $124.5 million is a megafund).

[6] Even *Vizcaino v. Microsoft Corporation* involved a meaningfully smaller fund than the one here—and yet the Ninth Circuit still affirmed a percentage lower than what Counsel request. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1046, 1052 (9th Cir. 2002) (affirming 28% award where fund totaled $96.885 million). And as another of their authorities confirms, even where settlements do not involve megafunds, courts do not always award fees remotely close to the 25% benchmark. *See In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 997 (N.D. Cal. 2015) (awarding 11% of $40 million fund).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

California district court cases awarding 30% or more in a megafund settlement, and a third outside the Ninth Circuit, the plaintiffs' attorneys in each of those three cases had successfully certified a class prior to settlement, unlike Counsel here. *See Senne*, 2023 WL 2699972, at *2, *5 (awarding 30% after $185 million settlement, but Rule 23(b)(3) and 23(b)(2) classes had been certified); *In re Lidoderm Antitrust Litig.*, 2018 WL 4620695, at *2-4 (N.D. Cal. Sept. 20, 2018) (awarding 33% after $104 million settlement, but a class was certified); *Burnett v. Nat'l Ass'n of Realtors*, 2024 WL 2842222, at *7, *9, *17 (W.D. Mo. May 9, 2024) (awarding one third of megafund, but where at least some classes were certified).[7]

As such, given the size of the fund and the pre-certification posture of this case upon settlement, Counsel have not established that even a 25% benchmark award is appropriate—much less that the Court should adjust upward to nearly 30%.

### D.    Counsel's Fee Award Should Not Be Premised on Any Work Performed in the *Csupo* Action.

Finally, the Court should not consider (i) discovery efforts for which Counsel have already been compensated; and (ii) the injunctive relief that is also part of the *Csupo* settlement. (*See* Dkt. No. 270 at 26 (instructing Counsel to address, in their fees motion, "the differences (if any) in the fees requested and/or obtained in *Csupo* and those sought in the present litigation").)

***Csupo Discovery:*** Although Counsel state that their lodestar reflects only hours "expended exclusively in connection with [this] case" (Mot. at 22), their Motion elsewhere argues that the Court should consider discovery efforts undertaken in the *Csupo* action, for which Counsel have

---

[7] Counsel also direct the Court to a table listing megafund cases with fee awards of 30% or more. (*See* Mot. at 25 (citing Ex. 1 to the Declaration of Marc Wallenstein).) Most of the cases cited therein are from outside the Ninth Circuit and California. Others—such as *Senne* and *In re Lidoderm*—appear in the Motion itself and are distinguished above. The sole California state court settlement is from the groundwater contamination case made famous in the film "Erin Brockovich," and is obviously distinguishable from this case on its facts. The District of Arizona case listed in the table resulted in a 33.3% award after the case "proceeded through trial and appeal," which has not occurred here. *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *2 (D. Ariz. Apr. 20, 2012); *see also id.* at *7 (discussing plaintiffs' "risky and successful [post-trial] appeal" of the court's grant of judgment as a matter of law to defendants, and plaintiffs' successful opposition to a petition for certiorari). And although the Northern District of California approved a nearly 30% award in *In re Lithium Ion Batteries Antitrust Litigation*, that award "amount[ed] to a negative multiplier (approximately 0.82)" of the attorneys' total lodestar request. *See In re Lithium Ion Batteries Antitrust Litig.*, 2020 WL 7264559, at *19 (N.D. Cal. Dec. 10, 2020). This is significantly lower than the 2.5-2.6 lodestar multiplier here. (Mot. at 22-23.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

already been handsomely compensated. For example, Counsel suggest that this case alone involved their serving "150 requests for production, 51 requests for admission, 53 interrogatories, and five Rule 30(b)(6) deposition notices." (Mot. at 10.) But the ***same numbers*** appeared in Counsel's fees motion in the *Csupo* action. (Somvichian Decl. Ex. A at 6.)[8] The two motions also cite the same number of pages of Google-produced documents and nearly the same number of depositions. (Somvichian Decl. Ex. A at 6; Mot. at 10-11.) This is no coincidence. These two fees motions appear to refer to the same discovery, some of which was propounded or taken in *Csupo*, not *Taylor*. (Somvichian Decl. ¶ 4.)

Nevertheless, Counsel urge the Court to consider these discovery efforts in approving a 29.5% award ***here***. (*See* Mot. at 19-20 (arguing discovery should factor into the Court's determination of the risk Counsel undertook, the case's difficulty, and counsel's skill).) Because Counsel have already received compensation for this work, it should not factor into the Court's consideration of fees in this matter.

***Injunctive Relief:*** Counsel also cite the settlement's injunctive relief (Mot. at 8, 12-13, 16-18, 27), but it is identical to that achieved for a California class in the *Csupo* settlement (*see* Dkt. No. 260-11 at 21). The injunctive relief here was not the result of additional or separate work conducted by Counsel in *Taylor*; rather, the *Csupo* relief was simply extended nationwide to the *Taylor* class because of Google's business need to apply uniform practices from state to state. Because the *Csupo* court has already awarded fees to Counsel in connection with this result, this Court should not consider the value of the injunctive relief in determining the fee award here.

## IV.    CONCLUSION

Because Counsel's Motion does not account for the legal and other considerations described above, Google respectfully submits that the requested fee award is excessive and should be reduced in line with prevailing law as discussed.

---

[8] Notably, the *Csupo* court referred to Counsel's discovery efforts repeatedly in its order granting their fees motion. (Somvichian Decl. Ex. B at 5.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

GOOGLE'S RESP. TO MTN. FOR FEES, COSTS,
AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD

Dated:  May 8, 2026

COOLEY LLP


By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorneys for Defendant
GOOGLE LLC

335601079

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GOOGLE'S RESP. TO MTN. FOR FEES, COSTS, AND INCENTIVE AWARDS
CASE NO. 5:20-CV-07956-VKD**