ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**DECLARATION OF GLEN E. SUMMERS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS**<br><br>Date:   June 23, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

1

**SUMMERS DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS (Case No. 5:20-CV-07956)**

I, Glen E. Summers, declare as follows:

1.     I am a partner in the law firm of Bartlit Beck LLP, and am admitted to practice law in California, Colorado and this Court. I am co-lead counsel to the Plaintiffs in this action, including the preliminarily-approved class.

2.     I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Response to Objections. I have personal knowledge of the facts stated in the declaration and, if called as a witness, I could and would competently testify thereto.

3.     I previously submitted a Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ECF 260-1. In that declaration, I provided an overview of our firm and the lawyers who have performed significant work on this case. In that declaration, I also provided a summary of the proposed settlement, and the negotiations that led to it. I also provided my professional opinion that the proposed settlement is fair, reasonable and adequate, and preferable to continued litigation. I continue to stand by the statements and opinions contained in my prior declaration, and incorporate them here in support of Plaintiffs' Motion for Final Settlement Approval of Class Action Settlement and Response to Objections.

4.     Certain objectors have expressed concerns regarding the adequacy of the injunctive relief provided by the proposed settlement. In my professional judgment, those objections are misplaced. The injunctive relief afforded by the proposed settlement was vigorously negotiated, at arms-length, over a period of months.

5.     During those negotiations, Google made clear that it would not agree to limit the Challenged Transfers to occur only over Wi-Fi networks or to change the background data toggle for Google Play services such that it would prevent the Challenged Transfers from ever using cellular data. In the negotiations, Google presented arguments that these approaches presented technical, practical and security challenges that precluded such options. In addition, in connection with post-trial briefing in *Csupo* over the appropriate scope of injunctive relief, Google presented declarations lending evidentiary support to its positions on these subjects.

6.     In my professional judgment as co-lead counsel for Plaintiffs, the terms of the injunctive relief afforded by the proposed settlement are as good as one could reasonably expect

2

**SUMMERS DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS (Case No. 5:20-CV-07956)**

to achieve, either in a settlement negotiation or through continued litigation. Plaintiffs negotiated the injunctive relief tenaciously and patiently in the settlement negotiations. In addition, as discussed in my prior declaration, there are significant risks to prevailing on liability in this action. Even if Plaintiffs were to successfully prevail on liability in this litigation, in my view it is highly unlikely that a court would award Plaintiffs an injunction including the terms demanded by the objectors.

7.      I understand that one objector, Mr. Byars, has objected to the settlement contingencies, including the condition that both the *Taylor* and *Csupo* settlements receive final court approval without substantial modification. As noted expressly in the settlement agreements, Google insisted on these contingencies as a condition to entering into the settlements because it deemed it essential to have comprehensive resolution and uniform injunctive relief. *See* Settlement Agreements at 21, ECF 260-11 & 260-13 ("Given the need for nationwide uniformity in the relevant Defendant business practices, and ***Defendant's insistence*** on comprehensive resolution of the issues presented in both cases on a nationwide basis . . . ." (emphasis added)). Both Class Counsel and Special Settlement Counsel carefully considered the issue and ultimately determined that it was in the interest of both classes to accept the settlements with the contingencies required by Google rather than to continue the litigation.

8.      Having reviewed all of the objections, it remains my professional judgment that the settlement is fair, reasonable, adequate, and superior to continued litigation given the many risks to prevailing on class certification, liability and damages. In reaching this conclusion, it is also my opinion that continued litigation, even if successful in establishing liability, would likely not produce materially superior injunctive relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2026.

*/s/ Glen E. Summers*
Glen E. Summers

**SUMMERS DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS (Case No. 5:20-CV-07956)**