**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 5:20-cv-07956-VKD <br><br> **DECLARATION OF DEREK BURROWS OF ANGEION GROUP, LLC** <br><br> **RE: FRAUD DETECTION & PREVENTION** <br><br> Judge: Hon. Virginia K. DeMarchi |

I, DEREK BURROWS, hereby declare the following:

1.    I am the Chief Operating Officer with the class action notice and administration firm, Angeion Group, LLC ("Angeion"), located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action. I am familiar with the facts contained herein based upon my personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

2.    Angeion was appointed as Settlement Administrator and directed to conduct the Notice Plan in conformance with the Class Action Settlement Agreement and Release (Dkt. No. 260-11) ("Agreement"), and to perform all other tasks required by the Agreement. *See* Preliminary Approval Order (Dkt. No. 270).

3.    The purpose of this declaration is to provide the Parties and the Court with information regarding Angeion's fraud-detection and fraud-prevention efforts and to respond to certain assertions by pro se objector Michael Sussman.

**OBJECTOR MICHAEL SUSSMAN**

4.    Objector Michael Sussman has filed an objection in this matter asserting several grounds for objection to final approval of the Agreement. This declaration responds to his assertion that

"The Settlement Agreement Fails to Provide Adequate Safeguards Regarding Class Member Data."

5.    Angeion does not believe that Mr. Sussman's objection identifies any deficiency in Angeion's data-security or fraud-prevention practices. Angeion respectfully directs the Court's attention to paragraphs 56–60 of the Declaration of Steven Weisbrot Regarding Qualifications of Angeion Group, LLC and Proposed Notice and Distribution Plan. In those paragraphs, Mr. Weisbrot describes Angeion's data-security and compliance posture, including its continuous efforts to align with industry best practices for organizations handling Personally Identifiable Information ("PII"). Angeion has been authorized to administer hundreds of settlements involving sensitive class-member information.

6.    To the extent Mr. Sussman's objection challenges Angeion's use of fraud-prevention and detection protocols, that challenge misunderstands the purpose of those protocols. As described below, Angeion has developed and deployed systems and protocols designed to protect the integrity of the administrative process while balancing ease of participation for prospective class members. Courts have positively recognized Angeion's efforts on more than one occasion.

7.    By way of example, during an April 8, 2025, Fairness Hearing, the Honorable Vincent L. Briccetti recognized "the extensive work and sophisticated technology that Angeion utilized in addressing the unprecedented programmatic fraud issues in connection with this settlement…" further stating that "absent Angeion's work in this rather extraordinary case, it's likely that the settlement would never have been approved and the class members would never have been paid."[1]

8.    In addition, United States Magistrate Judge Stewart D. Aaron recognized the success and effectiveness of Angeion's fraud detection efforts. In his July 26, 2024, Report and Recommendation, Judge Aaron stated that, "[t]he Court finds that the claims process administered by Angeion has integrity and has been carried out in a diligent and thorough manner… Based upon the Court's review of the record, the Court finds that Angeion has taken prudent and necessary

---

[1] *Jimenez v. Artsana USA, Inc.*, No. 7:21-cv-07933-VB (S.D.N.Y.)

steps to address the fraudulent claims submitted in this case… Angeion's fraud detection system is robust and appropriately designed to weed out fraudulent claims."[2]

9.      Neither the Settlement Agreement nor the proposed plan of distribution requires Settlement Class Members to submit claims in order to receive payment. Rather, the Settlement Agreement and proposed plan of distribution provide for automatic payments to identified Settlement Class Members. The Payment Election Form process is optional and allows a class member to select among available payment methods.

10.     Angeion has no record that Mr. Sussman submitted a Payment Election Form in this matter, and no record that he contacted Angeion claiming that he was unable to submit one.

11.     There is no one with the name "Mike Sussman" or "Michael Sussman" on the class list provided by Google. The email address mike.sussman@pm.me is not on the class list provided by Google.

12.     Sussman lists a "Notice ID" at the top of his objection, which is a unique identifier assigned to every class member on the class list provided by Google. The Notice ID that Sussman provided is associated with an individual whose first name is listed as "Devnuls" and whose last name is listed as "." (a period) in the class list provided by Google. The email address associated with the Notice ID that Sussman provided is a string of numbers and letters that does not match the email address listed in Sussman's objections. *See* Exhibit 1 (information associated with the Notice ID that Sussman listed) (exhibit filed under seal).

13.     To date, no payment election has occurred for the Notice ID that Sussman listed.

14.     A mismatch between the name or email address provided by an individual and the name or email address associated with the Notice ID on the class list is recognized in settlement administration as a potential indicator of an invalid, false, or fraudulent submission. Such a mismatch does not, standing alone, establish fraud, but it is a factor that settlement administrators may consider when assessing whether a submission requires further review.

---

[2] *See In re: Novartis and Par Antitrust Litigation*, No. 1:18-cv-04361-AKH-SDA (S.D.N.Y.), Report and Recommendation, ECF No. 667.

**OBJECTOR RICHARD AUMAITRE**

15.    Objector Richard Aumaitre has filed an objection in this matter asserting that he was unable to submit a Payment Election Form or supporting documentation of class membership. Mr. Aumaitre's objection includes an exhibit with an email exchange with Angeion support staff. The email communication appears to relate to an attempt to submit information in the separate matter – *Csupo, et al. v. Google, LLC*, Case No. 19–CV–352557, rather than in this matter.

16.    Further, Mr. Aumaitre's objection includes an address that could not be validated as a recognized property address through the sources reviewed by Angeion. The objection also includes a telephone number that, according to publicly available records, appears to be associated with a different individual. The use of non-existent addresses and telephone numbers associated with other individuals is a common tactic used to defeat identity verification and other fraud-prevention tools and techniques.

**COMBATING AND RESPONDING TO AN EVOLVING FRAUD LANDSCAPE**

17.    Since the summer of 2023, there has been a significant increase in the volume of attempted fraudulent claim submissions in class action settlement administration. Advancing technology has enabled increasingly sophisticated and rapidly evolving tactics, both in large-scale operations and smaller, targeted efforts.

18.    At Angeion, we have invested significant resources into developing and enhancing systems to detect and prevent fraud throughout the administration process. This includes the development of Angeion's proprietary fraud detection system, AngeionAffirm 2.0.

19.    Angeion has also observed an emerging trend in which individuals whose claim activity raises fraud concerns attempt to engage not only with counsel but directly with courts, which may lend an appearance of legitimacy to their efforts.

**NON-LISTED CREDENTIALS**

20.    As discussed in greater detail in the Declaration of Steven Weisbrot, this case involves a class list of approximately 130 million unique email addresses of class members provided by Google. Each email address on that list was sent class notice, including a unique "Notice ID" and confirmation code, which allows recipients to elect a payment method if they so choose. The use

of a unique "Notice ID" helps combat fraud, because it limits the initial pool of people who can elect a payment method or receive an automatic payment to those who are on the class list and have access to the associated email accounts.

21.     Individuals who contact Angeion or Class Counsel to assert that they are Class Members, but who did not receive notice and do not have a Notice ID, are directed to a web page where they may upload evidence of class membership. That evidence may include, for example, screenshots showing the email address(es) and phone number(s) associated with their Android mobile device. *See* Weisbrot Decl. ¶ 24. Angeion then evaluates the submission, including through its fraud-detection system described below, to determine whether the individual has provided sufficient information to be treated as a Settlement Class Member for administration purposes.

22.     As of June 11, 2026, 15,218 individuals who are not already on the class list have contacted Angeion asking to participate in this settlement. Of those individuals, 2,724 have filed a Payment Election Form and submitted documentation supporting class membership. These submissions will be reviewed in due course during the continuing administration process.

23.     It is consistent with settlement-administration best practices to require individuals who assert class membership but lack a unique Notice ID or other credentials to submit evidence of class membership and eligibility through an online process like the one Angeion used in this case.

## ANGEIONAFFIRM 2.0

24.     In response to the evolving fraud landscape, Angeion has pioneered real-time fraud-detection and fraud-prevention technology—AngeionAffirm 2.0—designed to identify and block fraudulent submissions at the point of submission. This technology increases efficiency and reduces administration costs associated with traditional back-end fraud-review processes. Early-stage deployment also provides a more accurate view of submission volumes as the administration progresses by reducing the risk of large-scale rejections after delayed review. Angeion continues to invest in the research and development of these systems, responding in real time to new tactics employed by fraud actors.

25.     AngeionAffirm 2.0 uses a layered set of technical, behavioral, identity-validation, and historical-risk indicators to detect and prevent fraudulent activity. To avoid enabling

circumvention, Angeion does not publicly disclose the specific rules, thresholds, weighting, or operational logic used by the system. Angeion can provide additional information for in camera review upon the request of the Court.

26.     Angeion's defense-in-depth approach to fraud prevention seeks to balance robust fraud prevention and ease of use for legitimate claimants. By embedding fraud detection into the submission workflow and offering customer support for individuals whose submissions are flagged, Angeion strives to preserve both efficiency and fairness in class action administration.

## DESCRIPTION OF ANGEION SUBMISSION PROCESS AND INTERACTION WITH ANGEIONAFFIRM 2.0

27.     AngeionAffirm 2.0 identifies indicia of fraud during the online submission process. When such indicators are detected, the system generates a real-time alert, sometimes reflected as an Error 403 message. The real-time alert informs the user that inconsistencies and/or anomalies were identified and that the user may attempt to resubmit electronically, submit by paper where available, or contact Angeion for further assistance.

28.     Angeion's staff is trained extensively to assist individuals who receive the real-time alert. In addition, our team is continuously monitoring instances in which the alert is triggered, both to refine detection parameters and to identify any behavioral patterns that may help reduce the likelihood of genuine claimants receiving the alert.

29.     Notably, this alert system has flagged only a fraction of one percent of total submissions from actual individuals in general. Angeion believes this approach provides a more equitable and fair process for legitimate class members while adapting to the increasing sophistication of fraud tactics. This approach also reduces the risk that a valid submission may be mistakenly rejected during later-stage analysis, when fewer remedial options may be available to resolve or cure the issue.

## CONCLUSION

30.     The distribution plan in this case does not require Mr. Sussman or any other Settlement Class Member to submit a claim or Payment Election Form in order to receive payment. Angeion has no record that Mr. Sussman submitted a Payment Election Form or contacted Angeion

claiming he was unable to do so.

31.    Angeion's fraud-prevention protocols are designed to protect the integrity of the settlement administration process and to preserve settlement funds for legitimate class members. The existence of such protocols does not demonstrate inadequate data safeguards and does not provide a basis to deny final approval.

32.    Mr. Sussman's objection does not identify any impairment of his ability to receive settlement relief and does not provide a factual basis to conclude that the Agreement lacks adequate safeguards for class-member data.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: June 12, 2026

_____
DEREK BURROWS