ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF MOTION FOR FINAL APPROVAL**<br><br>Date: June 23, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

I, Marc A. Wallenstein, declare as follows:

1.    I am an attorney duly admitted to practice law in New York, Washington DC, Hawaii, Texas, Connecticut, and Oregon, and am admitted *pro hac vice* to this Court. I am a partner at the law firm Korein Tillery LLC. I am Co-Lead Counsel to the Plaintiff Class in this action, including Class Representatives Joseph Taylor, Mick Cleary, and Jennifer Nelson.

2.    I submit this declaration in support of Class Counsel's Motion for Final Approval. The contents of this declaration are based on my personal knowledge and business records associated with this matter. If called as a witness, I could and would competently testify to the facts in this declaration.

**Communications With Class Members**

3.    Every person who contacted Class Counsel concerning the Settlement received a prompt response.

4.    Altogether, Class Counsel directly received approximately 135 email messages, phone calls, or postal letters from putative class members with questions or asking for more information. Class Counsel, or staff acting under their supervision, responded to every single inquiry, usually by both email and telephone.

5.    As far as Class Counsel is aware, of the ~135 putative class members who spoke or corresponded with Class Counsel seeking more information, only one subsequently lodged an objection.

6.    Class Counsel also provided information to putative class members who reached out regarding this settlement claiming that they did not receive notice. Class Counsel determined some of these persons were in fact members of the *Csupo* class. Class counsel provided information to these persons that allowed them to register for the *Csupo* settlement. For persons who were not members of the *Csupo* class, Class Counsel ensured that they received credentials allowing them to provide evidence of class membership to participate in the settlement.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

**Pending Objections - Objectors on Class List**

7.    The objections in this section are from objectors who the Settlement Administrator has determined are on the class list generated from Android account data provided by Google. The objectors in this section therefore have standing to object.

8.    The objections in this section have all been filed on the docket. (Objections that have not been properly filed are attached as exhibits to this declaration and discussed below).

9.    ECF No. 274, Objections of **Brian Michael Lawson**, filed on April 13, 2026. Lawson also filed a nearly identical set of objections on April 29, 2026, ECF No. 287. Lawson stated that he does not intend to appear at the Final Approval Hearing.

10.    ECF No. 276, Objections of **Carmen Long**, filed on April 14, 2026. Long stated that she does not intend to appear at the Final Approval Hearing.

11.    ECF No. 277, Objections of **George Christopher Warrington**, filed on April 13, 2026. Warrington stated that he does not intend to appear at the Final Approval Hearing.

12.    ECF No. 279, Objections of **Taylor Ross Jacobs**, filed on April 20, 2026. Jacobs stated that he intends to appear at the Final Approval Hearing. He provided an address in Nashville, Tennessee.

13.    On June 1, 2026, Jacobs sent an email message to Class Counsel, a true and correct copy of which is attached as **Exhibit A**. Jacobs suggested a "potential resolution" of his objections, and requested "reimbursement of reasonable and documented costs, expenditures, and efforts incurred in connection with the objection process" that he stated "are substantial and likely exceed several thousand dollars." *Id.* These purported expenses included "consultation fees paid to legal professionals, research-related expenses, mileage and transportation costs, lodging expenses, document preparation costs, and other reasonable costs directly attributable to investigating and presenting the issues raised in the objection." *Id.* Jacobs added that he "would have no objection to appropriate disclosure of any agreement . . . including Court review if deemed appropriate." *Id.*

14.    Class Counsel respectfully declined to seek or provide reimbursement of Jacobs' costs, and no discussion of his objections occurred.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

15. Jacobs appears to have a public Tennessee Department of Corrections Felony Offender Information page, a true and correct copy of which is attached as **Exhibit B**, in which his "sentence end date" is listed as March 24, 2025.

16. Based on a search of public records conducted via LexisNexis, Jacobs appears to have a number of criminal convictions, all of which appear to be from Rutherford County Court in Murfeesboro, Tennessee. *See* **Exhibit C** (under seal). According to the Rutherford County Clerk's Office, underlying records are not readily available.

17. Based on the LexisNexis search, without the benefit of underlying court records, Jacobs is described as having the following criminal convictions:

    a.   felony Burglary Break and Enter Residential (June 27, 2019)

    b.   Theft of Merchandise: $500 or Less (October 23, 2014)

    c.   Facilitation to Theft (October 23, 2014)

    d.   Evading Arrest (July 24, 2013)

    e.   Evading Arrest (October 29, 2009)

    f.   Phone Harassment And/Or Obscene Calls (September 25, 2007)

    g.   Driving on a Suspended License 3rd Off. (September 14, 2006)

    h.   Driving on a Suspended License (February 4, 2005)

    i.   Driving on a Suspended License (November 22, 2004)

    j.   Theft (December 7, 2004)

18. Jacobs appears to have filed several *pro se* lawsuits. Jacobs filed a *pro se* Section 1983 lawsuit while he was an inmate, seeking damages for alleged equal protection violations and retaliation for filing grievances, which was dismissed by the court for failure to state a claim. *See* Memorandum Opinion and Order, *Jacobs v. Fitzhugh*, ECF No. 11, 24-cv-01186 (M.D. Tenn. Sept. 9, 2025).

19. Jacobs filed a separate, prior *pro se* Section 1983 lawsuit that was dismissed on stipulation. *See* Order, *Jacobs v. Rutherford County, Tennessee*, ECF No. 43, No. 23-cv-858 (M.D. Tenn. June 12, 2024).

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

20.    Jacobs filed a separate, prior *pro se* Section 1983 lawsuit that was voluntarily dismissed. *See* Order, *Jacobs v. Harris*, ECF No. 28, No. 19-cv-00238 (M.D. Tenn. Oct. 7, 2019).

21.    ECF No. 283, Objections of **Melanie J. Krause**, filed on April 27, 2026. Krause did not state whether she intends to appear at the Final Approval Hearing.

22.    ECF No. 285, Objections of **Darren Scott Maynard**, filed on April 27, 2026. Maynard did not state whether he intends to appear at the Final Approval Hearing.

23.    ECF No. 286, Objections of **Justin Darren Maynard**, filed on April 27, 2026. Maynard did not state whether he intends to appear at the Final Approval Hearing.

24.    ECF No. 289, Objections of **Andre Hawkins Jr.**, filed on May 4, 226. Hawkins stated that he does not intend to appear at the Final Approval Hearing.

25.    ECF No. 290, Objections of **Desmond Ayesan Omabegho**, filed on May 5, 2026. Omabegho stated that he did not "presently intend to appear, but reserve[d] the right to appear personally or through counsel." Omabegho provided an address in Lakewood, Ohio.

26.    ECF No. 293, Objections of **Ikeem Flournoy**, filed on May 11, 2026. Flournoy stated that he does not intend to appear at the Final Approval Hearing.

27.    ECF No. 301, Objections of **Joseph R. Renfort, Jr.**, filed on May 18, 2026. Renfort stated that he "intends to appear in pro se at the Final Approval Hearing on June 23, 2026, or, if represented, through the undersigned counsel." *Id.* at 2. Renfort is the only signatory on the document. Renfort provided an address in Kissimmee, Florida.

28.    ECF No. 304, Objections of **Joshua Keith Kirkley**, filed on May 19, 2026. Kirkley did not indicate whether he intends to appear at the Final Approval Hearing.

29.    ECF No. 305, Objections of **Alex Plotkin**, filed on May 22, 2026. Plotkin stated that he does not intend to appear at the Final Approval Hearing.

30.    ECF No. 307, Objections of **Crystal Leigh Quate**, filed on May 26, 2026. Quate did not indicate whether she intends to appear at the Final Approval Hearing.

31.    ECF No. 308, Objections of **Seth Richard Carpenter**, filed on May 26, 2026. Carpenter stated that he does not intend to appear at the Final Approval Hearing.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

32. ECF No. 312, Objections of **Jimmie A. Mccorvey**, filed on May 28, 2026. Mccorvey stated that he intends to appear at the Final Approval Hearing. He provided an address in Pensacola, Florida.

33. ECF No. 316, Objections of **Joanne Faber**, filed on June 1, 2026. Faber also filed a separate, near-identical objection, also on June 1, 2026. ECF No. 320. Faber expressed an intent to appear at the Final Approval Hearing via Zoom. She provided an address in Toms River, New Jersey. The email address listed on Faber's objections is on the class list. Faber also uploaded a screen shot of what appears to be an Android phone bearing a different email address.

34. ECF No. 319, Objections of **Chad Michael Tepfer**, filed on June 1, 2026. Tepfer stated that he does not intend to appear at the Final Approval Hearing.

35. ECF No. 323, Objections of **Mary Louise Coak**, filed on June 3, 2026. Coak stated that she does not intend to appear at the Final Approval Hearing.

36. ECF No. 324, Objections of **Darrin McCorvey**, filed on June 3, 2026. McCorvey "request[ed] the opportunity to appear and speak at the Final Approval Hearing on June 23, 2026." He provided an address in Houston, Texas.

37. ECF No. 328, Objections of **Troy Scheffler**, filed on June 9, 2026. Scheffler stated that he does not intend to appear at the Final Approval Hearing.

**Objectors Who Have Provided a Plausible Basis for Standing**

38. ECF No. 288, Objections of **Nathan Byars**, filed on May 1, 2026. Byars stated that he does not intend to appear at the Final Approval Hearing.

39. According to Angeion, Byars is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. However, Byars submitted a declaration in which he represented that "During the class period" he "used a mobile device running the Android operating system to access the internet through my cellular data plan provided by T-Mobile USA." ECF 288-1 ¶ 6. Byars is represented by counsel.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

**Objectors Who Have Not Established Standing**

40.    ECF No. 273, Objections of **Joseph Varga**, filed on April 3, 2026. Varga stated that he intends to appear at the Final Approval Hearing. He provided an address in South Bend, Indiana.

41.    In his objection, Varga asserted that he is an Android user, but according to the Settlement Administrator, Varga is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Varga the credentials necessary to provide evidence of class membership and elect a payment method, but Varga has not done so to date. *See* Weisbrot Decl. ¶ 33.

42.    ECF No. 284, Objections of **Joseph Shenk Stoltzfus**, filed on April 27, 2026. Stoltzfus stated that he does not intend to appear at the Final Approval Hearing.

43.    In his objection, Stoltzfus did not state that he is or was ever an Android user. According to Angeion, Stoltzfus is not on the Class List provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Stoltzfus the credentials necessary to provide evidence of class membership and elect a payment method, but Stoltzfus has not done so to date. *See* Weisbrot Decl. ¶ 33.

44.    ECF No. 291, Objections of **Brandon Tyler Walker**, filed on May 8, 2026. Walker stated that he does not intend to appear at the Final Approval Hearing.

45.    In his objection, Walker asserted that he is an Android user, but according to the Settlement Administrator, he is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Walker the credentials necessary to provide evidence of class membership and elect a payment method, but Walker has not done so to date. *See* Weisbrot Decl. ¶ 33.

46.    ECF No. 294, Objections of **David E. Mawe**, filed on May 11, 2026. Mawe also filed a similar set of objections on May 22, 2026, ECF No. 310. He stated that he intends to appear at the Final Approval Hearing via Zoom. *See* ECF No. 310, 311.

47.    In his objections, Mawe asserted that he is an Android user and provided an address in Chillicothe, Ohio, but according to the Settlement Administrator, Mawe is not on the class list

7

provided by Google. *See* Weisbrot Decl. ¶ 33. Mawe did not provide an email address and did not request (and has not been sent) credentials. *See* Weisbrot Decl. ¶ 33. He has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

48.     In addition, before filing the aforementioned objections, Mawe reached out to Class Counsel, and indicated during an April 9, 2026 phone call with Class Counsel that he had separate grievances against Google, unrelated to this lawsuit. He was advised to speak with an expert in computer sciences and/or an attorney to assist him with those matters. Mawe subsequently filed his objections, which appear to include a separate complaint against Google regarding those unrelated matters.

49.     ECF No. 296, Objections of **Ariel Ammon**, filed on May 12, 2026. Ammon stated that he does not intend to appear at the Final Approval Hearing.

50.     In his objection, Ammon asserted that he is a class member but he did not state that he is or was ever an Android user. According to the Settlement Administrator, Ammon is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Ammon the credentials necessary to provide evidence of class membership and elect a payment method, but Ammon has not done so to date. *See* Weisbrot Decl. ¶ 33.

51.     ECF No. 297, Objections of **Andrew Robert Hamilton**, filed on May 12, 2026. Hamilton did not indicate whether he intends to appear at the Final Approval Hearing.

52.     In his objection, Hamilton also asserted that he is an Android user, but according to the Settlement Administrator, he is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Hamilton the credentials necessary to provide evidence of class membership and elect a payment method, but Hamilton has not done so to date. *See* Weisbrot Decl. ¶ 33.

53.     ECF No. 302, Objections of **Christopher Andrews**, filed on May 18, 2026. Andrews stated that he "intends to appear at the fairness hearing by telephone and requests to listen in and speak." *Id.* at 9. Andrews provided an address in Lakeland, Michigan.

54.     In his objection, Andrews stated that he is an Android user, but according to the Settlement Administrator, he is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

The Settlement Administrator sent Andrews the credentials necessary to provide evidence of class membership and elect a payment method, but Andrews has not done so to date. *See* Weisbrot Decl. ¶ 33.

55.    In his objection, Andrews requested copies of Defendant's Answer to Plaintiffs' First Amended Complaint and Plaintiffs' Motion for Preliminary Approval. Class Counsel provided the pertinent, unsealed documents requested by Andrews to the Settlement Administrator for inclusion in the "Important Documents" section of the case website, which the Settlement Administrator did by May 20, 2026.

56.    Mr. Andrews also requested a Spanish-language version of the exclusion form to be uploaded to the case website. Class Counsel directed the Settlement Administrator to prepare and upload such a form to the case website, and the Settlement Administrator did so on May 19, 2026, the day after receiving Mr. Andrews's objection.

57.    Since then, Class Counsel has learned that Andrews was also an objector in *In re Lithium Batteries*, ECF 1392, 1753, 2497, 2604, 2644, 2663, No. 4:13-md-02420 (N.D. Cal.), along with Michael Sussman, who is also an objector in this case (see below). Andrews filed an appeal of the denial of his objections, then initially settled with Class Counsel for $25,000, and after the Court did not approve the $25,000 payment, settled for no consideration. *See* ECF 2745, No. 4:13-md-02420 (N.D. Cal. Mar. 24, 2022) (rejecting Andrews settlement); ECF 67, No. 21-15138 (9th Cir. May 2, 2022) (stipulated dismissal of appeal).

58.    ECF No. 303, Objections of **Matthew Peralez**, filed on May 18, 2026. Peralez reserved the right to appear at the Final Approval Hearing. Peralez provided an address in Burleson, Texas.

59.    In his objection, Peralez asserted that he is a member of the class but did not state that he is or was ever an Android user. According to Angeion, Peralez is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Peralez the credentials necessary to provide evidence of class membership and elect a payment method and contacted Peralez by email and voicemail to confirm that he had received them, on June 9, 2026. Peralez has not provided that information or made an election to date. Weisbrot Decl. ¶ 33.

9

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

60. ECF No. 306, Objections of **Jimmy Ray Davis, Jr.**, filed on May 22, 2026. Davis reserved the right to appear at the Final Approval Hearing. Davis provided an address in Stone Mountain, Georgia.

61. In his objection, Davis asserted that he is a member of the class but did not state that he is or was ever an Android user. According to Settlement Administrator, Davis is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. Davis did not provide an email address. The Settlement Administrator called Davis on June 9 and June 12, 2026 and left him a voicemail in an attempt to provide him with the credentials necessary to provide evidence of class membership and elect a payment method. *See* Weisbrot Decl. ¶ 33. To date, Davis has not responded or provided that information or election. *See* Weisbrot Decl. ¶ 33.

62. ECF No. 313, Objections of **Christopher Nicolas Price**, filed on May 29, 2026. Price stated that he "is prepared to appear at the Final Approval Hearing on June 23, 2026, if necessary." Price provided an address in Acworth, Georgia.

63. In his objection, Price asserted that he is a member of the class but did not state that he is or was ever an Android user. According to the Settlement Administrator, Price is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. Price did not provide an email address, and did not request (and has not been sent) credentials. *See* Weisbrot Decl. ¶ 33. He has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

64. ECF No. 314, Objections of **William H. Cisson**, filed on May 28, 2026. Cisson stated that he does not intend to appear at the Final Approval Hearing.

65. In his objection, Cisson asserted that he is a member of the class but did not state that he is or was ever an Android user. According to the Settlement Administrator, Cisson is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Cisson the credentials necessary to provide evidence of class membership and elect a payment method, but Cisson has not done so to date. *See* Weisbrot Decl. ¶ 33.

66. ECF No. 317, Objections of **George Dillman**, filed on June 1, 2026. Dillman expressed an intent to appear at "future hearings" and expressed his wish to appear by phone. He provided an address in Clearwater, Florida.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

67.    In his objection, Dillman did not state that he is or was ever an Android user. According to the Settlement Administrator, Dillman is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33.

68.    Dillman stated in his objections that he attempted to submit a claim but was unable to do so, and that he was unable to communicate with the Settlement Administrator about this issue. The Settlement Administrator sent Dillman the information necessary to provide evidence of class membership and elect a payment method on June 2, 2026. Class Counsel contacted Dillman by email and voicemail in an effort to confirm that he had received the information on June 4, 2026, but Dillman has not responded or provided that information or election to date. *See* Weisbrot Decl. ¶ 33.

69.    ECF No. 325, Objections of **Michael Sussman**, filed on June 3, 2026. Sussman stated in his objection that he does not intend to appear at the Final Approval Hearing.

70.    In his objection, Sussman asserted that he is a member of the class but he did not state that he is or was ever an Android user. According to the Settlement Administrator, Sussman is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. A Google Maps search shows that the address listed in Sussman's objections, 1686 S Federal HWY #151, Delray Beach, Florida, 33483, is a shopping center containing a UPS Store, not a residential building.

71.    Sussman's objection lists a "NoticeID," which is a unique identifier assigned to every class member on the class list provided by Google. The Notice ID that Sussman provided is associated with an individual whose first name is listed as "Devnuls" and whose last name is listed as "." (a period) in the class list provided by Google. The email address associated with the NoticeID that Sussman provided does not match the email address listed in Sussman's objections. *See* Burrows Decl. ¶ 12 & Ex. 1. To date, no payment election form has been submitted for the Notice ID that Sussman listed.

72.    Sussman has filed numerous *pro se* objections in other class action lawsuits, and based on review of pleadings in those cases and public records, appears to have a practice of filing non-meritorious objections, without proof of class membership or standing, in an effort to receive compensation. Sussman appears to work in concert with a number of other *pro se* objectors and

11

business entities. Counsel in other cases have argued that some of these persons may actually be aliases for Sussman, and have suggested that some of them do not appear to be U.S. persons. Class Counsel in this case are concerned that similar conduct may be occurring here, and that other unknown objectors in this case may be working with him, or may be his alter ego.

73. For example, this Court recently ruled on a motion to compel discovery regarding Sussman and other *pro se* objectors in *In re Telescopes Antitrust Litig.*, No. 20-cv-03639, ECF 481 (March 3, 2026).

74. In *Telescopes*, Sussman filed an objection arguing (1) that he was unable to submit a claim, (2) suggesting that the obstacles he faced were not an appropriate way for the Settlement Administrator to combat fraud, and (3) that the notice did not provide adequate information regarding how and where to object. No. 20-cv-03639, ECF 403. Sussman's objections were overruled and final approval was granted on April 11, 2025. No. 20-cv-03639, ECF 419 at 15.

75. Judge Davila highlighted how the obstacles to submitting a claim that Sussman and his fellow objectors identified in *Telescopes* were actually valid measures to combat fraud:

> As the Court discussed during the Fairness Hearing, the presence of fraudulent class action settlement claims is a growing and serious concern that could jeopardies the integrity of class action settlements. The requirement for Settlement Class Members without a claim number to personally call Verita could be an effective and appropriate way to minimize this risk. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. at 329–30 (approving settlement and overruling objections based on difficulties communicating with the settlement administrator and utilizing the claims website).

*Telescopes*, No. 20-cv-03639, ECF 419 at 14 (April 11, 2025).

76. Sussman filed a notice of appeal, and Judge Davila imposed a $300 appeal bond on Sussman, in part because "Sussman . . . represents that he is on Social Security Disability Insurance, receives less than $1,000 per month, and would have to sell his condominium to make the requested bond." *Telescopes*, No. 20-cv-03639, ECF 483 (Nov. 20, 2025). However, in other cases, Sussman has claimed to be gainfully employed. *See infra.*

77. Sussman's co-objector in *Telescopes*, T. Elman Barnes, appears to have paid Sussman's bond through "Suenami Classy Action," a nonprofit that Barnes incorporated in Utah

the month preceding the bond order and payment. *Telescopes*, No. 20-cv-03639, ECF 464 (Nov. 21, 2025).

78.    The address (and suite number) that Barnes lists in his objections in *Telescopes*, 1401 21st St., Ste. R, Sacramento, California, is actually the address of California Registered Agent, Inc., a company serving as a registered agent for "thousands of businesses across the state" of California.[1] *See* Barnes Objection, *Telescopes*, No. 20-cv-03639, ECF 399 (Feb. 12, 2025).

79.    Attached as **Exhibit D** is a true and correct copy of the business registration entry for Suenami on the website of the Utah Department of Commerce. The address listed for Suenami (200 S. State St.) is a luxury apartment building in Salt Lake City.[2] The business entry on the Utah Department of Commerce website lists no apartment or suite number. *Id.*

80.    The foregoing shows that Sussman's bond in *Telescopes* was paid by someone who purports in his objection to reside at the address of a registered agent company in California, but the funds were paid by a business with a name suggesting the filing of many lawsuits, supposedly located at a residential building in Utah, that appears to have been created for the purpose of making objections in class actions.

81.    Sussman's *Telescopes* appeal appears to be fully briefed as of May 4, 2026, when Sussman filed his reply. No. 25-3098, ECF 66 (9th Cir. May 4, 2026). No decision has been issued to date. In their Answering Brief on appeal in *Telescopes*, Plaintiff-Appellees state that Sussman was "associated with indicia of fraud" including allegations that (1) the address he provided is not associated with anyone bearing his name, (2) a process server was unable to locate him at that address and confirmed with residents and the property manager that no one named Mike or Michael Sussman lives at the address, (3) that Sussman did not appear at any hearing and refused to meet and confer with Class Counsel by video or phone. No. 25-3098, ECF 55.1 at 13 (9th Cir.

[1] About us, CALIFORNIA REGISTERED AGENTS, https://www.californiaregisteredagents.net/about-us/.

[2] *See* Tony Semerad, *Work Starts on Astra Tower, Soon to Be Downtown Salt Lake City's Tallest Skyscraper*, SALT LAKE TRIB. (Jan. 12, 2022), https://www.sltrib.com/news/2022/01/12/work-starts-astra-tower/.

13

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

May 4, 2026). Plaintiff-Appellees further identified other lawsuits in which Sussman's fellow *pro se* objector-appellants had been accused of similar conduct. *Id.* n.7.

82.     Sussman jointly filed his *pro se* brief in *Telescopes* along with three other objectors, including an individual named "Pat Zhen." Zhen has filed similar objections that were overruled in another case, *Kessler v. Quaker Oats*, No. 24 cv 526, ECF 67 (S.D.N.Y. Aug. 7, 2025); ECF 72 Tr. 16:16-20:24 (Aug. 21, 2025). Zhen filed a notice of appeal, ECF 76, and Judge Karas imposed a $5,000 appeal bond, ECF 88. Zhen then appealed the imposition of the $5,000 bond. ECF 89. Zhen filed an appellate brief on March 18, 2026. *Kessler v. Quaker Oats*, No. 25-2146, ECF 63 (2d Cir. Mar. 24, 2026). The appellee briefs are due July 13, 2026. Order, *Kessler*, No. 25-2146, ECF No. 79 (2d Cir. Apr. 17, 2026). The foregoing shows that Sussman's conduct is part of a broader pattern of group activity.

83.     Sussman appears to have made inconsistent statements in court about his occupation. For example, in *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-MD-2420 (N.D. Cal. 2024), Sussman states in a declaration that he is an "internet technician" who has "provided these services non-stop since 1996" for a number of companies. ECF No. 2778-1 at 3:

> **My background and knowledge**
>
> 8. I have an extensive background as an internet technician, having provided technical support service and networking engineer services for multiple Internet Service Providers. I have provided these services non-stop since 1996 for Internet Gateway Connection, Wiznet, WWWI, DigimaxISP, and Host Matrix. My tasks included both dealing with customers who had problems with the websites or servers, helping resolve hardware and software issues, installation and maintenance of servers.

84.     Sussman's representation regarding "non-stop" employment is inconsistent with the representations he made to the court in *Telescopes* in opposing an appeal bond, in which he claimed a lack of employment and difficult financial circumstances.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

85.     Sussman's objection bears the date May 28, 2026 and was filed on June 1, 2026, but the court filing does not appear to contain an envelope or show a postmark date. Class Counsel continue to investigate the foregoing issues.

86.     ECF No. 327, Objections of **Michael Albert Focia**, filed on June 8, 2026. The objections were timely postmarked May 29, 2027. In his objection, Focia "request[ed] to be heard at the Final Approval Hearing on June 23, 2026 (or any continued date), either in person or telephonically." Focia provided an address in Pike Road, Alabama.

87.     In his objection, Focia asserted that he is an Android user, but according to the Settlement Administrator, Focia is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. Focia did not request (and has not been sent) credentials. *See* Weisbrot Decl. ¶ 33. He has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

**Withdrawn Objections**

88.     ECF No. 300, Objections of Myesha Prather, filed on May 13, 2026. Prather subsequently notified Class Counsel of her intent to withdraw her objections on May 21, 2026.

89.     Attached as **Exhibit E** is a true and correct copy of the Notice of Withdrawal of Appearance and Recall of Objection of **Myesha Prather**, received by Class Counsel via email on May 21, 2026.

**Objectors Requesting Exclusion (Who Have Also Not Established Standing)**

90.     ECF No. 280, Objections of **Christopher Lee Brown**, filed on April 24, 2026. Brown stated that he does not intend to appear at the Final Approval Hearing.

91.     Brown filed objections and also expressed both an intent to exclude himself and uncertainty as to whether he could do both. Brown did not provide an email address.

92.     Brown asserted in his objection that he is an Android user but, according to the Settlement Administrator, he is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator called Brown on June 9 and June 12, 2026 and left him a voicemail in an attempt to provide him with the credentials necessary to provide evidence of class membership and elect a payment method. *See* Weisbrot Decl. ¶ 33. To date, Brown has not provided that information or election. *Id.*

15

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

93. ECF No. 318, Objections of **Rose Mary Davidson**, filed on June 1, 2026. Davidson stated that she is not sure whether she will appear at the Final Approval Hearing.

94. In her objection, Davidson did not state that she is or was ever an Android user. According to the Settlement Administrator, Davidson is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Davidson the credentials necessary to provide evidence of class membership and elect a payment method, but Davidson has not done so to date. *See* Weisbrot Decl. ¶ 33.

95. Davidson also stated in her objection, "I claim exemption from any and all Google class action lawsuits."

96. ECF No. 321, Objections of **Stalina Diane Ford**, filed on June 1, 2026. Ford stated that she does not intend to appear at the Final Approval Hearing.

97. In her objection, Ford asserted that she is an Android user, but according to the Settlement Administrator, she is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Ford the credentials necessary to provide evidence of class membership and elect a payment method, but Ford has not done so to date. *See* Weisbrot Decl. ¶ 33.

98. Ford also wrote in her objection: "I am noting for the record that I would prefer to reserve the right to sue Google myself in court one day for this exact misconduct, rather than be forced into a sweeping, low-payout class resolution."

**Non-Objectors Who Intend to Appear at Final Approval Hearing**

99. ECF No. 275, Notice of Intention to Appear of **Vellum Walker**, filed on April 13, 2026. Walker did not express any objections to the Settlement but wrote that she "would like to speak during the June 23rd, 2026 hearing." Walker provided an address in Mooresville, North Carolina.

100. In her notice, Walker did not state that she is or was ever an Android user. According to Settlement Administrator, Walker is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Walker the credentials necessary to

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

provide evidence of class membership and elect a payment method, but Walker has not done so to date. *See* Weisbrot Decl. ¶ 33.

**Invalid Objections – Class Members in *Csupo***

101.    ECF No. 282, Objections of **Richard Aumaitre,** filed on April 27, 2026. Aumaitre stated that he does not intend to appear at the Final Approval Hearing.

102.    Aumaitre provided an address in Riverside, California and is not a member of the class in this case. According to the Settlement Administrator, Aumaitre attempted to register for the *Csupo* settlement twice, using the same California address, but with different California zip codes each time. The address was determined by Angeion to be invalid. A subsequent Google Maps and U.S. Postal Service search of the same address by Class Counsel's staff shows that it does not exist. Aumaitre submitted his objection in the *Taylor* matter, even though he claims to reside in California.

103.    ECF No. 315, Objections of **A.M. Lauderdale**, filed on June 1, 2026. Lauderdale listed an address in Lomita, California and is not a member of the class in this case. After receiving her objections, Class Counsel spoke with Lauderdale by phone on June 2, 2026. Lauderdale confirmed that she is a California resident who has never lived outside California, and expressed an interest in participating in the *Csupo* class. Class Counsel arranged for her to do so.

**Invalid Objections - Not Properly Filed**

104.    Attached as **Exhibit F** is a true and correct copy of the Objections of **Elizabeth Ritter**, which were sent to the Settlement Administrator by email on April 15, 2026. Ritter does not state whether she intends to appear at the Final Approval Hearing.

105.    Ritter's objections do not appear to have been sent to the Court as required by the Notice and were never filed on the docket. In addition, Ritter did not state in her objection that she is or was ever an Android user, nor did she provide an address outside California. According to the Settlement Administrator, Ritter is not on the Class List provided by Google. *See* Weisbrot Decl. ¶ 33. Ritter did not request (and has not been sent) credentials. *See* Weisbrot Decl. ¶ 33. Ritter has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

106.    Attached as **Exhibit G** is a true and correct copy of the Objections of **Ryan Messenger**, which were sent to the Settlement Administrator by email on April 21, 2026. Messenger does not state whether he intends to appear at the Final Approval Hearing.

107.    Messenger's objections do not appear to have been sent to the Court as required by the Notice and were never filed on the docket. Although Messenger is on the class list, *see* Weisbrot Decl. ¶ 33, and asserted in his objections that he is a class member, he did not provide an address outside California.

108.    Attached as **Exhibit** H is a true and correct copy of the Objections of **Stephanie Bekendam**, which were sent to Class Counsel by postal mail with a postmark of May 7, 2026 and received on May 20, 2026. It is unclear from her objections whether Bekendam intends to appear at the Final Approval Hearing.

109.    Bekendam's objections do not appear to have been sent to the Court as required by the Notice and were never filed on the docket. The address in Austin, Texas that Bekendam provided in her objections is the Austin Community Court—a courthouse—not a residential address. In her objections, Bekendam also asserted that she is an Android user, but according to the Settlement Administrator, she is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. The Settlement Administrator sent Bekendam the credentials necessary to provide evidence of class membership and elect a payment method, but she has not done so to date. *See* Weisbrot Decl. ¶ 33.

110.    Attached as **Exhibit** I is a true and correct copy of the Objections of **Naila Castorina**, which were sent to Class Counsel by postal mail with a postmark of May 15, 2026 and received on May 18, 2026. Castorina stated that she does not intend to appear at the Final Approval Hearing. Castorina's objections do not appear to have been sent to the Court as required by the Notice and were never filed on the docket.

111.    Castorina asserted in her objection that she is an Android user, but according to the Settlement Administrator, she is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. Castorina did not provide an email address, and did not request (and has not been sent) credentials.

18

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

*See* Weisbrot Decl. ¶ 33. She has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

112.　　Attached as **Exhibit J** is a true and correct copy of the Objections of **Tyeisha Blake**, which were sent to the Settlement Administrator in the body of an email on May 28, 2026. Blake stated that she does not intend to appear at the Final Approval Hearing.

113.　　Blake's objections do not appear to have been sent to the Court as required by the Notice and were never filed on the docket. According to the Settlement Administrator, Blake is not on the class list provided by Google. *See* Weisbrot Decl. ¶ 33. Blake did not request (and has not been sent) credentials. *See* Weisbrot Decl. ¶ 33. She has not provided evidence of class membership to date. *See* Weisbrot Decl. ¶ 33.

**"Allow Background Data Usage" Toggle**

114.　　Every Android phone has a setting that purports to allow users to turn off "background data usage." The setting is a user-selectable toggle called "Allow background data usage" that appears on a page called "Data Usage" with a description that reads "Allow this app to use mobile data while running in the background."

115.　　Attached as **Exhibit K** (and shown below) is a true and correct copy of Trial Exhibit P014 in *Csupo v. Google*, No. 19CV352557 (Santa Clara County Superior Court), which is the



**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF**
**MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

screenshot of the toggle. This exhibit was admitted into evidence on June 5, 2025 in the *Csupo* trial. *See* **Exhibit L**, Tr. 473:23-474:5 (admitting document into evidence).

116. Plaintiffs elicited substantial evidence at the *Csupo* trial that the toggle does not work. Attached as **Exhibit M** are true and correct excerpts from the testimony of Plaintiffs' expert Dr. Jules White discussing the background data usage toggle at the *Csupo* trial. Dr. White testified that the toggle was "very misleading" because "if you switch this off, [Android's] GMSCore still consumes your cellular data in the background," so the toggle does "Nothing." Ex M., Tr. 588:4, 589:5-9.

117. Attached as **Exhibit N** are true and correct excerpts from the testimony of Sundeep Sancheti, Director of Engineering for Google Play Services, during the *Csupo* trial discussing the toggle. Sancheti served as Google's corporate representative for the *Csupo* trial. He admitted that Android still continued to send the Challenged Transfers using cellular data even when the toggle was turned off, qualifying that the toggle operated only during "very small windows" of time involving internal cleanup operations. Ex. N, Tr. 1059:8-11. He further testified, "I'm aware this toggle is confusing." Ex. N, Tr. 1062:5. When asked if the "typical Android user would understand that this only affects certain very small windows," he flatly replied, "No." Ex. N, Tr. 1060:11-14.

118. Attached as **Exhibit O** are true and correct excerpts from Plaintiffs' closing argument during the *Csupo* trial discussing the toggle. Summarizing the above testimony, Plaintiffs' counsel explained, "Mr. Sancheti conceded that the toggle was misleading. . . . They've known about it for seven years. They know that they can fix it. They haven't." Ex. O, Tr. 2529:18-22.

**Size of Challenged Transfers**

119. Evidence put forward at the *Csupo* trial showed that the Challenged Transfers consumed approximately 1.6 megabytes per user per day, on average. *See* **Exhibit P**, Closing Argument Tr. 2440:19-20 ("It adds up on each person's phone to about 1.6 megabytes every single day.").

120. Google also provided evidence that this amount of consumption was approximately the size of a text message attaching a photograph. Attached as **Exhibit Q** is a true and correct

20

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

excerpt from the testimony of Google's expert Dr. Kevin Jeffay during the *Csupo* trial comparing the volume of the Challenged Transfers to a text message containing a photo. *See* Ex. Q, Tr. 2015:18-22.

**<u>Damages</u>**

121.   In his expert report, Plaintiffs' expert Dr. Jeffery A. Stec estimated classwide damages to be $1,047,474,258 through the end of 2023. Mot. for Preliminary Approval, ECF 260 at 23 & n.9. Plaintiffs estimated that they could potentially seek damages of approximately $2 billion, assuming Plaintiffs were permitted to update their expert reports and add damages for the period from January 1, 2024 to December 31, 2025, and that the Court would deny Google's *Daubert* motion in its entirety. *See* ECF 260 at 23 n.9. Dividing this number by the 134,280,552 potential class members would result in damages of $14.89 for each class member, before deducting attorneys' fees, litigation expenses or costs of administering distributions, which would further reduce individual recoveries.

**<u>Appellate Risk</u>**

122.   In my discussions with counsel for Google following the *Csupo* trial, they stated that Google intended to appeal final judgment in *Csupo* to the California Court of Appeal, and, if necessary, the California Supreme Court and the U.S. Supreme Court. I am aware that Google hired appellate counsel specifically for this purpose, and that Google made public statements in the press to this effect.[3] Google also filed a notice of appeal to preserve its appellate rights, a true and correct copy of which is attached as **Exhibit R**, Google's Protective Notice of Appeal, *Csupo*, No. 19CV352557 (Nov. 5, 2025).

---

[3] *See, e.g.*, Blake Brittain, Google hit with $314 million US verdict in cellular data class action, Reuters (July 1, 2025), *https://www.reuters.com/sustainability/boards-policy-regulation/google-hit-with-314-million-us-verdict-cellular-data-class-action-2025-07-01/* ("Google spokesperson Jose Castaneda said in a statement that the company would appeal.").

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  June 12, 2026                    /s/ Marc A. Wallenstein
                                          Marc A. Wallenstein

**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF
MOTION FOR FINAL APPROVAL (Case No. 5:20-CV-07956-VKD)**