ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com


GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751


CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS**<br><br>Date:   June 23, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

Plaintiffs respectfully submit this notice of supplemental authorities to apprise the Court of additional information regarding certain professional and serial objectors that Plaintiffs have identified since the filing of Plaintiffs' Motion for Final Approval of Class Action Settlement and Response to Objections, ECF 330 ("Response to Objections").

**Objector Christopher Andrews, ECF 302**

Class Counsel previously discussed Mr. Andrews and his objections in its Response to Objectors, ECF 330 at nn. 9, 12, 16, 17, 18; Wallenstein Decl. re Final Approval Mot., ECF 331 ¶¶ 53–57. Andrews has indicated that he intends to appear at the final approval hearing and requests to speak.

The Sixth Circuit affirmed an award of sanctions against Andrews for vexatious litigation in *In re Polyurethane Foam Antitrust Litigation*, Nos. 17-3361, 17-3548, 2017 U.S. App. LEXIS 25352, at *8 (6th Cir. Dec. 14, 2017). The district court overruled Andrews' objections to the class action settlement and Andrews appealed. The district court imposed a $145,463.00 appeal bond "on the grounds that each objector had acted vexatiously and/or had pursued objections in bad faith." *Id.* at *2. The district court found that "it is an insult to the judicial system" to "now have Objectors file frivolous appeals in pursuit of a payoff." *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 646 (N.D. Ohio 2016).

Mr. Andrews unsuccessfully moved for a stay of the bond order both in the district court and the Sixth Circuit, both of which were denied. *In re Polyurethane Foam Antitrust Litig.*, No. 16-3168, 2016 U.S. App. LEXIS 19956, at *3 (6th Cir. June 20, 2016) ("Professional objectors, such as Andrews, may not disrupt the settlement process based on nothing more than unsupported suppositions."). Andrews failed to post bond within 14 days as required. Andrews then filed petitions for *en banc* review and for *certiorari* to the Supreme Court, both of which were denied. The district court ultimately imposed $15,303.00 in sanctions because Andrews "had vexatiously used the judicial system either to extort a pay-off from [counsel for the class] or as a delay tactic to prolong his coercion attempt." *In re Polyurethane Foam Antitrust Litig.*, 2017 U.S. App. LEXIS 25352, at *4 (citation modified).

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

Mr. Andrews filed multiple motions for reconsideration, which the district court denied. Counsel for the class subsequently noticed Andrews' deposition in an effort to collect the sanctions. Andrews refused to appear at the deposition despite warnings from the district court. *Id.* at *4–5.

The district court held Mr. Andrews in contempt and "had the United States Marshals deliver Andrews to the courthouse for the deposition." *Id.* at *5. Andrews threatened to file misconduct complaints against the attorneys, and the district court imposed additional sanctions. *Id.* at *6. Andrews appealed those sanctions and moved for a stay of the sanctions judgment, which the district court denied. Andrews appealed that denial. The Sixth Circuit consolidated all three of Andrews' appeals. *Id.* The Sixth Circuit affirmed the sanctions awards, holding that:

> Andrews unreasonably and vexatiously multiplied the proceedings through his myriad of repetitive, meritless pleadings contesting the appeal bond and the original sanctions award, as well as through his efforts to impede IPC's collection of sanctions. Andrews knew or should have known that his arguments were frivolous because he continued to assert them after repeated rejections by the district court. Moreover, the arguments that Andrews raises on appeal are unpersuasive.

*Id.* at *8.

Mr. Andrews then filed for Chapter 7 bankruptcy and tried to have the monetary obligation to pay the sanctions discharged. *See In re Andrews*, No. 18-31345, 2019 WL 3331604 (Bankr. E.D. Mich. July 23, 2019). He filed an adversary proceeding against the class and the law firm attempting to collect the sanctions, which was dismissed. *See id.*; *Andrews v. Miller LLC*, No. 18-03070 (Bankr. E.D. Mich. Aug. 13, 2019). Years later, the class ultimately settled with Andrews. *See* Notice of Satisfaction and Release, *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-02196 (N.D. Ohio Mar. 15, 2022), ECF 2201.

In *Edwards v. Andrews*, the Ninth Circuit affirmed the rejection of Andrews' objections in that case, including his argument (similar to one raised in this case) that the Notice was not translated into Spanish. 846 F. App'x 538 (9th Cir. 2021). The court concluded that "Andrews does not have standing to make this argument" because "[t]o have standing, a litigant must seek relief for an injury that affects him in a personal and individual way." *Id.* at 539 (citation modified)

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

(quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). The Ninth Circuit also rejected Andrews' objection regarding incentive payments. The court found that "the disparity between the incentive payment and the payment to class members is, on its own, insufficient to create a conflict of interest." *Id.* (citing *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015)). The court also rejected Andrews' argument that the district court violated his due process and First Amendment rights "when it restricted the scope of his oral argument." *Id.* (citing *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue.")).

In *Shane Group Inc. v. BCBS*, the Sixth Circuit affirmed final approval of a $29.99 million settlement and overruled Andrews' objections, "many of them undeveloped, all of them meritless." 833 F. App'x 430, 431 (6th Cir. Jan. 14, 2021) (per curiam). The Court noted that Andrews "is a serial objector who in this case unsuccessfully sought a $150,000 payoff to drop his objections." *Id.*

The district court in *Shane* found that Mr. Andrews' "submissions are not warranted by the law and facts of the case, were not filed in good faith and were filed to harass Class Counsel." *Shane Grp., Inc. v. BCBS*, No. 10-cv-14360, 2015 WL 1498888, at *20 (E.D. Mich. Mar. 31, 2015). The district court observed that "other courts have noted that Andrews is known to be a professional objector who has extorted additional fees from counsel in other cases." *Id.* (citation modified).

At the final approval hearing in *In re Equifax, Inc., Customer Data Security Breach Litigation*, Mr. Andrews stated that he had "filed about ten objections and four or five appeals in various parts of the country." Tr. 64:3–6, No. 17-md-02800 (N.D. Ga. Dec. 20, 2019), ECF 943. After Andrews' objections were denied, the district court also denied Andrews' Motion to Proceed in Forma Pauperis, citing his "propensity to make outrageously false statements in the pleadings" and find that Andrews "is acting maliciously within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)." Order at 1–2, *In re Equifax* (May 7, 2020), ECF 1089. The court ultimately concluded: "there can be no question but that Mr. Andrews is acting maliciously and engaged in bad faith litigiousness." *Id.* at 2.

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

The district court in *In re Equifax* ordered Andrews to pay an appeal bond of $2000, which he never did. Order at 10 (May 11, 2020), ECF 1094. He filed an appeal anyway. The Eleventh Circuit dismissed Andrews' appeal because he failed to pay the bond, and made an untrue claim of indigence in his application to proceed *in forma pauperis*. Opinion at 5–6 & nn. 4–5, *In re Equifax*, No. 20-10249 (11th Cir. June 3, 2021), ECF 303-2.

In *In re Lehman Brothers Equity/Debt Securities Litigation*, Andrews objected that expert damages reports were sealed, an objection he also makes here. Judge Kaplan explained to Andrews at the final approval hearing why that objection is misplaced:

> What seems to have been the centerpiece of your written objections, the so-called missing expert reports, seems in my mind to be based on a misapprehension of the way the world works in relation to the settlement of cases and in relation to expert reports in litigation.
>
> *   *   *
>
> [Q]uite typically plaintiffs hire experts who make the most aggressive case for the plaintiff's point of view, defendants hire experts who make the most aggressive case for the defendant's point of view. I am confident, based on 45 years of litigation experience both as a lawyer and as a judge that the release of any defense expert reports that may have existed would not have made plaintiff class members very happy. They would have tended to show, if believed, that this case wasn't worth anywhere near what you may think it's worth and perhaps not even anything near what ultimately is being paid, though I don't know that. And I can be sure that the plaintiffs' experts were telling them that they could justify figures well above $99 million.
>
> *   *   *
>
> [T]he release of partisan expert views on one side or the other would not have added greatly to your store of knowledge or mine, to tell you the truth. It's just the way the world works.

Tr. 34:6–35:10, No. 09-md-02017 (S.D.N.Y. Apr. 24, 2014), ECF 1402.

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

These are just some of the cases in which Mr. Andrews has objected.[1] His objections date back to at least 2007, where he objected and then withdrew his objection after being paid $25,000 in "consulting fees" by class counsel, on top of $12,000 in such fees that he had already received. Mot. *In re Tyco Sec. Litig.*, No. 02-md-1335 (D. N.H. Oct. 22, 2007), ECF 1146-17, 1147; *see also* Order at 6, *Freudenberg v. E*Trade Fin. Corp.*, No. 07-cv-8538 (S.D.N.Y. Oct. 22, 2012), ECF 154 (finding that Andrews "lack[s] standing").

**Objector Michael Sussman, ECF 325**

Class Counsel previously discussed Mr. Sussman and his objections in its Motion, ECF 330 at 31–32 & nn. 8, 9, 18; Wallenstein Decl., ECF 331 ¶¶ 69–85. Sussman stated in his objection that he does not intend to appear at the Final Approval Hearing.

Regarding the issue of Sussman's standing to object, it has come to Class Counsel's attention that according to a Lexis-Nexis search, Sussman is associated with an email address beginning with "devnuls"—the same word used as a first name in the Google account associated with the Notice ID that is listed in Sussman's objections. *Compare* Sussman Objs., ECF 325 *with* Burrows Decl. at Ex. 1, ECF 330-15. This tends to suggest that the Notice ID listed in Sussman's objections is associated with Sussman and that Sussman received email notice in this case.

Given that Sussman did receive a Notice ID and email notice, he has no standing to raise his primary objection, that there is "no alternative mechanism" for class members "who did not receive or respond to the Payment Election Email." ECF 325 at 1. But Sussman received email notice, which is how he got the Notice ID. As a result, he cannot raise an objection on behalf of class members who did not receive email notice, because he has not suffered that injury in a

---

[1] Andrews has filed objections that were overruled in at least five additional cases. *See In re Packaged Ice Antitrust Litig.*, No. 08-md-1952 (E.D. Mich. May 11, 2017 & Sept. 19, 2017); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420 (N.D. Cal. Aug. 22, 2016 & Sept. 7, 2016), ECF 1392 (Objs.), 1438 (Order); *Careathers v. Red Bull GmbH*, No. 13-cv-369 (S.D.N.Y. Apr. 21, 2015 & May 12, 2015), ECF 72 (Objs.), 101 (Order); ECF 539 (Objs.), 569 (Order); *Friedman v. Penson Worldwide, Inc.*, No. 11-cv-2098 (N.D. Tex. Aug. 6, 2013 & Aug. 23, 2013), ECF 92 (Objs.), 101 (Order); *In re Nutella Mktg. & Sales Pracs. Litig.*, No. 11-cv-1086 (D.N.J. June 8, 2012 & July 31, 2012), ECF 78 (Objs.), 104 (Order).

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

"personal and individual way." *Edwards*, 846 F. App'x at 539 (quoting *Hollingsworth*, 570 U.S. at 705).

Class Counsel have also identified additional information regarding Mr. Sussman. Sussman filed a FOIA lawsuit against the U.S. Marshal's Service seeking records about himself. *See Sussman v. U.S. Marshals Serv.*, No. 03-cv-610 (D.D.C.). In a summary judgment decision, the court explained that Mr. Sussman's FOIA request related to a "threat investigation" conducted by the Marshal's Service after Sussman "***sent a letter to the home of a federal judge***." *Sussman*, 808 F. Supp. 2d 192, 194 (D.D.C. 2011) (emphasis added).

The court also described Mr. Sussman's connection to an individual named Keith Maydak "who was a business associate of [Sussman] and who may have used [Sussman]'s name as an alias." *Id.* At the time, Sussman had listed Sussman's address in public pleadings as "613 Cross Street, East McKeesport, PA." Plf. Michael Sussman's Mot. for Partial S.J., *Sussman*, No. 03-cv-610 (D.D.C. Aug. 25, 2003), ECF 14.

Keith Maydak filed his own FOIA lawsuit against USMS, in which the court mentioned that "Maydak was convicted of wire fraud, mail fraud, access device fraud, and money laundering in the United States District Court for the Western District of Pennsylvania in 1994." *Maydak v. United States DOJ*, 218 F.3d 760, 761–62 (D.C. Cir. 2000). The Cross Street address that Sussman listed above is also associated with Keith Maydak. The property located there is listed as owned by William P. and Christine Maydak, Keith Maydak's parents. *See* Wallenstein Decl. Ex. A (property records); Pittsburgh Post-Gazette Obituaries, *William P. Maydak*, *available at* https://obituaries.post-gazette.com/obituary/william-bill-p-maydak-1088468597 (stating that William P. Maydak has a son "Keith Maydak"). According to a local newspaper article, Maydak grew up in the town in which the home is located, and returned there following his incarceration. *See* Brainy convict back in town, Pittsburgh Post-Gazette (Dec. 18, 2004), *available at https://www.post-gazette.com/local/east/2004/12/19/brainy-convict-back-in-town/stories/200412190267*

Sussman and Maydak were found to have violated the Anti-Cybersquatting Consumer Protection Act in a lawsuit by DaimlerChrysler involving an extortion scheme. *See*

7

*DaimlerChrysler v. Net Inc.*, 388 F.3d 201, 203 (6th Cir. 2004) (affirming grant of summary judgment in favor of Plaintiff). The court found that "defendant Maydak, who was incarcerated in federal prison at the time, asked defendant Michael Sussman to register the domain name 'foradodge.com' for him." *Id.* Sussman or an agent of his then "offered to sell the domain name" to DaimlerChrysler "for $30,000." *Id.* at 207. The Sixth Circuit held that Sussman and Maydak acted "with a bad intent to profit." *Id.*

As discussed in the Wallenstein Declaration submitted in support of the Motion for Final Approval in this case, Sussman filed an appeal in the *Telescopes* matter along with another individual named "Pat Zhen." ECF 331 ¶ 82. In a court pleading in another case, Zhen listed his phone number as (240) 362-9080. *See* Motion at 1, *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-2143 (N.D. Cal. Sept. 12, 2022), ECF 3108. A public records reverse phone number lookup shows that this same telephone number (240) 362-9080 is associated with Keith Maydak. *See* Wallenstein Decl. ¶ 5.

Mr. Sussman has also objected and filed a notice of appeal in *Filardi v. Mid-America Pet Food, L.L.C.*, along with another individual named "Zef Spaci." No. 23-cv-11170 (S.D.N.Y. Jan. 9, 2026 & Mar. 4, 2026), ECF 54 (Obj.), 67 (Appeal). The district court in that case overruled the objections on several grounds, including that "the objectors bear indicia of fraud." Order at 6, *Filardi* (Feb. 6, 2026), ECF 66. Although the transcript of the final approval hearing is still under seal, counsel in *Filardi* argued that Spaci and Sussman "are linked to one another, as well as to a web of individuals and addresses that are suspected to have been involved in fraudulent activity." Plfs.' Mot. for Final Approval of Settlement at 15, *Filardi* (Jan. 26, 2026), ECF 60.

Counsel in *Filardi* have requested imposition of an appeal bond, and a decision is still pending. In their pleadings, counsel represented that they have "been unable to verify the identities of Mr. Spaci and Mr. Sussman" because "they have refused to communicate regarding their claims and objections despite multiple attempts by the Claims Administrator, and investigations by the Claims Administrator and Class Counsel indicate that the Objectors are part of an organized serial objection scam." Plfs.' Letter at 1, *Filardi* (Mar. 17, 2026), ECF 69. In response, Sussman filed as proof of his identity a New York driver's license that lists as his address a UPS Store in Florida

8

(specifically, "1730 S FDRL HWY 151 DELRAY BCH FL"). Sussman Opp. to Bond Mot. at 4, *Filardi* (Apr. 24, 2026), ECF 73. The New York Department of Motor Vehicles generally requires proof of legal residency within the state of New York, with limited exceptions for active-duty military personnel and students. *See* N.Y. Dep't of Motor Vehicles, *Driver License: Provide Appropriate Proof of Residency*, *available at* https://dmv.ny.gov/driver-license/enhanced-or-real-id. As counsel in *Filardi* pointed out: "That the New York State Department of Motor Vehicles would allow one of its citizens to list the address of a UPS store located in Florida seems far-fetched to say the least." Plfs.' Reply in Supp. of Bond Mot. at 5, *Filardi* (May 15, 2026), ECF 77.

**Objector Troy Kenneth Scheffler, ECF 328**

Class Counsel previously discussed Scheffler and his objections in its Response to Objections, ECF 331 at nn. 4, 6, 8, 16; Wallenstein Decl., ECF 331 ¶ 37. Scheffler has stated that he does not intend to appear at the Final Approval Hearing.

Courts have recognized that Scheffler is "frequent class action settlement objector." *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-md-2795, 2020 WL 7133805, at *9 (D. Minn. Dec. 4, 2020); *see also In re Equifax*, No. 17-md-2800, 2020 WL 256132, at *42 (N.D. Ga. Mar. 17, 2020) ("Objector Troy Scheffler has previously objected to a number of class actions and at least one court has previously found that similar objections to the ones he makes here 'have no factual or legal merit.'") (quoting *Carter v. Forjas Taurus S.A.*, No. 13-cv-24583, 2016 WL 3982489, at *13 (S.D. Fla. Jul. 22, 2016)).

Class Counsel has identified objections filed by Scheffler in at least seven class action cases other than this one, all of which were overruled, with an eighth pending decision. *See Carter*, No. 13-cv-24583 (S.D. Fla.), ECF 137 (Dec. 9, 2015), 162 (Jan. 20, 2016), 164 (Jan. 20, 2016), 185 (May 23, 2016); *In re CenturyLink*, No. 17-md-2795 (D. Minn. June 16, 2020), ECF 740; *In re Equifax*, No. 17-md-2800 (N.D. Ga. Nov. 25, 2019), ECF 884; *In re Experian Data Breach Litig.*, No. 15-cv-1592 (C.D. Cal.), ECF 307 (Apr. 3, 2019), 308-6 (Apr. 8, 2019); *In re MNGI Digestive Health, PA*, No. 27-cv-24-10788 (Minn. Dist. Ct., Hennepin Cnty.), ECF 88 (Aug. 3, 2025), 96 (Aug. 29, 2025), 104 (Sept. 17, 2025); *In re Takata Airbag Prods. Liab. Litig.*, No. 15-md-2599 (S.D. Fla. Jan. 18, 2018), ECF 2306; *Shin v. Plantronics, Inc.*, No. 18-cv-5626 (N.D. Cal. Dec. 2,

9

2019), ECF 86; *see also Caccuri v. Sony Interactive Ent. LLC*, No. 21-cv-3361 (N.D. Cal. June 5, 2026), ECF 229 (pending decision).

In *In re MNGI*, after Scheffler filed a notice of appeal, the court approved a stipulation paying $5,000 in Scheffler's name to The Babinski Foundation in Pequot Lakes, Minnesota, in exchange for withdrawing his objection and foregoing any right to further appeal. No. 27-cv-24-10788, ECF 108 (Appeal Not. Dec. 15, 2025), 109 (Appeal Stmnt. Dec. 15, 2025), 124 (Order Mar. 24, 2026).

In *In re CenturyLink*, Scheffler's counsel, Peter J. Nickitas, made a "demand of $20,000" for counsel to secure "amicable resolution" of Scheffler's objection. No. 17-md-2795, ECF 835-9 at 3 (Email Nov. 5, 2020). The court ultimately approved a stipulation paying $5,000 in Scheffler's name to the Pequot Lakes (Minnesota) Police Department in exchange for withdrawing his objection and foregoing any right to further appeal. *Id.* at ECF 867 (Stip. Jan. 8, 2021), 867-1 (Agmt. Jan. 8, 2021), and 871 (Order Jan. 11, 2021).

In *In re Experian*, the court approved a stipulation by which Mr. Scheffler's counsel in that matter, Peter J. Nickitas, was paid $10,000 as reimbursement for attorneys' fees and expenses in exchange for withdrawing Scheffler's objections and foregoing any right to further appeal. No. 15-cv-1592, ECF 333 (Withdrawal July 2, 2019), 334 (Stip. July 2, 2019), and 335 (Order July 3, 2019).

Peter Nickitas has represented Scheffler in multiple other cases, including class actions, filed by Scheffler. *See, e.g.*, *Scheffler v. Equifax Info. Servs., L.L.C.*, No. 15-cv-3340 (D. Minn.); *Scheffler v. Gurstel Chargo, P.A.*, No. 15-cv-4436 (D. Minn.); *Scheffler v. Integrity Fin. Partners, Inc.*, No. 12-cv-188 (D. Minn.); *Scheffler v. Mercantile Adjustment Bureau, LLC*, No. 19-cv-1080 (D. Minn.); *Scheffler v. Omni Credit Servs. of Fla., Inc.*, No. 09-cv-3715 (D. Minn.); *Scheffler v. Patrick K. Willis Co.*, No. 18-cv-3142 (D. Minn.); *Scheffler v. Menard, Inc.*, No. 18-cv-2373 (D. Minn.); *Scheffler v. Glob. Credit & Collection Corp.*, No. 18-cv-3477 (D. Minn.); *Scheffler v. Pinnacle Credit Servs., LLC*, No. 14-cv-00001 (D. Minn.); *Scheffler v. Alltran Fin., LP*, No. 18-cv-415 (D. Minn.).

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

Nickitas has had several disciplinary actions filed against him and has been suspended on several occasions from the practice of law in Minnesota and Wisconsin, and is currently suspended from practicing law in Minnesota. *See, e.g.*, *See In re Pet. for Disciplinary Action Against Nickitas*, 702 N.W.2d 727 (Minn. 2005).

Mr. Scheffler was also involved in appeals in at least two other cases in which his objections to class action settlements were rejected. *See Scheffler v. Forjas Taurus, S.A.*, 701 F. App'x 759 (11th Cir. 2017) (rejecting Scheffler's appeal of *Carter v. Forjas Taurus, S.A.*, No. 13-cv-24583 (S.D. Fla.)); Mot. to Dismiss, *Miklowski v. Honda Motor Co.*, No. 18-10872 (11th Cir. July 27, 2018), ECF 124 (voluntary dismissal of *In re Takata*, No. 15-md-2599 (S.D. Fla.) appeal).

**Objection of Michael Albert Focia, ECF 327**

Class Counsel previously discussed Mr. Focia and his objections in its Response to Objections, ECF 330 at nn. 4, 6; Wallenstein Decl., ECF 331 ¶¶ 86–87. Focia has requested to be heard at the hearing.

Mr. Focia was convicted following a jury trial of federal firearms offenses arising from his sale of firearms on the "dark web" and sentenced to 51 months imprisonment. *See United States v. Focia*, No. 15-cr-17 (M.D. Ala.), ECF 167 (Verdict June 19, 2015), 199 (Sentencing Nov. 24, 2015), 203 (Judgment Dec. 8, 2015). On appeal, the Eleventh Circuit affirmed his conviction and sentence. *United States v. Focia*, 869 F.3d 1269 (11th Cir. 2017).

Mr. Focia represented himself *pro se* in an unsuccessful appeal to the Eleventh Circuit following a revocation of supervised release, in which the Eleventh Circuit noted Mr. Focia's appeal "offers a scattershot collection of legal and constitutional assertions" and "raises manifold constitutional and legal challenges to the revocation proceedings, none of which have merit." *United States v. Focia*, 856 Fed. Appx. 830, 831–32 (11th Cir. 2021).

Mr. Focia also represented himself *pro se* in a civil matter seeking a writ for *coram nobis* relief seemingly related to his criminal convictions. *Focia v. United States*, No. 23-cv-399 (M.D. Ala. 2023). This case was dismissed, with the Court noting that an appeal "would be frivolous and without arguable merit." *Id.* at ECF 28 at 8 (Mar. 21, 2025).

**Objector Joseph Varga, ECF 273**

Class Counsel previously discussed Mr. Varga and his objections in its Response to Objections, ECF 330 at nn. 4, 16; Wallenstein Decl., ECF 331 ¶¶ 40–41. Mr. Varga has stated that he intends to appear at the Final Approval Hearing.

In addition to this case, Varga has objected to at least two other class action settlements. *See* Varga Obj., *Hasson v. Comcast Cable Commc'ns LLC*, No. 23-cv-5039 (E.D. Pa. Apr. 6, 2026), ECF 281 (final approval hearing set for Aug. 5, 2026); *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 16-cv-2056 (D. Conn. Apr. 13, 2026), ECF 969 (final approval granted May 27, 2026).[2]

**Objector Andre Hawkins, Jr., ECF 289 and 333**

Class Counsel previously discussed Mr. Hawkins and his original objection (ECF 289) in its Response to Objections, ECF 330 at nn. 4, 6, and 16; Wallenstein Decl., ECF 331 ¶ 24. Hawkins stated that he did not intend to appear at the final approval hearing.

On June 15, 2026, the Court filed a subsequent objection sent by Mr. Hawkins, ECF 333, that bears the date June 8, 2026. Hawkins was silent regarding any intent to appear at the final approval hearing. Hawkins' subsequent objection, ECF 333, is untimely, and in any event, raises the same arguments as his earlier objection, ECF 289.

---

[2] Varga's objection was also filed in the coordinated case dockets of *Connecticut v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-710 (D. Conn. Apr. 13, 2026), ECF 928, and *Connecticut v. Sandoz, Inc.*, No. 20-cv-802 (D. Conn. Apr. 13, 2026), ECF 1389.

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

Dated:  June 18, 2026

Respectfully submitted,

KOREIN TILLERY LLC

*/s/ Marc A. Wallenstein*

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Chad E. Bell (*pro hac vice)*
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and*
*Jennifer Nelson*

13

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)

NOTICE OF SUPPLEMENTAL AUTHORITIES REGARDING CERTAIN OBJECTORS
(Case No. 5:20-CV-07956-VKD)