ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com


GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751


CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**SUPPLEMENTAL DECLARATION OF GLEN E. SUMMERS IN RESPONSE TO SUR-REPLY BY OBJECTOR NATHAN BYARS**<br><br>Date:   June 23, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

1

**SUPPLEMENTAL DECLARATION OF GLEN E. SUMMERS IN RESPONSE TO SUR-REPLY
BY OBJECTOR NATHAN BYARS (Case No. 5:20-CV-07956)**

I, Glen E. Summers, declare as follows:

1. I am a partner in the law firm of Bartlit Beck LLP, and am admitted to practice law in California, Colorado and this Court. I am co-lead counsel to the Plaintiffs in this action, including the preliminarily-approved class.

2. I make this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Response to Objections, specifically to respond to certain new arguments and factual assertions advanced in the Sur-Reply submitted by Objector Nathan Byars. ECF 334, 334-1.

3. I have personal knowledge of the facts stated in the declaration and, if called as a witness, I could and would competently testify thereto.

4. In his Sur-Reply, Mr. Byars asserts that Special Settlement Counsel merely reviewed and approved the "finished bargain" but did not "negotiat[e] the *Taylor* class's share against the *Csupo* class's." ECF 334-1 at 1. This factual assertion is incorrect. As set forth in my prior Declaration in Support of Plaintiffs' Motion for Preliminary Approval, Special Settlement Counsel did not merely review and approve the final settlement terms, but also "provided direction regarding appropriate settlement terms for their respective cases" during the settlement negotiations. ECF 260-1 at ¶ 13. This was true both with respect to the monetary consideration and material non-monetary terms of the settlements.

5. After Class Counsel and Google reached an accord on the aggregate amount of the monetary consideration, Special Settlement Counsel (Graeme W. Bush of Zuckerman Spaeder LLP for the *Taylor* class, and Phillip C. Korologos of Boies Schiller Flexner LLP for the *Csupo* class) were requested to independently evaluate the merits of the cases and to negotiate between themselves to determine a fair and appropriate allocation of the aggregate settlement amount between the two cases. They performed this assessment, and the allocation they determined to be

**SUPPLEMENTAL DECLARATION OF GLEN E. SUMMERS IN RESPONSE TO SUR-REPLY BY OBJECTOR NATHAN BYARS (Case No. 5:20-CV-07956)**

fair and appropriate is what was incorporated into the parties' settlement term sheets and the final settlement agreements.[1]

6.      Similarly, as the non-monetary terms of the settlements were negotiated after the parties reached an accord on the monetary consideration, Special Settlement Counsel also provided direction as to the acceptability of material non-financial terms, including the settlement contingencies. In doing so, they represented exclusively the interests of their respective classes. Again, Special Settlement Counsel provided direction to Class Counsel in the negotiation of the settlement terms sheets and final settlement agreements; they did not merely approve a "finished bargain."

7.      Mr. Byars further argues in his Sur-Reply (at 3) that Class Counsel traded away a "valuable litigation asset" consisting of the possible assertion of collateral estoppel in order to secure the *Csupo* settlement. This is also incorrect. No such trading occurred. As discussed above and in my prior Declaration in Support of Final Settlement Approval, Special Settlement Counsel (who represented exclusively the interests of their respective classes) determined the allocation of the final settlement amounts between the two classes based on their assessment of the value of each case, including the possibility of the *Taylor* Plaintiffs arguing for the application of collateral estoppel in this case.

8.      In his Sur-Reply, Mr. Byars complains that the fees charged by Special Settlement Counsel have not been disclosed. The fees charged by Zuckerman Spaeder for Mr. Bush's work as Special Settlement Counsel for the *Taylor* class in November 2025 (when the principal terms of the settlement were negotiated with the involvement of Special Settlement Counsel) were $42,625.00. Those fees have been paid by Class Counsel.

9.      Having reviewed all of the objections, including Mr. Byars' Sur-Reply, it remains my professional judgment that the settlement is fair, reasonable, adequate, and superior to continued litigation given the very significant risks Plaintiffs faced of losing on class certification,

---

[1] This "two-stage" approach to settlement negotiation has been determined by the Ninth Circuit to avoid conflicts of interest. *See Scholnick v. Pace Am. Grp., Inc.*, No. 96-16208, 1998 WL 20807, at *1 (9th Cir. Jan. 16, 1998).

**SUPPLEMENTAL DECLARATION OF GLEN E. SUMMERS IN RESPONSE TO SUR-REPLY BY OBJECTOR NATHAN BYARS (Case No. 5:20-CV-07956)**

liability and damages issues. In reaching this conclusion, it is also my opinion that continued litigation, even if successful in establishing liability, would likely not produce materially superior injunctive relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2026.

/s/ Glen E. Summers
Glen E. Summers

4

**SUPPLEMENTAL DECLARATION OF GLEN E. SUMMERS IN RESPONSE TO SUR-REPLY BY OBJECTOR NATHAN BYARS (Case No. 5:20-CV-07956)**