ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**JOINT SUPPLEMENTAL BRIEF REGARDING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   June 23, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

On June 23, 2026, the Court ordered the Parties to file a supplemental submission addressing: (1) issues raised regarding the class definition and the scope of the release in the Parties' Settlement Agreement (ECF 260-11), and (2) an estimate and/or deadline for completion of the work required to confirm membership in the class and for any other outstanding administrative tasks by the settlement administrator. ECF 342. The Parties file this Supplemental Brief to address those issues.

The Court also authorized the Parties to submit an amended proposed order granting final settlement approval. *Id.* The parties intend to submit an amended proposed order by July 6, 2026

## I.    The Class Definition is Proper

The Class Action Fairness Act (CAFA) requires only minimal diversity, not complete diversity of citizenship. Specifically, it provides that the court has "original jurisdiction" over any class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Because Google is a citizen of California, and because the class of plaintiffs in this case includes citizens of 49 states other than California, this action satisfies CAFA's minimal-diversity requirement. This would be true even if the class contained California residents, and none of the exceptions to CAFA jurisdiction applies here. Accordingly, this Court has subject matter jurisdiction even if the class includes California residents who opted out of the *Csupo* action.[1]

Although the Parties are confident that including the individuals who opted out of the *Csupo* action as class members in this case would not present any jurisdictional or other problems, the Parties agree that it was not their intent to include the *Csupo* opt-outs in formulating the class definition set forth in the Parties' Settlement Agreement at Paragraph 1.5. They therefore propose the following clarified definition which reflects the intended meaning of the text of the Parties' Settlement Agreement (clarifying text in red):

---

[1] 209 individuals timely opted out of the *Csupo* action.

JOINT SUPPLEMENTAL BRIEF RE: FINAL APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 5:20-CV-07956-VKD)

"All natural persons in the United States, who have used mobile devices running the Android operating system to access the internet through cellular data networks operated by mobile carriers from November 12, 2017 to the date of the Final Order and Judgment, excluding persons who are class members **(or who opted out)** in *Csupo et al v. Google LLC*, Santa Clara Superior Court Case No. 19CV352557."

**II.     The Release is Proper**

The current release at Paragraph 1.33 of the Settlement Agreement is proper under binding Ninth Circuit law. The Ninth Circuit has explained that "the phrase 'claims that were raised or could have been raised,' refers to legal theories arising out of the same transactional nucleus of facts." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 n.2. (9th Cir. 2005). Thus, Plaintiffs' release of claims that "could have been asserted in the Action," Settlement Agreement § 1.33, releases only those claims "arising out of the same transactional nucleus of facts," *Hells Canyon*, 403 F.3d at 686 n.2.

A class action settlement may release claims that "arise from the same common nucleus of operative fact" as the claims asserted in the complaint. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir. 1992). Accordingly, the Ninth Circuit and the Northern District of California have previously approved class action releases of claims "that were asserted, **could have been asserted**, **or** that arise out of the same transactions or occurrences as the claims that were asserted, in the action." *In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. 09-CV-01376-LHK, 2011 WL 13240287, at *2 (N.D. Cal. Nov. 14, 2011) (emphasis added) (citation omitted) (approving of release language and citing previous decisions approving similar language). This Court should do the same.

The Parties further note and stipulate that the subsequent language of the release, reading "and/or that reasonably relate to or arise from the same predicate facts alleged in the Class Action Complaint(s)" is intended to limit, and should be construed to further limit, the phrase "could have been asserted in the Action." Settlement Agreement § 1.33.

### III.   Further Class Notice Is Not Required

No further class notice is necessary for the above two issues to be addressed in the Court's order granting final settlement approval. Modifications to a settlement do not trigger an obligation to re-notice the class when the modifications do not diminish or impair class members' rights. *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330–31 (N.D. Cal. 2018); *see also Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010) ("Although changes were made to the release after potential class members received the notice, the changes did not render the notice inadequate because they narrowed the scope of the release."). Similarly, no additional notice is required if a class is narrowed. *Cf.* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (explaining that notice must be directed to new class members when the definition of a certified Rule 23(b)(3) class is altered to add members who have not previously been afforded notice).

Here, the proposed very minor clarification to the class definition would serve only to narrow its scope, and would not diminish the rights of absent class members. Indeed, further notice would serve only to deplete the common fund, and would therefore be improper. *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. at 331; *Shaffer*, 362 F. App'x at 631.

### IV.   Administration

The Settlement Administrator reports that it anticipates completing the review of the pending requests for inclusion on the class list by July 10, 2026. The Parties and Settlement Administrator propose that the Court set a deadline for the submission of inclusion requests 15 days after the entry of the Court's final approval order. Promptly following entry of the final approval order, the Settlement Administrator will email all persons who have been provided the inclusion webform, but have yet to submit a request, advising them of the submission deadline. The Settlement Administrator reports that it can complete the review of any additional requests for inclusion within 10 days following the deadline set by the Court.

Dated:  June 27, 2026

Respectfully submitted,

COOLEY LLP

BARTLIT BECK LLP

*/s/ Whitty Somvichian*
Whitty Somvichian (194463)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*/s/ Glen E. Summers*
Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Chad E. Bell (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and*
*Jennifer Nelson*

JOINT SUPPLEMENTAL BRIEF RE: FINAL APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 5:20-CV-07956-VKD)

**ATTESTATION IN CONCURRENCE OF FILING**

I, Glen E. Summers, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

Dated:  June 27, 2026                                    BARTLIT BECK LLP

*/s/ Glen E. Summers*
Glen E. Summers (176402)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

JOINT SUPPLEMENTAL BRIEF RE: FINAL APPROVAL OF CLASS ACTION SETTLEMENT
(Case No. 5:20-CV-07956-VKD)