United States District Court

Northern District of California

San Jose Division

FILED

JUN 26 2026    C H

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of the Clerk

United States District Court Northern District of California

280 South 1st Street, Room 2112

San Jose, CA 95113

Judge Hon. Virginia DeMarchi


**Motion To Strike Unserved Documents, Testimony And Sanctions**

**In re–** Taylor v. Google LLC, Case No. 5:20-cv-07956-VKD (N.D. Cal.)


.

.

.

Christopher Andrews, Pro se
Objector,

Attached is a copy of my prepared testimony yesterday along with the email sent to me by the claims administrator lobbying to have me drop my objection by opting out that that was blocked from being introduced into the record at the Fairness Hearing. This blocked presentation attachment, incorporated as part of this motion, serves as the basis for the request to strike all the documents that were not served on the objector thus prohibiting his response to them and which violated court rules and this objector's due process rights. The objector requests the documents located at Docket 309, 329, 330, 331, 332 335,337 and 339 all be struck since they were not served on him at all and sanctions dispensed.

Thank you,

Christopher Andrews
Pro se Objector
PO Box 223
Lakeland, MI 48143
caaloa@gmail.com
517-294-6401

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing motion today June 24, 2026 via USPS Next Day Air to the Clerk of the Court San Jose Division which will send electronic notification to all attorneys and others registered to receive ECF filings via Pacer.

Dated June 24, 2026

/s/ Christopher Andrews

Christopher Andrews

PO Box 223
Lakeland, MI 48143-0223
T 517-294-6401
Email caaloa@gmail.com
Pro se Objector

# Gmail

## (no subject)
1 message

caaloa <caaloa@gmail.com>                                          Mon, Jun 22, 2026 at 9:29 PM
To: caaloa <caaloa@gmail.com>

Good morning Judge DeMarchi my name is Christopher Andrews a class member who has standing to object. This Presentation is made on my behalf and on behalf of all class members and objectors as well. ~~I~~ CORRECTS
There are two new major issues that have arisen that are directly tied to my objection and add to the long long list of reasons why this approval cannot be made.
~~In fact the case may end up being decertified.~~
Class counsel and defendant violated court rules by not sending me copies of all the filing they made after my objection was posted to the docket on June 18, 2026 despite me even telling them to send this objector copies in the objection and informing them I am NOT on Pacer. They did not want me to respond to their filings made after receiving my objection to gain an ~~error ridden~~, unfair advantage, ~~and~~ an inadequate, illegal and now poisoned approval.

(after Order 326

sua sponte

In the **U.S. District Court for the Northern District of California (NDCA)**, class counsel who violate court rules by failing to serve or send copies of required documents face serious **judicial sanctions, evidentiary penalties, financial liabilities, and potential revocation of class certification.**

Under Federal Rule of Civil Procedure 5 and NDCA Civil Local Rule 1-4, (Rules of Professional Conduct) the attorneys are strictly required to contemporaneously serve copies of all filed documents on all parties who have appeared, that means this objector and all the other AMEnts objectors as well. Since class counsel failed to send any of the filed documents to this objector, thereby prohibiting me from responding on behalf of myself and the rest of the class, these actions should be treated as bad-faith concealment. They violated NDCA 5.5 Certificate of Service A & B.

---

## Potential Penalties for Failure to Serve Documents

~~Depending on whether the failure was an administrative mistake or intentional concealment,~~ an NDCA judge can issue several tiers of penalties:

### 1. Monetary Sanctions and Attorney's Fees

Under **FRCP 11, FRCP 37** (if discovery documents are withheld), and **28 U.S.C. § 1927,** the court can order class counsel to personally pay all reasonable attorney's fees and costs incurred by the prejudiced party due to the missing documents. [1, 2] None at this point.

### 2. Evidentiary and Issue Preclusion

The objector strongly, ~~no~~ demands this court prohibit class counsel and defendant from using



the unserved documents located at docket 309, 329 (defendant) 330,331,332, 335, 337, and 338 by striking them from the record and any filings that post before this hearing along with any verbal testimony or any evidence introduced today at this fairness hearing tied directly or indirectly to those docket numbers above.

## 3. Striking Submissions and Vacating Orders [1]

If the court is considering or did grant an order or ruling based on a document that class counsel or defendant failed to serve on this objector those orders or pending orders should be vacated or not made at all.

## 4. Reduction or Withholding of Attorneys' Fees [1]

NDCA judges scrutinize class counsel's ethics intensely during settlement phases. Under the NDCA's Procedural Guidance for Class Action Settlements, the objector believes the court should awarded 0 in fees and expenses if any fee is ever awarded on the grounds of poor professional conduct and/or misconduct as the case may be.

## 5. Stripping Class Representative or Class Counsel Status

Under **FRCP 23(g)**, class counsel must "fairly and adequately represent the interests of the class." Violating court rules by pulling unethical non-service tactics proves a lack of adequacy and competence for all of them. The court should consider firing class counsel and named plaintiffs for this entire debacle. The court should consider naming new firms to take over or should consider decertifying the class entirely.

Next this objector has a questions for the court based on the documents being illegally withheld from me. The question is this? Has class counsel in any of their filing made comments, claims or accusations about this objector that don't involve this case or objection? Do any examples come to mind?

**Hold off on the last one for now.**
### 6. Formal Professional Discipline hold off on this for now.

The NDCA maintains its own disciplinary system. Under Civil Local Rule 11-6, the court can and should refer class counsel to the **Standing Committee on Professional Conduct**, resulting in public reprimands, temporary suspension, or disbarment from practicing in the Northern District. [1, 2. The objector requests disbarment. The objector requests that the court order a copy of this transcript from this hearing be placed on the class website for the entire 100 plus million class members can review along with the results of the investigation involving the schinigianns that took place in this crooked proposed settlement.

Lobbing objectors to drop objections
The claims administrator, with or without class counsels or defendants knowledge, is proactively lobbying against the best interests of the unnamed class by sending emails to objectors in a desperate attempt to get them to drop their objections by urging them to opt out of the settlement which helps class counsel, defendant and themselves in obtaining a defective and now poisoned approval. This action also goes against the settlement agreement.
I would now like to read an email into the record that the claims administrator has mailed out to the objectors. Before I read it, here is a video view of it. Let me know if I should back it up or move it closer to the camera. Hold email to camera. This objector can email this letter to the court's deputy if requested. I will Now read it and I have comments to make about it.

Mr. Chilton if requested.  vkdcrd@cand.uscourts.gov

The claims administrator unethically engaged in questionable practices by violating their fiduciary duties to the class by not acting as a neutral third party to the court, undermining this settlement and the court's authority.  The court should not trust anything they claim, say or write in any filings. The class got what it paid for because Class counsel went with the lowest bidder. By attempting to lobby, coerce, or convince objectors to opt out of the settlement class and drop their objections, that action breaches several core legal and ethical boundaries and undermines the court approved  Rule 23(e) notification and settlement approval processes. It appears to be misconduct, is sanctionable, and puts the nail in the coffin for any approval this time around or maybe ever. The administrator has no business sending out this letter, none. Did they send a similar letter out to those who filed a claim lobbying them to withdraw their claim for damages by opting out and retaining their ability to sue the defendant in their own lawsuit?

Since the claims administrator appears to have been caught actively lobbying objectors to opt out thereby dropping their objections, the court should investigate and if found to be true it should order heavy court-ordered sanctions, disqualification, and outright rejection of the proposed settlement as follows:

1. **Disqualification:** The court will immediately terminate and replace the claims administration firm for round two if we ever get that far.
2. **Voiding Biased Opt-Outs:** The court will throw out any opt-out requests generated through the administrator's improper lobbying.
3. **Financial Penalties :** The administrator should be required to return their fee to the class fund before terminating them and class counsel should have their fee request cut to zero if any award is ever given to them. The objector requests that an investigation be launched and the report be posted to the class website when it's completed which should include the names of anyone associated with this scandal, titles, any bar numbers and the state they are licensed in for possible complaints to be filed there. The cost of the investigation and report is to be paid by class counsel and the administrator, not the class.
4. **Corrective Notices:** The court is to force Class counsel to pay for the next notice program even if they ~~don't~~ remain as class counsel, not the class, along with anyone else who knew about this scandalous campaign assuming this case does not get decertified.
5. The claims administrator's actions invalidate the settlement release and prohibit any approval.

Next, no attestation that a claimant filing a claim is over the age of 18 meaning a 12 year old can file a claim.This objector may be the sole valid claimant to the settlement fund because  if no one else has has submitted evidence that they paid for a cellular plan because that proof was never requested and the claimants were never asked to attest to that on the claim form, then that lack of evidence proves their lack of damages, they failed to establish Article III standing and does not have the right to file a legally valid claim. If the court wants to lift the $100 maximum amount, rule that all the claims submitted without proof of payment of the cellular data plan, since no attestation was made by the claimants they actually paid for a plan are invalid, cut the lawyers fee to 0% along with zero expenses and approve the deal with all the issues, I would gladly accept a check for the full amount of the settlement fund for $139 million! I could do a lot of good in the world with that money!

A predominance issue is applicable requiring different lawyers to represent each subclass. The court could decertify the class based on that issue and the two issues above.

Based on the objection, and this objector's presentation the deal needs rejection today and more. The class requires a divorce from class counsel and the administrator based on everything listed in this objectors objection and this presentation made today.

I reserve one minute for rebuttal.

Thank you for your time and attention.

 **Gmail**

caaloa <caaloa@gmail.com>

# Objection to Proposed Class Action Settlement - Joseph Taylor, et al., v. Google LLC

1 message

---

**Federal Cellular Class Action Settlement Administrator**        Tue, May 26, 2026 at 11:45
<noreply@federalcellularclassaction.com>     AM
Reply-To: Federal Cellular Class Action Settlement Administrator <noreply@federalcellularclassaction.com>
To: caaloa@gmail.com

---

Dear Christopher Lee Andrews,

Your objection to the settlement in *Taylor v. Google*, No. 5:20-CV-07956-VKD (N.D. Cal.) has
been received by the Court.

Your objection will be resolved by the Court in due course. Whatever the Court decides, you will
be bound by the Court's decision and will remain part of the settlement.

If you would prefer to not be bound by the Court's decision, you may exclude yourself from the
lawsuit, which is sometimes called "opting out." If you exclude yourself, you will no longer have
the right to object, but you will keep the right to sue Google on your own about the claims in this
Lawsuit.

If you wish to exclude yourself, please fill out the form available at the links below, and mail them
to the Court **postmarked on or before May 29, 2026:**

English

Spanish

**Thank You,**

**Taylor v. Google Settlement Administrator**

www.FederalCellularClassAction.com