ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor,
Mick Cleary, and Jennifer Nelson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS**<br><br>Date:   June 23, 2026<br>Time:   10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

On June 26, 2026, *pro se* objector Christopher Andrews submitted and requested the filing of three documents: (1) "Testimony The Objector Was Prohibited From Providing At the [] Fairness Hearing Yesterday Supplement To Objection" (the "Supplemental Objections"), (2) "Motion To Strike Unserved Documents, Testimony And Sanctions" (the "Motion to Strike"), and (3) "Motion To Remove Claims Administrator For Illegal Lobbying Objectors To Drop Their Objections By Opting Out And Sanctions" (the "Motion to Remove Claims Administrator"). ECF 351, 352, 353. In his proposed Supplemental Objections, Mr. Andrews provides a written narrative that he represents he intended to read orally at the final settlement approval hearing held on July 23, 2026, plus a copy of an email he says he received from the Settlement Administrator. ECF 351. In his proposed Motion to Strike, Mr. Andrews requests that the Court strike certain documents that he contends were not served on him and that the Court sanction class counsel. ECF 352. In his proposed Motion to Remove Claims Administrator, Mr. Andrews requests that the Court remove and sanction the Settlement Administrator.

In his Supplemental Objections, Mr. Andrews misrepresents the record at the final approval hearing. As for his proposed motions, having not intervened and become a party to this action, Mr. Andrews is also not entitled to file motions. The two motions are also without merit. This Court should therefore deny Mr. Andrews's request to file his proposed Supplemental Objections and motions, or in the alternative, consider the Supplemental Objections and overrule them and deny the motions on their merits.

## **ARGUMENT**

**I.      Mr. Andrews' Supplemental Objections Should Be Rejected Because He Misrepresents the Record from the Final Approval Hearing**

Mr. Andrews represents to the Court that he "was the third and last objector to speak" at the final settlement approval hearing held on July 23, 2026. ECF 351 at 3. That is not correct.

As the Court may recall, the third and final objector to be recognized was Mr. David Mawe. Mr. Mawe is an objector who notified the Court of his intent to speak at the final approval hearing. ECF 311.

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

No objectors were present in person at the final approval hearing, only counsel for the class and Google. At the beginning of the hearing, the Court directed its clerk to announce the names of objectors who had joined the hearing remotely. Mr. Andrews was not among the objectors named.

At the end of the hearing, the Court gave objectors an opportunity to speak. After two objectors spoke (Joanne Favor and Michael Focia), the Court instructed the clerk to "call on the next objector," and the clerk responded: "Yes, your Honor. The next objector I have here is Mr. David Mawe."[1] 6/23/2026 Hearing Tr. at 12:24–13:3. The clerk continued: "Mr. Mawe, I see you are here. I will give you permission to talk now. If you can please unmute yourself." *Id.* at 13:4–5. The clerk gave Mr. Mawe instructions for how to unmute himself and to make himself heard. *Id.* at 13:5–7. The Court then addressed Mr. Mawe twice by name. *Id.* at 13:8–12 ("Good morning, Mr. Mawe. Can you hear the Court? . . . Mr. Mawe, are you able to unmute your phone please?"). After Mr. Mawe did not respond, the Court suggested moving on to the next objector, but the Clerk reported that no further objectors were present in the hearing. *Id.* at 13:16–17. The Court opted to "give Mr. Mawe one more opportunity" to "see if he can unmute," and the clerk reminded Mr. Mawe of the procedure necessary to make himself heard remotely. *Id.* After Mr. Mawe failed to do so, the Court explained on the record that it had Mr. Mawe's written objections and would consider them. *Id.* at 14:1–5.

The Court then proceeded to provide an opportunity to any other objector, including any present via Zoom, to speak. The Court explained that any objector could "use the raised hand feature in the Zoom functionality to indicate" a "wish to be heard." Tr. at 14:6–12. Neither Mr. Andrews nor any other objector did so. Mr. Andrews did not raise his hand in Zoom and did not unmute to speak. After pausing to give any other objectors a chance to raise their hands or to

---

[1] As Mr. Mawe's name was not spelled aloud during the hearing, the court reporter refers to Mr. Mawe in the transcript as "Mr. David Mah (phonetic)." 6/23/2026 Hearing Tr. at 13:3. Plaintiffs use the correct spelling of Mr. Mawe's name for clarity. *See* ECF 311.

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

unmute on Zoom, the Court asked if there were "any other objectors," and the clerk reported that no objectors had "raised their hands in the attendee list." *Id.* at 14:6–17.

Plaintiffs respectfully request that this Court make a finding on the record that Mr. Andrews misrepresented the record at the fairness hearing in his filing. Whatever Mr. Andrews's reasons for failing to avail himself of the opportunity to speak at the hearing, his misrepresentations strongly suggest that Mr. Andrews is engaging in a form of gamesmanship intended to manufacture a false issue for appeal. This Court should exercise all powers within its discretion to discourage such gamesmanship.

## II. Mr. Andrews' Proposed Motions Should Be Rejected as He Is Not a Named Party and May Not File Motions

Mr. Andrews has not been granted leave to intervene, and he is therefore not a named party who may file motions in this case. In order to be treated as a named party who may file motions, an absent class member must successfully move to intervene. *See In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2011 WL 633308, at *3–6 (N.D. Cal. Feb. 11, 2011) (denying motion to intervene from serial objector whose intervention would prejudice the class by disrupting settlement). Mr. Andrews has not moved to intervene. He is therefore not entitled to file motions as if he were a named party in this action.

Nor would intervention have been proper here. In class actions in the Ninth Circuit, "courts generally find that an objector to a proposed settlement who is free to opt out of the class or voice objections at the final fairness hearing is adequately represented and not entitled to intervene." *Embry v. Acer Am. Corp.*, No. C 09-01808 JW, 2012 WL 13059908, at *1 (N.D. Cal. Jan. 27, 2012) (collecting cases); *see West v. Rheem Mfg. Co.*, No. 2:24-CV-09686-CAS-MAAX, 2026 WL 1192136, at *2 (C.D. Cal. Apr. 30, 2026) ("Courts in this circuit 'have consistently held that the ability to file objections and opt out of a class settlement, as dictated by Rule 23, are sufficient to protect the interests of class members in a typical case seeking damages.'" (citing *Brown v. Accellion. Inc.*, No. 5.21-CV-01155-EJD, 2023 WL 1928210, at *3 (N.D. Cal. Feb. 10, 2023))). In *West*, the court also found that permissive intervention was inappropriate "because it would cause undue delay and prejudice to the settlement parties and is

4

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

unnecessary to protect Huang's interests." *Id.* at *3; *see also In re Charles Schwab Corp. Sec. Litig.*, 2011 WL 633308 *3–6 (N.D. Cal. Feb. 11, 2011) (similar). Mr. Andrews cannot meet the criteria for intervention in this case, and such intervention would improperly prejudice the named Parties by disrupting a settlement that overwhelmingly benefits the class.

**III.    Mr. Andrews's Supplemental Objections and Proposed Motions Are Without Merit**

In any event, this Court should overrule Mr. Andrews's Supplemental Objections and deny his proposed motions as being without merit.

**A.    The Supplemental Objections Should Be Overruled**

The record demonstrates that the Court afforded Mr. Andrews and all other objectors a reasonable opportunity to be heard at the June 23, 2026 final settlement approval hearing. Moreover, the form of such a hearing is within the Court's discretion. There is no right to a hearing for objections the Court determines not to have substance. *Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 836 (9th Cir. 1976) ("Objections found to be without substance and frivolous require no hearing . . . ."). All objectors had the opportunity to submit written objections by the May 29, 2026, objection deadline, as Mr. Andrews did. All objectors, including Mr. Andrews, were afforded a fair opportunity to submit objections, both in writing and orally.

It is worth noting that Mr. Andrews has raised and lost similar arguments before. In *Edwards v. Andrews*, the Ninth Circuit rejected Mr. Andrews' argument that the district court violated his due process and First Amendment rights "when it restricted the scope of his oral argument." 846 F. App'x 538, 540 (9th Cir. 2021) (citing *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("An opportunity to be heard does not require an oral or evidentiary hearing on the issue.")). As the record demonstrates, the Court went above and beyond to ensure that any objector who wished to be heard had an opportunity to address the Court in person or by using the "raise hand" function on Zoom. Mr. Andrews received this reasonable opportunity, like all other objectors. The procedures adopted by the Court were well within the scope of the Court's discretion. Furthermore, Mr. Andrews has suffered no prejudice,

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

as the Court had the opportunity to review his written submissions, both his timely written objections submitted on May 18, 2026, ECF 302, and the written script of the argument he says he intended to present at the hearing.

### B.    The Motion to Strike Should be Denied

Mr. Andrews's Motion to Strike is also without merit for several reasons. Andrews argues that the Parties' failure to serve all filings on him "prohibit[ed] his response to them," which Andrews argues "violated court rules" and his "due process rights." ECF 352 at 2. He requests that such documents be stricken and that the Court sanction class counsel. *Id.* Plaintiffs have no obligation to serve absent class members who have not intervened and are not named parties to the litigation. Federal Rule of Civil Procedure 5 requires service on *parties*. Absent class members are treated as parties for limited purposes, such as preclusion, but are not treated as parties for most purposes such as notice and service. *See Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1076 (9th Cir. 2017) (rejecting argument that each class member must receive notice that a magistrate judge has been designated).

If Rule 5 required service on individual absent class members, it would render a nullity the notice procedures outlined in Rule 23(c)(2)(B). Rule 23 requires notice only as the Court directs and only such notice as necessary to advise class members of their basic rights and obligations under the Settlement. *See* Fed. R. Civ. P. 23(c)(2)(B).

The Motion to Strike should also be denied because Mr. Andrews suffered no prejudice from not being served with the pleadings at issue. In his submissions to the Court, Mr. Andrews specifically cites multiple pleadings by docket number. *See* ECF 352 at 2 ("The objector requests the documents located at Docket 309, 329, 330, 332, 332 335,337 and 339 all be struck . . . .") (sic); *see also id.,* at 5 ("[D]ocuments located at docket 309, 329 (defendant) 330,331,332, 335, 337, 338 . . . .") (sic). Mr. Andrews's representation to the Court that he cannot access the docket because he is "NOT on Pacer" is therefore not credible. *Id.* at 4. Mr. Andrews's submissions also demonstrate that he had adequate access to any filings, such that he was not prejudiced by any failure to serve him.

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

**C.      The Motion to Remove Claims Administrator Should Be Denied**

Mr. Andrews' proffered Motion to Remove Claims Administrator (ECF 353) is equally frivolous. Mr. Andrews contends that the Settlement Administrator illegally lobbied objectors to drop their objections. ECF 353 at 1–2, 6. As purported support, Mr. Andrews attaches an email from the Settlement Administrator. *Id.* at 7. The email at issue itself demonstrates that the Settlement Administrator did nothing inappropriate. The email reads in full:

> Dear Christopher Lee Andrews.
>
> Your objection to the settlement in *Taylor v. Google*, No. 5:20-CV-07956-VKD (N.D. Cal.) has been received by the Court.
>
> Your objection will be resolved by the Court in due course. Whatever the Court decides, you will be bound by the Court's decision and will remain part of the settlement.
>
> If you would prefer to not be bound by the Court's decision, you may exclude yourself from the lawsuit, which is sometimes called "opting out." If you exclude yourself, you will no longer have the right to object, but you will keep the right to sue Google on your own about the claims in this Lawsuit.
>
> If you wish to exclude yourself, please fill out the form available at the links below, and mail them to the Court **postmarked on or before May 29, 2026**:
>
> English [link]
>
> Spanish [link]
>
> **Thank You,**
>
> **Taylor v. Google Settlement Administrator**
>
> www.FederalCellularClassAction.com

*Id.* at 7. The Settlement Administrator's email is neutral and factually accurate. It does not unduly steer or pressure the recipient to take any particular action. It merely informs the recipient of his or her rights. Mr. Andrews's motion is frivolous and should be rejected.

**IV.      Mr. Andrews's Actions Demonstrate Bad Faith**

Plaintiffs respectfully request that this Court make a finding on the record that Mr. Andrews's actions demonstrate bad faith. A "finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous," but may be appropriate "where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*." *Fink v. Gomez*, 239 F.3d

7

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

989, 991–992 (9th Cir. 2001). Mr. Andrews's dishonest and frivolous filings "willfully abuse judicial processes" and thus fall within the "broad range of willful improper conduct" that constitutes "bad faith." *Id.*

A finding of bad faith is further warranted in light of Mr. Andrews's prior improper litigation conduct before the federal courts. This Court may consider the "totality of the circumstances, including conduct *prelitigation*" when assessing whether an individual has acted in bad faith. *Rodriguez v. United States*, 542 F.3d 704, 712 (9th Cir. 2008) (emphasis in original). Among the circumstances this Court should consider is Mr. Andrews's history of vexatious, bad-faith litigation behavior.

In *In re Polyurethan Foam*, the Sixth Circuit found that "Andrews unreasonably and vexatiously multiplied the proceedings through his myriad of repetitive, meritless pleadings," including pleadings "contesting the appeal bond and the original sanctions award," and that "Andrews knew or should have known that his arguments were frivolous" but made them anyways. *In re Polyurethane Foam Antitrust Litigation*, Nos. 17-3361, 17-3548, 2017 WL 8791098, at *3 (6th Cir. Dec. 14, 2017). The Sixth Circuit affirmed the district court's finding that Andrews "had vexatiously used the judicial system either to extort a pay-off from [counsel for the class] or as a delay tactic to prolong his coercion attempt," and had filed "frivolous appeals in pursuit of a payoff." *Id* at 2-3 (cleaned up)*. This prior conduct is relevant to the Court's bad-faith determination in this case, because it demonstrates that Mr. Andrews, as a repeat objector who has been sanctioned in the past, is on notice of his obligation not to make frivolous arguments.

Mr. Andrews is also on notice that his arguments are frivolous. The District Court for the Northern District of California and the Ninth Circuit have previously heard and rejected similar contrived arguments that the district court failed properly to hear Mr. Andrews's "oral argument" at an approval hearing. *See Edwards v. Andrews*, 846 F. App'x 538 (9th Cir. 2021). The Ninth Circuit likewise rejected as meritless Mr. Andrews's objections that a notice was not translated into Spanish and that incentive payments to class representatives create a conflict of interest. *See*

8

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

*id.* As part of the totality of the circumstances, this Court should consider that Mr. Andrews is making similar frivolous objections that he knows have previously been rejected by the Ninth Circuit. *See In re Polyurethane Foam Antitrust Litigation*, 2017 WL 8791098, at *3 ("Andrews knew or should have known that his arguments were frivolous because he continued to assert them after repeated rejections by the district court.").

Given this past litigation misconduct, it is clear that Mr. Andrews is intentionally attempting to be a nuisance and to disrupt the proceedings, presumably in the hope of extracting compensation. The Court should thus make a finding of bad faith.

Should this Court make such a finding of bad faith, it has the inherent power and discretion to impose appropriate sanctions on Mr. Andrews. *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) ("[A] a court may impose sanctions against a party that has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)). At a minimum, Plaintiffs suggest that the Court should issue an appropriate warning to Mr. Andrews that further filings of frivolous papers may result in the imposition of sanctions.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that the Court should reject as untimely and/or overrule Mr. Andrews' Supplemental Objections, and that the Court should reject Mr. Andrews' Motion to Strike and Motion to Remove Claims Administrator, both as procedurally improper and as substantively being without merit.

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)

Dated: July 6, 2026

Respectfully submitted,

BARTLIT BECK LLP

/s/ Glen E. Summers

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Chad E. Bell (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and*
*Jennifer Nelson*

OPPOSITION TO CHRISTOPHER ANDREWS'S REQUEST FOR LEAVE TO FILE
SUPPLEMENTAL OBJECTIONS AND TWO MOTIONS
(Case No. 5:20-CV-07956-VKD)