UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

**FILED**
JUL 08 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

JOSEPH TAYLOR, et al.,
    Plaintiffs,

v.                                                          Case No.:5:20-cv-07956-VKD

GOOGLE LLC
    Defendant.                                          Hon Virginia K. DeMarchi

---

**MOTION TO INTERVENE BASED ON FEDERAL RULE OF CIVIL
PROCEDURE 24 ;  DEMAND EXPANDED DISCOVERY  AND FRCP 23(H) FOR
UNREASONABLE FEE AWARD**

## I.    BACKGROUND

On January 28, 2026 plaintiff sought preliminary approval of a $135 million non-reversionary settlement to resolve claims that Google's Android operating system caused mobile devices to transfer data to Google in the background including when devices were idle without consent consuming class members cellular data.  The Class Consists if approximately 100 million Android users nationwide.

The Settlement and veracity of the case is lacking in the many elements outlined herein, one of which is a  required *trial by jury,*  not jury trial.  This element further evidences the lack of representation of the interests of the Class Members and the requirement of intervention.

## I.    INTERVENER'S STANDING.

The intervener,  Joanne K. Faber, resides at 97 Flag Point, in Toms River, New Jersey 08753. She is United States resident who used an Android-operated mobile device from November 12, 2017, to the date of the final judgment, who has not requested exclusion from the settlement class. Objector is not a member of the parallel Csupot v. Google LLC class. The Intervener  intends to appear pro se by Zoom at the future hearings, and argue her Motion to Intervene if the court deems oral argument necessary.  The intervener has not objected to any class action settlement in the past five years, nor have observed such an incident of which requires such intervention such as that outlined in this moving motion.

## II.    FOUNDATION OF INTERVENTION

The basis of this motion for intervention is in response to the June 23, 2026, settlement hearing of which presented elements and arguments by Google and the Class Counsel, requiring intervention.

To intervene as of right under Rule 24(a)(2), a showing of  (1) a timely application; (2) a legally protected interest in the action; (3) that the action threatens to impair that interest; and (4) that no existing party adequately represents his interest.

The application for Intervention is timely based upon the settlement conference of which took place June 23, 2026.  There is a legally protected interest in the action the Android phone has been used for over 10 years.  The lack of review of the actions  listed in this motion evidence the lack of representations of substantive items in the case.  There is no representation of the items cited in this motion while the legal foundation of fact, and the defendant's conceded statements provide foundation for these legal elements and the corresponding compensation or settlement amounts.

2

The elements of lacking are

i.   unreasonable settlement,
ii.  deficient pleadings,
iii. invalid arguments by Google without objections from Class Counsel,
iv.  insufficient discovery to allow disgorgement and allow a reasonable settlement whereby bringing into question veracity of settlement,
v.   offer of restraints on future users whereby requiring the Android users to carry the burden of re-setting their phone to block future or ongoing data theft,
vi.  disregard of the parties of the mega-fund doctrine raising questions of the veracity of representation of the class versus the class lawyers self served fees with future detriments to Android users,

## A. <u>LACK OF REASONABLE SETTLEMENT AMOUNT</u>

The fee award is unreasonable the Argument made by council on June 23rd 2026 is misplaced and does not speak to the substantive issues at hand. This case is based on an unreasonable offer of settlement whereby council cited to <u>Burke vs Choy</u> of which does not address the issue in any form. A fee or settlement amount must be reasonable. The sighting of Burke is without foundation and misapplied given it is a frivolous argument and sanctions should be awarded against Google's for providing such a misplaced, unapplicable and frivolous argument which affirms the settlement is a unreasonable, and does not address the actual damages or disgorgement. The element of discouragement should be applied to the funds collected unlawfully by Google without the knowledge of Android phone users whereby Google proceeded to obtain a profit for the selling of the information of which is undefined in this case. From a substantive and quantitative assessment for a settlement the class counsel fails in representation. The only element of which the class settlement addresses or provides is the enrichment of the class attorneys of which failed in the claims of which have been plead.

The complaint on its face fails to clearly and precisely articulate the claims of which are brought against Google. This failure proceeds to further support the mishandling of this matter of which the settlement affirms said mishandling. Furthermore, there is no remedy in the settlement that precludes future and current violations such as those of this case. Instead the

3

settlement places a burden on the users of the Android phone. The users are to now somehow know that Google is unlawfully confiscating personal information and data from the individual without their knowledge, consent, expectation in any form based on contract law, resulting in a dispositive violation contract and rights intrinsically. To reiterate this settlement provides a remedy which allows for the continuation of the violations within this legal action.

## B. LACK OF ALL CLAIMS CITED AND PLEAD WITH CLARITY AND SPECIFICITY

There are substantive and foundational claims lacking in the filed complaint. In the amended complaint, (ECF 60), on page 2, beginning at line 16, It states that the "plaintiffs experienced unauthorized consumption which invades a legally protected interest of which is an unauthorized taking". On its face this is a violation of privacy. Furthermore this is conceded by the defendant as an ongoing monetization of the information of which was done without knowledge to the plaintiffs and without a quantification for the application of disgorgement whereby resulting in a proportionate settlement amount. The amended complaint did not add the claim of privacy while the defendants concede that information was taken and monetized two parties of which all are not defined. These parties that paid for the individuals data have agreements with Google of which the plaintiffs have no knowledge of set agreements and the use of their personal data. There is no reflection of this theft and the settlement amounts and the ongoing monetization of private information. The defendant concedes that the information is private.

## C. REQUIREMENT OF DISCOVERY REQUESTS AND INTERVENTION DUE TO DEFICIENCIES OF REPRESENTATIONS BY CLASS COUNSEL

The failure to plead and quantify the theft of medical data of which is in violation of HIPPA, is a substantive legal element of which requires judicial review. The defendant

4

concedes the seizing of information which "is unauthorized consumption [of which] invades legally protected interest [whereby] resulting in an unauthorized taking", (ECF 60, page 2, lines 16 to 19). The taking occurs relative to the applications of which the plaintiff or class member uses or deploys on their phone. The lack of information on this substantive item requires this intervention.

## D. <u>SYMBIOTIC INTERESTS OF CLASS COUNSEL AND GOOGLE TO THE DETRIMENT OF THE CLASS MEMBERS WHEREBY ADDITIONAL DISCOVERY IS REQUIRED.</u>

The interests of the council for the class members appears to align with Google by way of a symbiotic relationship of mutual financial enrichment while to the detriment of the class members. Any slightly educated individual would come to the same conclusion in that the settlement and legal elements without adequate representation of the class members. Specifically claims lacking while discovery of which provides an increased settlement and proportionate financial representation based on disgorgement, such discovery does not exist. As a result thereof it is hereby requested intervention and service of discovery demands.

The material facts of which are substantive in the cellular information of which was confiscated is inclusive, inter alia, of the following items of substantive value per a reasonable person. In this matter the Android Phone was used for the transmission of, inter alia, personal information, banking of myself and person of which objector was a power of attorney, medical information, investment information, financial profile by way of information, credit cards information, contact information by cell phone calls, breach of the right of privacy, personal work client information, financial information of work clients of Non-Disclosure classification; medical information, conditions, test results and HIPPA violations.

The questions of law and fact defined in (ECF 60, page 28, ¶ 90), with (e) being of substance and without a proportionate settlement or definition in accordance to discovery.

5

## E. <u>APPEARANCE OF FOUL PLAY FROM CLASS COUNSEL TO THE DETRIMENT OF THE CLASS, WITH SELF ENRICHMENT</u>

The class counsel Marc Wallerstein (ECF 335-3) attempts to supplant the objectors raised objections of which are based in elements of fact and law, by providing personal attacks and prior personal issues of the objectors, of which are irrelevant to the basis of the objections. It appears the objectors are to be "tricked" by Mr. Wallerstein "mud slinging" antics which raise questions and concerns.

Based on this document by Mr. Wallerstien, it is my opinion that the three class members listed in Mr. Wallerstein's document (ecf 335-3), are engaged in "fee sharing" from the legal counsel of the class in which is done to the detriment of the class.   This classifies as unjust enrichment or the claim of which is brought against Google. Intervention is required based on these self-serving actions of which are to the detriment of the users.

## F. ELEMENTS REMAIN UNCURED AND WITHOUT REMEDY TO THE CLASS MEMBERS

The court should consider the realistic distribution to the class in evaluating reasonableness. See *Pearsons v. NBTY, Inc.* 772 F.3d 778, 781 (7th Cir. 2014); *In Re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 170 (3d Cir. 2013). This is not within the record and upon intervention these elements will be unheld.

### 1. <u>Disgorgement.</u>

The size of the settlement does not comport to the profits, conceded monetization, or unjust gains obtained through the conduct of the conversion of the cellular data or theft thereof. The privacy claim and unconstitutional "taking" requires remedy and judicial review, or more appropriately trial by a jury.   The claim of secondary or tertiary party information obtained from the intercepted or converted cellular information wrongfully obtained, is not included in the settlement, whereby unreasonable and uncured elements of disgorgement. The financial gain from this information sold or obtained by Google is not quantified to the class members. The

6

settlement amount does not comport to the time interval of 2017 to final judgment, with daily conversion of personal data.

## 2. **Proportionality and Reasonableness of Settlement.**

The settlement amount is factually disproportionate to the amount of financial gain obtained by Google heretofore. There is no mention of the parties of which are in receipt of this confiscated or unjustly obtained data from Google, through methods of the sale of the data, or other methods of which this data was obtained. There is no "guard rail" on the further use of this data or the disclosure of the parties in possession of this data, while obtained previously there is no termination of ongoing use and therefore gain by the receipt of this data. The payment amount relative to the gains received by Google are disproportionate.

The IP Data breach on the legal element of Privacy alone has an amount of $750 per incident. Moreover, data sold have value dependent on its classification or type of which will have medical data, financial data, banking data, investment data, and individual profile, therefore a more proportionate settlement would be several thousand dollars per members. All types of data outlined herein, have been transferred as conceded by the defendant of which is without "just compensation", as required by this intervener.

The infractions for the confiscation of data occurred daily over the period of years, and the amount of less than one U.S. Dollar is disproportionate to the disgorgement and ongoing unjust enrichment to Google and others from this data. The class counsel lacks astute review of which raises concerns.

The damages are not captured in this matter by the offered settlement amount, in that the sale of the data, and current damages are ongoing by way of targeting due to certain parameters in their personal data.

A proportionate payment or settlement amount includes the data theft of "4.4 Mega bytes" per day, as stated in the "Joint Case Management Statement" of which is to consider the actual "type" or "characterization" of the data. This is without representation whereby intervention is required.

7

## II.    RELIEF REQUESTED

Intervener hereby requests to be included as a party to the action as an intervener as defined in this motion, and further relief includes:

1. Release of sealed items if they provide the added information to allow the cure of the open issues in this moving motion;

2. Additional discovery information to provide the monetization financials whereby the settlement is to include the factors of disgorgement;

3. The inclusion of the required elements for a settlement or the required trial by jury with the inclusion of the Mega Doctine of which is without consideration;

4. Inclusion of elements required for a "reasonable" settlement as defined by law;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ JOANNE FABER
Joanne Faber
97 Flag Point
Toms River, NJ 08753
Landline Phone:  732.244.2036
Email: jkfaber2023@gmail.com
Intervener

Date:   JUNE 30, 2026

8

## G. CERTIFICATION OF SERVICE

I, Joanne Faber, hereby certify that I have served The opposing parties with copies of this document pursuant to the rules of the court and electronic court filing.

/s/ JOANNE FABER
Joanne Faber
97 Flag Point
Toms River, NJ 08753
Landline Phone:  732.244.2036
Email: jkfaber2023@gmail.com
Intervener


Date:  JUNE 30, 2026

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JOSEPH TAYLOR, et al.,
      Plaintiffs,

v.                           Case No.:5:20-cv-07956-VKD

GOOGLE LLC
      Defendant.                 Hon Virginia K. DeMarchi

**ORDER**

**Proposed Order**

THIS MATTER having been brought before the court on the submission of a Motion for Intervention by JOANNE K. FABER, moving the court for an Order to Intervene based on the moving Motion for Intervention.

Court having considered the submissions of the parties in connection with this motion, and for good cause having been shown.

IT IS HEREBY ORDERED on this _____ day of _____ , 2026, that intervener's motion is GRANTED.

_____

10

Ms. Joanne K. Faber
97 Flag Point Rd
Toms River, NJ 08753

9511383002 C080

Northern District Court
280 South 1st St.
San Jose, CA 95113

FREEDOM
FOREVER USA

FREEDOM
FOREVER USA