Michael Albert Focia
1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@protonmail.com
Objector, Intervenor, Creditor-in-Fact
& Beneficiary

**FILED**

**JUL 27 2026**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

JOSEPH TAYLOR, MICK CLEARY, and
JENNIFER NELSON, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-07956-VKD

## OBJECTOR MICHAEL ALBERT FOCIA'S
## REQUEST FOR JUDICIAL NOTICE PURSUANT TO
## FEDERAL RULE OF EVIDENCE 201(d)

Objector & Intervener Michael Albert Focia, appearing *in propria persona*, hereby requests that this Court take **mandatory judicial notice** pursuant to **Federal Rule of Evidence 201(d)** of the following adjudicative facts, which are not subject to reasonable dispute and are either (1) generally known within the territorial jurisdiction of this Court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. **Fed. R. Evid. 201(b).**

## I. LEGAL STANDARD

Under **Federal Rule of Evidence 201(d)** :

*"The court shall take judicial notice if requested by a party and supplied with the necessary information."*

This request is timely and is made at the earliest practicable opportunity. Objector has supplied the necessary information, including links and references to copies of the documents and records establishing each fact noticed herein.

Mandatory Judicial Notice 5:20-cv-07956-VKD                    Page 1 of 8

Pursuant to **Federal Rule of Evidence 201(e)**, Objector requests an opportunity to be heard as to the propriety of taking judicial notice of the facts set forth herein and the tenor of the matters noticed.

## II. FACTS FOR JUDICIAL NOTICE

Objector respectfully requests that this Court take **mandatory judicial notice** of the following facts:

### A. Facts Established by the Record in This Case

| Fact | Source | ECF/Location |
|---|---|---|
| 1. Objector Focia timely filed a written objection on May 28, 2026. | Objection to Proposed Class Action Settlement | ECF 325 |
| 2. Objector Focia submitted an Affidavit of Android Device Usage and Cellular Data Consumption under penalty of perjury. | Affidavit | ECF 325-1 |
| 3. Marc A. Wallenstein filed a Declaration stating under penalty of perjury that Objector Focia "has not provided evidence of class membership to date." | Wallenstein Declaration | ECF 331 at 15:11 |
| 4. The Wallenstein Declaration's statement is false because Focia's affidavit constitutes evidence of class membership. | Comparison of ECF 325-1 and ECF 331 | ECF 325-1; ECF 331 at 15:11 |
| 5. Marc A. Wallenstein filed a Declaration stating under penalty of perjury that information "could not, in the exercise of reasonable diligence, have been identified and filed by June 12, 2026." | Wallenstein Declaration (ECF 335-1) | ECF 335-1 ¶ 3 |
| 6. Defense counsel stipulated to the filing of the false declaration. | ECF 335-1 | ECF 335-1 ("Google has agreed to stipulate...") |
| 7. The final approval hearing was partially inaudible. | Transcript of June 23, 2026 hearing | Tr. 7:24-25 |
| 8. The transcript was not available until June 26, 2026, three days after the hearing. | Transcript filing date | ECF 346 (filed June 26, 2026) |

| Fact | Source | ECF/Location |
|---|---|---|
| 9. Google's counsel admitted at the June 23, 2026 hearing that the case is "not about privacy" and that "there has never been any suggestion that what's going on here is some use of the Android system to take people's private information." | Transcript of June 23, 2026 hearing | Tr. 15:4-13 |
| 10. The Settlement Agreement (ECF 260-11) contains an overbroad release that purports to release claims that "could have been asserted" and claims that "reasonably relate to or arise from the same predicate facts." | Settlement Agreement | ECF 260-11 § 1.33 |
| 11. The Settlement Agreement includes a California Civil Code § 1542 waiver. | Settlement Agreement | ECF 260-11 § 13.3 |
| 12. Class Counsel has claimed $698,533.50 in litigation costs without providing an itemized accounting. | Amended Proposed Order | ECF 356 at 33 |
| 13. The Escrow Agent is "to be jointly selected by the Parties at a later date." | Settlement Agreement | ECF 260-11 § 1.13 |
| 14. The Settlement Fund shall be held in an interest-bearing escrow account or Qualified Settlement Trust ("QSF") designated and controlled by the Escrow Agent. | Settlement Agreement | ECF 260-11 § 3.1 |
| 15. The Settlement Fund is $135,000,000. | Settlement Agreement | ECF 260-11 § 3.1 |

**B. Facts Established by Supreme Court Precedent**

| Fact | Source |
|---|---|
| 16. In *Carpenter v. United States*, 585 U.S. 296 (2018), the Supreme Court held that "the Fourth Amendment protects not only property interests but certain expectations of privacy as well." | 585 U.S. at 304 |
| 17. In *Chatrie v. United States*, No. 25-112, 604 U.S. ___ (June 29, 2026), the Supreme Court held that Location History data is "more the individual's own" than CSLI and that users have a property interest in their Location History data. | *Chatrie*, slip op. at 16-18 |
| 18. In *Chatrie*, the Court held that "it does not matter if the time period scrutinized was only two hours." | *Chatrie*, slip op. at 29 |
| 19. In *Chatrie*, the Court held that the third-party doctrine does not apply to Location History data. | *Chatrie*, slip op. at 29 |
| 20. In *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the Supreme Court held that | 444 U.S. at |

| Fact | Source |
|------|--------|
| absentee class members have "a right to share the harvest of the suit upon proof of their identity." | 480-81 |
| 21. In *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939), the Supreme Court recognized the common fund doctrine as part of the "historic equity jurisdiction of the federal courts." | 307 U.S. at 164 |
| 22. In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court held that a settlement class must satisfy all the requirements of Rule 23(a), including adequacy of representation. | 521 U.S. 591 |
| 23. In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Supreme Court held that a settlement cannot be used to "extinguish claims" through an overbroad release. | 527 U.S. 815 |
| 24. In *Frank v. Gaos*, 586 U.S. ___ (2019), the Supreme Court vacated a cy pres settlement that provided "no relief at all" to absent class members. | 586 U.S. ___ |
| 25. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court held that courts have inherent authority to sanction fraud upon the court. | 501 U.S. at 44-45 |
| 26. In *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019), the Supreme Court held that courts must enforce arbitration contracts according to their terms. | 586 U.S. at 68-69 |

## C. Facts Established by Ninth Circuit Precedent

| Fact | Source |
|------|--------|
| 27. In *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010), the Ninth Circuit held that a settlement release is proper only where the released claim is "based on the identical factual predicate" as the claims in the settled action. | 598 F.3d at 590 |
| 28. In *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992), the Ninth Circuit held that a settlement release is limited to claims "that were actually asserted in the complaint." | 955 F.2d at 1288 |
| 29. In *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), the Ninth Circuit held that courts have an independent obligation to ensure that attorneys' fees are reasonable and that in "mega-fund" class actions, courts must adjust the benchmark percentage downward or employ the lodestar method. | 654 F.3d at 942 |
| 30. In *Bluetooth*, the Ninth Circuit identified three "subtle signs of collusion": (1) disproportionate distribution of the settlement to counsel; (2) "clear sailing" provisions; and (3) "kicker" provisions that return unclaimed funds to the defendant. | 654 F.3d at 947 |

| Fact | Source |
|---|---|
| 31. In *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001), the Ninth Circuit held that a finding of bad faith "does not require that the legal and factual basis for the action prove totally frivolous," but may be appropriate "where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides." | 239 F.3d at 991-92 |
| 32. In *Rodriguez v. United States*, 542 F.3d 704 (9th Cir. 2008), the Ninth Circuit held that a court may consider the "totality of the circumstances, including conduct prelitigation" when assessing bad faith. | 542 F.3d at 712 |
| 33. In *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit held that the 25% benchmark is the starting point for fee awards and that courts should use the lodestar method for cross-checking. | 327 F.3d 938 |
| 34. In *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), the Ninth Circuit identified factors for evaluating class action settlements, including the strength of plaintiff's case, the risk of litigation, and the amount offered in settlement. | 150 F.3d 1011 |
| 35. In *In re Easysaver Rewards Litigation*, 906 F.3d 747 (9th Cir. 2018), the Ninth Circuit reaffirmed the 25% benchmark for attorneys' fees. | 906 F.3d 747 |
| 36. In *Maree v. Deutsche Lufthansa A.G.*, No. 23-55795, 2025 WL 2268254 (9th Cir. Aug. 8, 2025), the Ninth Circuit held that a district court must make a "reasoned and specific finding that a negotiated fee is proportional to the actual, not anticipated, value of the settlement." | 2025 WL 2268254 |
| 37. In *Nitsch v. DreamWorks Animation SKG Inc.*, the Ninth Circuit suggested that in mega-fund cases, courts should adjust the benchmark percentage downward or employ the lodestar method to avoid windfall profits. | — |
| 38. In *Valiavicharska v. Celaya*, No. CV 10-4847 JSC, 2012 WL 1016138 (N.D. Cal. Mar. 22, 2012), this Court held that "a declarant cannot affirm under penalty of perjury that the contents of a document are true when she has not reviewed the document." | 2012 WL 1016138, at *2 |
| 39. In *Zucker v. Occidental Petroleum Corp.*, 68 F.3d 482 (9th Cir. 1995), the Ninth Circuit held that objectors have a due process right to be heard on their objections. | 68 F.3d 482 |

**D. Facts Established by California Law and Maxims of Jurisprudence**

| Fact | Source |
|---|---|
| 40. California Civil Code § 3517 provides: "No one can take advantage of his own wrong." | Cal. Civ. Code § 3517 |
| 41. California Civil Code § 3522 provides: "He who asserts a fact, must prove it." | Cal. Civ. Code § 3522 |

| Fact | Source |
|---|---|
| 42. California Civil Code § 3523 provides: "For every wrong there is a remedy." | Cal. Civ. Code § 3523 |
| 43. California Civil Code § 3524 provides: "Between those who are equally in the right, or equally in the wrong, the law does not interpose." | Cal. Civ. Code § 3524 |
| 44. California Civil Code § 3525 provides: "Between rights otherwise equal, the earliest is preferred." | Cal. Civ. Code § 3525 |
| 45. California Civil Code § 3528 provides: "The law respects form less than substance." | Cal. Civ. Code § 3528 |
| 46. California Civil Code § 3529 provides: "Equity treats that as done which ought to be done." | Cal. Civ. Code § 3529 |
| 47. California Civil Code § 3543 provides: "No one can take advantage of his own wrong." | Cal. Civ. Code § 3543 |
| 48. The maxim "No person bound to act for another in any matter can, as to that matter, act for himself" is the essence of the law of fiduciaries. | Maxims of Law and Equity, No. 30 |
| 49. The doctrine of unclean hands is firmly established in California. *Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048 (1990). | 222 Cal. App. 3d 1048 |
| 50. California Probate Code § 16002 requires fiduciaries to act in the best interests of the beneficiaries. | Cal. Prob. Code § 16002 |

**E. Facts Established by Other Court Proceedings**

| Fact | Source |
|---|---|
| 51. In *Csupo v. Google LLC*, Santa Clara Superior Court Case No. 19CV352557, a jury awarded $314.6 million to approximately 14 million California Android users on substantially similar claims. | Santa Clara Superior Court, Case No. 19CV352557 |
| 52. In MDL 3162 (*In re Class Action Settlement Administration Litigation*), multiple class actions have been centralized alleging that Angeion Group engaged in a "deceptive and anticompetitive scheme" and received undisclosed kickbacks. | MDL 3162 |
| 53. A federal judge in San Jose found that Angeion Group failed to disclose significant financial ties with Blackhawk and that Angeion would receive a percentage of Blackhawk's revenue when class members are paid through the settlement's pre-paid digital card option. | *In re Google Plus Profile Litig.*, No. 18-cv-6164 (N.D. Cal.) |

**F. Facts Established by Public Records and Marketing Materials**

| Fact | Source |
|---|---|

| Fact | Source |
|---|---|
| 54. Angeion Group maintains a proprietary database known as "AngeionAffirm 2.0" containing over 100 million claims records from hundreds of class actions over a 10-year period. | Angeion Group marketing materials (https://www.angeiongroup.com/class-action/fraud-prevention) |
| 55. AngeionAffirm 2.0 is based on "analysis of over 100 million claims" and uses "advanced fraud detection at the beginning of the claim process" to identify "known bad actors." | Angeion Group press release (July 9, 2024) |
| 56. Google has been found by multiple federal courts to have violated Section 2 of the Sherman Act. | *United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024); *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va. 2025) |
| 57. On August 5, 2024, Judge Amit Mehta of the U.S. District Court for the District of Columbia held that "Google is a monopolist" and that Google violated Section 2 of the Sherman Act. | *United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024) |
| 58. On April 17, 2025, the U.S. District Court for the Eastern District of Virginia held that Google violated Sections 1 and 2 of the Sherman Act. | *United States v. Google LLC*, No. 1:23-cv-00108 (E.D. Va. 2025) |

## III. REQUEST FOR OPPORTUNITY TO BE HEARD

Pursuant to **Federal Rule of Evidence 201(e)**, Objector requests that the Court provide an opportunity to be heard as to the propriety of taking judicial notice of the facts set forth herein and the tenor of the matters noticed.

## IV. INCORPORATION BY REFERENCE

Objector hereby incorporates this Request for Judicial Notice by reference into:

1. His Opposition to Plaintiffs' Motion for Final Approval of Class Action Settlement and Proposed Order (ECF 356);

2. His Motion for Full and Detailed Accounting of Settlement Fund, Court Registry Investment System Accounts, Bonds, Securities, and All Fiduciary Assets;

3. His Motion for Sanctions;

4. His Notice of Liability;

5. His Motion for Permissive Intervention; and

6. Any and all other motions, objections, and pleadings filed by Objector in this action.

Executed on June 30, 2026, at Pike Road, Alabama.

Michael Albert Focia
1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@protonmail.com
**Objector, Intervenor, Creditor-in-Fact**
**& Beneficiary**

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I served a true and correct copy of the foregoing Response on all counsel of record via the Court's ECF system through the clerk.

Michael Albert Focia