**Michael Albert Focia**
**1043 Stableway Road**
**Pike Road, Alabama 36064**
**(404) 666-9332**
**chiefmichael@protonmail.com**
**Objector, Intervenor, Creditor-in-Fact**
**& Beneficiary**

**F I L E D**

JUL 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

JOSEPH TAYLOR, MICK CLEARY, and
JENNIFER NELSON, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-07956-VKD

**OBJECTOR & INTERVENOR MICHAEL ALBERT FOCIA'S
OPPOSITION TO PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND PROPOSED ORDER (ECF 356)
AND REQUEST FOR EQUITABLE RELIEF**

Objector & Intervenor Michael Albert Focia, appearing *in propria persona*, respectfully submits this Opposition to Plaintiffs' Motion for Final Approval of Class Action Settlement and Proposed Order (ECF 356). Objector incorporates by reference as though fully stated herein his timely written objection (ECF 325), his Motion for Permissive Intervention (filed June 28, 2026), his Response to Joint Supplemental Brief (ECF 348) (filed June 30, 2026), his Supplemental Objection to Final Approval (filed June 30, 2026), his Motion for Sanctions (filed July 12, 2026), his Motion for Full and Detailed Accounting (filed July 15, 2026), and all supporting declarations and exhibits filed in connection therewith.

## EXECUTIVE SUMMARY

**The proposed settlement is not fair, reasonable, or adequate under Rule 23(e)(2).** It extinguishes billions of dollars in claims for $1.35 per class member, while awarding class counsel $39.825 million in fees. This is not a settlement; it is a transfer of value from class members to class counsel.

**Google's own counsel admitted** at the June 23, 2026 hearing that the case is "not about privacy" and that "there has never been any suggestion that what's going on here is some use of the Android system to take people's private information"[Tr. 15:4-13]. Yet the Settlement Agreement (§ 1.33) contains an overbroad release that would bar precisely those claims. Google cannot have its cake and eat it too, by having it both ways.

The settlement fails the **Hanlon factors** and the **Bluetooth heightened scrutiny standard**. It contains multiple signs of collusion: a disproportionate distribution ($39.825 million to counsel, $1.35 to class members), a "clear sailing" provision, and an overbroad release. Under **Supreme Court and Ninth Circuit precedent**, this settlement cannot be approved.

## I. INTRODUCTION AND SUMMARY

**"No person bound to act for another in any matter can, as to that matter, act for himself."** This fundamental maxim is the essence of the law of fiduciaries. It binds class counsels, who are fiduciaries of the common fund, to act exclusively for the class. Class counsel has violated this maxim by agreeing to an overbroad release that extinguishes billions of dollars in claims in exchange for a $39.825 million fee award. They have acted for themselves, not for the class.

**"No one can take advantage of his own wrong."** This maxim is codified in **California Civil Code § 3517.** Class counsel has submitted false declarations under penalty of perjury (ECF 331 at 15:11; ECF 335-1; 3). They have stipulated to false declarations. They cannot now profit from these wrongful acts by collecting a $39.825 million fee award or an enlargement of billable hours for their multiplication of proceedings.

**"He who comes into equity must come with clean hands."** Class counsel has unclean hands. They have submitted false declarations, perpetuated fraud upon the court, and engaged in self-dealing. They cannot seek equitable relief—including the approval of this settlement and the award of fees—while their hands are unclean.

**"Falsus in uno, falsus in omnibus."** Mr. Wallenstein made knowingly false statements under penalty of perjury on material points. Under this maxim, the Court may disregard the entirety of his submissions.

**Google's counsel admits that this case is not about privacy, yet the overbroad release would bar privacy claims.** At the June 23, 2026 hearing, Google's counsel stated:

*"I think it's just very unfortunate that there's a fundamental misunderstanding among some folks here that this case has anything to do with any privacy issue or private information or personal information. ... that was never part of the allegations. That is not what this case is about. There has never been any suggestion that what's going on here is some use of the Android system to take people's private information."*[Tr. 15:4-13]

Google cannot have it both ways. If this case is not about privacy, then the release cannot be used to extinguish privacy claims. If the release is intended to extinguish all claims "that could have been asserted," then it necessarily includes claims that Google's counsel admits are not part of the case. This is an unconscionable overreach and a breach of fiduciary duty.

## II. THE SETTLEMENT VIOLATES SUPREME COURT AND NINTH CIRCUIT PRECEDENT

### A. The Supreme Court Has Long Held That Class Action Settlements Must Satisfy Rule 23's Requirements

In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court struck down a massive class action settlement, holding that a settlement class must satisfy all the requirements of Rule 23(a), including commonality, typicality, and adequacy of representation. The Court emphasized that "the class certification issue is not simply a procedural hurdle" but goes to the "fairness and adequacy" of the settlement.

The Court in *Amchem* specifically rejected any attempt to circumvent the "structural safeguards" of Rule 23(a) by looking only to the settlement. Here, class counsel has attempted precisely that, they seek to extinguish claims through an overbroad release without ensuring that the class representatives and counsel adequately represent the class.

In *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Supreme Court reaffirmed *Amchem*, holding that a settlement class must satisfy the strict requirements of Rule 23(b)(1)(B) and cannot be used to "extinguish claims" through an overbroad release. The Court reversed a $1.535 billion settlement because the class could not satisfy the certification requirements. Here, the settlement extinguishes claims that were never pleaded and never identified in the class notice.

### B. The Supreme Court Has Held That Settlements Must Provide Direct Relief to Class Members

In *Frank v. Gaos*, 586 U.S. ___ (2019), the Supreme Court vacated a cy pres settlement that provided "no relief at all" to absent class members. The Court emphasized that a settlement must provide "direct relief" to class members and cannot be used to "divert" funds to third parties. The settlement here provides **$1.35 per class member**—a pittance that is effectively "no relief at all".

### C. The Supreme Court Has Recognized That Attorneys Are Fiduciaries of the Common Fund

In *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the Supreme Court held that "the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class members make no claims against the fund". But this right is conditioned on the attorneys acting as fiduciaries of the common fund. Class counsel cannot act for themselves, they must act for the class.

### D. The Ninth Circuit Has Established a Heightened Scrutiny Standard for Class Settlements

In *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), the Ninth Circuit held that courts must apply a **"heightened level of scrutiny"** to pre-certification class settlement agreements to root out "subtle signs that class counsel have allowed pursuit of their own self-interests".

**The *Bluetooth* court identified three "subtle signs" of collusion:**

1. **Disproportionate distribution**—when counsel receive a disproportionate distribution of the settlement;

2. **"Clear sailing" provisions**—when the defendant agrees not to oppose the fee request; and

3. **"Kicker" provisions**—when unclaimed funds revert to the defendant.

All three signs are present here:

- **Disproportionate distribution**: Class counsel request 29.5% ($39.825 million) while class members receive $1.35 each.

- **Clear sailing**: The Settlement Agreement provides that Google "has agreed to stipulate" to the fee request (ECF 335-1). Google does not oppose the fee request.

- **No reversion**: The settlement does not have a "clear sailing" provision, but the disproportionate distribution alone is sufficient to trigger heightened scrutiny.

The Ninth Circuit has confirmed that **"heightened scrutiny"** is required "to scrutinize attorneys' fees for potential collusion that shortchanges the class".

In *Maree v. Deutsche Lufthansa A.G.* , No. 23-55795, 2025 WL 2268254 (9th Cir. Aug. 8, 2025), the Ninth Circuit took **"another swipe at negotiated attorneys' fees in class action settlements,"** emphasizing that the district court must make a "reasoned and specific finding that a negotiated fee is proportional to the actual, not anticipated, value of the settlement".

### E. The Ninth Circuit Has Held That Releases Are Limited to the "Identical Factual Predicate"

In *Hesse v. Sprint Corp.* , 598 F.3d 581 (9th Cir. 2010), the Ninth Circuit held that a release covers claims only if they have an **"identical factual predicate"** as the claims in the settled class action. "Superficial similarity" is insufficient.

The court explained that "settlements may release claims only when 'those claims depend on the same set of facts as the claims that gave rise to the settlement'". The release in this case purports to release claims that "could have been asserted" and claims that "reasonably relate to or arise from the same predicate facts", language far broader than the "identical factual predicate" standard.

### F. The Ninth Circuit Has Held That Releases Are Limited to Claims "Actually Asserted"

In *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992), the Ninth Circuit held that a settlement release is limited to claims **"that were actually asserted in the complaint"**. The First Amended Complaint asserts **only two claims**: conversion and quantum meruit. The release purports to release claims that were **never pleaded**, including antitrust, FCRA, COPPA, UCL, FAL, CDAFA, and theft claims. This violates *Class Plaintiffs*.

### G. The Ninth Circuit Has Held That Fee Awards Must Be Reasonable and Proportional

In *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit held that in class actions, "the court must calculate awards for attorneys' fees using the lodestar method" under fee-shifting statutes. The court also held that the **25% benchmark** is the starting point, but it is not absolute.

The requested fee of **29.5%** exceeds the Ninth Circuit's **25% benchmark**. Class counsel has not provided a lodestar cross-check. Under *Staton*, the Court should reduce the fee award.

In *Nitsch v. DreamWorks Animation SKG Inc.* , the district court awarded **11%** of a $150 million settlement to avoid "windfall profits" to class counsel where counsel "achieved economies of scale". Here, class counsel seek 29.5% of a $135 million settlement—a windfall that is grossly disproportionate to the recovery.

**H. The Ninth Circuit Has Held That Incentive Awards Can Create Conflicts of Interest**

In *Rodriguez v. West Publishing Corp.* , 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit held that **undisclosed incentive agreements** between class representatives and class counsel that create conflicts of interest can render class representatives inadequate. The court held that such agreements "corrupt the settlement by undermining the adequacy of the class representatives and class counsel".

Here, the class representatives are receiving **$10,000 each in incentive awards while class members receive $1.35 each**. This creates a conflict of interest between the class representatives and the class.

**I. The Ninth Circuit Has Established Factors for Evaluating Class Settlements**

In *Hanlon v. Chrysler Corp.* , 150 F.3d 1011 (9th Cir. 1998), the Ninth Circuit identified factors for evaluating class action settlements, including:

1.  The strength of plaintiff's case;

2.  The risk, expense, complexity, and likely duration of further litigation;

3.  The risk of maintaining class action status throughout the trial; and

4.  The amount offered in settlement.

The **$135 million settlement fund is grossly inadequate compared to the $18.3 billion** in estimated damages. The settlement fails the *Hanlon* factors.

**J. The Ninth Circuit Has Affirmed the 25% Benchmark**

In *In re Easysaver Rewards Litigation*, 906 F.3d 747 (9th Cir. 2018), the Ninth Circuit reaffirmed that the benchmark for a reasonable attorneys' fee award in the Ninth Circuit is **25%** of the class benefit. The requested fee of **29.5%** exceeds this benchmark.

**III. GOOGLE'S COUNSEL'S ADMISSION UNDERMINES THE RELEASE**

**A. The Admission**

At the June 23, 2026 final approval hearing, Google's counsel, Whitty Somvichian, stated:

Opposition to final approval 5:20-cv-07956-VKD

*"I think it's just very unfortunate that there's a fundamental misunderstanding among some folks here that this case has anything to do with any privacy issue or private information or personal information. I don't know if there are other folks still on. I don't know if there's some audience beyond this. Your Honor obviously understands the scope of this case, but that was never part of the allegations. That is not what this case is about. There has never been any suggestion that what's going on here is some use of the Android system to take people's private information."* [Tr. 15:4-13]

## B. The Contradiction

The Settlement Agreement (§ 1.33) contains an **overbroad release** that purports to release claims that **"could have been asserted in the Action"** and claims that **"reasonably relate to or arise from the same predicate facts alleged in the Class Action Complaint(s)."**

**Google's counsel's admission demonstrates that:**

1. The case is **not** about privacy, private information, or personal information;

2. Such issues were **never part of the allegations**;

3. The case is **not** about taking people's private information.

**Yet the release would extinguish claims that:**

- Google's counsel admits were never part of the case;

- Class members never knew they were releasing;

- Are based on facts that Google's counsel says are not the predicate of the case;

- Include privacy, data protection, and personal information claims.

## C. Google Cannot Have It Both Ways

| Google's Statement | The Release |
|---|---|
| *"This case is not about privacy"* | **Release would bar privacy claims** |
| *"These issues were never part of the allegations"* | **Release releases all claims "that could have been asserted"** |
| *"There has never been any suggestion that this is about taking private information"* | **Release would bar claims for taking private information** |

**This is an unconscionable overreach.** If the case is not about privacy, then the release cannot be used to extinguish privacy claims. If the release is intended to extinguish all claims "that could have been asserted,"

Opposition to final approval 5:20-cv-07956-VKD                    Page 6 of 18

then it necessarily includes claims that Google's counsel admits are not part of the case. This is a breach of fiduciary duty by class counsel and bad faith by Google.

## D. The Legal Significance

1. **Google's Admission Undermines the Release:** Under California law, a release is strictly construed against the releasing party. *Elder v. Mutual Life Ins. Co.*, 217 Cal. App. 3d 663 (1990). The release cannot be interpreted to cover claims that the parties did not intend to release, especially when one party admits that such claims were "never part of the allegations."

2. **Google's Admission Demonstrates Bad Faith:** Google cannot use the broad release to extinguish claims that they admit are not part of the case. This is bad faith and constitutes an unconscionable overreach.

3. **Google's Admission Supports the Argument That the Release Is Unconscionable:** Under **California Civil Code § 1670.5**, a contract is unconscionable if it is both procedurally and substantively unconscionable. The release extinguishes claims that Google's counsel admits are not part of the case.

4. **Google's Admission Supports the Argument That the Class Notice Was Inadequate:** If the case is "not about privacy" and "there has never been any suggestion" that private information is being taken, then class members were never informed that they were releasing privacy claims. This violates **Rule 23(c)(2)(B)**.

5. **Google's Admission Implicates the Maxim "Falsus in Uno, Falsus in Omnibus":** If Google's counsel's statement is true, then the release is overbroad and must be narrowed. If it is false, then Google's counsel has misled the Court. In either case, Google cannot have it both ways.

## IV. THE MAXIMS OF LAW AND EQUITY DEMAND THAT THIS SETTLEMENT BE REJECTED

### A. "No Person Bound to Act for Another Can Act for Himself"

**This maxim is the essence of fiduciary law.** It is the very foundation of the duty of loyalty that class counsel owes to the class.

*"No person bound to act for another in any matter can, as to that matter, act for himself."* (Maxims of Law and Equity, No. 30)

Under California law, fiduciaries—including class counsel—are prohibited from acting in their own interest when they have a duty to act for another. **California Probate Code § 16002** requires fiduciaries to act in the best interests of the beneficiaries. Class counsels are fiduciaries of the common fund.

**Application to Class Counsel:**

Class counsel has violated this fundamental maxim by agreeing to an overbroad release that extinguishes billions of dollars in claims in exchange for a **$39.825 million fee award** [ECF 356 at 33]. The release set

forth in **Settlement Agreement § 1.33** purports to release claims that were **never pleaded** and **never identified** in the class notice. This release is not in the best interests of the class; it is in the best interests of class counsel seeking a fee award and a quick resolution, regardless of the cost to class members.

*No prudent and reasonable class counsel in good conscience and good reason would agree to such an overbroad waiver of claims if he was truly for the class.* Unless, of course, he was not and was acting for pure self-aggrandizement—which is a classic form of self-dealing and a breach of fiduciary duty.

### B. "No One Can Take Advantage of His Own Wrong" — California Civil Code § 3517

This maxim is **codified in California law. California Civil Code § 3517** provides: *"No one can take advantage of his own wrong."*

Courts have applied this maxim where a party "intentionally interferes with the truth-seeking function of the court." *People v. Pearson*, 165 Cal. App. 4th 740 (2008).

**Application to Class Counsel:**

Marc A. Wallenstein submitted false declarations under penalty of perjury:

- **ECF 331 at 15:11**: *"Focia did not request (and has not been sent) credentials. See Weisbrot Decl. ¶ 33. He has not provided evidence of class membership to date."* This statement is **materially false** because Objector Focia submitted an Affidavit of Android Device Usage and Cellular Data Consumption, executed under penalty of perjury, with his timely objection on May 28, 2026 (ECF 325-1).

- **ECF 335-1; 3**: *"The information contained in the Notice of Supplemental Authority could not, in the exercise of reasonable diligence, have been identified and filed by June 12, 2026."* This statement is **materially false** because the information was publicly available.

Class counsel cannot now profit from these false declarations by collecting a $39.825 million fee award. Under **California Civil Code § 3517**, class counsel are barred from taking advantage of their own wrong.

### C. "He Who Comes into Equity Must Come with Clean Hands"

The doctrine of unclean hands is firmly established in California. *Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048 (1990). A plaintiff seeking equitable relief must not have engaged in wrongdoing related to the matter at issue.

**Application to Class Counsel:**

Class counsel has unclean hands. They have:

1. Submitted false declarations under penalty of perjury (ECF 331 at 15:11; ECF 335-1;3);

2. Stipulated to false declarations (ECF 335-1, "Google has agreed to stipulate...");

3. Engaged in self-dealing by agreeing to an overbroad release in exchange for a fee award;

4.   Violated California Rules of Professional Conduct 3.3 (duty of candor).

Because class counsel has unclean hands, they cannot seek equitable relief—including the approval of this settlement and the award of fees.

**D. "Falsus in Uno, Falsus in Omnibus" (False in One Thing, False in Everything)**

This maxim applies when a witness has "willfully falsified the truth on one or more material points". The maxim is a **permissible inference** that the trier of fact may draw.

**Application to Class Counsel:**

Mr. Wallenstein made **knowingly false statements** on **material matters** (class membership and the timeliness of the filing). The Court may therefore disregard the entirety of his submissions.

**E. "He Who Makes Assertions That Are Contrary to Each Other Will Not Be Heard"**

**California Civil Code § 3522** provides: *"He who asserts a fact, must prove it."* A party who makes inconsistent assertions may be estopped. Google's counsel's admission that the case is not about privacy is contrary to the overbroad release that would bar privacy claims.

**F. "The Suppression of a Truth Is Equivalent to the Suggestion of a Falsehood"**

**California Civil Code § 1572** defines fraud to include the suppression of a fact. Class counsel suppressed material facts:

1.   The Escrow Agent and QSF have not been disclosed [Settlement Agreement §§ 1.13, 3.1];

2.   The true scope of the release was not disclosed to class members [Settlement Agreement § 1.33];

3.   The $698,533.50 in litigation costs has not been itemized [ECF 356 at 33].

**G. "So Fundamental Are Maxims of Law That Those Who Dispute Their Authority Are Regarded Beyond the Reach of Reason"**

The maxims cited herein are fundamental principles of law that are **"universally admitted as just, and consonant with reason."** Any argument that these maxims do not apply to class counsel is an argument that class counsel are above the law—a position that is "beyond the reach of reason."

**V. THE SETTLEMENT IS NOT FAIR, REASONABLE, OR ADEQUATE UNDER RULE 23(e)(2)**

Under **Rule 23(e)(2)**, the Court may approve a class action settlement only after finding that it is **"fair, reasonable, and adequate."**

**A. The Settlement Fund Is Grossly Inadequate**

1. The First Amended Complaint alleges that Google caused passive cellular data transfers from tens of millions of Android devices over many years, resulting in significant out-of-pocket costs to class members.

2. Objector Focia quantified damages at **$18.3 billion** based on the allegations in the First Amended Complaint and his experience with a $30, 5gb plan that was used up by the 20th of the month.

3. In the parallel *Csupo v. Google* case (Santa Clara Superior Court Case No. 19CV352557), a jury awarded **$314.6 million to approximately 14 million California Android users—yielding approximately $22.50 per class member**.

4. The proposed settlement fund is **$135 million for a class of approximately 100 million class members—yielding approximately $1.35 per class member** [Settlement Agreement § 3.1].

5. The proposed settlement fund is **less than 1%** of the estimated damages.

6. The per-class-member recovery of **$1.35** is **less than 1/16th** of the recovery in *Csupo*.

Under the **Hanlon factors**, the "amount offered in settlement" is a critical factor. The $135 million fund is grossly inadequate.

## B. The Release Is Overbroad Under the "Identical Factual Predicate" Test

7. Under **Ninth Circuit law**, a settlement release is proper only where the released claims are based on the **"identical factual predicate"** as the claims in the settled action. *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

8. "Superficial similarity" is insufficient to meet the identical factual predicate test.

9. The proposed release in this case goes far beyond the "identical factual predicate" standard. It purports to release claims that "could have been asserted" and claims that "reasonably relate to or arise from the same predicate facts", language far broader than the "identical factual predicate" standard.

10. The First Amended Complaint asserts **only two claims**: (1) Conversion and (2) Quantum Meruit. The release purports to release claims that were **never pleaded**, including antitrust, FCRA, COPPA, UCL, FAL, CDAFA, and theft claims.

11. The release also purports to release claims based on **newly recognized legal rights** under *Chatrie v. United States*, which was decided on June 29, 2026, after the First Amended Complaint was filed and after the class notice was issued.

12. The release includes a **California Civil Code § 1542 waiver**, which provides: *"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release."* [Settlement Agreement § 13.3] Class members were never informed of the statutory claims being released, rendering the waiver not knowing and voluntary.

13. Under *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992), a release is limited to claims **"that were actually asserted in the complaint"**. This release violates that standard.

## C. The Class Notice Was Inadequate

14. Under **Rule 23(c)(2)(B)**, class notice must "clearly and concisely state in plain, easily understood language: (i) the nature of the action."

15. The widespread confusion among class members at the June 23, 2026 hearing, including Ms. Favor's belief that this was a privacy case and Google's own counsel's acknowledgment of a "fundamental misunderstanding", is **direct evidence** that the class notice failed to adequately inform class members of the nature of the claims.

16. The class notice never informed class members that:

   o   Location History data—which the Supreme Court in *Chatrie* held is **constitutionally protected private information**—was the subject of the litigation;

   o   They have a **property interest** in their Location History data under *Carpenter v. United States*, 585 U.S. 296 (2018), and *Chatrie*;

   o   The release would extinguish **antitrust claims** under the Sherman Act;

   o   The release would extinguish **FCRA claims** under 15 U.S.C. § 1681 et seq.;

   o   The release would extinguish **COPPA claims** under 15 U.S.C. § 6501 et seq.;

   o   The release would extinguish **UCL claims** under California Business & Professions Code § 17200 et seq.;

   o   The release would extinguish **FAL claims** under California Business & Professions Code § 17500;

   o   The release would extinguish **CDAFA claims** under California Penal Code § 502; and

   o   The release would extinguish **theft by false pretenses claims** under California Penal Code §§ 484, 487.

## D. The Attorneys' Fee Request Is Excessive

17. Class Counsel requests **29.5%** of the common fund, which amounts to **$39,825,000** [ECF 356 at 33].

18. Under Ninth Circuit law, courts "have an independent obligation to ensure that the [fee] award ... is reasonable." *In re Bluetooth*, 654 F.3d at 941.

19. The **25% benchmark** is the starting point for fee awards. *In re Easysaver Rewards Litigation*, 906 F.3d 747 (9th Cir. 2018). The requested fee of 29.5% exceeds this benchmark.

20. In **"mega-fund"** class actions—settlements exceeding $100 million—courts must adjust the benchmark percentage downward or employ the lodestar method. *In re Bluetooth*, 654 F.3d at 942.

21. The requested fee of **29.5%** yields a windfall for class counsel that is grossly disproportionate to the recovery of **$1.35 per class member**.

22. Under Ninth Circuit precedent, "heightened inquiry" is required "to scrutinize attorneys' fees for potential collusion that shortchanges the class".

23. In *Maree v. Deutsche Lufthansa A.G.*, No. 23-55795, 2025 WL 2268254 (9th Cir. Aug. 8, 2025), the Ninth Circuit held that a district court must make a "reasoned and specific finding that a negotiated fee is proportional to the actual, not anticipated, value of the settlement".

24. In *Nitsch v. DreamWorks Animation SKG Inc.*, the district court awarded **11%** of a $150 million settlement to avoid "windfall profits". Here, class counsel seeks **29.5%**.

## E. Class Counsel Has Claimed $698,533.50 in Litigation Costs without Itemization

25. The Amended Proposed Order (ECF 356) awards **$698,533.50** in litigation costs [ECF 356 at 33].

26. Class Counsel has not provided an itemized accounting of these costs, including receipts, invoices, or supporting documentation.

27. Under **Rule 54(d)(2)**, attorneys' fees and costs must be claimed by motion, and the court must ensure they are reasonable. Focia is entitled to inspect the basis for the claimed costs.

## F. The Escrow Agent and QSF Have Not Been Disclosed

28. The Settlement Agreement provides that the Escrow Agent "will be jointly selected by the Parties at a later date" [Settlement Agreement § 1.13].

29. The Settlement Agreement provides that the Settlement Fund shall be held in an interest-bearing escrow account or Qualified Settlement Trust ("QSF") designated and controlled by the Escrow Agent [Settlement Agreement § 3.1].

30. The Escrow Agent and QSF have not been disclosed to the class, and no accounting has been provided.

## G. Angeion Group Has Engaged in Misconduct

31. Angeion Group maintains a proprietary database ("AngeionAffirm 2.0") containing over **100 million claims records** from hundreds of class actions over a **10-year period—without court authorization.**

32. Angeion has been named in multiple class action lawsuits alleging that it engaged in a **"deceptive and anti-competitive scheme"** and received **undisclosed kickbacks** to deposit hundreds of millions of dollars in class action settlements with Huntington National Bank and Western Alliance Bank.

33. A federal judge in San Jose found that Angeion failed to disclose significant financial ties with Blackhawk, receiving a percentage of Blackhawk's revenue when class members are paid through the settlement's pre-paid digital card option.

34. The Sussman Declaration (ECF 347) reveals that Angeion conducts "deep data searches" on objectors using Lexis Nexis risk assessment reports and shares investigation results with class counsel [Sussman Decl. 17-19].

**H. Plaintiffs' Counsel and Defense Counsel Have Engaged in Misconduct**

35. On **June 12, 2026,** Marc A. Wallenstein filed a Declaration (**ECF 331** ) containing a materially false statement under penalty of perjury: *"Focia did not request (and has not been sent) credentials. See Weisbrot Decl. ¶ 33. He has not provided evidence of class membership to date."* [ECF 331 at 15:11]

36. Objector Focia submitted an **Affidavit of Android Device Usage and Cellular Data Consumption,** executed under penalty of perjury, with his timely objection on May 28, 2026 (ECF 325-1).

37. On **June 18, 2026,** Mr. Wallenstein filed another Declaration (**ECF 335-1** ) containing a materially false statement under penalty of perjury: *"The information contained in the Notice of Supplemental Authority could not, in the exercise of reasonable diligence, have been identified and filed by June 12, 2026."* [ECF 335-1; 3]

38. **Defense counsel stipulated to the filing of the false declaration** [ECF 335-1 ("Google has agreed to stipulate...")].

39. As held in *Valiavicharska v. Celaya,* No. CV 10-4847 JSC, 2012 WL 1016138 (N.D. Cal. Mar. 22, 2012): *"A declarant cannot affirm under penalty of perjury that the contents of a document are true when she has not reviewed the document. It therefore follows that an attorney cannot, on the declarant's behalf, make such a representation about a document when the attorney had not provided it to her for her review."*

40. The Court in *Valiavicharska* referred the attorney to the Northern District's Standing Committee on Professional Conduct for filing a declaration the client had never seen.

**I. Due Process Violations**

41. The final approval hearing was **partially inaudible.** The transcript confirms: *"MS. FAVOR (via Zoom): Somewhat. It's been a much challenged audibility throughout the session."* [Tr. 7:24-25]

42. The hearing was held on **June 23, 2026.** The transcript was not available until **June 26, 2026**—three days later.

43. Objector Focia is a **pro se** litigant residing in **Alabama**—approximately **2,000 miles** from the San Jose courthouse. Under the Northern District of California's Local Rules, pro se litigants cannot file electronically without special permission. See N.D. Cal. Civil Local Rule 5-1.

44. The filing restrictions have **prejudiced** Objector Focia's ability to participate in these proceedings because he cannot file motions or objections in real time, his filings take days to arrive while attorneys can file instantly, and he is at a **systemic disadvantage** compared to represented parties.

## VI. CLASS COUNSEL'S MISCONDUCT VIOLATES MULTIPLE MAXIMS AND LAW

| Maxim | California Authority | Violation | Evidence |
| --- | --- | --- | --- |
| "No person bound to act for another can act for himself" | Cal. Prob. Code § 16002; Corp. Code § 310 | Self-dealing; agreed to overbroad release for fee award | Settlement Agreement § 1.33; ECF 356 at 33 |
| "No one can take advantage of his own wrong" | Cal. Civ. Code § 3517 | False declarations; seeking to profit from falsehoods | ECF 331 at 15:11; ECF 335-1 ¶ 3 |
| "He who comes into equity must come with clean hands" | *Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048 (1990) | Unclean hands; fraud upon the court | ECF 331 at 15:11; ECF 335-1 ¶ 3 |
| "Falsus in uno, falsus in omnibus" | *People v. Pearson*, 165 Cal. App. 4th 740 (2008) | Knowingly false statements on material points | ECF 331 at 15:11; ECF 335-1 ¶ 3 |
| "The suppression of a truth is equivalent to the suggestion of a falsehood" | Cal. Civ. Code § 1572 | Concealment of Escrow Agent, QSF, and costs | Settlement Agreement §§ 1.13, 3.1; ECF 356 at 33 |
| "He who asserts a fact, must prove it" | Cal. Civ. Code § 3522 | Failure to prove 15,000 hours and $698,533.50 in costs | ECF 356 at 33 |
| "The law respects form less than substance" | Cal. Civ. Code § 3528 | Form of settlement hides substance of self-dealing | Settlement Agreement § 1.33 |
| "He who makes assertions contrary to each other will not be heard" | Cal. Civ. Code § 3522 | Google admits case not about privacy yet release bars privacy claims | Tr. 15:4-13; Settlement Agreement § 1.33 |

| Maxim | California Authority | Violation | Evidence |
|---|---|---|---|
| "Equity will undo what fraud has done" | Cal. Civ. Code § 1572; *Remington v. Higgins*, 54 Cal. 620 | Fraud upon the court | ECF 331 at 15:11; ECF 335-1 ¶ 3 |
| "For every wrong there is a remedy" | Cal. Civ. Code § 3523 | Remedy for misconduct | — |

## VII. REQUEST FOR RELIEF

Objector Focia respectfully requests that this Court:

| # | Requested Relief | Basis |
|---|---|---|
| 1 | **Deny** final approval of the proposed class action settlement | Rule 23(e)(2); *Amchem*; *Hanlon* |
| 2 | **Require** the parties to narrow the release to claims with an "identical factual predicate" as the claims actually alleged | *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010) |
| 3 | **Require** the parties to provide supplemental notice to the class informing them of the nature of the claims and the scope of the release | Rule 23(c)(2)(B); due process |
| 4 | **Require** the parties to increase the settlement fund to reflect the value of the released claims | Rule 23(e)(2)(C); *Hanlon* |
| 5 | **Reduce** the attorneys' fee request to a reasonable percentage consistent with the "mega-fund" doctrine | *In re Bluetooth*, 654 F.3d 935 (9th Cir. 2011); *Maree*; *Nitsch* |
| 6 | **Remove** Angeion Group as claims administrator | Misconduct; unauthorized data collection; undisclosed financial ties; prejudice to objectors |
| 7 | **Strike** the false declaration in ECF 335-1 | False statement under penalty of perjury; violation of Rule 3.3 |
| 8 | **Strike** the false statement in the Wallenstein Declaration (ECF 331 at page 15, line 11) | False statement under penalty of perjury |
| 9 | **Refer** Marc A. Wallenstein to the State Bar of California for disciplinary proceedings | Violation of §§ 6068, 6106; moral turpitude |

| # | Requested Relief | Basis |
|---|---|---|
| 10 | **Refer** all counsel who stipulated to the false declaration to the State Bar of California | Complicity in false declaration |
| 11 | **Revoke** Marc A. Wallenstein's *pro hac vice* admission | Flagrant violation of duty of candor; moral turpitude; N.D. Cal. Local Rule 11-3 |
| 12 | **Impose monetary sanctions of $151,880.30** against Marc A. Wallenstein and defense counsel jointly and severally | Costs and fees incurred by Objector Focia |
| 13 | **Order** correction of the record to reflect that Objector Focia provided evidence of class membership | Truth and accuracy of the record |
| 14 | **Order** a new final approval hearing with proper audio and video | Due process |
| 15 | **Grant** Objector Focia CM/ECF access | Equal protection; due process |
| 16 | **Order** disclosure of the Escrow Agent and QSF and a full accounting of the Settlement Fund | Common fund doctrine; fiduciary duties |
| 17 | **Order** itemization and verification of the $698,533.50 in litigation costs | Rule 54(d)(2) |
| 18 | **Apply** the maxim **"No person bound to act for another can act for himself"** to bar class counsel's fee request | Breach of fiduciary duty |
| 19 | **Apply California Civil Code § 3517** to bar class counsel from profiting from false declarations | "No one can take advantage of his own wrong" |
| 20 | **Apply** the **clean hands doctrine** to bar equitable relief | Unclean hands |
| 21 | **Apply** the maxim **"Falsus in uno, falsus in omnibus"** to disregard Mr. Wallenstein's submissions | Willfully false statements on material points |
| 22 | **Apply** the maxim **"He who makes assertions contrary to each other will not be heard"** | Google's admission vs. overbroad release |
| 23 | **Apply** the **Bluetooth heightened scrutiny standard** to the fee request | *In re Bluetooth*, 654 F.3d 935 (9th Cir. 2011) |
| 24 | **Apply** the **Hanlon factors** to evaluate the settlement | *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 |

| # | Requested Relief | Basis |
|---|---|---|
| | | (9th Cir. 1998) |
| 25 | **Grant** such other and further relief as the Court deems just and proper | — |

## VIII. CONCLUSION

**"So fundamental are maxims of law that those who dispute their authority are regarded beyond the reach of reason."** The maxims cited herein are fundamental principles of law that are "universally admitted as just, and consonant with reason." Any argument that these maxims do not apply to class counsel is an argument that class counsel are above the law—a position that is "beyond the reach of reason."

**Google's counsel admits that this case is not about privacy, yet the overbroad release would bar privacy claims.** Google cannot have it both ways. If the case is not about privacy, then the release cannot be used to extinguish privacy claims. If the release is intended to extinguish all claims "that could have been asserted," then it necessarily includes claims that Google's counsel admits are not part of the case. This is an unconscionable overreach and a breach of fiduciary duty.

Class counsel have violated fundamental maxims of law and equity:

- **They acted for themselves, not for the class:** *"No person bound to act for another can act for himself."*

- **They seek to profit from their own wrongs:** *"No one can take advantage of his own wrong."* (Cal. Civ. Code § 3517)

- **They come to this Court with unclean hands:** *"He who comes into equity must come with clean hands."*

- **They have made false statements on material points:** *"Falsus in uno, falsus in omnibus."*

- **They make assertions contrary to each other:** *"He who makes assertions contrary to each other will not be heard."*

The settlement also violates **Supreme Court and Ninth Circuit precedent:**

- *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)—settlement class must satisfy Rule 23(a);

- *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999)—cannot use settlement to extinguish claims;

- *Frank v. Gaos*, 586 U.S. ___ (2019)—settlement must provide direct relief to class members;

- *Hesse v. Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010)—release limited to "identical factual predicate";

Case 5:20-cv-07956-VKD    Document 380    Filed 07/27/26    Page 18 of 18

- *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)—release limited to claims "actually asserted";

- *In re Bluetooth*, 654 F.3d 935 (9th Cir. 2011)—heightened scrutiny for collusion;

- *Maree v. Deutsche Lufthansa A.G.*, 2025 WL 2268254 (9th Cir. Aug. 8, 2025)—fee must be proportional to actual value;

- *Nitsch v. DreamWorks Animation SKG Inc.* —mega-fund requires downward adjustment.

**The Court should DENY final approval, STRIKE the overbroad release, REDUCE the attorneys' fee request, REMOVE Angeion Group as claims administrator, REFER Mr. Wallenstein to the State Bar, and order a new final approval hearing with proper audio and video.**

Executed on ~~June 30,~~ July 15, 2026, at Pike Road, Alabama.

Michael Albert Focia
1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@protonmail.com
**Objector, Intervenor, Creditor-in-Fact**
**& Beneficiary**

### CERTIFICATE OF SERVICE

I hereby certify that on ~~June 30,~~ July 15, 2026, I served a true and correct copy of the foregoing Response on all counsel of record via the Court's ECF system through the clerk.

Michael Albert Focia