Michael Albert Focia
c/o 1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@pm.me
*Objector, Intervenor, Beneficiary & Creditor-in-Fact*
*In propria persona, Sui Juris*

**FILED**

JUL 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

JOSEPH TAYLOR, MICK CLEARY, and
JENNIFER NELSON, individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-07956-VKD

**NOTICE OF MOTION AND MOTION FOR FULL AND DETAILED ACCOUNTING OF SETTLEMENT FUND, COURT REGISTRY INVESTMENT SYSTEM ACCOUNTS, BONDS, SECURITIES, AND ALL FIDUCIARY ASSETS**

**HEARING DATE:** August 10, 2026
**TIME:** 10:00 a.m.
**PLACE:** Courtroom of the Honorable Virginia K. DeMarchi
**TO:** All parties and their counsel of record

**PLEASE TAKE NOTICE** that on the above-referenced hearing date and time, or as soon thereafter as counsel may be heard, Objector Michael Albert Focia, appearing *in propria persona*, will move this Court for an order compelling a full and detailed accounting of:

1. The Settlement Fund created by the proposed class action settlement;

2. All funds deposited into the Court Registry Investment System ("CRIS") in connection with this case;

3. All bonds, securities, and other fiduciary assets created, deposited, or held in connection with this case; and

4. All disbursements, fees, costs, and expenses related thereto.

Objector seeks this accounting pursuant to **Federal Rules of Civil Procedure 23(h) and 23(e)(2)** ,

the **Common Fund Doctrine** (*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Sprague v. Ticonic National*

*Bank*, 307 U.S. 161 (1939)), the **Restatement (Third) of Trusts § 83** , **28 U.S.C. §§ 2041 and 2045** , **California Probate Code §§ 16060-16064** , **N.D. Cal. Procedural Guidance for Class Action Settlements** , and the Court's inherent equitable powers.

This Motion is supported by the accompanying Memorandum of Points and Authorities, the Declaration of Michael Albert Focia, and the Proposed Order submitted herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY

1.  Objector Michael Albert Focia is a Settlement Class Member, a creditor of the value of the cellular data and Location History data stolen/converted by Google (as recognized by *Carpenter v. United States*, 585 U.S. 296 (2018), and *Chatrie v. United States*, No. 25-112, 604 U.S. ___ (June 29, 2026)), and a beneficiary of the common fund/equitable res created by the proposed class action settlement.

2.  As a class member and beneficiary of the common fund, Focia is entitled to a full and detailed accounting of the settlement fund, its administration, and all attendant disbursements. **Fed. R. Civ. P. 23(h) and 23(e)(2)** ; *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("Absentee class members ... have a right to share the harvest of the suit upon proof of their identity").

3.  Additionally, all funds deposited into the Court's registry—including those held in the Court Registry Investment System ("CRIS")—are subject to the Court's control and jurisdiction, and class members are entitled to an accounting of those funds. **28 U.S.C. §§ 2041, 2045** ; *see also* **Fed. R. Civ. P. 67** .

4.  The Court, the Judge, and the Clerk of the Court owe fiduciary duties to class members and beneficiaries of common funds. *See, e.g., Boeing*, 444 U.S. at 478 (common fund doctrine imposes fiduciary duties on those who control the fund). The Clerk of the Court, as custodian of all funds deposited into the Court's registry, likewise owes fiduciary duties to the litigants and beneficiaries whose funds are held in the CRIS. **28 U.S.C. § 2041** .

5.  This Motion is made without waiver of any objections, settlement challenges, constitutional claims, statutory claims, or appellate rights. All rights, including those under the **Fifth and Fourteenth Amendments** to the United States Constitution, the **Fourth Amendment** (as interpreted in *Carpenter* and *Chatrie*), and all federal and state statutory and common law claims, are expressly reserved and preserved.

6.  Objector hereby incorporates by reference his concurrently filed Request for Judicial Notice Pursuant to Federal Rule of Evidence 201(d) (ECF No. [__]), and respectfully requests that this Court take mandatory judicial notice of all facts set forth therein. Under Federal Rule of Evidence 201(d), the Court shall take judicial notice if requested by a party and supplied with the necessary information. Objector has supplied the necessary information, including copies of all documents and records

establishing each fact noticed. The Court is therefore required to take judicial notice of these facts and to consider them in ruling on this Motion.

## II. FACTUAL BACKGROUND

6. On **June 12, 2026**, Plaintiffs' counsel filed a Motion for Final Approval of Class Action Settlement (**ECF 330** ) and a Motion for Attorneys' Fees, Costs, and Incentive Awards (**ECF 281** ).

7. Class Counsel has represented that they invested **over 15,000 hours of professional time** in this litigation, worth more than **$15.3 million at market rates, and seek a fee award of 29.5% of the common fund, amounting to $39,825,000.**

8. The proposed settlement creates a common fund of **$135,000,000 for a class of approximately 100 million class members, yielding approximately $1.35 per class member.**

9. In the parallel *Csupo v. Google* case (Santa Clara Superior Court Case No. 19CV352557), a jury awarded **$314.6 million to approximately 14 million California Android users—yielding approximately $22.50 per class member.**

10. The Settlement Administrator, **Angeion Group LLC**, maintains a proprietary database known as "AngeionAffirm 2.0," which contains over **100 million claims records** from hundreds of class actions over a 10-year period—**without court authorization.**

11. Angeion Group has been named in multiple class action lawsuits alleging that it engaged in a "deceptive and anticompetitive scheme" and received **undisclosed kickbacks** to deposit hundreds of millions of dollars in class action settlements with Huntington National Bank and Western Alliance Bank.

12. A federal judge in San Jose found that Angeion failed to disclose significant financial ties with Blackhawk, receiving a percentage of Blackhawk's revenue when class members are paid through the settlement's pre-paid digital card option.

13. The Sussman Declaration (**ECF 347** ) reveals that Angeion conducts "deep data searches" on objectors using Lexis Nexis risk assessment reports and shares investigation results with class counsel[Sussman Decl. ¶¶ 17-19].

14. All funds deposited into the Court's registry—including any funds held in the CRIS—are subject to the Court's control and jurisdiction. **28 U.S.C. § 2041** provides: "All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary."

15. Under **28 U.S.C. § 2045** and **Fed. R. Civ. P. 67** , funds deposited into the Court's registry may be invested in interest-bearing accounts or instruments. The Court Registry Investment System ("CRIS") is the authorized investment mechanism for such funds.

## III. LEGAL STANDARD

### A. The Common Fund Doctrine

The **common fund doctrine** imposes fiduciary-like duties on class counsel, the settlement administrator, and the Court. As the Supreme Court held in *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980):

*"The attorney's fee award in this case is a proper application of the common-fund doctrine, which rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its costs are unjustly enriched at the successful litigants' expense."*

*Boeing*, 444 U.S. at 478.

The Court further held that:

*"Absentee class members need prove only their membership in the injured class to claim their logically ascertainable shares of the judgment fund. Their right to share the harvest of the suit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel..."*

*Boeing*, 444 U.S. at 480-81.

As a class member and beneficiary of the common fund, Focia is entitled to a full accounting of the fund, including its creation, administration, and distribution. *See also Sprague v. Ticonic National Bank*, 307 U.S. 161, 164 (1939) (the common fund doctrine is part of the "historic equity jurisdiction of the federal courts").

## B. Fiduciary Duties Under Trust Law

Class counsel, the settlement administrator, the Court, the Judge, and the Clerk act as fiduciaries of the common fund. Under the **Restatement (Third) of Trusts § 83** , a trustee has a duty to keep adequate records and to provide beneficiaries with complete and accurate accountings. The Restatement provides that an adequate accounting must be "precise, clear, complete, and accurate".

Under California law, trustees have a duty to provide accountings to beneficiaries. **California Probate Code §§ 16060-16064** require trustees to provide beneficiaries with information concerning the trust and its administration.

## C. Federal Rules of Civil Procedure

| Rule | Applicable Provision | Application |
|---|---|---|
| Rule 23(h) | *"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."* | Class Counsel has moved for fees under Rule 23(h), claiming over 15,000 hours of work. The award of fees requires judicial scrutiny of the reasonableness of the hours claimed and the costs incurred. |
| Rule 23(e)(2) | The court must consider "the terms of any proposed award of attorney's fees, including timing of payment" and "the effectiveness of any proposed method of distributing relief to the class". | Focia is entitled to know precisely how the fund is being distributed, including the methodology for class list verification, payment elections, and distributions. |

| Rule | Applicable Provision | Application |
|---|---|---|
| Rule 23(e)(2)(D) | The court must consider whether "the proposal treats class members equitably relative to each other." | An accounting is necessary to ensure equitable treatment. |
| Rule 54(d)(2) | Attorneys' fees and nontaxable costs must be claimed by motion, and the court must ensure they are reasonable. | Focia is entitled to inspect the basis for the claimed fees and costs. |

**D. Court Registry Investment System (CRIS)**

Under **28 U.S.C. § 2041** , all moneys paid into any court of the United States in any case pending or adjudicated in such court shall be forthwith deposited with the Treasurer of the United States or a designated depositary-. Under **28 U.S.C. § 2045** , the Director of the Administrative Office of the United States Courts may invest court registry funds. The Court Registry Investment System ("CRIS") is the authorized investment mechanism for funds deposited into the court's registry.

The Clerk of the Court owes a fiduciary duty to the people he represents. As a fiduciary, the Clerk has a duty to place litigants' funds in interest-bearing accounts and to account for all funds deposited into the Court's registry.

**E. Northern District of California Procedural Guidance**

The Northern District of California requires post-distribution accounting. See **N.D. Cal. Procedural Guidance for Class Action Settlements** (effective December 1, 2018). The accounting must include detailed information regarding the total settlement fund, the number of class members, the number of claim forms submitted, the number of opt-outs, the number of objections, the average and median recovery per claimant, the largest and smallest amounts paid, the method of notice and payment, the number and value of uncashed checks, the amounts distributed to cy pres recipients, the administrative costs, the attorneys' fees and costs, the attorneys' fees as a percentage of the settlement fund, and the multiplier.

**F. Due Process and Property Rights**

Under the **Fifth and Fourteenth Amendments** to the United States Constitution, Focia has a protected property interest in his share of the common fund and in his data. *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Carpenter v. United States*, 585 U.S. 296 (2018), and *Chatrie v. United States*, No. 25-112, 604 U.S. ___ (June 29, 2026), establish that individuals have a property interest in their location data. Focia's rights to procedural due process and equal protection require that he be provided with a full and accurate accounting before any funds are distributed.

**IV. SPECIFIC DEMANDS FOR ACCOUNTING**

Focia hereby moves this Court for an order compelling the following disclosures, to be provided within **fourteen (14) days** of the date of the Court's Order, under **penalty of perjury** pursuant to **28 U.S.C. § 1746**:

**A. Accounting of the Settlement Fund**

| Item | Description |
| --- | --- |
| 1. Receipts | All receipts into the Settlement Fund, including dates, sources, amounts, and interest earned; |
| 2. Disbursements | All disbursements from the Settlement Fund, including attorneys' fees, costs, expenses, administration costs, incentive awards, and any other payments, itemized by recipient, with invoices and supporting documentation; |
| 3. Current Balance | The current balance of the Settlement Fund, including all investments, projections, and reserves; |
| 4. Class List Verification | The methodology used to verify the class list, including the number of class members, the number of opt-outs, the number of exclusions, and the number of payment elections; |
| 5. Distributions | The number and amounts of all distributions to class members, including the method of payment (e.g., PayPal, Venmo, Zelle, check, pre-paid card); |
| 6. Angeion Contracts | Copies of all contracts between Angeion Group and any party relating to the administration of this settlement, including any fee arrangements, profit-sharing agreements, or revenue-sharing agreements; |
| 7. Angeion's Ties to Third Parties | A full disclosure of all financial ties between Angeion Group and Blackhawk, Huntington National Bank, Western Alliance Bank, and any other third party; |
| 8. Data Practices | A full description of Angeion's data collection, retention, and use practices, including the AngeionAffirm 2.0 database; |
| 9. Reserves and Cy Pres | The amount and disposition of any reserves, unclaimed funds, or cy pres distributions; |
| 10. Audit Trail | A full audit trail for all transactions, including all bank statements, ledgers, and accounting records. |

**B. Accounting of Court Registry Investment System (CRIS) Accounts**

| Item | Description |
| --- | --- |
| 11. CRIS Account Establishment | A copy of all orders directing the establishment of CRIS accounts in connection with this case; |
| 12. CRIS Account Balances | The current balances of all CRIS accounts established in connection with this case, including the principal amount and all accrued interest; |

| Item | Description |
|---|---|
| 13. CRIS Transactions | A full accounting of all deposits into and withdrawals from all CRIS accounts established in connection with this case; |
| 14. CRIS Investment Activity | A full accounting of all investments made using CRIS funds, including the purchase of Treasury securities and any other investments; |
| 15. CRIS Fees | A full accounting of all registry fees and investment services fees deducted from CRIS accounts; |
| 16. CRIS Account Closures | A copy of any orders directing the closure of any CRIS accounts established in connection with this case. |

## C. Accounting of Bonds and Securities

| Item | Description |
|---|---|
| 17. Bid Bonds | A full accounting of all bid bonds deposited or created in connection with this case; |
| 18. Performance Bonds | A full accounting of all performance bonds deposited or created in connection with this case; |
| 19. Payment Bonds | A full accounting of all payment bonds deposited or created in connection with this case; |
| 20. Appeal Bonds | A full accounting of all appeal bonds deposited or created in connection with this case; |
| 21. Court Bonds | A full accounting of all court bonds deposited or created in connection with this case; |
| 22. Securities | A full accounting of all securities created, deposited, or held in connection with this case, including Treasury securities purchased through CRIS; |
| 23. Bond and | A full accounting of the disposition of all bonds and securities, including any |

| Item | Description |
| --- | --- |
| Securities Disposition | transfers to the Depository Trust Company. |

**D. Accounting of Class Counsel's Claimed Hours**

| Item | Description |
| --- | --- |
| 24. Time Records | A detailed breakdown of all time entries by attorney, by date, by task, and by the amount of time claimed for each task; |
| 25. Verification Under Penalty of Perjury | A verification under penalty of perjury that each time entry is accurate and that the hours claimed were actually and reasonably expended; |
| 26. Billing Methodology | An explanation of the methodology used to track time and to allocate time among the various tasks and attorneys; |
| 27. Billing Rates | An explanation of the billing rates used and the basis for those rates; |
| 28. Certification of No Double-Billing | A certification that no double-billing occurred (i.e., that no time was billed to the class that was also billed to any other client or case); |
| 29. Certification of No Related Work | A certification that no time was claimed for work performed in related actions, as Class Counsel has represented; |
| 30. Certification of Accuracy | A certification that all time claimed was actually incurred and that no time was inflated or fabricated. |

**E. Accounting of the AngeionAffirm 2.0 Database**

| Item | Description |
| --- | --- |
| 31. Database Description | A full and detailed description of the AngeionAffirm 2.0 database, including its purpose, structure, contents, and use; |
| 32. Case List | A list of all cases from which data has been collected and retained in the AngeionAffirm 2.0 database; |
| 33. Court Orders | A copy of all court orders authorizing the collection, retention, and use of class member data in the AngeionAffirm 2.0 database; |

| Item | Description |
|---|---|
| 34. Data Collected | A full accounting of all data collected from class members in this case and how that data has been or will be used; |
| 35. Certification | A certification that no class member data has been or will be used for any purpose other than the administration of this settlement, without prior court approval. |

## V. DEMAND FOR FORM 1099 COMPLIANCE AND FORM W-9

Under **26 U.S.C. § 6041(a)**, every person engaged in a trade or business who makes payments aggregating $600 or more in a taxable year to another person must file an information return with the Internal Revenue Service ("IRS"). Under 26 C.F.R. § 1.6041-1, a person who pays $600 of taxable damages to a claimant is required to file an information return.

Under **26 U.S.C. § 6045(f)**, any person engaged in a trade or business who makes a payment of $600 or more in the course of that trade or business to an attorney in connection with legal services (or in connection with a settlement) must file an information return.

Under **26 U.S.C. § 6109** and **31 C.F.R. § 10.0**, every person required to file an information return must obtain the payee's correct Taxpayer Identification Number ("TIN").

**Focia hereby demands** that Google LLC, Angeion Group LLC, the Clerk of the Court, and all other payers of funds from the settlement fund or from CRIS accounts:

1. File all required information returns (Forms 1099-NEC and/or 1099-MISC) with the IRS for all payments made or to be made to Focia;

2. Furnish to Focia a written statement of the information required to be shown on the returns on or before **January 31 of the year following the calendar year in which payments are made** ;

3. Comply with the backup withholding rules under **26 U.S.C. § 3406** ;

4. Provide Focia with their completed Form W-9 within ten (10) days of receipt of this Motion.

## VI. DEMAND FOR COMPLIANCE AND VERIFICATION

Focia demands that all disclosures and accounting provided in response to this Motion be made under penalty of perjury pursuant to **28 U.S.C. § 1746** . Any false statement or omission shall subject the declarant to prosecution for perjury under **18 U.S.C. § 1621** .

The verification shall be in substantially the following form:

*"I, [Name], declare under penalty of perjury under the laws of the United States of America that the foregoing accounting and disclosures are true, correct, and complete to the best of my knowledge and belief, and that I have not knowingly made any false statement or omitted any material fact."*

## VII. CONSEQUENCES OF FAILURE TO COMPLY

Failure to provide the full and detailed accounting demanded herein shall constitute:

1. A breach of fiduciary duty under the common fund doctrine and trust law;

2. A violation of **Rule 23(h)** and **Rule 23(e)(2)** ;

3. A violation of due process and equal protection rights under the **Fifth and Fourteenth Amendments** ;

4. A violation of **28 U.S.C. § 1927** (unreasonable and vexatious multiplication of proceedings);

5. A violation of **26 U.S.C. § 6041 and § 6045(f)** ;

6. A violation of **26 U.S.C. § 6109** ;

7. A violation of **N.D. Cal. Procedural Guidance for Class Action Settlements.**

Focia expressly reserves all remedies, including but not limited to:

- **Injunctive relief** (including a motion to enjoin distribution of the settlement fund);

- **Surcharge** of class counsel, the settlement administrator, the Clerk of the Court, and all other fiduciaries;

- **Removal** of Angeion Group as claims administrator;

- **Contempt** proceedings;

- **Monetary damages** ;

- **Referral** to the State Bar of California for disciplinary proceedings;

- **Referral** to the Internal Revenue Service for failure to comply with tax reporting requirements;

- **Referral** to the Consumer Financial Protection Bureau for violations of the FCRA and Regulation V;

- **Referral** to the Department of Justice for violations of **18 U.S.C. § 1341** (mail fraud) and **18 U.S.C. § 1343** (wire fraud);

- **Any and all other remedies** available under law.

## VIII. CONCLUSION

For the foregoing reasons, Objector Michael Albert Focia respectfully requests that this Court:

1. **Grant** this Motion for Full and Detailed Accounting;

2. **Order** Class Counsel, Defense Counsel, Angeion Group, the Clerk of the Court, and all other fiduciaries to provide the full and detailed accounting demanded herein within **fourteen (14) days** ;

3. **Order** that all disclosures and accounting be made under penalty of perjury pursuant to **28 U.S.C. § 1746** ;

4. **Order** all payers of funds to comply with tax reporting requirements under **26 U.S.C. §§ 6041, 6045(f), 6109** ;

5. **Order the Clerk** to provide Focia with an exemplified record of these proceedings for appellate purposes.

6. Take mandatory judicial notice of all facts set forth in Objector's concurrently filed Request for Judicial Notice Pursuant to Federal Rule of Evidence 201(d) (ECF No. [__]);

7. **Retain jurisdiction** to enforce compliance with this Order;

8. **Grant** such other and further relief as the Court deems just and proper.

Dated: July 15, 2026
Respectfully presented,

Michael Albert Focia
c/o 1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@pm.me
*Objector, Intervenor, Beneficiary &*
*Creditor-in-Fact*
*In propria persona, Sui Juris*

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I served a true and correct copy of the foregoing **Notice of Motion and Motion for Full and Detailed Accounting of Settlement Fund, Court Registry Investment System Accounts, Bonds, Securities, and All Fiduciary Assets**, together with the Memorandum of Points and Authorities, Declaration of Michael Albert Focia, and Proposed Order, upon all counsel of record via the Court's ECF system through the clerk, and upon the Honorable Virginia K. DeMarchi and the Clerk of the Court via the Court's ECF system.

Michael Albert Focia