Michael Albert Focia
c/o 1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@pm.me
***Objector, Intervenor, Beneficiary & Creditor-in-Fact***
***In propria persona, Sui Juris***

**FILED**

JUL 27 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,
Plaintiffs,
v.
GOOGLE LLC,
Defendant.

Case No. 5:20-cv-07956-VKD

**DECLARATION OF MICHAEL ALBERT FOCIA IN SUPPORT OF MOTION FOR FULL AND DETAILED ACCOUNTING OF SETTLEMENT FUND, COURT REGISTRY INVESTMENT SYSTEM ACCOUNTS, BONDS, SECURITIES, ESCROW AGENT ACCOUNTS, QUALIFIED SETTLEMENT TRUST, LITIGATION COSTS, AND ALL FIDUCIARY ASSETS**

I, Michael Albert Focia, declare as follows:

I am a lawyer duly authorized to assert positions in law in all 50 states of the union and will give a notice of special visitation upon acceptance of my permissive motion for intervention. I am an objector, intervenor, creditor-in-fact and Beneficiary in this matter acting inpropria persona, sui juris. I have personal first-hand actual knowledge of the facts set forth in this Declaration. If called as a witness, I could and would competently testify to these facts under oath, under penalty of perjury pursuant to **28 U.S.C. § 1746(1)** that the following statements are true, correct, materially complete and not misleading:

## I. INTRODUCTION AND BACKGROUND

1. I am a **Settlement Class Member** in the above-captioned action. I am a natural person with protected property interests in my:
   - Name, likeness, and identity **(California Civil Code § 3344)**;
   - Location History data (*Chatrie v. United States*, No. 25-112, 604 U.S. ___ (June 29, 2026));

- Cellular data capacity (as alleged in the First Amended Complaint);
- Computer data (**California Penal Code § 502**);
- Consumer report information (**15 U.S.C. § 1681 et seq.**);
- Personally Identifiable Information ("PII") protected under federal and state law[Sussman Decl. 7-8].

2. I timely filed a written objection to the proposed class action settlement on May 28, 2026 (**ECF 325** ).
3. I submitted an **Affidavit of Android Device Usage and Cellular Data Consumption**, executed under penalty of perjury, with my timely objection on May 28, 2026 (**ECF 325-1** ).
4. I am a **movant for permissive intervention** in this action, having filed my Motion for Permissive Intervention on June 28, 2026.
5. I am a **creditor of the value of the cellular data and Location History data stolen/converted by Google**, as recognized by *Carpenter v. United States*, 585 U.S. 296 (2018), and *Chatrie v. United States*, No. 25-112, 604 U.S. ___ (June 29, 2026)[*Chatrie*, slip op. at 16-18].
6. I am a **beneficiary of the common fund/equitable res** created by the proposed class action settlement. As a beneficiary, I am entitled to a full and complete accounting of the common fund, its administration, and all attendant disbursements[*Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)].

## II. THE SETTLEMENT FUND AND FIDUCIARY ASSETS

7. The Settlement Agreement (**ECF 260-11** ) creates a common fund of **$135,000,000**[Settlement Agreement § 3.1].
8. The Settlement Agreement provides that the Settlement Fund shall be held in an interest-bearing escrow account or **Qualified Settlement Trust ("QSF")** designated and controlled by the **Escrow Agent**[Settlement Agreement §§ 1.13, 3.1].
9. The Settlement Agreement provides that **"[a]ll funds in the Settlement Fund shall be deemed and considered to be in custodia legis of the Court"**[Settlement Agreement § 3.4].
10. The Settlement Agreement provides that the funds shall be maintained as a qualified settlement fund within the meaning of **Treasury Regulation § 1.468B-1**[Settlement Agreement § 3.5].
11. The Escrow Agent and QSF have **not been disclosed** to the class. The identity of the Escrow Agent, the terms of the escrow agreement, the fees paid to the Escrow Agent, and all transactions involving the Settlement Fund remain unknown to me and to the class.
12. I have reason to believe that funds have been or will be deposited into the **Court Registry Investment System ("CRIS")** in connection with this case[28 U.S.C. § 2045].

13. I have reason to believe that **bonds and securities** have been or will be created, deposited, or held in connection with this case, including but not limited to bid bonds, performance bonds, payment bonds, appeal bonds, court bonds, and Treasury securities purchased through CRIS.

## III. CLASS COUNSEL'S FEE REQUEST AND LITIGATION COSTS

14. Class Counsel has represented that they invested **over 15,000 hours of professional time** in this litigation, worth more than **$15.3 million at market rates, and seek a fee award of 29.5% of the common fund, amounting to $39,825,000**[ECF 356 at 33].

15. Class Counsel has also claimed **$698,533.50** in out-of-pocket litigation costs**[ECF 356 at 33]**.

16. Class Counsel has **not provided** an itemized accounting of these costs, including receipts, invoices, or supporting documentation. I am unable to verify whether these costs were actually and reasonably incurred.

17. The Amended Proposed Order (**ECF 356** ) also awards **$583,623.09 for Notice and Administrative Costs and $30,000** in incentive awards**[ECF 356 at 27, 33]**.

18. I have **not been provided** with any accounting of the Notice and Administrative Costs, the incentive awards, or any other disbursements from the Settlement Fund.

## IV. ANGEION GROUP'S MISCONDUCT

19. The Settlement Administrator, **Angeion Group LLC**, maintains a proprietary database known as "AngeionAffirm 2.0," which contains over **100 million claims records** from hundreds of class actions over a 10-year period—**without court authorization**[Angeion marketing materials].

20. Angeion has been named in multiple class action lawsuits alleging that it engaged in a **"deceptive and anti-competitive scheme"** and received **undisclosed kickbacks** to deposit hundreds of millions of dollars in class action settlements with Huntington National Bank and Western Alliance Bank[MDL 3162].

21. A federal judge in San Jose found that Angeion failed to disclose significant financial ties with Blackhawk, receiving a percentage of Blackhawk's revenue when class members are paid through the settlement's pre-paid digital card option[*In re Google Plus Profile Litig.*, No. 18-cv-6164 (N.D. Cal.)].

22. The Sussman Declaration **(ECF 347** ) reveals that Angeion conducts **"deep data searches"** on objectors using Lexis Nexis risk assessment reports and shares investigation results with class counsel[Sussman Decl. 17-19].

23. I have reason to believe that Angeion's misconduct extends to the administration of this settlement and that a full accounting is necessary to ensure the fairness of the claims administration process.

## V. FALSE DECLARATIONS AND MISCONDUCT BY CLASS COUNSEL

24. On **June 12, 2026**, Marc A. Wallenstein filed a Declaration (**ECF 331** ) containing a materially false statement under penalty of perjury: *"Focia did not request (and has not been sent) credentials. See Weisbrot Decl. 33. He has not provided evidence of class membership to date."*[ECF 331 at 15:11]

25. This statement is **materially false** because I submitted an **Affidavit of Android Device Usage and Cellular Data Consumption**, executed under penalty of perjury, with my timely objection on May 28, 2026 (ECF 325-1). That affidavit constitutes direct evidence of class membership.

26. On **June 18, 2026**, Mr. Wallenstein filed another Declaration (**ECF 335-1** ) containing a materially false statement under penalty of perjury: *"The information contained in the Notice of Supplemental Authority could not, in the exercise of reasonable diligence, have been identified and filed by June 12, 2026."*[ECF 335-1 3]

27. This statement is **materially false** because the information referenced in the Notice of Supplemental Authority was publicly available through PACER, CourtListener, RECAP, and other publicly accessible databases.

28. **Defense counsel stipulated to the filing of the false declaration**[ECF 335-1 ("Google has agreed to stipulate...")].

29. As held in ***Valiavicharska v. Celaya***, No. CV 10-4847 JSC, 2012 WL 1016138 (N.D. Cal. Mar. 22, 2012): *"A declarant cannot affirm under penalty of perjury that the contents of a document are true when she has not reviewed the document. It therefore follows that an attorney cannot, on the declarant's behalf, make such a representation about a document when the attorney had not provided it to her for her review."*[*Valiavicharska*, 2012 WL 1016138, at *2]

## VI. GOOGLE'S ADMISSION

30. At the June 23, 2026 final approval hearing, Google's counsel, Whitty Somvichian, stated:

*"I think it's just very unfortunate that there's a fundamental misunderstanding among some folks here that this case has anything to do with any privacy issue or private information or personal information. ... that was never part of the allegations. That is not what this case is about. There has never been any suggestion that what's going on here is some use of the Android system to take people's private information."*[Tr. 15:4-13]

31. Google's admission directly contradicts the overbroad release in the Settlement Agreement (§ 1.33), which purports to release claims that "could have been asserted" and claims that "reasonably relate to or arise from the same predicate facts."

## VII. DUE PROCESS VIOLATIONS

32. The final approval hearing was **partially inaudible**. The transcript confirms: *"MS. FAVOR (via Zoom): Somewhat. It's been a very challenged audibility throughout the session."*[Tr. 7:24-25]

33. The hearing was held on **June 23, 2026**. The transcript was not available until **June 26, 2026**—three days later.

34. I am a **pro per** litigant presently inhabiting in **Alabama**—approximately **2,000 miles** from the San Jose courthouse. Under the Northern District of California's Local Rules, pro se litigants cannot file electronically without special permission. See N.D. Cal. Civil Local Rule 5-1.

35. The filing restrictions have **prejudiced** my ability to participate in these proceedings because I cannot file motions or objections in real time, my filings take days to arrive while attorneys can file instantly, and I am at a **systemic disadvantage** compared to represented parties.

## VIII. THE MAXIMS OF LAW AND EQUITY

36. **"No person bound to act for another in any matter can, as to that matter, act for himself."** This maxim is the essence of fiduciary law. Class counsel, as fiduciaries of the common fund, are bound to act exclusively for the class. By agreeing to an overbroad release that extinguishes billions of dollars in claims in exchange for a $39.825 million fee award, class counsel have violated this fundamental maxim.

37. **"No one can take advantage of his own wrong."** This maxim is codified in **California Civil Code § 3517**. Class counsel submitted false declarations under penalty of perjury and cannot now profit from these wrongful acts by collecting a $39.825 million fee award.

38. **"He who comes into equity must come with clean hands."** The doctrine of unclean hands is firmly established in California. *Blain v. Doctor's Co.*, 222 Cal. App. 3d 1048 (1990). Class counsel has unclean hands due to false declarations, fraud upon the court, and self-dealing.

39. **"Falsus in uno, falsus in omnibus."** Mr. Wallenstein made knowingly false statements on material points. The Court may disregard the entirety of his submissions.

## IX. SUPREME COURT AND NINTH CIRCUIT AUTHORITY

40. In ***Boeing Co. v. Van Gemert***, 444 U.S. 472 (1980), the Supreme Court held that absentee class members have "a right to share the harvest of the suit upon proof of their identity."[444 U.S. at 480-81]

41. In ***Amchem Products, Inc. v. Windsor***, 521 U.S. 591 (1997), the Supreme Court held that a settlement class must satisfy all the requirements of Rule 23(a), including adequacy of representation.

42. In ***Ortiz v. Fibreboard Corp.*** , 527 U.S. 815 (1999), the Supreme Court held that a settlement cannot be used to "extinguish claims" through an overbroad release.

43. In ***In re Bluetooth Headset Prods. Liab. Litig.*** , 654 F.3d 935 (9th Cir. 2011), the Ninth Circuit held that courts have an independent obligation to ensure that attorneys' fees are reasonable and that in "mega-fund" class actions, courts must adjust the benchmark percentage downward or employ the lodestar method.[654 F.3d at 942]

44. In ***Staton v. Boeing Co.*** , 327 F.3d 938 (9th Cir. 2003), the Ninth Circuit held that the 25% benchmark is the starting point for fee awards.

45. In ***Maree v. Deutsche Lufthansa A.G.*** , No. 23-55795, 2025 WL 2268254 (9th Cir. Aug. 8, 2025), the Ninth Circuit held that a district court must make a "reasoned and specific finding that a negotiated fee is proportional to the actual, not anticipated, value of the settlement."

46. In ***Hanlon v. Chrysler Corp.*** , 150 F.3d 1011 (9th Cir. 1998), the Ninth Circuit identified factors for evaluating class action settlements, including the amount offered in settlement.

## X. REQUEST FOR ACCOUNTING

47. I require a **full and detailed accounting** of the settlement fund, CRIS accounts, bonds, securities, Escrow Agent accounts, QSF accounts, litigation costs, Notice and Administrative Costs, incentive awards, and all fiduciary assets to determine whether the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2).

48. I have **not been provided** with any accounting of the settlement fund, CRIS accounts, bonds, securities, Escrow Agent accounts, QSF accounts, or fiduciary assets.

49. I make this Declaration in **good faith**, with **clean hands**, and for the purpose of ensuring that the settlement is fair, reasonable, and adequate.

50. I reserve all rights under the **Fifth and Fourteenth Amendments**, the **Fourth Amendment** (as interpreted in *Carpenter* and *Chatrie*), and all federal and state statutory and common law claims.

## XI. SPECIFIC DEMANDS

I hereby demand that Class Counsel, Defense Counsel, Angeion Group, the Escrow Agent, the Clerk of the Court, and all other fiduciaries provide, within **fourteen (14) days** of the Court's Order, a **written, itemized, and verified accounting** under penalty of perjury pursuant to **28 U.S.C. § 1746** , including:

| Item | Description |
|---|---|
| **1. Receipts** | All receipts into the Settlement Fund, including dates, sources, amounts, and interest earned. |
| **2. Disbursements** | All disbursements from the Settlement Fund, including attorneys' fees ($39,825,000), costs ($698,533.50), administration costs ($583,623.09), incentive awards ($30,000), and any other payments, itemized by recipient, with invoices and supporting documentation. |
| **3. Current Balance** | The current balance of the Settlement Fund, including all investments, projections, and reserves. |
| **4. Class List Verification** | The methodology used to verify the class list, including the number of class members, the number of opt-outs, the number of exclusions, and the number of payment elections. |
| **5. Distributions** | The number and amounts of all distributions to class members, including the |

| Item | Description |
|---|---|
| | method of payment (e.g., PayPal, Venmo, Zelle, check, pre-paid card). |
| **6. Escrow Agent Identity** | The identity of the Escrow Agent and the terms of the escrow agreement[Settlement Agreement § 1.13]. |
| **7. QSF Establishment** | All documents relating to the establishment and administration of the QSF[Settlement Agreement § 3.5]. |
| **8. QSF Tax Returns** | All tax returns filed under Treasury Regulation § 1.468B-1[Settlement Agreement § 3.5]. |
| **9. Escrow Agent Fees** | All fees paid to the Escrow Agent. |
| **10. Escrow Transactions** | A full accounting of all deposits into and withdrawals from the escrow account or QSF[Settlement Agreement § 3.1]. |
| **11. CRIS Account Balances** | The current balances of all CRIS accounts established in connection with this case[28 U.S.C. § 2045]. |
| **12. CRIS Transactions** | A full accounting of all deposits into and withdrawals from all CRIS accounts. |
| **13. CRIS Investment Activity** | A full accounting of all investments made using CRIS funds. |
| **14. Time Records** | A detailed breakdown of all time entries by attorney, by date, by task, and by the amount of time claimed for each task. |
| **15. Verification Under Penalty of Perjury** | A verification under penalty of perjury that each time entry is accurate and that the hours claimed were actually and reasonably expended. |
| **16. Itemized Costs** | A full, itemized accounting of each cost incurred ($698,533.50), including receipts, invoices, and supporting documentation. |
| **17. Angeion Contracts** | Copies of all contracts between Angeion Group and any party relating to the administration of this settlement. |
| **18. Angeion's Ties to Third Parties** | A full disclosure of all financial ties between Angeion Group and Blackhawk, Huntington National Bank, Western Alliance Bank, and any other third party. |
| **19. Data Practices** | A full description of Angeion's data collection, retention, and use practices, including the AngeionAffirm 2.0 database. |

| Item | Description |
| --- | --- |
| **20. Reserves and Cy Pres** | The amount and disposition of any reserves, unclaimed funds, or cy pres distributions. |
| **21. Audit Trail** | A full audit trail for all transactions, including all bank statements, ledgers, and accounting records. |
| **22. Certification** | A certification under penalty of perjury that all disclosures are accurate and complete under either accrual accounting, cash accounting or both. |

## XII. DEMAND FOR FORM 1099 COMPLIANCE AND FORM W-9

51. Under **26 U.S.C. § 6041(a)** , every person engaged in a trade or business who makes payments aggregating $600 or more in a taxable year to another person must file an information return with the Internal Revenue Service ("IRS").

52. Under **26 U.S.C. § 6045(f)** , any person engaged in a trade or business who makes a payment of $600 or more in the course of that trade or business to an attorney must file an information return.

53. I hereby demand that all payers of funds from the Settlement Fund, including the Escrow Agent, comply with all tax reporting requirements and provide me with Form W-9 and Forms 1099A, 1099-NEC and/or 1099-MISC.

## XIII. RESERVATION OF RIGHTS

54. I expressly reserve all rights under:

- **The Fifth and Fourteenth Amendments** (due process and equal protection);
- **The Fourth Amendment** (as interpreted in *Carpenter* and *Chatrie*);
- **Federal Rules of Civil Procedure 23, 54, and 23(h)** ;
- **The common fund doctrine** (*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939));
- **Restatement (Third) of Trusts § 83** ;
- **28 U.S.C. §§ 2041, 2045** ;
- **26 U.S.C. §§ 6041, 6045(f), 6109, 6721, 3406** ;
- **N.D. Cal. Procedural Guidance for Class Action Settlements** ;
- **California Business and Professions Code §§ 6068, 6106** ;
- **California Rules of Professional Conduct 3.3** .
- **California Civil Code §§ 3517, 3522, 3523, 3524, 3525, 3528, 3529, 3543** .

55. I also reserve the right to:

- Amend, supplement, or modify this Declaration;
- File any and all motions, objections, and pleadings;
- Appeal any decision of this Court;
- Pursue any and all administrative, civil, and criminal remedies;
- Pursue any and all equitable, injunctive, and declaratory relief;
- Pursue any and all restitution, disgorgement, punitive damages, treble damages, statutory damages, and liquidated damages;
- Pursue any and all attorneys' fees and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2026, at Pike Road, Alabama.

Michael Albert Focia
c/o 1043 Stableway Road
Pike Road, Alabama 36064
(404) 666-9332
chiefmichael@pm.me
***Objector, Intervenor, Beneficiary & Creditor-in-Fact***
***In propria persona, Sui Juris***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I served a true and correct copy of the foregoing Declaration in Support of Motion for Full and Detailed Accounting on all counsel of record via the Court's ECF system through the clerk.

Michael Albert Focia

**APPENDIX A: INDEX OF CITED AUTHORITIES**

| **Authority** | **Citation** | **Location in Declaration** |
|---|---|---|
| *Carpenter v. United States* | 585 U.S. 296 (2018) | 5 |
| *Chatrie v. United States* | No. 25-112, 604 U.S. ___ (June 29, 2026) | 1, 5 |
| *Boeing Co. v. Van Gemert* | 444 U.S. 472 (1980) | 6, 40 |
| *Sprague v. Ticonic National Bank* | 307 U.S. 161 (1939) | 54 |
| *Amchem Products, Inc. v. Windsor* | 521 U.S. 591 (1997) | 41 |
| *Ortiz v. Fibreboard Corp.* | 527 U.S. 815 (1999) | 42 |
| *In re Bluetooth Headset Prods. Liab. Litig.* | 654 F.3d 935 (9th Cir. 2011) | 43 |
| *Staton v. Boeing Co.* | 327 F.3d 938 (9th Cir. 2003) | 44 |
| *Maree v. Deutsche Lufthansa A.G.* | 2025 WL 2268254 (9th Cir. Aug. 8, 2025) | 45 |
| *Hanlon v. Chrysler Corp.* | 150 F.3d 1011 (9th Cir. 1998) | 46 |
| *Valiavicharska v. Celaya* | 2012 WL 1016138 (N.D. Cal. Mar. 22, 2012) | 29 |
| *Blain v. Doctor's Co.* | 222 Cal. App. 3d 1048 (1990) | 38 |
| California Civil Code § 3517 | "No one can take advantage of his own wrong." | 37 |

| Authority | Citation | Location in Declaration |
|---|---|---|
| California Civil Code § 3522 | "He who asserts a fact, must prove it." | 54 |
| California Civil Code § 3523 | "For every wrong there is a remedy." | 54 |
| California Civil Code § 3524 | "Between those equally in right or wrong, the law does not interpose." | 54 |
| California Civil Code § 3525 | "Between rights otherwise equal, the earliest is preferred." | 54 |
| California Civil Code § 3528 | "The law respects form less than substance." | 54 |
| California Civil Code § 3529 | "Equity treats that as done which ought to be done." | 54 |
| California Civil Code § 3543 | "No one can take advantage of his own wrong." | 54 |

Michael Albert Focia
c/o 1043 Stableway Road
Pike Road, Alabama [36064]
(404) 666-9332
chiefmichael@pm.me
***Objector, Intervenor, Beneficiary & Creditor-in-Fact***
***In propria persona, Sui Juris***