Office of the Clerk
United States District Court Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, California 94102

FILED
AUG 07 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Supplement To Objection**

**Response To An Astounding Admission Of The Parties Disclosure In The Fairness Hearing, The Intentional Silencing Of The Objector And The Intentional Failure To Transcribe The Missing 90% Of The Final Approval Transcript**

**In re– Taylor v. Google LLC, Case No. 5:20-cv-07956-VKD (N.D. Cal.)**

Christopher Andrews,
Pro se Objector

I Christopher Andrews declare as follows:

I have personal knowledge of the facts set forth herein regarding this Supplement to Objection and if called to testify I am able to do so.

I am a United States resident. My current mailing address is PO Box 223 Lakeland, Michigan 48142-0223. My phone number is 517-294-6401. My email address is caaloa@gmail.com.

This objector has obtained a copy of the transcript and 90% of the hearing is missing, see Exhibit 1. The last 10% of the hearing was recorded and transcribed but a false claim has been made that nothing else is available (to be transcribed). This objector heard portions throughout the entire two hour call and if this objector could hear those portions then those portions can also be transcribed, right? Where the other parts that I heard, that are falsely claimed to be unavailable for transcription?

This objector was intentionally prohibited from speaking at the hearing by the court's deputy, Mr. Chilton, despite the fact he was on the Zoom call for the entire hearing, had his hand up, and was clearly visually there. I even waved on camera to the judge and was ignored. In addition none of the objectors were even acknowledged to be on call, did not appear visually their names were not put up, nothing, a rigged game.

The deputy could have called this objector because of the intermittent audio issues created on the court's end when it was his time to speak which this objector requested but that was not even done. I called the Clerk's office numerous times during the hearing and was told the message with my phone number had been passed on to Mr.Chilton. I have screenshots of all the calls proving it. The objector held his hand up the entire two hour hearing, contrary to what Mr. Chilton falsely stated on the call as he claimed in the transcript page 13 and 14 in Exhibit 1. This appears to be a violation of 18 U.S.C. 1503, it's obstruction of justice, contempt of court, abuse of power and misconduct. Here is how far the objector went to be heard.

Attached are three exhibits showing snapshots of calls the objector made in an effort to be heard. Exhibit 2 is the first call was made the day **before** the hearing where I left a message that I wish to be heard and was going to ask questions about the hearing protocols and no call was ever returned. Exhibit 3 the day of the hearing I made three calls to the court's chambers at 408-535-5513 at EST showing I left three messages regarding the audio issues. The last call at the end of the fairness hearing stated that my due process rights were violated. Exhibit 4 shows six calls to the Clerk's Office at 408-533-5363 at EST. The bottom call I spoke to a woman, I explained I was an objector in a case where a hearing was taking place, gave the case name, that I am on Zoom, I wished to speak but audio

issues and please pass my phone number on to Mr. Chilton who is in the courtroom. I called back and the last call it was confirmed that my number was given to the deputy.

As stated above I was not allowed to provide my testimony due to what I thought were technical issues and now based on the transcript it was not a technical issue rather I was intentionally prohibited from speaking. The applicable pages of the transcript are attached, see page 13 and 14 of Exhibit 1. The objector heard approximately 10% of the entire two hour hearing. I was the third and last objector to speak. The first objector's name popped up on the left side of the screen, they spoke, the next objector's name appeared and that person spoke. When it was my turn, my name did not appear I spoke asking if anyone could hear me, asked the judge to wave her hand if she heard me and nothing. In the transcript, the deputy was asked if any hands were up to signify I wanted to speak, mine was up and I was ignored I was waiting to speak and no one wanted me to after seeing my objection. The judge then ended the objector's part of the call spoke to the parties and never allowed me to speak. This objector did everything he could to be heard and was silenced, intentionally.

This objector would have responded to the parties' incredible admission of the actual true number of the class which the objector referenced in his objection of

150 million was correct, see Docket 320, minus the 13-14 million members in the California case, leaving 137 million class members.

The Long Notice published on or about March 5, 2026 shows the class number at approximately 100 million which Google would have provided, meaning each class member is owed $1.39 based on $139 million settlement divided by 100 million members which all the class members would have seen when deciding to object, opt out or file a claim, see Exhibit 5. Finally on June 01, 2026, two months after the claims process had started, Class Counsel and defendant finally admit in Dkt. 330-2 pg 5 top of page the true number of class members is 150 million just like the objector stated in his objection using public sources, Exhibit 6, not the fake approximately 100 million class number. This fake number which Google was forced to admit to after my objection came out and before the parties publically disclosed it June 12, 2026 Exhibit 6, they are now whittling the number down to 129 million class members with valid email addresses. The court approved the preliminary approval order on approximately 100 million members not 150 million members. The other problem is Class Counsel has failed to increase the amount of the deal when introducing the additional 29 million class members. The fund needs to increase by 29% because the class is now not receiving $1.39 per person gross rather $.96 each! Actually the true number is still 150 million because just because you don't have an email doesn't me you are not a class member.

The defendant needs to add another $1.39 for each of the hidden and discovered 29 million class members or $40 million more to the fund or $1.40 for an additional 37 million members or $52 million more to the fund. (150 million -13 million California members is 137 million x $1.40).

This intentional undercount of between 29 million or 37 million class members by the defendant and class counsel appears to be misrepresentation, fraud on the class and court by the parties to hide the true class size and thereby reduce the settlement amount until after the claims process has been in effect for more than two months

That percentage undercount difference is a massive, legally significant error that should derail any normal proposed class action deal because it creates the following errors:

The percentage deviation in class members represents a 29% or 50% short change in damages to the class, due to a 29% or 50% increase of the size of the class, a substantial difference and enough to void any approval at this level or at the appeals level.

The difference violates Rule 23(e) because that difference is not fair, reasonable and adequate to the class to find out long after the lying long notice went out.

This is a material misrepresentation because it's large enough that class members cannot make an informed decision to opt in, out or object.

I am enclosing my three page presentation with corrections on it with the forth page being the illegal lobbying email sent by the claims administrator attempting to get objectors to drop their objections, see Exhibit 7. The date I printed the presentation is on the bottom right hand corner June 22, 2026 printed at 9:29 pm and the email from the claims administrator at June 21, 2026 at 10:54 am proving I was going to give this presentation today June 23, 2026. At the end of the hearing, at the two hour mark, Class Counsel showed the judge on camera an opt out letter or form from an objector proving this illegal lobbying campaign by the administrator to get objectors to drop their objections worked on some of them and three other objectors have dropped their objections as well.

Prohibiting an objector from speaking at the fairness hearing illegally interfering with the judicial machinery and responding to the parties presentation, which he would have based on the bits he heard, causes severe procedural, constitutional and structural consequences. There is an intentionally cased incomplete and defective trial record that prohibits any approval, it violates Rule 23(e) along with the numerous other approval halting and reversible errors that already plague this deal all of which provides strong grounds to have the final approval vacated and remanded by the 9th Circuit with instructions to the district court to reopen and hold a new fairness hearing. This is also abuse of discretion, denial of procedural

rights and appears to be a civil rights violation requiring an internal investigation to find out who else knew or was aware of the deputy's actions lime the court. The deputy appears to be technically ulta vires which poisoned the fairness hearing because his actions have interfered with the judicial machinery. As we know the court is ultimately responsible for the legal compliance in its courtroom so the court has adopted the errors as well.

The objector demands the record be reconstructed. Based on what I heard on the call, which is not in the short changed transcript, there are addition reasons in the un-transcribed portion of the record as to why this approval should not be made. If the records cannot be reconstructed then a new fairness hearing is required with the class not paying for it or the re-notice to the class. Class Counsel, the defendant or the district court in San Jose pays for it not the class or just reject the deal and start over which is the best option.

It seems there are way too many coincidences involving myself and another objector to say it's all one big coincidence. It appears interference is being used by the Clerk of the Court, parties in the case, the judge's deputy, possibly, possibly the court reporting service and hopefully not the court itself because the bread crumb trail leads right into the court's chambers to force through an approval at all costs.

# EXHIBIT I

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Virginia K. DeMarchi, Magistrate Judge

| | | |
|---|---|---|
| TAYLOR, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. C 20-07956-VKD |
| | ) | |
| GOOGLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

San Jose, California
Tuesday, June 23, 2026

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 10:41 - 12:00 = 19 MINUTES

10:00 Am DELETED

APPEARANCES:

For Plaintiffs:

Bartlit Beck, LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
BY: KARMA M. GIULIANELLI, ESQ.
BY: GLEN E. SUMMERS, ESQ.

Korein Tillery, LLC
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
BY: MARC A. WALLENSTEIN, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE)

For Defendant: Cooley, LLP
3 Embarcadero Center
20th Floor
San Francisco, California
94111
BY: WHITTY SOMVICHIAN, ESQ.

Transcribed by: Echo Reporting, Inc.
Contracted Court Reporter/
Transcriber
echoreporting@yahoo.com

Tuesday, June 23, 2026 10:41 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

(Portion of proceedings unavailable for transcription.)

MR. SOMVICHIAN: -- 25 percent benchmark and doesn't sound like that is the approach your Honor has in mind. We don't think that's the law. We've cited to the -- the Berk v. Choy Supreme Court case that we think is right on point.

THE COURT: I don't think that helps you honestly. I looked at the case, and if the question in dispute here is is there a presumptively reasonable benchmark for an award of attorneys' fees in a Rule 23(a) class action involving a common fund, if that's the question, then I don't think any Federal Rule answers that question.

The only Federal Rule we have is one that says -- because, remember it was a Federal Rule of Civil Procedure at issue in Berk v. Choy. So, there's no Federal Rule that says here's the benchmark in federal class actions involving -- you know, involving common funds. It just says reasonable. And then you have to look to the case law, the common law about what's reasonable.

And, so, I just -- even if you -- if you said the question in dispute is what makes an attorney fee reasonable in this kind of class action, I don't see any Federal Rule

Mr. Chilton, let's call on the next objector.

THE CLERK: Yes, your Honor. The next objector I have here is Mr. David Mah (phonetic).

Mr. Mah, I see you are here. I will give you permission to talk now. If you can please unmute yourself. And, Mr. Mah, I see that you're appearing telephonically. As a reminder, it is star six to unmute yourself.

THE COURT: Good morning, Mr. Mah. Can you hear the Court?

(Pause.)

THE COURT: Mr. Mah, are you able to unmute your phone, please?

(Pause.)

THE COURT: All right. Let's temporarily pass Mr. Mah and go on to the next objector.

LFE

THE CLERK: That is the only objector that I have on my list, your Honor, that --

THE COURT: Okay.

THE CLERK: -- is currently making --

THE COURT: All right. Shall we give Mr. Mah one more opportunity, see if he can unmute, and remind him of the procedure he must invoke.

THE CLERK: That would be start six, Mr. Mah. If you can dial star six to unmute yourself.

(Pause.)

THE COURT: Okay. Unfortunately, Mr. Mah, if you're able to here the Court, we are not able to hear you. We have your written objections. So, rest assured the Court will consider those objections. But, unfortunately, we're not able to hear you.

So, if there are no other objectors -- and let me just ask are there any other objectors who are in attendance who have indicated a wish to be heard?

(Pause.)

THE COURT: If you can use the raised hand feature in the Zoom functionality to indicate that, please let -- please go ahead and do that now.

(Pause.)

THE COURT: Mr. Chilton, are there any other objectors?

THE CLERK: No one has raised their hands in the attendee list, your Honor.

THE COURT: Okay. Thank you.

All right. I think that will conclude our hearing unless there are any other remarks that either of the parties would like to make.

Anything from the Plaintiffs?

UNIDENTIFIED SPEAKER: Nothing from the Plaintiffs other than to thank the Court for its time and indulgence today.

there was also some other miscellaneous deadlines that Mr. Summers mentioned in terms of when we will be done with evaluating or accepting submissions of people who wish to indicate their class membership and sort of when that will be finally done.

So, how long do you need to make those various submissions? Any suggestions?

(Pause.)

UNIDENTIFIED SPEAKER: For the Plaintiff, your Honor, I don't think we need a lot of time. I think we could do these within 10 days.

THE COURT: Mr. Somvichian, what do you think?

MR. SOMVICHIAN: That's fine, your Honor.

THE COURT: Okay. So, I'll just give you a 10-day deadline from today's date. If you need longer, you can let me know. If you do it sooner, that's fine too. Okay.

All right. And thank you all very much for your presentations and your briefing. I really appreciate it. Yes?

UNIDENTIFIED SPEAKER: And, your Honor, I'm just going to hand up Mr. Jacobs' notice of withdrawal of his objection if that's all right.

THE COURT: Oh, has that been filed?

UNIDENTIFIED SPEAKER: No, your Honor. Would you prefer that I just file it?

THE COURT: I think it would be simpler if you just filed it. That would be helpful. Thank you very much. Okay. All right. This matter is concluded.

ALL: Thank you, your Honor.

(Proceedings adjourned at 12:00 p.m.)

THE COURT: I think it would be simpler if you just filed it. That would be helpful. Thank you very much. Okay. All right. This matter is concluded.

ALL: Thank you, your Honor.

(Proceedings adjourned at 12:00 p.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Thursday, June 25, 2026

# EXHIBIT II

12:11 94%

# Phone

June 22

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

(408) 535-5513
San Jose, CA

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

June 21

Keypad Recents Contacts

# EXHIBIT III

(408) 535-5513

Show

3:00 PM

1:18 PM

1:15 PM

# EXHIBIT IV

# (408) 535-5363

Show

1:36 PM

1:34 PM

1:33 PM

1:32 PM

1:22 PM

# EXHIBIT V

- Google and Google's subsidiaries and affiliates, officers, and directors;
- The judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family;
- Settlement Class Counsel;
- Anyone that excludes themselves from the Settlement Class (*see* Question 15); and
- Class Members in the lawsuit *Csupo v. Google LLC*, Santa Clara County Superior Court, No. 19CV352557.

## 7. What if I'm still not sure if I'm included?

If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement, visit the Settlement Website, www.FederalCellularClassAction.com, or call the toll-free number, **1-844-655-4255**. You may also send questions to the Settlement Administrator via email at Info@FederalCellularClassAction.com or by mail to:

Federal Cellular Class Action
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# The Settlement Benefits

## 8. What does the Settlement provide?

The Settlement has the following key terms:

- Google will pay $135 million.
- Google will be required to update the Google Play Terms of Service, a page in Google's Help Center website, and the setup screens that are shown to Android users during device setup. These updates will disclose the conduct at issue in the Lawsuit to Android users and ask them to consent to it. Google will also disable a related setting on Android devices.
- The Plaintiffs and Class will release all claims against Google that were asserted or could have been asserted in this Lawsuit, as specified in the Settlement Agreement.

If the Settlement is approved by the Court, the Settlement Fund will be used to pay money to eligible Settlement Class Members (*i.e.*, Settlement Class Members who do not opt out of the Settlement); notice and administration costs; attorneys' fees, costs, and expenses; service awards to the Class Representatives; and any taxes incurred by the Settlement Fund.

The full text of the Settlement Agreement, as well as the proposed updates to the Google Play Terms of Service, Help Center website, and Android setup screens are available on the Lawsuit's website, www.FederalCellularClassAction.com.

## 9. How much will my payment be?

At this time, it is unknown exactly how much each Settlement Class Member will receive, because it depends in part on how many Settlement Class Members are successfully paid.

There are approximately 100 million Settlement Class Members. The Settlement Administrator will try to pay each Settlement Class Member the same amount from the $135 million Settlement Fund, after payment of the notice and administration costs, taxes, and any Court-approved attorneys' fees, costs, and expenses and service awards.

For more information about how payments will be calculated, please visit www.FederalCellularClassAction.com.

# EXHIBIT VI

| Description | Count |
|---|---|
| Records Received | 150,611,815 |
| Duplicative individuals | -3,906,341 |
| Csupo Class Members | -64,135 |
| **Unique Non-Csupo Class Members** | **146,641,339** |
| Unique Class Members with Undeliverable Email Addresses without additional data points | 13,697,448 |
| Unique Class Members with Undeliverable Email Addresses and additional data points for ECOA | 3,778,806 |
| Unique Class Members with Deliverable[5] Email Addresses | **129,165,085** |
| Unique Class Members with Valid email addresses after ECOA | 809,063 |
| Additional Duplicative individuals after ECOA | -136,423 |
| Total Unique Class Members with Valid Email Addresses (After ECOA) | **129,974,148** |

15. As illustrated in the chart above, the additional data allowed for 3,906,341 duplicate entries on the Settlement Class List to be removed, and for 64,135 members of the *Csupo* class to be identified and removed from the Settlement Class List, resulting in a total reduction of 3,970,476 entries. The supplemental data received also allowed 3,778,806 records (786,844 from undeliverable emails and 2,991,962 invalid emails) to be subjected to the ECOA process, which identifies alternative valid email addresses associated with an individual using data points provided. Of the 3,778,806 records submitted through the ECOA process, Angeion received 672,640 updated valid email addresses updating the total count of unique Settlement Class Members able to be attempted a Distribution equal to **129,974,148**.

## MEDIA CAMPAIGN

16. In accordance with the approved plan of notice, on March 24, 2026, Angeion commenced a state-of-the-art digital media campaign that utilized the Meta platforms (Facebook, Instagram, and Threads) to serve advertisements about the Settlement to individuals most likely to be Settlement Class Members. The social media advertisements were

[5] Angeion defines "Deliverable" as records with a validated email address that was not returned as undeliverable in the initial Notice.

# EXHIBIT VII

Gmail

caaloa <caaloa@gmail.com>

DOCKET

## (no subject)

1 message

caaloa <caaloa@gmail.com> Mon, Jun 22, 2026 at 9:29 PM
To: caaloa <caaloa@gmail.com>

Good morning Judge DeMarchi my name is Christopher Andrews a class member who has standing to object. This Presentation is made on my behalf and on behalf of all class members and objectors as well. There are two new major issues that have arisen that are directly tied to my objection and add to the long long list of reasons why this approval cannot be made.
~~In fact the case may end up being decertified.~~
Class counsel and defendant violated court rules by not sending me copies of all the filing they made after my objection was posted to the docket on May 18, 2026 despite me even telling them to send this objector copies in the objection and informing them I am NOT on Pacer. They did not want me to respond to their filings made after receiving my objection to gain an ~~[illegible]~~ unfair advantage, ~~and~~ an inadequate, illegal and now poisoned approval.

(after Order 326

sua sponte

In the **U.S. District Court for the Northern District of California (NDCA)**, class counsel who violate court rules by failing to serve or send copies of required documents face serious **judicial sanctions, evidentiary penalties, financial liabilities, and potential revocation of class certification**.

Under Federal Rule of Civil Procedure 5 and NDCA Civil Local Rule 11-4, (Rules of Professional Conduct) the attorneys are strictly required to contemporaneously serve copies of all filed documents on all parties who have appeared, that means this objector and all the other objectors as well. Since class counsel failed to send any of the filed documents to this objector thereby prohibiting me from responding on behalf of myself and the rest of the class, these actions should be treated as bad-faith concealment. They violated NDCA 5.5 Certificate of Service A & B.

## Potential Penalties for Failure to Serve Documents

~~Depending on whether the failure was an administrative mistake or intentional concealment,~~ an NDCA judge can issue several tiers of penalties:

### 1. Monetary Sanctions and Attorney's Fees

Under **FRCP 11**, **FRCP 37** (if discovery documents are withheld), and **28 U.S.C. § 1927**, the court can order class counsel to personally pay all reasonable attorney's fees and costs incurred by the prejudiced party due to the missing documents. [1, 2] None at this point.

### 2. Evidentiary and Issue Preclusion

The objector strongly, demands, this court prohibit class counsel and defendant from using

the unserved documents located at docket 309, 329 (defendant) 330,331,332, 335, 337, 338 and 338 by striking them from the record and any filings that post before this hearing along with any verbal testimony or any evidence introduced today at this fairness hearing tied directly or *indirectly* to those docket numbers above. And 341

### 3. Striking Submissions and Vacating Orders [1]

If the court is considering or did grant an order or ruling based on a document that class counsel or defendant failed to serve on this objector those orders or pending orders should be vacated or not made at all.

### 4. Reduction or Withholding of Attorneys' Fees [1]

NDCA judges scrutinize class counsel's ethics intensely during settlement phases. Under the NDCA's Procedural Guidance for Class Action Settlements, the objector believes the court should awarded 0 in fees and expenses if any fee is ever awarded on the grounds of poor professional conduct and/or possible misconduct ~~as the case may be.~~

### 5. Stripping Class Representative or Class Counsel Status

Under **FRCP 23(g)**, class counsel must "fairly and adequately represent the interests of the class." Violating court rules by pulling unethical non-service tactics proves a lack of adequacy and competence for all of them. The court should consider firing class counsel and named plaintiffs for this entire debacle. The court should consider naming new firms to take over or ~~should~~ could consider decertifying the class entirely. (Removal recertification and)

Next this objector has 2 questions for the court based on the documents being illegally withheld from me. The question is this? Has class counsel in any of their filing made comments, claims or accusations about this objector that don't involve this case or objection? Do any examples come to mind?

**Hold off on the last one for now.**

### 6. Formal Professional Discipline hold off on this for now.

The NDCA maintains its own disciplinary system. Under Civil Local Rule 11-6, the court can and should refer class counsel to the **Standing Committee on Professional Conduct**, which can result in public reprimands, temporary suspension, or disbarment from practicing in the Northern District. [1, 2]. The objector requests disbarment. The objector requests that the court order a copy of this transcript from this hearing be placed on the class website ASAP for the entire 100 plus million class members to review along with the results of the investigation involving the schinigianns that took place in this crooked proposed settlement.

Lobbing objectors to drop objections

The claims administrator, with or without class counsels or defendants knowledge, (appears to be) proactively lobbying against the best interests of the unnamed class by sending emails to objectors in a desperate attempt to get them to drop their objections by urging them to opt out of the settlement which helps class counsel, defendant and themselves in obtaining a defective and now poisoned approval. This action also goes against the settlement agreement.

I would now like to read an email into the record that the claims administrator has mailed out to the objectors. Before I read it, here is a video view of it. Let me know if I should back it up or move it closer to the camera. Hold email to camera. This objector can email this letter to the court's deputy if requested. I will Now read it and I have comments to make about it.

Mr. Chilton if requested. vkdcrd@cand.uscourts.gov

The claims administrator unethically engaged in questionable practices by violating their fiduciary duties to the class by not acting as a neutral third party to the court, undermining this settlement and the court's authority. The court should not trust anything they claim, say or write in any filings. The class got what it paid for because Class counsel went with the lowest bidder. By attempting to lobby, coerce, or convince objectors to opt out of the settlement class and drop their objections, that action breaches several core legal and ethical boundaries and undermines the court approved Rule 23(e) notification and settlement approval processes. It appears to be misconduct, is sanctionable, and puts the nail in the coffin for any approval this time around or maybe ever. The administrator has no business sending out this letter, none. Did they send a similar letter out to those who filed a claim lobbying them to withdraw their claim for damages by opting out and retaining their ability to sue the defendant in their own lawsuit?
Since the claims administrator appears to have been caught actively lobbying objectors to opt out thereby dropping their objections, the court should investigate and if found to be true it should order heavy court-ordered sanctions, disqualification, and outright rejection of the proposed settlement as follows:

1. **Disqualification**: The court will immediately terminate and replace the claims administration firm for round two if we ever get that far.
2. **Voiding Biased Opt-Outs**: The court will throw out any opt-out requests generated through the administrator's improper lobbying.
3. **Financial Penalties** : The administrator should be required to return their fee to the class fund before terminating them and class counsel should have their fee request cut to zero if any award is ever given to them. The objector requests that an investigation be launched and the report be posted to the class website when it's completed which should include the names of anyone associated with this scandal, titles, any bar numbers and the state they are licensed in for possible complaints to be filed there. The cost of the investigation and report is to be paid by class counsel and the administrator, not the class.
4. **Corrective Notices**: The court is to force Class counsel to pay for the next notice program ~~even~~ if they ~~can~~ remain as class counsel, not the class, along with anyone else who knew about this scandalous campaign assuming this case does not get decertified.
5. The claims administrator's actions invalidate the settlement release and prohibit any approval.

Next, no attestation that a claimant filing a claim is over the age of 18 meaning a 12 year old can file a claim. This objector may be the sole valid claimant to the settlement fund because if no one else has has submitted evidence that they paid for a cellular plan because that proof was never requested and the claimants were never asked to attest to that on the claim form, then that lack of evidence proves their lack of damages, they failed to establish Article III standing and THEY ~~does~~ not have the right to file a legally valid claim. If the court wants to lift the $100 maximum amount, rule that all the claims submitted without proof of payment of the cellular data plan, since no attestation was made by the claimants they actually paid for a plan ~~are~~ ARE invalid, cut the lawyers fee to 0% along with zero expenses and approve the deal with all the issues, I would gladly accept a check for the full amount of the settlement fund for $139 million! I could do a lot of good in the world with that money!
A predominance issue is applicable requiring different lawyers to represent each subclass. The court could decertify the class based on that issue and the two issues above.
Based on the objection, and this objector's presentation the deal needs rejection today and more. The class requires a divorce from class counsel and the administrator based on everything listed in this objectors objection and this presentation made today. — ([illegible]
I reserve one minute for rebuttal.
Thank you for your time and attention.

MY OBJ [illegible]

Gmail

caaloa <caaloa@gmail.com>

**Objection to Proposed Class Action Settlement - Joseph Taylor, et al., v. Google LLC**

1 message

**Federal Cellular Class Action Settlement Administrator** <noreply@federalcellularclassaction.com> Tue, May 26, 2026 at 11:45 AM
Reply-To: Federal Cellular Class Action Settlement Administrator <noreply@federalcellularclassaction.com>
To: caaloa@gmail.com

Dear Christopher Lee Andrews,

Your objection to the settlement in *Taylor v. Google*, No. 5:20-CV-07956-VKD (N.D. Cal.) has been received by the Court.

Your objection will be resolved by the Court in due course. Whatever the Court decides, you will be bound by the Court's decision and will remain part of the settlement.

If you would prefer to not be bound by the Court's decision, you may exclude yourself from the lawsuit, which is sometimes called "opting out." If you exclude yourself, you will no longer have the right to object, but you will keep the right to sue Google on your own about the claims in this Lawsuit.

If you wish to exclude yourself, please fill out the form available at the links below, and mail them to the Court **postmarked on or before May 29, 2026**:

English

Spanish

Thank You,

Taylor v. Google Settlement Administrator

www.FederalCellularClassAction.com

All the issues above and evidence appear to show a crooked rigged game is in play, there is breach of fiduciary duties to the class, conspiracy, fraud, misconduct and cover up by all parties and more. This document should not be illegally returned, withheld or stricken from the docket [redacted] so the issues within can be included in any appeal. The docket should not be cleansed to sanitize it based on the uncomfortable truths it accurately contains. An investigation is required before any approval.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Supplement to Objection is true and correct to the best of my knowledge and belief.

Executed on August 03, 2026

Christopher Andrews
PO Box 223
Lakeland, MI 48143-0223
T 517-294-6401
Email caaloa@gmail.com
Pro se Objector

# CERTIFICATE OF SERVICE

I Christopher Andrews certify that a copy of the above will be served on the parties to this case via ECF.

Executed on August 03, 2026

Christopher Andrews
PO Box 223
Lakeland, MI 48143-0223
T 517-294-6401
Email caaloa@gmail.com
Pro se Objector