# Exhibit B

Case 5:20-cv-07956-VKD Document 398 Filed 08/21/26 Page 1 of 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH TAYLOR, et al.,<br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No. 20-cv-07956-VKD<br>**ORDER RE MOTIONS TO INTERVENE AND OTHER FILINGS**<br>Re: Dkt. Nos. 336, 347, 351-353, 358, 359, 361-369, 371, 372, 374, 376-388, 390, 396 |

## I. BACKGROUND

The background of this action is known to the parties and set forth in the Court's orders granting preliminary and final approval of the class action settlement. Dkt. Nos. 270, 397. The case concerns alleged "passive" network transfers performed by Google over its Android operating system, made without users' knowledge or consent, resulting in the consumption of a small amount of users' cellular data.

Before the Court are motions to intervene filed by objectors Mr. Sussman (Dkt. No. 336), Mr. Focia (Dkt. No. 364), and Ms. Faber (Dkt. Nos. 371-372, 374). Messrs. Andrews, Focia, and Sussman also submitted other filings, including motions to strike, to remove the claims administrator, for sanctions, and other relief. *See* Dkt. Nos. 347, 351-353, 358, 359, 361, 362, 363, 365-369, 376-388, 390, 396. Plaintiffs oppose the motions to intervene and responded to other filings. *See* Dkt. Nos. 357, 375, 392, 393. The matters are deemed submitted on the papers without oral argument. Civil L.R. 7-1(b); *see also* Dkt. No. 391. For the reasons discussed below, the motions to intervene are denied. All other pending motions are terminated.

United States District Court
Northern District of California

## II. LEGAL STANDARD

Under Rule 24(a), a court must, on a timely motion, grant intervention as a matter of right where a federal statute confers an unconditional right to intervene, or where the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A movant seeking intervention as of right under Rule 24(a) must show that he or she (1) "has a significant protectable interest relating to the property or transaction that is the subject of the action"; (2) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; (3) "the application is timely"; and (4) "the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (citation modified; citation omitted). "An applicant's failure to satisfy any one of the requirements is fatal to the application, and [courts] need not reach the remaining elements if one of the elements is not satisfied." *Id.* (citation modified; citation omitted).

Under Rule 24(b), a court may, on timely motion, permit intervention where a federal statute confers a conditional right to intervene, or where a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see also San Jose Mercury News. Inc v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court."). A movant seeking permissive intervention under Rule 24(b) must show "'(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). In exercising its discretion, a court may deny such requests where intervention would unduly delay proceedings or prejudice existing parties. Fed. R. Civ. P. 24(b)(3).

Case 5:20-cv-07956-VKD Document 398 Filed 08/21/26 Page 3 of 7



**III. DISCUSSION**

**A. Mr. Sussman's Motion to Intervene**

Mr. Sussman moves to intervene for the purpose of having the Court consider his objections to the settlement. Dkt. No. 336. Mr. Sussman's motion to intervene is denied as moot. As discussed in its order granting final approval of the class action settlement, the Court has considered all the materials Mr. Sussman lodged and/or filed, stating his objections to the settlement. *See* Dkt. No. 397. Mr. Sussman has not shown that intervention is necessary or warranted for any other purpose.

**B. Mr. Focia's Motion to Intervene**

On July 6, 2026, Mr. Focia moved for permissive intervention in order to correct the record to reflect that he is a member of the federal class; file motions to strike certain materials filed by class counsel and seek sanctions against them; and ensure a complete record is available for any potential appeal. Dkt. No. 364. Although Mr. Focia's motion is styled as one for permissive intervention, the Court has broadly construed his motion as one for intervention as of right or for permissive intervention. For the reasons discussed below, Mr. Focia has not established a basis for intervention as of right or shown that permissive intervention is warranted.

Mr. Focia does not argue that a federal statute confers a right to intervene. Even assuming, without deciding that his motion to intervene is timely, Mr. Focia has not demonstrated that intervention is warranted. On June 24, 2026 (i.e., nearly two weeks before Mr. Focia moved to intervene), class counsel filed an updated declaration confirming Mr. Focia's class membership. *See* Dkt. No. 345 ¶ 2; *see also* Dkt. No. 375 at 2. While Mr. Focia (as a class member) has a protectable interest relating to the property or transaction that is the subject of the action, he has not shown that his interests will be impaired or impeded, absent intervention. Courts generally find that the ability to file objections and opt out of a class settlement under Rule 23 are sufficient to protect the interests of class members. *See West v. Rheem Mfg. Co.*, No. 2:24-cv-09686-CAS-MAAx, 2026 WL 1192136, at *2 (C.D. Cal. Apr. 30, 2026) (citing cases); *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2023 WL 1928210, at *3 (N.D. Cal. Feb. 10, 2023); *Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR, 2017 WL 1075051, at *2 (N.D. Cal. Mar.

22, 2017); *see also California ex rel Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (even if a lawsuit would affect proposed intervenors' interests, "their interests may not be impaired if they have other means to protect them.") (citation modified). In its order granting final approval of the class action settlement, the Court has considered the adequacy of representation by the class representatives as to all relevant matters raised by Mr. Focia. As discussed in that order, the Court considered Mr. Focia's objections to the settlement (Dkt. No. 327), as well as the arguments he presented at the June 23, 2026 final approval hearing (Dkt. No. 346). The Court found it unnecessary to consider certain additional materials from class counsel concerning several objectors, including Mr. Focia, and the Court denied as moot the parties' stipulated request to supplement the record with those materials. *See* Dkt. Nos. 335; 397. Mr. Focia has not shown a basis for imposing sanctions, as there is nothing improper about the supplemental filings, even if the Court did not rely on them. With respect to counsel's arguments at the hearing, Mr. Focia's difficulty hearing some of the arguments is not a basis to intervene. In deciding the motion for final approval, the Court relied on the written submissions of the parties, their counsel, the settlement administrator, and the objectors; Mr. Focia does not contend he did not have access to the written submissions, and unless specifically noted in the final approval order, the Court did not rely on any arguments or information presented solely at the hearing. Additionally, in view of the procedural posture of this case, the Court finds a significant potential for delay, expense, and unnecessary motion practice with respect to the myriad motions and filings Mr. Focia has submitted, many of which repeat his objections to the settlement or the arguments made in his motion to intervene. *See* Dkt. Nos. 361, 362, 363, 365, 366, 367, 368, 369, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388. As Mr. Focia has not shown that intervention is justified, the Court denies his motion to intervene and terminates his other motions and filings.

**C. Ms. Faber's Motion to Intervene**

On July 8, 2026—after filing her objections to the settlement (Dkt. Nos. 316, 320) and presenting arguments at the June 23, 2026 final approval hearing (Dkt. No. 346)—Ms. Faber moved to intervene (Dkt. Nos. 371, 372, 374). Ms. Faber does not argue that a federal statute confers a right to intervene in this action. Nor has she established a basis for intervention as of

right or shown that permissive intervention is warranted.

While Ms. Faber (as a class member) has a protectable interest relating to the property or transaction that is the subject of the action, her motion to intervene is untimely. Additionally, Ms. Faber has not shown that her interests will be impaired or impeded, absent intervention. As discussed above, courts generally find that the ability to file objections and opt out of a class settlement under Rule 23 are sufficient to protect the interests of class members. *See West*, 2026 WL 1192136, at *2; *Brown*, 2023 WL 1928210, at *3; *Hatamian*, 2017 WL 1075051, at *2; *see also California ex rel Lockyer*, 450 F.3d at 442. In its order granting final approval of the class action settlement, the Court has considered the adequacy of representation by the class representatives as to all relevant matters raised by Ms. Faber. As discussed in that order, the Court considered Ms. Faber's objections to the settlement (Dkt. Nos. 316, 320), as well as the arguments she presented at the June 23, 2026 final approval hearing (Dkt. No. 346). To the extent Ms. Faber's motion to intervene appears to repeat or restate other objections to the settlement that were not raised in her own objections, those objections are untimely. Ms. Faber's motion indicates that she seeks to intervene on the basis of claims based on, for example HIPAA violations, that are irrelevant to this lawsuit and have not been released by the settlement. In view of the procedural posture of this case, the Court finds a significant potential for delay, expense, and unnecessary motion practice. Ms. Faber's motion to intervene is denied.

### D. Mr. Andrews's Filings

After filing his objections to the settlement (Dkt. No. 302), Mr. Andrews filed myriad additional documents. In these filings, Mr. Andrews restates or supplements his objections to the settlement, moves to strike certain docket filings, and contends that he was prevented from speaking at the June 23, 2026 final approval hearing. *See* Dkt. Nos. 351, 352, 353, 358, 359, 376, 378, 390, 396. To the extent Mr. Andrews's filings might be broadly construed as seeking to intervene, such relief is denied, as he has not established a basis for intervention as of right or shown that permissive intervention is warranted. While Mr. Andrews (as a class member) has a protectable interest relating to the property or transaction that is the subject of the action, he has not shown that his interests will be impaired or impeded, absent intervention. As discussed above,

Case 5:20-cv-07956-VKD Document 398 Filed 08/21/26 Page 6 of 7



courts generally find that the ability to file objections and opt out of a class settlement under Rule 23 are sufficient to protect the interests of class members. *See West*, 2026 WL 1192136, at *2; *Brown*, 2023 WL 1928210, at *3; *Hatamian*, 2017 WL 1075051, at *2; *see also California ex rel Lockyer*, 450 F.3d at 442. In its order granting final approval of the class action settlement, the Court has considered the adequacy of representation by the class representatives as to all relevant matters raised by Mr. Andrews. As discussed in that order, the Court considered Mr. Andrews's objections to the settlement (Dkt. No. 302). Additionally, Mr. Andrews's filings misrepresent the record of the proceedings at the June 23, 2026 final approval hearing, and he does not demonstrate a basis to intervene on that ground. The record reflects that Mr. Andrews, like all objectors, was given an opportunity to speak at the hearing and specific instructions for doing so (*see* Dkt. Nos. 326, 326-1), but he did not appear at the hearing.[1] In deciding the motion for final approval, the Court relied on the written submissions of the parties, their counsel, the settlement administrator, and the objectors; Mr. Andrews does not contend he did not have access to the written submissions, and unless specifically noted in the final approval order, the Court did not rely on any arguments or information presented solely at the hearing. While he argues that counsel should have served him with various docket filings, Mr. Andrews's own filings demonstrate that he has adequate access to the Court's docket. *See, e.g.,* Dkt. No. 352 at 2, 5. In view of the procedural posture of this case, the Court finds a significant potential for delay, expense, and unnecessary motion practice. To the extent Mr. Andrews's filings reassert or supplement his objections to the settlement, Angeion, or the administration of the settlement, the filings are unnecessary and/or untimely.

## IV. CONCLUSION

For the reasons discussed above, the motions to intervene filed by Mr. Sussman, Mr. Focia, and Ms. Faber are denied. All other pending motions are terminated.

//

[1] In any event, the Court has reviewed Mr. Andrews's purported script (Dkt. No. 351) of the arguments he says he intended to present at the hearing. Those arguments do not change the Court's findings and conclusions in its order granting final approval of the settlement.

**IT IS SO ORDERED.**

Dated: August 21, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California