ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor, Mick Cleary, and Jennifer Nelson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-CV-07956-VKD<br><br>**DECLARATION OF MARC A. WALLENSTEIN IN SUPPORT OF MOTION FOR BOND FOR APPEAL OF NATHAN BYARS**<br><br>Date: November 10, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Virginia K. DeMarchi |

I, Marc A. Wallenstein, declare as follows:

1. I am an attorney duly admitted to practice law in New York, Washington DC, Hawaii, Texas, Connecticut, and Oregon, and am admitted *pro hac vice* to this Court. I am a partner at the law firm Korein Tillery LLC. I am Co-Lead Counsel to the Plaintiff Class in this action, including Class Representatives Joseph Taylor, Mick Cleary, and Jennifer Nelson.

2. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would competently testify to the facts in this declaration.

3. Attached hereto as **Exhibit 1** is a true and correct copy of a screenshot of Nathan Byars's LinkedIn: *Nathan A. Byars, Experience*, *available at* https://www.linkedin.com/in/nathan-a-byars-2a1016b0/.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the current docket sheet for *Morales v. Sunpath Ltd.*, No. 20-cv-1376 (D. Del.).

5. Attached hereto as **Exhibit 3** is a true and correct copy of the current docket sheet for *Byars v. Bush & Bush Law Grp.*, No. 25-cv-1686 (W.D. Tex.).

6. Plaintiffs conservatively estimate that the costs they would stand to recover pursuant to FRAP 39(e) and (f) as the prevailing party in the appeal by Mr. Nathan Byars in this action would be at least $16,738. These costs include: the cost of reporter's transcripts likely to be relevant to the appeal, the preparation of the record, the production of necessary copies of briefs, and docketing and filing fees. *See* FRAP 39(f)(1), 39(f)(2), 39(e)(1)(A), and 39(e)(1)(B) and (C).

7. Plaintiffs have no reason to believe that Mr. Byars is unable to post a bond in any amount.

8. In the prior Ninth Circuit appeal in this case, the actual costs of production of copies of the briefs and the preparation and transmission of the 140-page excerpts of record were $4,231. Attached hereto as **Exhibit 4** are true and correct copies of invoices from Counsel Press.

9. The appeal filed by Mr. Byars is likely to have a much larger appellate record than the record in the prior appeal in this case. The prior appeal involved only two motions to dismiss and a sparse record. The upcoming appeal involves issues that go to the merits of the case after

briefing of numerous dispositive and non-dispositive motions, including motions for class certification, *Daubert* motions, a motion for stay, class notice, and motions for preliminary and final approval.

10. The current record in this case is approximately 7,624 pages, comprised of 3,817 pages of pleadings, declarations, and orders, and 3,807 pages of exhibits. This figure was determined by manually adding the number of pages of each as-filed PDF that appears on the docket.

11. Plaintiffs estimate based on the past experience of Class Counsel that the supplemental excerpts of record that Plaintiffs will be required to file in Mr. Byars's appeal will be at least 2,250 pages, which is approximately 30% of the total record. These extensive excerpts of record will be necessary to demonstrate the fairness, reasonableness, and adequacy of the settlement, including to show the chances of recovering damages or obtaining injunctive relief absent the settlement. In Class Counsel's view, these questions implicate practically the entire record.

12. Plaintiffs obtained an estimate of $15,190 from Counsel Press, a leading appellate printer, for the actual cost of preparing necessary copies of the briefs and a 2250-page excerpts of record for an appeal before the Ninth Circuit. Attached hereto as **Exhibit 5** is a true and correct copy of the Counsel Press estimate.

13. The cost of the reporter's transcripts in this case is $1,548.25, across seven hearings and conferences. Attached hereto as **Exhibit 6** is a true and correct chart detailing the actual costs of the transcripts in this case.

14. Plaintiffs provide as examples of actual FRAP 39 costs the following two recent appeals by undersigned counsel's firm, which involved issues of similar complexity and excerpts of record smaller in size than what Plaintiffs anticipate will be required in Mr. Byars's appeal.

15. In *Gibson v. National Association of Realtors*, No. 24-3473 (8th Cir.), copies of one appellate brief and a 606-page excerpts of record cost $14,137.00 to prepare. This figure does

not include transcript costs. Attached hereto as **Exhibit 7** is a true and correct copy of the Counsel Press invoice for these costs, which was actually paid.

16. In *Burnett v. National Association of Realtors*, No. 24-3619 (8th Cir.), copies of the opening brief (not the reply) and the 801-page excerpts of record cost $14,420.50 to prepare. This figure does not include transcript costs. Attached hereto as **Exhibit 8** is a true and correct copy of the Counsel Press invoice for these costs, which was actually paid.

17. Attached hereto as **Exhibit 9** is a true and correct copy of the current docket sheet for *Embry v. ACER Am. Corp.*, No. 09-cv-1808 (N.D. Cal.).

18. I have spoken with Google's counsel regarding this Motion. Google does not oppose Plaintiffs' motion and generally agrees that an appeal bond in a reasonable amount should be required in connection with Mr. Byars's appeal.

Executed on October 1, 2026.

*/s/ Marc A. Wallenstein*
Marc A. Wallenstein