ELIZABETH M. PIPKIN (243611)
ANN M. RAVEL (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
epipkin@mcmanislaw.com
aravel@mcmanislaw.com

GLEN E. SUMMERS (176402)
KARMA M. GIULIANELLI (184175)
LINDLEY J. BRENZA (*pro hac vice*)
JONATHAN JACOB MARSH (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

MARC A. WALLENSTEIN (*pro hac vice*)
GEORGE A. ZELCS (*pro hac vice*)
RYAN Z. CORTAZAR (*pro hac vice*)
CHAD E. BELL (*pro hac vice*)
PAMELA I. YAACOUB (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

CAROL L. O'KEEFE (*pro hac vice*)
MICHAEL E. KLENOV (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs Joseph Taylor, Mick Cleary, and Jennifer Nelson*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-CV-07956-VKD

**NOTICE OF MOTION, MOTION FOR BOND FOR APPEAL OF OBJECTOR-APPELLANTS CHRISTOPHER ANDREWS, MICHAEL SUSSMAN, AND MICHAEL FOCIA, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Date: November 10, 2026
Time: 10:00 a.m.
Judge: Hon. Virginia K. DeMarchi

## NOTICE OF MOTION AND MOTION

Please take notice that Plaintiffs, on behalf of themselves and the certified class, will and hereby do move for an order requiring objector-appellants Christopher Andrews, Michael Sussman, and Michael Focia (the "Objector-Appellants") to post an appeal bond of $18,738, representing $6,246 per Objector-Appellant, as a condition of pursuing their appeal. Plaintiffs request that this Motion be decided either without oral argument in accordance with Civil Local Rule 7-1(b), or heard on November 10, 2026, at 10:00 a.m., or as soon as practicable, in the courtroom of the Honorable Virginia K. DeMarchi located at the Robert F. Peckham Federal Building and United States Courthouse, Courtroom 2, 280 South 1st Street, San Jose, CA 95113.

This Motion is made pursuant to Federal Rule of Appellate Procedure ("FRAP") 7. This Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities; the Declaration of Marc A. Wallenstein ("Wallenstein Decl."); the records on file in this action; and any additional argument that may be presented.

## STATEMENT OF THE ISSUES TO BE DECIDED

Plaintiffs move the Court:

1. To find that a bond is warranted under FRAP 7; and
2. To find that the Objector-Appellants must post a bond of $18,738, representing $6,246 per Objector-Appellant, as a condition of pursuing their appeal.

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..... 2
STATEMENT OF THE ISSUES TO BE DECIDED ..... 2
TABLE OF CONTENTS ..... 3
TABLE OF AUTHORITIES ..... 4
MEMORANDUM OF POINTS AND AUTHORITIES ..... 6
ARGUMENT ..... 7
I. A Bond Is Required to Protect the Class from the Risk of Nonpayment ..... 7
A. There Is No Evidence that the Objector-Appellants Are Unable to Post a Bond ..... 8
B. There Is a Substantial Risk that the Objector-Appellants Will Not Pay Costs After They Lose Their Appeal ..... 12
C. The Chance of Success on Appeal Is Very Low ..... 13
II. The Bond Should Be Set at $18,738 ($6,246 Per Objector-Appellant) ..... 14
CONCLUSION ..... 18

## TABLE OF AUTHORITIES

**Cases**

*Azizian v. Federated Dep't Stores, Inc.*,
499 F.3d 950 (9th Cir. 2007) ........................................ 7, 14, 15

*Chavez v. PVH Corp.*,
No. 13-cv-1797, 2015 WL 9258144 (N.D. Cal. Dec. 18, 2015)........................................ 14

*Edwards v. Nat'l Milk Producers Fed'n*,
No. 11-cv-4766, 2017 WL 4581926 (N.D. Cal. Sept. 13, 2017)........................................ 9, 14

*Embry v. ACER Am. Corp.*,
No. 09-cv-1808, 2012 WL 2055030 (N.D. Cal. June 5, 2012)........................................ 8, 16

*Fleury v. Richemont N. Am., Inc.*,
No. 05-cv-4525, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) ........................................ 12, 15, 17

*In re Apple Inc. Device Performance Litig.*,
No. 18-md-2827, 2023 WL 3510393 (N.D. Cal. May 16, 2023) ........................................ 17

*In re Blackhawk Network Data Breach Litig.*,
No. 22-cv-7492, 2024 WL 4700634 (N.D. Cal. Nov. 5, 2024) ........................................ 8, 16

*In re Netflix Priv. Litig.*,
No. 11-cv-379, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) ........................................ 13, 17

*In re Polyurethane Foam Antitrust Litig.*,
No. 16-3168, 2016 WL 6599570 (6th Cir. June 20, 2016)........................................ 10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
895 F.3d 597 (9th Cir. 2018) ........................................ 13

*In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.*,
No. 09-md-2015, 2011 WL 3648508 (N.D. Cal. Aug. 18, 2011)........................................ 16

*Ingle v. Cir. City*,
408 F.3d 592 (9th Cir. 2005) ........................................ 6

*James v. Uber Techs. Inc.*,
No. 19-cv-6462, 2022 WL 6468665 (N.D. Cal. Oct. 10, 2022) ........................................ 8

*Keller v. NCAA*,
No. 09-cv-1967, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015) ........................................ 17

*McConnell v. Critchlow*,
661 F.2d 116 (9th Cir. 1981) ........................................ 6

*Miletak v. Allstate Ins. Co.*, No. 06-cv-3778, 2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) ........ 7, 17

*Nunez v. BAE Sys. S.D. Ship Repair Inc.*, 292 F. Supp. 3d 1018 (S.D. Cal. 2017) ........ 14

*Schulken v. Wash. Mut. Bank*, No. 09-cv-2708, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) ........ 8, 12, 17

*Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-608, 2023 WL 4238509 (N.D. Cal. June 27, 2023) ........ 7, 14, 15, 17

*Tait v. BSH Home Appliances Corp.*, No. 10-cv-711, 2015 WL 12748268 (C.D. Cal. Oct. 19, 2015) ........ 13, 14

*Tennille v. W. Union Co.*, 774 F.3d 1249 (10th Cir. 2014) ........ 17

*Yingling v. eBay, Inc.*, No. 09-cv-1733, 2011 WL 2790181 (N.D. Cal. July 5, 2011) ........ 17

**Statutes**

28 U.S.C. § 1912 ........ 6

28 U.S.C. § 1915 ........ 10

28 U.S.C. § 1927 ........ 6

**Rules**

Fed. R. App. P. 7 ........ 2, 6, 7, 14

Fed. R. App. P. 38 ........ 6

Fed. R. App. P. 39 ........ 14, 15, 16, 17

## MEMORANDUM OF POINTS AND AUTHORITIES

*Pro se* Objector-Appellants Christopher Andrews (ECF 403), Michael Sussman (ECF 403), and Michael Focia (ECF 403) have jointly filed a meritless appeal that will unnecessarily delay the final resolution of this case.[1] This Court should require a bond as a condition of the Objector-Appellants' appeal pursuant to FRAP 7 in order to protect the class from the likelihood that recoverable costs will not be paid by the Objector-Appellants when they lose their appeal.

Class Counsel conservatively estimates that recoverable costs for the *pro se* Objector-Appellants' appeal, including the costs of preparing the record, briefs, transcript fees, and recoverable costs associated with appellate motions practice, will be at least $18,738. To ensure that Plaintiffs may recover the permissible costs from the Objector-Appellants when they lose their appeal, Plaintiffs ask the Court to require the Objector-Appellants to post a bond of $18,738, representing $6,246 per Objector-Appellant, as a condition of pursuing their appeal. Courts in this District routinely impose comparable or greater appeal bonds, including in cases involving *pro se* objector-appellants who claim inability to pay, and in several cases have imposed much higher appeal bonds of $15,000 or even $70,000 per objector-appellant.

The amount of the requested appeal bond does not include any attorneys' fees that will be incurred because of the appeal. Plaintiffs reserve the right to seek attorneys' fees, along with the interest caused by the delay, as a sanction under 28 U.S.C. § 1912 or § 1927, or under FRAP 38, once the appeal is resolved on the merits. *See McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) (proper to award attorneys' fees when the "result is obvious" and to prevent "knee jerk reaction to every unfavorable ruling" (citation omitted)); *Ingle v. Cir. City*, 408 F.3d 592, 595 (9th Cir. 2005) (ordering payment of double costs and attorneys' fees).

[1] The Ninth Circuit has docketed Mr. Andrews's, Mr. Sussman's, and Mr. Focia's joint appeal as No. 26-6329 (*see* ECF 405). Plaintiffs do not concede that the Objector-Appellants or any other party has timely or properly filed a notice of appeal, and Plaintiffs reserve the right to move to dismiss based on an improper or untimely notice of appeal, for lack of standing, or for any other reason.

Google does not oppose Plaintiffs' motion and generally agrees that appeal bonds in a reasonable amount should be required in connection with the Objector-Appellants' appeal. Wallenstein Decl. ¶ 33.

**ARGUMENT**

The Court should exercise its discretion to require an $18,738 appeal bond, representing $6,246 per Objector-Appellant, as a condition of the Objector-Appellants pursuing their appeal. When a litigant appeals a judgment, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "The need for a bond, as well [as] its amount, are left to the discretion of the trial court." *Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-608, 2023 WL 4238509, at *1 (N.D. Cal. June 27, 2023).

**I. A Bond Is Required to Protect the Class from the Risk of Nonpayment**

The Court should impose an appeal bond as a condition of the Objector-Appellants' appeal because there is a significant risk that they will otherwise not pay costs taxed against them after their unsuccessful appeal. "The purpose of an appeal bond is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Miletak v. Allstate Ins. Co.*, No. 06-cv-3778, 2012 WL 3686785, at *1 (N.D. Cal. Aug. 27, 2012) (citation modified). "Courts in the Ninth Circuit consider the following factors in determining whether a bond is appropriate: (1) the appellants' financial ability to post bond; (2) the risk that appellants will not pay the costs if they lose the appeal; and (3) the likelihood that they will lose the appeal and be subject to costs." *Senne*, 2023 WL 4238509, at *1. This Court may consider the merits of the Objector-Appellants' arguments under factor (3). *See id.* The Court may also consider the Objector-Appellants' history of voluminous and duplicative motions practice in evaluating the likelihood of appellate motions practice contributing to costs on appeal. *See id.* at *2 ("Furthermore, based on the conduct of the [objectors] in this Court, it is likely that there will be more motions on appeal than is typical."). However, courts may not impose a bond as a sanction for a frivolous or bad-faith appeal. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007).

All factors weigh in favor of a bond in the amount requested.

### A. There Is No Evidence that the Objector-Appellants Are Unable to Post a Bond

There is no evidence that any of the Objector-Appellants is unable to post an appeal bond. "District courts have found this [financial ability] factor weighs in favor of a bond, absent an indication that a plaintiff is financially unable to post bond." *Schulken v. Wash. Mut. Bank*, No. 09-cv-2708, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). "The objector bears the burden of establishing that [they] cannot post an appeal bond." *James v. Uber Techs. Inc.*, No. 19-cv-6462, 2022 WL 6468665, at *3 (N.D. Cal. Oct. 10, 2022) (citation omitted).

Here, there is no evidence that any of the Objector-Appellants lacks the financial ability to pay a bond. *See, e.g.*, *Embry v. ACER Am. Corp.*, No. 09-cv-1808, 2012 WL 2055030, at *1–2 (N.D. Cal. June 5, 2012) (imposing appeal bond on *pro se* objector due to "absence of evidence" of inability to pay); *In re Blackhawk Network Data Breach Litig.*, No. 22-cv-7492, 2024 WL 4700634, at *1, *3 (N.D. Cal. Nov. 5, 2024) (imposing appeal bond where there was no evidence that *pro se* objectors lacked ability to pay). Accordingly, this factor weighs in favor of imposing a bond.

For each of the Objector-Appellants, there is evidence that they do have the ability to pay.

#### 1. Christopher Andrews

Mr. Andrews's employment is evidence of his ability to pay. Mr. Andrews has admitted to the Court that he is employed and that he has the financial wherewithal to purchase air travel. *See* ECF 376 at 2 ("This objector will be flying out of town starting July 05, 2026 and arrive back for the first full day of work on July 16, 2026.").

Mr. Andrews, along with Mr. Sussman and Mr. Focia, has paid the Ninth Circuit filing fee for their joint appeal. The ability to pay the $605 filing fee is evidence of their ability to pay a reasonable appeal bond. Mr. Andrews's history of extracting payments from class action settlements as a professional objector is also evidence of his ability to pay. Mr. Andrews represented to this Court that he has "been offered deals to compensate him for improving settlements approximately $32 million in benefits for classes over the many years." ECF 377 at 3. The fact that Mr. Andrews has extracted payments from prior classes is also evidence of his ability to pay. *See* Wallenstein Decl. Ex. 1, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 17-

md-2800 (N.D. Ga. May 11, 2020), ECF 1094 at 6–7 (imposing appeal bond of $2,000 each on Andrews and other "serial objectors," including because they "extorted money from counsel in prior class actions" and "should not be heard now to claim they cannot afford to put up a bond to pursue their appeals").

Courts in this District and elsewhere have rejected Mr. Andrews's arguments that he cannot afford an appeal bond. *See, e.g.*, Wallenstein Decl. Ex. 2, *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio Apr. 13, 2016), ECF 2065 at 9–11, 15–16 (ruling that Andrews had the ability to pay and imposing appeal bond of $145,463, including $10,000 in Rule 39 costs); *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-4766, 2017 WL 4581926, at *5–6 (N.D. Cal. Sept. 13, 2017) ("[I]n light of Andrews' profession and income [the Court] finds that Andrews does have the ability to qualify for and post a bond.").

Mr. Andrews has also satisfied a judgment larger than the bond requested here. In 2017, the indirect purchaser class in *Polyurethane Foam* sought to enforce sanctions and contempt awards entered against Mr. Andrews in the federal *Polyurethane Foam* litigation. *See* Wallenstein Decl. Ex. 3, *Indirect Purchaser Class v. Andrews*, No. 2017-17-0537-GC (Mich. 16th Dist. Ct. Mar. 28, 2017), Docket at 2. The indirect purchaser class filed suit in Michigan state court, seeking enforcement of the $22,406.04 federal sanctions judgment against Andrews. The Michigan state court garnished Mr. Andrews's wages. *See id.* at 2–4. As of October 2019, Mr. Andrews had satisfied at least $5,698.60 of the judgment, and only $16,707.44 remained due. *See id.* at 2. In March 2022, Mr. Andrews satisfied his debt to the class in a settlement for an undisclosed amount. *See id.* at 1; Wallenstein Decl. Ex. 4, *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio Mar. 15, 2022), ECF 2201. The fact that Mr. Andrews had income that was able to be garnished is evidence of his ability to pay. In addition, that Mr. Andrews satisfied at least $5,699 of the judgment directly, and some portion of the remaining $16,707.44 in an undisclosed settlement, is evidence of his ability to pay.

The *Equifax* district court likewise refused to credit Mr. Andrews's claims of poverty. In denying him leave to appeal *in forma pauperis*, the court found that he had not adequately

explained the source of his income and declined to accept his unsubstantiated claim that his expenses equaled his income, citing his "propensity to make outrageously false statements in the pleadings." *See* Wallenstein Decl. Ex. 5, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 17-md-2800 (N.D. Ga. May 7, 2020), ECF 1089 at 1. And after the Eleventh Circuit denied his renewed application, Mr. Andrews paid the $505 filing fee. *See* Wallenstein Decl. Ex. 6, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 20-10249 (11th Cir. Aug. 21, 2020), ECF 149. Mr. Andrews's payment of the fee once his claims of poverty were rejected is further evidence of his ability to pay.

Appellate courts have upheld the imposition of appeal bonds on Mr. Andrews. For example, the Sixth Circuit held that "[a]t no point in the proceedings has Andrews provided actual proof that he is unable to pay the appeal bond." *In re Polyurethane Foam Antitrust Litig.*, No. 16-3168, 2016 WL 6599570, at *1 (6th Cir. June 20, 2016) (denying motion to stay appeal bond and granting motion to dismiss Andrews's appeal). And the Eleventh Circuit dismissed Andrews's appeal in *Equifax* because he failed to post the required appeal bond, and because Andrews made untrue allegations of poverty in support of his *in forma pauperis* application, which triggered dismissal pursuant to 28 U.S.C. § 1915(e)(2). *See* Wallenstein Decl. Ex. 7, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 20-10249 (11th Cir. June 3, 2021), ECF 303 at 5–6 (finding that Andrews's "allegation of poverty appears to be untrue" (citation omitted)).[2]

Mr. Andrews previously testified at a deposition in another case that he works in "sales" regarding "security systems" on behalf of large companies like ADT and Protection One, including "selling, [and] taking orders for home security or small business security systems." *See* Wallenstein Decl. Ex. 10, *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-4766 (N.D. Cal. July 31, 2017), ECF 505-1 at 6–9 (11/1/2016 Andrews Dep. Tr. 9:21-12:25).

[2] In an earlier case without a full record of Andrews's litigation conduct, the Ninth Circuit allowed Andrews to proceed *in forma pauperis*. *See* Wallenstein Decl. Ex. 8, *Edwards v. Nat'l Milk Producers Fed'n*, No. 17-16459 (9th Cir. Aug. 23, 2018), ECF 22. The Ninth Circuit ultimately rejected Andrews' arguments on the merits and affirmed final approval. *See* Wallenstein Decl. Ex. 9, *Edwards v. Nat'l Milk Producers Fed'n*, No. 17-16459 (9th Cir. Apr. 27, 2021), ECF 40.

Mr. Andrews previously testified under examination by the court in another case that he was employed and does consulting work for attorneys. *See* Wallenstein Decl. Ex. 11, *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196 (N.D. Ohio Jan. 6, 2017), ECF 2135, Hr'g Tr. 6:12–16 ("I do work with attorneys. I do estate planning, wills, trusts, I give presentations."); *id.* at 7:10–11 ("I've been working with attorneys for 30 years. I do consulting work for them."); *id.* at 8:11–13 (THE COURT: "[D]o you have a bank account? / MR. ANDREWS: Yes."). These are all evidence of his ability to pay.

**2. Michael Sussman**

Mr. Sussman previously represented to this Court that he "has a financial interest in several businesses." ECF 325 at 11. He further represented that he is "the beneficiary of an Estate." *Id.* at 12. Both are evidence of his ability to pay.

Mr. Sussman, along with Mr. Andrews and Mr. Focia, has paid the Ninth Circuit filing fee for their joint appeal. ECF 403-1. The ability to pay the $605 filing fee is evidence of their ability to pay a reasonable appeal bond.

Mr. Sussman also recently claimed to "manage a couple companies" in a pleading in another case. *See* Wallenstein Decl. Ex. 12, *Filardi v. Mid-Am. Pet Food, LLC*, No. 23-cv-11170 (S.D.N.Y. Jan. 14, 2026), ECF 55. And in yet another matter, Mr. Sussman stated in a declaration that he is an "internet technician" who has "provided technical support service and networking engineer services for multiple Internet Service Providers," "non-stop since 1996." *See* Wallenstein Decl. Ex. 13, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420 (N.D. Cal. Jan. 17, 2024), ECF 2778-1 at 4. The claim of "non-stop" work "since 1996" is evidence of Mr. Sussman's ability to pay.

Public records corroborate Mr. Sussman's active employment. Mr. Sussman has served as a director of DigiMaxISP, Inc., an active Florida corporation, since its incorporation in 2001. *See* Wallenstein Decl. Ex. 14, Fla. Div. of Corps. record, Doc. No. P01000035306. His longstanding role in an active business is evidence of his ability to pay.

Mr. Sussman owns a condominium in Florida that the Palm Beach County Property Appraiser values at more than $250,000. *See* Wallenstein Decl. Ex. 15, Palm Beach Cnty. Prop.

Appraiser Rec., Parcel Control No. 00-42-47-35-12-001-5020, *available at* https://pbcpao.gov/Property/Details?parcelId=00424735120015020. His ownership of real property is evidence of his ability to pay.

Mr. Sussman filed another appeal and paid another docketing fee in another class action in the Second Circuit in March 2026. *See* Wallenstein Decl. Ex. 16, *Filardi v. Mid-Am. Pet Food, LLC*, No. 23-cv-11170 (S.D.N.Y. Mar. 10, 2026), ECF 68; Wallenstein Decl. Ex. 17, *Filardi v. Mid-Am. Pet Food, LLC*, No. 26-617 (2d Cir. Mar. 11, 2026), Docket at ECF 1 & 3. His payment of multiple appellate filing fees this year is evidence of his ability to pay.

#### 3. Michael Focia

Mr. Focia operates a company called Focia Management LLC, which has a T-Mobile "For Business" account with three lines and multiple devices. *See* ECF 327 at 11–12. Mr. Focia has represented that he currently uses four Android devices. *See id.* at 8, ¶ 2. Mr. Focia's ownership of a business, ownership of four Android devices, and ability to afford at least three mobile phone lines are evidence of his ability to pay a reasonable appeal bond. Mr. Focia, along with Mr. Sussman and Mr. Andrews, has paid the Ninth Circuit filing fee for their joint appeal. ECF 403-1. The ability to pay $605 is evidence of their ability to pay a reasonable appeal bond.

### B. There Is a Substantial Risk that the Objector-Appellants Will Not Pay Costs After They Lose Their Appeal

Because none of the Objector-Appellants lives in California, there is a substantial risk that they will not satisfy costs taxed against them. "[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficiult [sic]." *Schulken*, 2013 WL 1345716, at *5. "This factor is particularly troubling when an appellant lives outside the jurisdiction of the Ninth Circuit." *Id.*; *see Fleury v. Richemont N. Am., Inc.*, No. 05-cv-4525, 2008 WL 4680033, at *7 (N.D. Cal. Oct. 21, 2008) (imposing bond where objector-appellant was "not a resident of California, nor does she reside in a state within the Ninth Circuit" because this "would make it more difficult for the Settling Parties to collect their costs").

None of the Objector-Appellants lives in California or within the Ninth Circuit. Mr. Andrews resides in Michigan (ECF 403 at 3), Mr. Sussman resides in Florida (ECF 403 at 2), and

Mr. Focia resides in Alabama (ECF 403 at 4). Their respective geographical locations make it very difficult and costly for Plaintiffs to collect costs from them when they lose their appeal. This factor strongly favors the posting of a bond. *See In re Netflix Priv. Litig.*, No. 11-cv-379, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013) (issue of risk of nonpayment is "weighted more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit").

### C. The Chance of Success on Appeal Is Very Low

The final factor, the chance of success on appeal, weighs decisively against the Objector-Appellants.

The Court's order approving the settlement is thorough, procedurally sound, correct on the merits, and highly likely to be affirmed. This Court conducted an extensive and searching analysis of the fairness, reasonableness, and adequacy of the settlement, including considering and ruling on each objection on its merits. *See* ECF 397 (Order Granting Final Approval); ECF 398 (Order re Motions to Intervene & Other Filings); *see also In re Netflix*, 2013 WL 6173772, at *3 ("In issuing its Final Order, the Court engaged in an extensive analysis of the Settlement, including the merits of the objections, and found the Settlement to be fair, adequate, and reasonable," which "weighs in favor of a bond.").

The Ninth Circuit's review of this Court's reasoning must be "extremely limited," and the Ninth Circuit will reverse "only upon a strong showing that the district court's decision was a clear abuse of discretion." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 609 (9th Cir. 2018) (citation omitted). In light of this Court's careful and thorough analysis, it is extremely unlikely that the Ninth Circuit will reverse. *See id.* (explaining that the Ninth Circuit will "rarely overturn an approval of a class action consent decree on appellate review for *substantive* reasons" if the district court has complied with all procedural requirements (citation omitted)); *Tait v. BSH Home Appliances Corp.*, No. 10-cv-711, 2015 WL 12748268, at *1 (C.D. Cal. Oct. 19, 2015) ("The Court previously considered and rejected [objector] Ameen's objections. This factor weighs strongly in favor of imposing a bond." (internal citation omitted)).

Notably, the Objector-Appellants did not identify the specific issues they plan to raise on appeal in their notice of appeal. In any event, all the issues the Objector-Appellants could raise on

appeal are set forth in their objections, and none of them have merit. *See* ECF 397, 398 (Court considering and overruling each objection on the merits).

In addition, many of the objections lodged by the Objector-Appellants were untimely or otherwise procedurally defective, which will provide the Ninth Circuit an alternative basis to affirm this Court regardless of the merits. *See Nunez v. BAE Sys. S.D. Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1043 (S.D. Cal. 2017) (ruling that a supplemental brief filed by an objector "failed to follow the Court-noticed procedure" for objections and was thus "untimely and procedurally deficient"); *Chavez v. PVH Corp.*, No. 13-cv-1797, 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015) (ruling that extraneous filings by objectors were "untimely" and "procedurally improper" objections and that "on this basis alone, the Court may refuse to consider" them (citation modified)). Given these procedural failures, the Objector-Appellants' chance of success is even lower.

For all these reasons, the Objector-Appellants' chance of success on appeal is very low.

## II. The Bond Should Be Set at $18,738 ($6,246 Per Objector-Appellant)

A bond of $18,738, representing $6,246 per Objector-Appellant, is appropriate under the circumstances of this case because it reflects a conservative estimate of the costs that this appeal will likely entail. FRAP 7 provides that an appeal bond should be set in an "amount necessary to ensure payment of costs on appeal." FRAP 7. This amount "includes those costs specified in [FRAP] 39." *Edwards*, 2017 WL 4581926, at *4 (citing *Azizian*, 499 F.3d at 958). "Plaintiffs need not provide an itemized breakdown of the anticipated appellate costs." *Senne*, 2023 WL 4238509, at *2 (quoting *Tait*, 2015 WL 12748268, at *2).

FRAP 39 allows the following recoverable costs:

> (A) the production of necessary copies of a brief or appendix, or copies of records authorized by Rule 39(f);
>
> (B) the docketing fee; and
>
> (C) a filing fee paid in the court of appeals.
>
> * * *
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;

> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

FRAP 39(e)(1) & (f).[3] When estimating costs, some factors to consider include the number of possible motions on appeal and the length of the relevant record and transcripts. *See, e.g.*, *Senne*, 2023 WL 4238509, at *2 ("[B]ased on the conduct of the [objector-appellants] in this Court, it is likely that there will be more motions on appeal than is typical.").

Plaintiffs estimate that the recoverable FRAP 39 costs in this case will exceed $18,738. Wallenstein Decl. ¶ 20. The current record in this case is approximately 7,624 pages. *Id.* ¶ 24. Plaintiffs estimate based on Class Counsel's past experience that Plaintiffs will be required to file supplemental excerpts of record on appeal of at least 2,250 pages. *Id.* ¶ 25. These extensive excerpts of record will be necessary to demonstrate the fairness, reasonableness, and adequacy of the settlement, including to show the chances of recovering damages or obtaining injunctive relief absent the settlement. *Id*. Those questions implicate practically the entire record before this Court. A reputable appellate printer has provided an estimate of $15,190 for the costs of preparing the required copies of the answering brief and a 2,250-page supplemental excerpts of record. *Id.* ¶ 26 & Ex. 19, Counsel Press estimate. The cost of preparing reporter's transcripts in this case is $1,548. *Id.* ¶ 27 & Ex. 20, chart detailing actual transcript costs. The total recoverable costs from excerpts of record, merits briefs, and transcripts will therefore be at least $16,738. *Id.* ¶ 20.

Plaintiffs also expect substantial motions practice before the Ninth Circuit, especially in light of the Objector-Appellants' history of vexatious, duplicative, and frivolous pleadings before this Court and in prior cases. *See, e.g.*, ECF 330, 331, 335.[4] This motions practice will involve

[3] Before 2025, taxable costs were listed only in FRAP 39(e). FRAP 39 was amended in 2025 to split the list of taxable costs between paragraphs 39(e) and 39(f). *See* FRAP 39 advisory committee's note to 2025 amendment. Cases from before 2025 sometimes refer only to "Rule 39(e)" costs. Such references are not intended to exclude FRAP 39(f) costs, which did not exist at the time.

[4] Plaintiffs mention Objector-Appellants' prior pleadings and conduct not as an independent justification for the bond amount, but merely to show that the recoverable costs on appeal will likely include motions practice. *See Fleury*, 2008 WL 4680033, at *9 (holding that bad-faith conduct and filing frivolous pleadings can support motion to dismiss appeal or sanctions, but not higher bond amount (citing *Azizian*, 499 F.3d at 961)).

additional recoverable costs for the production of necessary copies of briefs and any record that is required. The total recoverable FRAP 39 costs will almost certainly be higher than $16,738. Plaintiffs conservatively estimate that additional costs from motions practice will be at least $2,000. Wallenstein Decl. ¶ 20. All told, Plaintiffs estimate that the total recoverable FRAP 39 costs will be at least $18,738. *Id.*

In the prior Ninth Circuit appeal in this case, the actual costs of preparation of the briefs and excerpts of record were $4,231, even though the excerpts of record were only 144 pages. *See* Wallenstein Decl. ¶ 22 & Ex. 18, Counsel Press invoices. The upcoming appeal filed by the Objector-Appellants is likely to have a much larger record (and much higher cost) than the prior appeal, which involved only two motions to dismiss. The Objector-Appellants' appeal involves issues that go to the merits of the case after briefing and argument of numerous dispositive and non-dispositive motions, including a class certification motion, multiple *Daubert* motions, a motion for stay, and motions for preliminary and final approval.

Moreover, two recent appeals conducted by Class Counsel's firm involved FRAP 39 costs in excess of $14,000. *See id.* ¶¶ 28–30 & Ex. 21, Counsel Press invoice, *Gibson v. Nat'l Ass'n of Realtors*, No. 24-3473 (8th Cir.); *id.* Ex. 22, Counsel Press invoice, *Burnett v. Nat'l Ass'n of Realtors*, No. 24-3619 (8th Cir.). Each of these appeals involved much smaller excerpts of record (606 and 801 pages, respectively) than what Class Counsel anticipates will be required in the upcoming appeal in this case. *See id.*

Courts in this District routinely impose comparable or greater appeal bonds on *pro se* objectors for FRAP 39 costs, including where the objectors claim financial hardship and inability to pay. *See, e.g.*, *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Pracs. Litig.*, No. 09-md-2015, 2011 WL 3648508, at *1 (N.D. Cal. Aug. 18, 2011) (imposing $15,000 appeal bond even though *pro se* objector claimed she lived on "a fixed retirement income and possesses few assets"); *In re Blackhawk*, 2024 WL 4700634, at *2 (Breyer, J.) (imposing $15,000 appeal bond on *pro se* objectors because "courts have found $15,000 to be a reasonable amount for an appeal bond in cases like this one"); *Embry*, 2012 WL 2055030, at *2 (imposing appeal bond of $70,650

on *pro se* objector for "actual costs" of appeal); *see* Wallenstein Decl. Ex. 23, *Embry v. ACER Am. Corp.*, No. 09-cv-1808 (N.D. Cal. Mar. 23, 2012), Docket at ECF 231 (identifying *Embry* objector as "Pro Se"); *Schulken*, 2013 WL 1345716, at *6 (Koh, J.) (imposing $5,000 appeal bond on *pro se* objector for "costs associated with the briefs"); *see also, e.g.*, *Tennille v. W. Union Co.*, 774 F.3d 1249, 1257–58 (10th Cir. 2014) (setting appeal bond for "[e]ach objector" at $5,000 despite claims of inability to pay, where one objector was *pro se* and another was represented by counsel); Order, *Kessler v. Quaker Oats Co.*, No. 24-cv-526 (S.D.N.Y. Oct. 16, 2025) (Karas, J.), ECF 88 (imposing $5,000 appeal bond on "Pat Zhen," an associate of or pseudonym for Mr. Sussman).

Courts in this District also routinely impose comparable or greater appeal bonds on objectors who are represented by counsel, including where objectors claimed financial burden. *See, e.g.*, *In re Netflix*, 2013 WL 6173772, at *5 ("each Objector shall either post a $21,519 bond or file a notice of dismissal of his or her appeal" despite claims of financial burden); *Senne*, 2023 WL 4238509, at *5 (imposing appeal bond of $24,000, including $10,000 in Rule 39 costs and $14,000 in costs to depose objectors, despite claims of financial burden); *Miletak*, 2012 WL 3686785, at *2 & n.4 (imposing $60,000 appeal bond, including $10,000 in FRAP 39 appellate costs, where objector claimed she could only afford to pay $500); *In re Apple Inc. Device Performance Litig.*, No. 18-md-2827, 2023 WL 3510393, at *4 (N.D. Cal. May 16, 2023) (imposing $8,500 appeal bond); *Keller v. NCAA*, No. 09-cv-1967, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (imposing $5,000 appeal bond despite claim of inability to pay that amount); *Fleury*, 2008 WL 4680033, at *10 (imposing $5,000 appeal bond); *Yingling v. eBay, Inc.*, No. 09-cv-1733, 2011 WL 2790181, at *2 (N.D. Cal. July 5, 2011) (imposing $5,000 appeal bond).

Because the recoverable FRAP 39 costs will likely be at least $18,738, and comparable or greater appeal bonds are routinely imposed and upheld—including on *pro se* litigants who claim inability to pay—Plaintiffs request a bond of $18,738, representing $6,246 per Objector-Appellant, as a condition of the Objector-Appellants pursuing their appeal. This is a reasonable (and conservative) estimate of the recoverable costs on appeal, is comparable to or less than the amount imposed in similar cases, and is warranted in this case to protect the class from the risk of

nonpayment of lawfully recoverable costs once the Objector-Appellants lose their meritless appeal.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should require the Objector-Appellants to post an appeal bond in the amount of $18,738, representing $6,246 per Objector-Appellant, as a condition of pursuing their appeal.

Dated: October 1, 2026

Respectfully submitted,

BARTLIT BECK LLP

*/s/ Glen E. Summers*

Glen E. Summers (176402)
Karma M. Giulianelli (184175)
Lindley J. Brenza (*pro hac vice*)
Jonathan Jacob Marsh (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Marc A. Wallenstein (*pro hac vice*)
George A. Zelcs (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
Chad E. Bell (*pro hac vice*)
Pamela I. Yaacoub (*pro hac vice*)
KOREIN TILLERY LLC
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Carol L. O'Keefe (*pro hac vice*)
Michael E. Klenov (277028)
KOREIN TILLERY LLC
505 North Seventh Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Elizabeth M. Pipkin (243611)
Ann M. Ravel (62139)
McMANIS FAULKNER
50 West San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

*Attorneys for Plaintiffs*
*Joseph Taylor, Mick Cleary, and*
*Jennifer Nelson*