Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Objector Nathan Byars*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOSEPH TAYLOR, MICK CLEARY, and JENNIFER NELSON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No.: 5:20-cv-07956-VKD

**OBJECTOR NATHAN BYARS'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN APPEAL BOND**

## INTRODUCTION

A Rule 7 bond secures only the costs an appellee can actually recover if the appeal fails. Plaintiffs do not seek to bond their fees or the delay they attribute to the appeal; they reserve those for a later motion. They ask instead for $16,738 in appellate costs. That figure cannot stand. It rests on roughly $1,500 for reporter's transcripts that are not needed and that Byars has certified will never be ordered, and roughly $15,000 to reproduce a 2,250-page record Plaintiffs have chosen to predict for themselves — nearly four times what their briefs and record actually cost in the prior appeal in this case. A bond is measured by the costs that will truly be taxed. The motion should be denied, or any bond set at the modest costs actually recoverable, excluding the transcript charge.

**I. A Rule 7 Bond Is Limited to the Costs Recoverable Under Rule 39**

Rule 7 authorizes a bond only for "costs on appeal," which the Ninth Circuit has limited to the costs made recoverable by rule or statute — principally those in Rule 39. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007) ("[T]he costs identified in Rule 39(e) are among, but not necessarily the only, costs available on appeal [for purposes of Rule 7].").

Rule 39's recoverable items are the preparation and transmission of the record, the reporter's transcript, if needed to determine the appeal, supersedeas-bond premiums, and the notice-of-appeal fee. Fed. R. App. P. 39(e), (f). In an ordinary objector appeal those items run "at most several thousand dollars." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 88166, at *25, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008). Plaintiffs invoke *Senne v. Kan. City Royals Baseball Corp.*, 2023 WL 4238509, at *2 (N.D. Cal. June 27, 2023), for the rule that they "need not provide an itemized breakdown," Mot. 9, but they did itemize — and it is their itemization, a phantom transcript charge and a self-assigned record, that defeats the figure.

**II. The Claimed Transcript Costs Are Not Recoverable**

Costs for preparing reporter's transcripts are not recoverable. Rule 39 permits a transcript cost only where the transcript is "needed to determine the appeal." Fed. R. App. P. 39(e)(2). Plaintiffs quote that limitation, Mot. 10, and then ignore it. Byars's single issue — whether the same class counsel's representation of the *Taylor* and *Csupo* classes satisfied Rule 23(a)(4) — is decided on the written settlement agreements, the special-settlement-counsel declarations, and the Court's written findings; no transcript is needed. And none will exist: Byars has filed a Transcript Designation Form certifying that no transcript will be ordered. Dkt. 412 (filed Oct. 6, 2026). A bond cannot secure the cost of a transcript that is unnecessary and will never be prepared.

**III. The Claimed Reproduction Costs Are Speculative and Within Plaintiffs' Own Control**

The remaining $15,190 is a commercial printer's estimate to reproduce Plaintiffs' answering brief and a supplemental excerpts of record they predict will exceed 2,250 pages. That cannot carry a bond. The page count is Plaintiffs' projection of what they will elect to designate, not a cost fixed by the appeal, and an appellee cannot enlarge a Rule 7 bond by resolving to file the most voluminous record it can assemble. Byars's single adequacy issue turns on a focused set — the settlement agreements, the special-settlement-counsel declarations, and the final approval order (Dkt. 397). Plaintiffs' own experience refutes the number: in the prior Ninth Circuit appeal in this case, their briefs and excerpts of record actually cost $4,231. Recoverable reproduction is limited to "necessary copies," and in the Ninth Circuit briefs and excerpts are filed electronically. The recoverable figure is a fraction of what Plaintiffs claim.

**IV. The Merits and the Risk of Nonpayment Do Not Justify the Requested Amount**

Plaintiffs' remaining arguments cannot enlarge the bond. That the appeal is assertedly weak is no basis to inflate it: a court "may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38," *Azizian*, 499 F.3d at 954, and may not impose a bond as a sanction at all — as Plaintiffs concede, Mot. 4 (citing *Azizian*, 499 F.3d at 961). The appeal is in any event substantial, presenting whether a settling class was adequately represented under Rule 23(a)(4) where the same counsel represented two classes dividing one fixed sum. And the risk of nonpayment — Byars is represented by California counsel, through whom costs may be collected, and has paid the filing fee — bears on whether security is appropriate, not on whether $16,738 is the right figure.

**V. Any Bond Should Be Set at the Costs Actually Recoverable**

Because the recoverable costs are a small fraction of $16,738, the motion should be denied. If some security is required, the bond should be set at the costs actually recoverable under Rule 39 — no more than the $4,231 that Plaintiffs' briefs and excerpts cost in the prior appeal.

## CONCLUSION

The motion for an appeal bond should be denied, or in the alternative the bond should be set at the costs actually recoverable under Rule 39, excluding any amount for a reporter's transcript.

Dated: October 15, 2026

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 300-0343
mark@javitchlawoffice.com

Attorney for Objector Nathan Byars

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mark L. Javitch
Mark L. Javitch