UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH TAYLOR, et al.,
Plaintiffs,

v.

GOOGLE LLC,
Defendant.

Case No. 20-cv-07956-VKD

**ORDER RE PLAINTIFFS' OCTOBER 28, 2026 DISCOVERY LETTER**

Re: Dkt. No. 429

On August 21, 2026, the Court granted final approval of the settlement of this class action, overruled objections to the settlement, and entered judgment. Dkt. Nos. 398, 399. Shortly thereafter, several objectors, including Mr. Sussman, filed a joint notice of appeal to the Ninth Circuit. Dkt. No. 403. On October 1, 2026, plaintiffs filed motions seeking orders requiring all objectors to post appeal bonds, including for the appeal jointly filed by Mr. Sussman and two other objectors. Dkt. No. 407. Plaintiffs' bond motions have now been fully briefed and are pending.

On October 28, 2026, plaintiffs filed a discovery letter brief seeking an order compelling Mr. Sussman to appear for deposition in Florida, pursuant to plaintiffs' Rule 30 deposition notice, and to produce documents in response to plaintiffs' Rule 34 requests for production. Dkt. No. 429. The letter brief indicates that a principal threshold dispute is whether Mr. Sussman is a non-party and, if so, whether plaintiffs must seek discovery through a Rule 45 subpoena. *See* Dkt. No. 407. Rule 45 provides that subpoena-related motions must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A), (d)(3)(B), (e)(2)(B). With respect to Mr. Sussman, had plaintiffs served a subpoena, the place of compliance would be

United States District Court
Northern District of California

in Florida.

On this issue, plaintiffs rely on *Devlin v. Scardelletti*, 536 U.S. 1 (2002), in which the Supreme Court held that "nonnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Devlin*, 536 U.S. at 14. The Court is not persuaded that *Devlin* stands for the proposition that, by filing an appeal, Mr. Sussman has become a "party" for purposes of the discovery plaintiffs seek. *Devlin* observed that "[n]onnamed class members . . . may be parties for some purposes and not for others. The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* at 9-10. For example, nonnamed class members are considered parties for purposes of tolling statutes of limitation, but are not considered parties for purposes of determining diversity of citizenship. *Id.* at 10. Nor did Congress intend absent class members to be treated as parties in the class action context for purposes of consent to magistrate judge jurisdiction. *See Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1076 (9th Cir. 2017). Plaintiffs are not aided by their citation to *Munoz v. PHH Mortg. Corp.*, No. 08-cv-759, 2025 WL 2305040 (E.D. Cal. Aug. 11, 2025) or *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-cv-1827, 2012 WL 13093328 (N.D. Cal. Oct. 19, 2012), neither of which squarely address the issue.

On this record, plaintiffs have not convincingly shown that Rules 30 and 34 are the appropriate vehicles for seeking discovery from Mr. Sussman. Accordingly, plaintiffs' request for an order compelling Mr. Sussman to comply with their Rule 30 and Rule 34 discovery requests is denied, without prejudice to their ability to seek discovery by other means.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Virginia K. DeMarchi
United States Magistrate Judge