United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH TAYLOR, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-07956-VKD

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR APPEAL BOND RE NATHAN BYARS**

Re: Dkt. No. 406

## I. BACKGROUND

On August 21, 2026, the Court issued its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Granting in Part Plaintiffs' Motion for Fees, Costs, and Incentive Awards ("August 21, 2026 Order") and entered judgment accordingly. Dkt. Nos. 397, 399. In doing so, the Court overruled objections to the settlement, including those asserted by Nathan Byars. On September 21, 2026, Mr. Byars, who has appeared in these proceedings through counsel, filed a notice of appeal of the Court's August 21, 2026 order and judgment. Dkt. No. 401. Plaintiffs now move for an order requiring Mr. Byars to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7 in the amount of $16,738. Dkt. Nos. 406, 425. Mr. Byars opposes the motion. Dkt. No. 416. Google does not oppose plaintiffs' motion for a bond, and "generally agrees" that an appeal bond "in a reasonable amount should be required in connection with" Mr. Byar's appeal. Dkt. No. 417; *see also* Dkt. No. 406-1 ¶ 18. The matter was deemed suitable for determination without oral argument. *See* Dkt. No. 432; Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants in part plaintiffs' motion requiring Mr. Byars to post an appeal bond.

## II. LEGAL STANDARD

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The purpose of a Rule 7 appeal bond is to protect an appellee against the risk of nonpayment of amounts that the appellee stands to have reimbursed by an unsuccessful appellant. *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608-JCS, 2023 WL 4238509, at *3 (N.D. Cal. June 27, 2023); *Fleury v. Richemont N. Am., Inc.*, No. 05-cv-04525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). Although Rule 7 does not define the term "costs on appeal," the Ninth Circuit has held that as used in Rule 7, that term includes costs specified in Federal Rule of Appellate Procedure 39 as "costs taxable on appeal," as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). However, a Rule 7 appeal bond "is not intended to provide a penalty to address the frivolity of an appeal." *Fleury*, 2008 WL 4680033 at *7. "[T]he question of whether, or how, to deter frivolous appeals is best left to the courts of appeals," and "a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38." *Azizian*, 499 F.3d at 954, 961. "The need for a bond, as well as its amount, are left to the discretion of the trial court." *Senne*, 2023 WL 4238509, at *1 (quoting *Schulken v. Washington Mut. Bank*, No. 09-cv-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)).

## III. DISCUSSION

### A. Need for Bond

In determining whether to require a bond, courts in the Ninth Circuit consider three factors: (1) the appellant's financial ability to post a bond, (2) the risk that the appellant will not pay costs in the event of an unsuccessful appeal, and (3) the likelihood that the appellant will lose the appeal and be subject to costs. *See Senne*, 2023 WL 4238509, at *1; *Schulken*, 2013 WL 1345716, at *4; *Fleury*, 2008 WL 4680033, at *7. Mr. Byars does not appear to dispute most of the factors regarding the need for an appeal bond. Rather, as discussed below, the focus of the parties'

dispute is the amount of any bond to be imposed. The Court nevertheless considers each of the factors in assessing the necessity of a bond and finds as follows:

The first factor regarding financial ability weighs in favor of a bond, absent an indication that Mr. Byars is financially unable to post bond. *Schulken*, 2013 WL 1345716, at *4; *Fleury*, 2008 WL 4680033, at *7. Mr. Byars bears the burden of establishing that he cannot post an appeal bond. *See James v. Uber Techs., Inc.*, No. 19-cv-06462-EMC, 2022 WL 6468665, at *3 (N.D. Cal. Oct. 10, 2022); *see also Senne*, 2023 WL 4238509, at *2 ("Objectors must provide specific financial information demonstrating that they cannot afford to post a bond and/or reflecting the maximum amount that they can afford."). Plaintiffs submit evidence indicating Mr. Byars's ability to post a bond, including his employment as a "finance officer." They also note that he has legal representation in the present matter, as well as in two other lawsuits filed in the past six years in which Mr. Byars was a named plaintiff. *See* Dkt. No. 406-1 ¶¶ & Exs. 1, 2. Mr. Byars presents no evidence or argument to the contrary. Nor does he offer any evidence of his inability to post a bond. *See generally* Dkt. No. 416. Accordingly, this factor weighs in favor of a bond. *See, e.g., In re Blackhawk Network Data Breach Litig.*, No. 22-cv-07492-CRB, 2024 WL 4700634, at *1 (N.D. Cal. Nov. 5, 2024) (first factor supports bond where objectors did not offer evidence of their inability to post bond); *Senne*, 2023 WL 4238509, at *2 (same).

With respect to the second factor, there is no evidence that Mr. Byars would not pay plaintiffs' costs if he were to lose his appeal. However, courts in this district "have recognized the difficulty and risk associated with collecting costs from out-of-state appellants." *In re Netflix Privacy Litig.*, No. 11-cv-00379-EJD, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013); *see also In re Blackhawk*, 2024 WL 4700634, at *1; *Senne*, 2023 WL 4238509, at *2; *Schulken*, 2013 WL 1345716, at *5. "This issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *In re Netflix*, 2013 WL 6173772, at *3; *Schulken*, 2013 WL 1345716, at *5. The record reflects that Mr. Byars resides in Texas, which is outside the Ninth Circuit. *See* Dkt. No. 288 at 5.[1] The Court therefore recognizes that it may be more difficult for

[1] For filed documents, all pin citations refer to the page number appearing on the ECF document header.

plaintiffs to recover costs from Mr. Byars if he does not prevail in his appeal. While Mr. Byars notes that he paid the filing fee on appeal and contends that any costs may be collected through his California counsel, courts have found the appellant's payment of the filing fee and representation by counsel irrelevant to the question whether a bond is warranted. *See generally, e.g., Broomfield v. Craft Brew Alliance, Inc.*, No. 17-cv-01027-BLF, 2020 WL 1972501, at *2 (N.D. Cal. Apr. 13, 2020) (declining to consider appellant's payment of filing fee and legal representation in assessing second factor). Accordingly, this factor weighs in favor of a bond.

With respect to the third factor, plaintiffs contend that Mr. Byars's chance of success on appeal are "very low," arguing that Mr. Byars must overcome the abuse of discretion standard and that his contentions regarding the settlement are not supported by the record. Dkt. No. 406 at 6-9. On this point, Mr. Byars maintains that his appeal is substantial. *See* Dkt. No. 416 at 3. In its August 21, 2026 Order, the Court carefully considered the settlement, including the merits of the objections, and approved the settlement as fair, adequate, and reasonable. *See* Dkt. No. 397. The Court therefore finds that Mr. Byars is not likely to succeed on the merits of his appeal, for the reasons stated in the August 21, 2026 Order. *See Senne*, 2023 WL 4238509, at *2; *In re Netflix*, 2013 WL 6173772, at *3. Accordingly, this factor weighs in favor of a bond.

* * *

In sum, the Court finds that a bond is warranted.

**B. Amount of Bond**

As discussed, the "costs on appeal" in a Rule 7 appeal bond include costs specified in Federal Rule of Appellate Procedure 39 for "costs taxable on appeal," as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian*, 499 F.3d at 958. Plaintiffs note that following amendments to Rule 39 in 2025, the "costs taxable on appeal" previously identified in Rule 39(e), now appear in subdivisions 39(e)(1) and (f), namely:

> (A) the production of necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f);
>
> (B) the docketing fee; and
>
> (C) a filing fee paid in the court of appeals.

United States District Court
Northern District of California

* * *

> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e)(1), (f).[2] Mr. Byars does not dispute that recoverable costs now appear in Rule 39(e)(1) and (f). *See* Dkt. No. 416 at 2. While there is no question that the appeal bond should be sufficient to cover the specific costs identified in Rule 39, the parties disagree about the bond amount. Plaintiffs seek at least $16,738 to cover anticipated costs of "reporter's transcripts likely to be relevant to the appeal, the preparation of the record, the production of necessary copies of briefs, and docketing and filing fees." *See* Dkt. No. 406-1 ¶ 6.[3] Mr. Byars argues that the amount of plaintiffs' requested bond is inflated and unreasonable. He maintains that the amount of the appeal bond should be no more than the $4,231 that plaintiffs incurred in their prior appeal to the Ninth Circuit in 2022. Dkt. No. 416 at 4; *see also* Dkt. No. 406-1 ¶ 8 & Ex. 4.

"At this stage, [p]laintiffs need not provide an itemized breakdown of the anticipated appellate costs." *Tait v. BSH Home Appliances Corp.*, No. SA CV 10-0711-DOC (ANx), 2015 WL 12748268, at *2 (C.D. Cal. Oct. 19, 2015) (citation omitted). "Rather, courts must consider the types of costs requested and the reasonableness of the requests." *Id.* In doing so, courts consider whether plaintiffs' estimate "is reasonable in light of other cases, and the statements in [p]laintiffs' declaration." *Id.*

The Court is not persuaded by Mr. Byars's argument that the appeal bond should be measured by plaintiffs' costs for their prior appeal to the Ninth Circuit. Plaintiffs' prior appeal

---

[2] The advisory committee's note to the 2025 amendment of Rule 39 states that the filing fee referred to in subdivision (f) "is the $5 fee required by 28 U.S.C. § 1917 for filing a notice of appeal form the district court to the court of appeals."

[3] Plaintiffs' requested bond amount expressly excludes attorneys' fees and interest caused by the delay associated with Mr. Byars's appeal. *See* Dkt. No. 406 at 3, 9-12; Dkt. No. 425 at 3-7.

occurred at a much earlier stage in the proceedings and concerned the sufficiency of plaintiffs' pleading. *See* Dkt. Nos. 74, 76, 79. Following the February 2024 remand from the Ninth Circuit, the litigation proceeded through fact and expert discovery, and briefing and hearing on class certification and *Daubert*[4] motions, as well as a motion to stay the case, notice to the class, and motions for preliminary and final approval of the settlement. Plaintiffs persuasively argue that the present appeal concerns issues that go to the merits of their claims and likely will involve a larger appellate record than their prior appeal. *See* Dkt. No. 406-1 ¶¶ 8-11; Dkt. No. 425 at 6.

Plaintiffs' requested $16,738 appeal bond includes (1) $1,548 in costs for transcripts; and (2) a commercial appellate printer's estimate of $15,190 in costs for the preparation of appellate briefing and record excerpts. *See* Dkt. No. 406-1 ¶¶ 12, 13 & Exs. 5, 6. In support of their requested bond, plaintiffs submit a declaration of class counsel, who avers based on his experience that plaintiffs will be required to file record excerpts of at least 2,250 pages, or approximately 30% of the total record. Dkt. No. 406-1 ¶ 11. Based on that record excerpt estimate, plaintiffs obtained an appellate printer's estimate of $15,190 for the preparation of the briefs and the excerpts of the record. *Id.* ¶ 12 & Ex. 5. Plaintiffs also present evidence of $1,548.25 for costs of the transcripts in this case. *See id.* ¶ 13 & Ex. 6. They argue that their requested bond is commensurate with those imposed by courts in comparable cases. *See, e.g., In re Blackhawk*, 2024 WL 4700634, at *2-3 (imposing $15,000 bond), *aff'd sub nom Pryor v. Blackhawk Network, Inc.*, Nos. 24-4326 & 24-6906, 2026 WL 3258498 (9th Cir. Oct. 19, 2026); *Zakikhani v. Hyundai Motor Co.*, No. 8:20-cv-01584-SB-JDE, 2023 WL 9420118, at *2 (C.D. Cal. Dec. 14, 2023) (imposing $170,000 bond, including $10,000 in Rule 39 costs); *Senne*, 2023 WL 4238509, at *5 (imposing $24,000 bond, including $10,000 in Rule 39 costs); *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2023 WL 3510393, at *3 (N.D. Cal. May 16, 2023) (imposing $8,500 bond for Rule 39 costs); *In re Netflix*, 2013 WL 6173772, at *5 (imposing bond of $21,519 per objector). Mr. Byars maintains that no transcripts will be necessary to decide his appeal, and that his appeal can be decided upon "the written settlement agreements, the special-settlement-counsel declarations,

---

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

and the Court's written findings." *See* Dkt. No. 412; Dkt. No. 416 at 2. He also argues that plaintiffs' estimated cost of copies is excessive, as briefs and excerpts will be electronically filed with the Ninth Circuit. *See* Dkt. No. 416 at 3.

In challenging the class settlement, Mr. Byars contends that class counsel did not adequately represent the interests of the class, and that the appointment of special settlement counsel did not cure class counsel's alleged conflict of interest. *See* Dkt. No. 413; Dkt. No. 416 at 2. The Court agrees with plaintiffs that the determination of Mr. Byars's appeal likely will require consideration of a greater portion of the record than the documents identified by Mr. Byars. However, as plaintiffs have more recently identified a smaller subset of transcripts they contend are necessary for this appeal (*compare* Dkt. Nos. 406-1, ¶ 13 & Ex. 6 and Dkt. No. 414), it appears that taxable costs for transcripts are likely to be approximately $570, instead of $1,548.

With respect to appellate briefing and excerpts of record, the Ninth Circuit Rules indicate that paper copies of appellate briefs and excerpts of the record are not automatically or routinely required to be delivered to the Ninth Circuit. *See* Ninth Cir. Rules 30-1.2(f), 31-1. Additionally, to the extent paper copies may be required, the Ninth Circuit Rules indicate that recovery is permitted for the costs of reproducing paper copies of briefs and excerpts of record, at a rate of ten cents per page or the actual cost, whichever is less. *See* Ninth Cir. Rules 39-1.2, 39-1.3; *see also* Fed. R. App. P. 39(e)(1)(A). Rule 39(f) provides that costs on appeal taxable in the district court include costs for "the preparation and transmission of the record." The Court takes judicial notice[5] that in connection with another motion for a Rule 7 appeal bond for a separate appeal in this action, plaintiffs' counsel clarified that the same appellate printer's estimate does not include costs for the preparation, production, and shipping of any physical prints or photocopies. *See* Dkt. No. 426-1 ¶ 3. Rather, the $15,190 "quote reflects the estimated actual cost for preparation and

---

[5] A court "may take judicial notice on its own," or upon the request of a party, "at any stage of the proceeding." Fed. R. Evid. 201(c), (d). Proper subjects of judicial notice include court orders and other court documents, as well as records of court proceedings. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation modified; citation omitted).

production of [briefing and record excerpts] in digital form . . ." *Id.* It is not clear that these costs fall within the scope of Rule 39(e) or (f). In any event, plaintiffs have not demonstrated that the estimated amount of $15,190 is reasonable.

On the record presented, the Court finds that $600 is a reasonable amount for the total appeal bond.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the posting of a bond is warranted under Federal Rule of Appellate Procedure 7. Mr. Byars must post a bond in the amount of $600 by **December 4, 2026**.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California