United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOSEPH TAYLOR, et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 20-cv-07956-VKD

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR APPEAL BOND RE CHRISTOPHER ANDREWS, MICHAEL FOCIA, AND MICHAEL SUSSMAN**

Re: Dkt. No. 407

## I. BACKGROUND

On August 21, 2026, the Court issued its Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement and Granting in Part Plaintiffs' Motion for Fees, Costs, and Incentive Awards ("August 21, 2026 Order") and entered judgment accordingly. Dkt. Nos. 397, 399. In doing so, the Court overruled objections to the settlement, including those asserted by Christopher Andrews, Michael Focia, and Michael Sussman. On September 16, 2026, Messrs. Andrews, Focia, and Sussman, who have appeared pro se in these proceedings, filed a joint notice of appeal of the Court's August 21, 2026 order and judgment. Dkt. No. 403. Plaintiffs now move for an order requiring Messrs. Andrews, Focia, and Sussman (collectively, "appellants") to post an appeal bond pursuant to Federal Rule of Appellate Procedure 7 in the amount of $18,738. Dkt. Nos. 407, 426. Messrs. Andrews and Sussman oppose the motion. Dkt. Nos. 420, 424. Mr. Focia did not file an opposition or otherwise respond to plaintiffs' motion. Google does not oppose plaintiffs' motion for a bond, and "generally agrees" that an appeal bond "in a reasonable amount should be required in connection with" the appeal filed by Messrs. Andrews, Focia, and Sussman. Dkt. No. 417; *see also* Dkt. No. 407-1 ¶ 32. The matter was deemed suitable for determination

without oral argument. *See* Dkt. No. 432; Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants in part plaintiffs' motion requiring Messrs. Andrews, Focia, and Sussman to post an appeal bond.

## II. LEGAL STANDARD

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The purpose of a Rule 7 appeal bond is to protect an appellee against the risk of nonpayment of amounts that the appellee stands to have reimbursed by an unsuccessful appellant. *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608-JCS, 2023 WL 4238509, at *3 (N.D. Cal. June 27, 2023); *Fleury v. Richemont N. Am., Inc.*, No. 05-cv-04525-EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). Although Rule 7 does not define the term "costs on appeal," the Ninth Circuit has held that as used in Rule 7, that term includes costs specified in Federal Rule of Appellate Procedure 39 as "costs taxable on appeal," as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). However, a Rule 7 appeal bond "is not intended to provide a penalty to address the frivolity of an appeal." *Fleury*, 2008 WL 4680033 at *7. "[T]he question of whether, or how, to deter frivolous appeals is best left to the courts of appeals," and "a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38." *Azizian*, 499 F.3d at 954, 961. "The need for a bond, as well as its amount, are left to the discretion of the trial court." *Senne*, 2023 WL 4238509, at *1 (quoting *Schulken v. Washington Mut. Bank*, No. 09-cv-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013)).

## III. DISCUSSION

### A. Need for Bond

In determining whether to require a bond, courts in the Ninth Circuit consider three factors: (1) the appellant's financial ability to post a bond, (2) the risk that the appellant will not pay costs in the event of an unsuccessful appeal, and (3) the likelihood that the appellant will lose the appeal

and be subject to costs. *See Senne*, 2023 WL 4238509, at *1; *Schulken*, 2013 WL 1345716, at *4; *Fleury*, 2008 WL 4680033, at *7.

The first factor regarding financial ability weighs in favor of a bond, absent an indication that appellants are financially unable to post bond. *Schulken*, 2013 WL 1345716, at *4; *Fleury*, 2008 WL 4680033, at *7. Appellants bear the burden of establishing that they cannot post an appeal bond. *See James v. Uber Techs., Inc.*, No. 19-cv-06462-EMC, 2022 WL 6468665, at *3 (N.D. Cal. Oct. 10, 2022); *see also Senne*, 2023 WL 4238509, at *2 ("Objectors must provide specific financial information demonstrating that they cannot afford to post a bond and/or reflecting the maximum amount that they can afford."). Mr. Sussman asserts that he is unable to post a bond in the amount demanded by plaintiffs. *See* Dkt. No. 420 ¶¶ 45-54, 60. Mr. Andrews does not argue or present evidence that he is unable to post a bond, *see* Dkt. No. 424, and Mr. Focia did not respond at all to plaintiffs' motion for a bond. Plaintiffs present arguments and evidence that they contend demonstrate that all appellants have the ability to post a bond, *see* Dkt. No. 407 at 8-12,[1] and they specifically challenge Mr. Sussman's assertions, citing his ownership of substantial real property assets and business interests, and his access to other sources of income and wealth, *see* Dkt. No. 407 at 11-12; Dkt. No. 426 at 5-6. Having considered the evidence and argument presented, the Court concludes that no appellant has met his burden to show that he is unable to post a bond. In any event, any required bond will be imposed jointly on appellants, who may decide between themselves how the bond is to be allocated among them. Accordingly, this factor weighs in favor of a bond. *See, e.g., In re Blackhawk Network Data Breach Litig.*, No. 22-cv-07492-CRB, 2024 WL 4700634, at *1 (N.D. Cal. Nov. 5, 2024) (first factor supports bond where objectors did not offer evidence of their inability to post bond); *Senne*, 2023 WL 4238509, at *2 (same).

With respect to the second factor, courts in this district "have recognized the difficulty and risk associated with collecting costs from out-of-state appellants." *In re Netflix Privacy Litig.*, No. 11-cv-00379-EJD, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013); *see also In re Blackhawk*,

[1] For filed documents, all pin citations refer to the page number appearing in the ECF document header.

2024 WL 4700634, at *1; *Senne*, 2023 WL 4238509, at *2; *Schulken*, 2013 WL 1345716, at *5. "This issue may be weighed more heavily when an appellant lives outside the jurisdiction of the Ninth Circuit." *In re Netflix*, 2013 WL 6173772, at *3; *Schulken*, 2013 WL 1345716, at *5. The record reflects that each of the appellants resides outside the Ninth Circuit: Mr. Andrews resides in Michigan; Mr. Focia resides in Alabama; and Mr. Sussman resides in Florida. *See* Dkt. No. 403. The Court therefore recognizes that it may be more difficult for plaintiffs to recover costs from appellants if they do not prevail in their appeal. Accordingly, this factor weighs in favor of a bond.

With respect to the third factor, plaintiffs contend that appellants' chance of success on appeal are "very low," arguing that they must overcome the abuse of discretion standard and that appellants' respective objections to the settlement lack merit. Dkt. No. 407 at 13-14; Dkt. No. 426 at 6-8. Mr. Andrews and Mr. Sussman maintain that their objections to the settlement and the issues presented by their appeal are substantial. *See* Dkt. Nos. 420, 424. In its August 21, 2026 Order, the Court carefully considered the settlement, including the merits of the objections, and approved the settlement as fair, adequate, and reasonable. *See* Dkt. No. 397. The Court therefore finds that appellants are not likely to succeed on the merits of their appeal, for the reasons stated in the August 21, 2026 Order. *See Senne*, 2023 WL 4238509, at *2; *In re Netflix*, 2013 WL 6173772, at *3. Accordingly, this factor weighs in favor of a bond.

* * *

In sum, the Court finds that a bond is warranted.

**B. Amount of Bond**

As discussed, the "costs on appeal" in a Rule 7 appeal bond include costs specified in Federal Rule of Appellate Procedure 39 for "costs taxable on appeal," as well as "all expenses defined as 'costs' by an applicable fee-shifting statute, including attorneys' fees." *Azizian*, 499 F.3d at 958. Plaintiffs note that following amendments to Rule 39 in 2025, the "costs taxable on appeal" previously identified in Rule 39(e), now appear in subdivisions 39(e)(1) and (f), namely:

> (A) the production of necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f);

> (B) the docketing fee; and
>
> (C) a filing fee paid in the court of appeals.
>
> * * *
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e)(1), (f).[2]

Plaintiffs' requested $18,738 appeal bond includes (1) $1,548 in costs for transcripts; (2) a commercial appellate printer's estimate of $15,190 for the preparation of appellate briefing and record excerpts; and (3) estimated $2,000 in anticipated additional motions practice on appeal. *See* Dkt. No. 407-1 ¶¶ 20, 23-27 & Exs. 19, 20.[3] "At this stage, [p]laintiffs need not provide an itemized breakdown of the anticipated appellate costs." *Tait v. BSH Home Appliances Corp.*, No. SA CV 10-0711-DOC (ANx), 2015 WL 12748268, at *2 (C.D. Cal. Oct. 19, 2015) (citation omitted). "Rather, courts must consider the types of costs requested and the reasonableness of the requests." *Id.* In doing so, courts consider whether plaintiffs' estimate "is reasonable in light of other cases, and the statements in [p]laintiffs' declaration." *Id.*

In support of their requested bond, plaintiffs submit a declaration of class counsel, who avers based on his experience that plaintiffs will be required to file record excerpts of at least 2,250 pages, or approximately 30% of the total record. *Id.* ¶ 25. Based on that record excerpt estimate, plaintiffs obtained an appellate printer's estimate of $15,190 for the preparation of the briefs and the excerpts of the record. *Id.* ¶ 26 & Ex. 19. Plaintiffs also present evidence of $1,548.25 for costs of transcripts. *See id.* ¶ 27 & Ex. 20. They argue that their requested bond is

---

[2] The advisory committee's note to the 2025 amendment of Rule 39 states that the filing fee referred to in subdivision (f) "is the $5 fee required by 28 U.S.C. § 1917 for filing a notice of appeal from the district court to the court of appeals."

[3] Plaintiffs' requested bond amount expressly excludes attorneys' fees and interest caused by the delay associated with appellants' appeal. *See* Dkt. No. 407 at 6.

commensurate with those imposed by courts in comparable cases, including those involving pro se objectors. *See, e.g., In re Blackhawk*, 2024 WL 4700634, at *2-3 (imposing $15,000 bond), *aff'd sub nom Pryor v. Blackhawk Network, Inc.*, Nos. 24-4326 & 24-6906, 2026 WL 3258498 (9th Cir. Oct. 19, 2026); *Zakikhani v. Hyundai Motor Co.*, No. 8:20-cv-01584-SB-JDE, 2023 WL 9420118, at *2 (C.D. Cal. Dec. 14, 2023) (imposing $170,000 bond, including $10,000 in Rule 39 costs); *Senne*, 2023 WL 4238509, at *5 (imposing $24,000 bond, including $10,000 in Rule 39 costs); *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2023 WL 3510393, at *3 (N.D. Cal. May 16, 2023) (imposing $8,500 bond for Rule 39 costs); *Keller v. Nat'l Collegiate Athletic Ass'n*, Nos. 09-cv-01967-CW & 09-cv-03329-CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (imposing $5,000 bond); *In re Netflix*, 2013 WL 6173772, at *5 (imposing bond of $21,519 per objector); *Schulken*, 2013 WL 1345716, at *6 (imposing bond of $5,000); *In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Pracs. Litig.*, No. 5:09–md–02015–JF (PSG), 2011 WL 3648508, at *1 (N.D. Cal. Aug. 18, 2011) (imposing $15,000 bond, despite "questions regarding the true extent of [appellant]'s resources.").

Messrs. Andrews and Sussman argue that plaintiffs' estimated costs are excessive, particularly in view of the Ninth Circuit's allowable cost for photocopies of no more than 10 cents per page. *See* Ninth Cir. Rule 39-1.3 ("In taxing costs for photocopying documents, the clerk shall tax costs at a rate not to exceed 10 cents per page, or at actual cost, whichever is less."). Mr. Andrews asserts that costs on appeal typically range between $500-$1,000, and argues that any bond imposed in connection with the present appeal should be no more than $300. *See* Dkt. No. 424 at 5, 14. Mr. Sussman joins in Mr. Andrews' arguments. Mr. Sussman additionally notes that briefs and record excerpts will be electronically filed with the Ninth Circuit, and that appellants are willing to download their own electronic copies of the same. He further contends that plaintiffs previously ordered most of their identified transcripts, which are now available on ECF. As for the two transcripts that plaintiffs did not already order, Mr. Sussman has designated and ordered them, although he maintains that neither one will be necessary to determine the appeal.

*See* Dkt. No. 420 ¶¶ 10, 13, 20-28; *see also* Dkt. No. 410.[4] Mr. Sussman also notes that a 2011 Federal Judicial Center study found that in cases where an appeal is affirmed, costs allocated against the appellant averaged no more than $200. *See* Dkt. No. 420 ¶¶ 29-32.

With respect to transcripts, plaintiffs maintain that all of the transcripts they obtained likely will be necessary for the present appeal, in view of the nature and scope of the arguments raised by appellants. Additionally, plaintiffs contend that the transcripts are only available on ECF because plaintiffs paid for them. Dkt. No. 426 at 12-13. Appellants cite no authority that such transcript costs cannot be included in a Rule 7 bond.[5] Accordingly, the Court finds that plaintiffs' requested sum of $1,548 for transcripts, which does not include the cost for two transcripts (Dkt. Nos. 242 and 255) that Mr. Sussman has designated and ordered (*see* Dkt. Nos. 410, 411), is reasonable.

With respect to the preparation of briefs and excerpts of record, the Ninth Circuit Rules indicate that recovery is permitted for the costs of reproducing paper copies of briefs and excerpts of record, at a rate of ten cents per page or the actual cost, whichever is less. *See* Ninth Cir. Rules 39-1.2, 39-1.3; *see also* Fed. R. App. P. 39(e)(1)(A). Rule 39(f) provides that costs on appeal taxable in the district court include costs for "the preparation and transmission of the record." Some of the cases cited by plaintiffs indicate that a portion of the bond imposed included costs of printing, photocopying, and serving paper copies of the appeal record. *See, e.g., In re Apple Inc. Device Performance Litig.*, 2023 WL 3510393, at *3; *Keller*, 2015 WL 6178829, at *2; *see also Schulken*, 2013 WL 1345716, at *6 (discounting requested bond where plaintiffs' estimated "'printing and administrative costs associated with the appellate briefs' . . . may include costs

---

[4] Mr. Sussman also asserts that he moved the Ninth Circuit to consolidate the present appeal with an appeal filed by a different objector, Nathan Byars, to avoid potential duplication of costs between the two appeals. *See* Dkt. No. 420 ¶ 3. As reflected on the Ninth Circuit's docket, the Ninth Circuit denied Mr. Sussman's motion for consolidation. *See Taylor v. Google LLC*, No. 26-6329 (9th Cir. Oct. 20, 2026), Dkt. No. 15 ("The motion (Docket Entry No. 3) to consolidate and motion (Docket Entry No. 9) to stay appellate proceedings are denied."); *see also* Dkt. No. 426 at 9.

[5] Plaintiffs note that in their prior appeal to the Ninth Circuit, they did not file a motion to tax costs, and the parties were ordered to bear their own costs. *See* Dkt. No. 426 at 13 (citing *Taylor v. Google LLC*, No. 22-16654 (9th Cir. Feb. 28, 2024), Dkt. No. 39).



United States District Court
Northern District of California

beyond those authorized by Rule 39(e) for 'preparation and transmission of the record,' or the 'fee for filing the notice of appeal.'"). In their reply, plaintiffs clarify that the appellate printer's $15,190 estimate does not include costs for the preparation, production, and shipping of any physical prints or photocopies. Dkt. No. 426-1 ¶ 3. Rather, the $15,190 "quote reflects the estimated actual cost for preparation and production of [briefing and record excerpts] in digital form . . ." *Id.* It is not clear that these costs fall within the scope of Rule 39(e) or (f). In any event, plaintiffs have not demonstrated that the estimated amount of $15,190 is reasonable.

With respect to plaintiffs' requested $2,000 for anticipated additional motions practice, plaintiffs argue that appellants' "history of vexatious, duplicative, and frivolous pleadings before this Court and in prior cases" demonstrates that appeal costs likely will include motions practice. While plaintiffs note that they do not cite appellants' litigation conduct "as an independent justification for the bond amount," the Court is disinclined to include such costs in a bond, as plaintiffs acknowledge that such conduct cannot be used to support a higher bond amount. *See* Dkt. No. 407 at 15 & n.4; *see also Azizian*, 499 F.3d at 961; *Fleury*, 2008 WL 4680033, at *9. *Cf. Senne*, 2023 WL 4238509, at *2 (allowing costs for additional motions practice where objectors did not challenge estimated costs of appeal, finding that "based on the conduct of the [objectors] in this Court, it is likely that there will be more motions on appeal than is typical.").

On the record presented, the Court finds that $1,800 is a reasonable amount for the total appeal bond. *See Barrera v. Pharmavite LLC*, No. 11-cv-04153-CAS, 2018 WL 1115224, *2 (C.D. Cal. Feb. 26, 2018) ($2,500 in appellate costs in consumer class action); *Edwards v. Nat'l Milk Producers Fed'n*, Nos. 11-cv-04766-JSW, 11-cv-04791-JSW, 11-cv-05253-JSW, 2017 WL 4581926, at *6 (N.D. Cal. Sept. 13, 2017) ($1,000 bond per appellant in consolidated antitrust class action); *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11-cv-1056-MDD, 2016 WL 773219, at *4 (S.D. Cal. Feb. 29, 2016) ($2,500 bond for anticipated appellate costs in class action).

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the posting of a bond is warranted under Federal Rule of Appellate Procedure 7. Appellants must jointly post a bond in the amount

//

of $1,800 no later than **December 4, 2026.**

**IT IS SO ORDERED.**

Dated: November 19, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California